Robert C. Schubert #62684
Willem F. Jonckheer #178748
Amber L. Schubert #278696
**SCHUBERT JONCKHEER & KOLBE LLP**
2001 Union Street, Suite 200
San Francisco, CA 94123
Tel: (415) 788-4220
Fax: (415) 788-0161
rschubert@sjk.law
wjonckheer@sjk.law
ascubert@sjk.law

Christian Levis (*pro hac vice* forthcoming)
Amanda Fiorilla (*pro hac vice* forthcoming)
Rachel Kesten (*pro hac vice* forthcoming)
**LOWEY DANNENBERG, P.C.**
44 South Broadway, Suite 1100
White Plains, NY 10601
Tel: (914) 997-0500
Fax: (914) 997-0035
clevis@lowey.com
afiorilla@lowey.com
rkesten@lowey.com

*Counsel for Plaintiff Jane Doe and the Proposed Class*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>GOODRX HOLDINGS, INC., CRITEO CORP., META PLATFORMS, INC., AND GOOGLE LLC.<br><br>Defendant. | Case No.: 3:23-cv-00501-LB<br><br>**PLAINTIFF JANE DOE'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED [Local Rule 3-12]**<br><br>COMPLAINT FILED: February 2, 2023 |

Pursuant to Local Rule 3-12, Plaintiff Jane Doe in *Jane Doe v. GoodRx Holdings, Inc.*, No. 3:23-cv-00501 (N.D. Cal.) (the "*Jane Doe*" action) files this administrative motion to consider whether the *Jane Doe* action, *John Doe v. GoodRx Holdings, Inc.*, 4:23-cv-00744 (N.D. Cal.) (the "*John Doe*" action), and *Marquez v. GoodRx Holdings, Inc.*, 5:23-00940 (N.D. Cal.) (the "*Marquez*" action) should be related.[1] The *Jane Doe*, *John Doe*, and *Marquez* matters are each pending in this

---

[1] The *John Doe* and *Marquez* Complaints are annexed to the Declaration of Willem F. Jonckheer, as **Exhibit A** and **Exhibit B**, respectively.

1

1   District.

2       Cases are related when "(1) [t]he actions concern substantially the same parties, property,

3   transaction or event; and (2) [i]t appears likely that there will be an unduly burdensome duplication

4   of labor and expense or conflicting results if the cases are conducted before different judges." L.R.

5   3-12(a). Whenever a party learns that an action is related to "an action which is or was pending in

6   this District" the party must promptly file in the lowest-numbered case an Administrative Motion to

7   Consider Whether Cases Should be Related. L.R. 3-12(b).

8   **STATEMENT OF RELEVANT FACTS**

9       The above-mentioned actions concern substantially similar parties, arise from the same set

10   of facts, and assert similar causes of action. The *Jane Doe*, *John Doe*, and *Marquez* actions each

11   allege claims against the same Defendants: GoodRx Holdings, Inc. ("GoodRx"), Meta Platforms,

12   Inc. ("Meta"), Google LLC ("Google"), and Criteo Corp. ("Criteo"). Each action arises out of

13   GoodRx's incorporation of software development kits ("SDKs") and tracking pixels offered by

14   Meta, Google, and Criteo in its mobile app and website, which caused the unlawful disclosure and

15   interception of GoodRx users' sensitive data without their consent. Plaintiffs Jane Doe, John Doe,

16   and Marquez each allege they used GoodRx's mobile app or website and subsequently had their

17   sensitive data disclosed and intercepted by GoodRx, Google, Criteo, and Meta.

18       The actions also allege similar claims. The *Jane Doe*, *John Doe*, and *Marquez* actions all

19   allege common law claims for intrusion upon seclusion, violation of the California Consumers Legal

20   Remedies Act, violation of California's Unfair Competition Law, violation of the California

21   Confidentiality of Medical Information Act, and violation of the California Information Privacy

22   Act.[2]

23   **ARGUMENT**

24       In consideration of substantial similarities between the *Jane Doe, John Doe,* and *Marquez*

25   matters, judicial economy is best served if the cases are related and heard before one judge. The

26

27   [2] The *Jane Doe* and *Marquez* actions also include claims for unjust enrichment, and the *John Doe* action includes a violation of the Electronic Communications Privacy Act, 18 U.S.C. § 2511.

28

2

PLAINTIFF JANE DOE'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED - CASE NO: 3:23-cv-00501

1  Court, parties, their counsel, and witnesses will be able to conserve resources, avoid undue burden

2  or duplication of labor, and ensure the actions are coordinated with one another.

3  **CONCLUSION**

4      Accordingly, *Jane Doe*, *John Doe*, and *Marquez*, should be related pursuant to Local Rule

5  3-12.

6

7  Dated: March 8, 2023           /s/*Willem F. Jonckheer*
    Robert C. Schubert #62684

8  Willem F. Jonckheer #178748
Amber L. Schubert #278696

9  **SCHUBERT JONCKHEER & KOLBE LLP**
2001 Union Street, Suite 200

10 San Francisco, CA 94123
Tel: (415) 788-4220

11 Fax: (415) 788-0161
rschubert@sjk.law

12 wjonckheer@sjk.law
ascubert@sjk.law

13

14 Christian Levis (*pro hac vice* forthcoming)
Amanda Fiorilla (*pro hac vice* forthcoming)

15 Rachel Kesten (*pro hac vice* forthcoming)
**LOWEY DANNENBERG, P.C.**

16 44 South Broadway, Suite 1100
White Plains, NY 10601

17 Telephone: (914) 997-0500
Facsimile: (914) 997-0035

18 clevis@lowey.com
afiorilla@lowey.com

19 rkesten@lowey.com

20 *Counsel for Plaintiff Jane Doe and the Proposed*

21 *Class*

22
23
24
25
26
27
28

3

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on March 8, 2023, I was authorized to electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will send a Notice of Electronic Filing to all counsel of record in this Action. Separately, I have, simultaneously with the filing of this Motion, served copies of this Motion on all known parties and counsel of record in the *Jane Doe*, *John Doe*, and *Marquez* matters.

/s/*Willem F. Jonckheer*
Willem F. Jonckheer

4

PLAINTIFF JANE DOE'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED - CASE NO: 3:23-cv-00501