| | |
|---|---|
| Robert C. Schubert #62684 | Christian Levis (admitted *pro hac vice*) |
| Willem F. Jonckheer #178748 | Amanda Fiorilla (admitted *pro hac vice*) |
| Amber L. Schubert #278696 | Rachel Kesten (admitted *pro hac vice*) |
| **SCHUBERT JONCKHEER & KOLBE LLP** | **LOWEY DANNENBERG, P.C.** |
| 2001 Union Street, Suite 200 | 44 South Broadway, Suite 1100 |
| San Francisco, CA 94123 | White Plains, NY 10601 |
| Tel: (415) 788-4220 | Tel: (914) 997-0500 |
| Fax: (415) 788-0161 | Fax: (914) 997-0035 |
| rschubert@sjk.law | clevis@lowey.com |
| wjonckheer@sjk.law | afiorilla@lowey.com |
| ascubert@sjk.law | rkesten@lowey.com |

*Counsel for Plaintiff Jane Doe and the Proposed Class*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>GOODRX HOLDINGS, INC., CRITEO CORP., META PLATFORMS, INC., AND GOOGLE LLC.,<br><br>Defendants. | Case No.: 3:23-cv-00501-VC<br><br>**PLAINTIFF JANE DOE'S MOTION FOR CONSOLIDATION**<br><br>COMPLAINT FILED: February 2, 2023<br><br>Honorable Vince Chhabria<br>Hearing Date: June 1, 2023<br>Time: 10:00 AM<br>Location: Courtroom 5, 17th Floor |
| JOHN DOE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>GOODRX HOLDINGS, INC., CRITEO CORP., META PLATFORMS, INC., AND GOOGLE LLC.,<br><br>Defendants. | Case No. 4:23-cv-00744-VC |

| | |
|---|---|
| JOSE MARQUEZ, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br> v.<br><br>GOODRX HOLDINGS, INC., META PLATFORMS, INC., GOOGLE LLC., and CRITEO CORP.<br><br>    Defendants. | Case No. 5:23-cv-00940-VC |
| HOLLIS WILSON, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br> v.<br><br>GOODRX HOLDINGS, INC., META PLATFORMS, INC., GOOGLE LLC., and CRITEO CORP.<br><br>    Defendants. | Case No. 4:23-cv-01293-VC |
| E.C., individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br> v.<br><br>GOODRX HOLDINGS, INC., META PLATFORMS, INC., GOOGLE LLC., and CRITEO CORP.<br><br>    Defendants. | 4:23-cv-01508-VC |

**PLEASE TAKE NOTICE** that on June 1, 2023, at 10:00 AM, in the courtroom of the District Judge Vince Chhabria, United States District Court for the Northern District of California, San Francisco Division, Plaintiffs in the pending class actions: (1) *Jane Doe v. GoodRx Holdings, Inc.*, No. 3:23-cv-00501 (N.D. Cal.) (the "*Jane Doe*" action); (2) *John Doe v. GoodRx Holdings, Inc.*, No. 4:23-cv-00744 (N.D. Cal.) (the "*John Doe*" action); and (3) *Marquez v. GoodRx Holdings, Inc.*, No. 5:23-cv-00940 (N.D. Cal.) (the "*Marquez*" action); (4) *Wilson v. GoodRx Holdings, Inc.*, 4:23-cv-01293 (N.D. Cal.) (the "*Wilson*" action); and (5) *E.C. v. GoodRx Holdings, Inc.*, 4:23-cv-01508 (N.D. Cal.) (the "*E.C.*" action) (collectively, the "Actions") will and hereby do move jointly for the entry of an order consolidating the Actions under Rule 42(a) of the Federal Rules of Civil Procedure.[1]

This motion is based on this notice of motion, the declaration of counsel representing Plaintiff Jane Doe in the *Jane Doe* Action (the "Levis Decl."), the incorporated memorandum of points and authorities, and the accompanying Proposed Order. Plaintiffs in the Actions support and join in this motion. Defendants GoodRx Holdings, Inc. ("GoodRx"), Criteo Corp. ("Criteo"), Meta Platforms, Inc. ("Meta"), and Google LLC ("Google") (collectively "Defendants") do not oppose this motion.[2]

## STATEMENT OF ISSUE TO BE DECIDED

Pursuant to Civil L.R. 7-4(a)(3), the following issue is to be decided: (1) whether the Actions should be consolidated under Rule 42.

## STATEMENT OF RELEVANT FACTS

The above-mentioned Actions concern substantially similar parties, arise from a substantially similar set of facts, and assert similar causes of action. The Actions each allege claims against the same Defendants: GoodRx, Meta, Criteo, and Google. Each action arises out of GoodRx's incorporation of software development kits ("SDKs") and tracking pixels offered by

---

[1] On March 20, 2023 the Court related the *John Doe* and *Marquez* actions to the *Jane Doe* action. ECF No. 64. On April 20, 2023 the Court related the *Wilson* and *E.C.* actions to *Jane Doe*, *John Doe*, and *Marquez* actions. ECF No. 76.

[2] By not opposing this Motion, GoodRx does not waive its right to file a motion to compel arbitration in any of the actions; Defendants further do not waive service with respect to the *E.C.* action.

Meta, Google, and Criteo in its mobile app and website, which caused the unlawful disclosure and interception of GoodRx users' sensitive data without their consent. Plaintiffs Jane Doe, John Doe, Marquez, Wilson, and E.C. each allege they used GoodRx's mobile app or website and subsequently had their sensitive data disclosed and intercepted by Defendants.

The Actions also allege similar claims on behalf of the same and/or overlapping proposed classes. The *Jane Doe*, *John Doe*, *Marquez*, and *Wilson* actions all allege common law claims for intrusion upon seclusion, violation of the California Consumers Legal Remedies Act, violation of California's Unfair Competition Law, violation of the California Confidentiality of Medical Information Act, and violation of the California Information Privacy Act.[3]

As the Actions each allege claims against GoodRx, Google, Criteo, and Meta, arise from a substantially similar set of facts, and will rely on the same legal theories to establish Defendants' liability, Plaintiffs respectfully request the Court exercise its broad discretionary authority under Rule 42 and consolidate the Actions. Consolidation is necessary to ensure the most efficient and uniform resolution of the Actions, including avoiding unnecessary and duplicative discovery and potentially inconsistent judgments, while at the same time preserving judicial resources.

## LEGAL STANDARD

Where, as here, two or more actions "before the court involve a common question of law or fact," Rule 42(a) permits the court to: "(1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." *See* Fed. R. Civ. P. 42(a)

## ARGUMENT

**A.    Consolidation of the Actions is Proper**

A district court has "broad discretion . . . to consolidate cases pending in the same district." *Invs. Rsch. Co. v. U.S. Dist. Ct. for C.D. Cal.*, 877 F.2d 777, 777 (9th Cir. 1989); *Zhu v. UCBH Holdings, Inc.*, 682 F. Supp. 2d 1049, 1052 (N.D. Cal. 2010) ("The Court has broad discretion in

---

[3] The *Jane Doe*, *Marquez*, *Wilson*, and *E.C.* actions also include claims for unjust enrichment, the *John Doe* action includes a violation of the Electronic Communications Privacy Act, 18 U.S.C. § 2511, and the *E.C.* action includes a claim under New York's General Business Law § 349.

1  determining whether or not to consolidate actions."); *see also Ho Keung Tse v. Apple, Inc.*, No. C
2  12–02653 SBA, 2013 WL 451639, at *3 (N.D. Cal. Feb. 5, 2013) ("While a district court does have
3  broad discretion in determining whether consolidation is appropriate, typically, consolidation is
4  favored."). Consolidation pursuant to Rule 42(a) is proper when actions involve common questions
5  of law and fact. *See* Manual for Complex Litigation, Fourth, § 11.631 (2004) ("MCL"). In deciding
6  whether to consolidate cases for pretrial purposes, a court "weigh[s] the interest of judicial
7  convenience against the potential for delay, confusion and prejudice" caused by consolidation. *Zhu*,
8  682 F. Supp. 2d at 1052; *Lopes v. Fitbit, Inc.*, No. 18-cv-06665-JST, 2019 WL 1865926, at *1 (N.D.
9  Cal. Apr. 25, 2019) (same).

10         Here, the Actions undoubtedly involve "common questions of law and fact." *Lopes*, 2019
11 WL 1865926, at *1. Each Action alleges claims against GoodRx, Meta, Criteo, and Google on
12 behalf of the same and/or overlapping classes and involve the same factual and legal issues, i.e.,
13 claims arising out of the disclosure and interception of users' sensitive personal information,
14 including health information relating to medical treatments and prescriptions, from the GoodRx
15 mobile app and website. Consolidation will simplify the proceedings, avoid wasting resources
16 litigating duplicative pretrial and discovery issues, and promote judicial efficiency. Additionally,
17 Consolidation will reduce the risk of confusion or delay that may result from prosecuting identical
18 or substantially similar class actions separately, including potentially inconsistent judgments and
19 rulings. Moreover, there is no risk of delay, confusion, or prejudice as a result of consolidation, as
20 the Actions are at the same early stages of litigation and there have been no substantive rulings.
21 Accordingly, consolidation is appropriate under Rule 42.

## CONCLUSION

23         For the foregoing reasons, Plaintiffs respectfully request the Court enter an Order
24 consolidating the Actions.

26 Dated: April 21, 2023                    /s/*Christian Levis*
                                            Christian Levis (admitted *pro hac vice*)
27                                          Amanda Fiorilla (admitted *pro hac vice*)
                                            Rachel Kesten (admitted *pro hac vice*)
28                                          **LOWEY DANNENBERG, P.C.**

44 South Broadway, Suite 1100
White Plains, NY 10601
Telephone: (914) 997-0500
Facsimile: (914) 997-0035
clevis@lowey.com
afiorilla@lowey.com
rkesten@lowey.com

Robert C. Schubert #62684
Willem F. Jonckheer #178748
Amber L. Schubert #278696
**SCHUBERT JONCKHEER & KOLBE LLP**
2001 Union Street, Suite 200
San Francisco, CA 94123
Tel: (415) 788-4220
Fax: (415) 788-0161
rschubert@sjk.law
wjonckheer@sjk.law
ascubert@sjk.law

*Counsel for Plaintiff Jane Doe and the Proposed Class*

By: /s/ Mark L. Javitch

Mark L. Javitch (CA SBN 323729)
**JAVITCH LAW OFFICE**
3 East 3rd Ave. Ste. 200
San Mateo, CA 94401
Telephone: (650) 781-8000
Facsimile: (650) 648-0705
mark@javitchlawoffice.com

Thomas A. Zimmerman, Jr. (IL #6231944)*
**ZIMMERMAN LAW OFFICES, P.C.**
77 W. Washington Street, Suite 1220
Chicago, Illinois 60602
Telephone: (312) 440-0020
Facsimile: (312) 440-4180
tom@attorneyzim.com
*Admitted Pro Hac Vice*

*Counsel for Plaintiff John Doe and the Putative Class*

L. Timothy Fisher (CA SBN 191626)
Jenna L. Gavenman (CA SBN 348510)
**BURSOR & FISHER, P.A.**

4

PLAINTIFF JANE DOE'S MOTION FOR CONSOLIDATION – CASE NO.: 3:23-cv-00501-VC

1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
ltfisher@bursor.com
jgavenman@bursor.com

*Counsel for Plaintiff Jose Marquez*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on April 21, 2023, I was authorized to electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will send a Notice of Electronic Filing to all counsel of record in this Action. Separately, I have, simultaneously with the filing of this Motion, served copies of this Motion on all known parties and counsel of record in the *Jane Doe*, *John Doe*, *Marquez*, *Wilson*, and *E.C.* matters.

/s/ *Amanda Fiorilla*
Amanda Fiorilla