1  Michael J. Shipley (SBN 233674)
   mshipley@kirkland.com
2  KIRKLAND & ELLIS LLP
   555 South Flower Street, Suite 3700
3  Los Angeles, California 90071
   Telephone:   (213) 680-8400
4  Facsimile:   (213) 680-8500

5  *Attorneys for Defendant*
   *GoodRx Holdings, Inc.*
6
   [Additional Attorneys Listed on Signature Page]
7

8              **UNITED STATES DISTRICT COURT**

9             **NORTHERN DISTRICT OF CALIFORNIA**

10              **SAN FRANCISCO DIVISION**

11  JANE DOE, et al.,                     Consolidated Case No. 23-CV-00501-AMO

12              Plaintiffs,               **JOINT CASE MANAGEMENT**
         v.                               **STATEMENT & [PROPOSED]**
13                                         **ORDER**
    GOODRX HOLDINGS, INC., et al.,
14
              Defendants.                 Complaint Filed:  May 26, 2023
15

16

17

18

19

20

21

22

23

24

25

26

27

28

The parties in the above-captioned case, by and through their respective counsel of record, hereby submit the following Joint Case Management Statement pursuant to Civil Local Rule 16-9 and the Standing Order for All Judges of the Northern District of California.

## 1. JURISDICTION AND SERVICE

The parties agree that no issues exist regarding personal jurisdiction or venue. Plaintiffs assert that this Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 and 28 U.S.C § 1332(d). Plaintiffs allege that the Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. §1367. The Defendants reserve their objections to subject-matter jurisdiction.

## 2. FACTS

The parties refer to the statements of facts set forth in their Joint Initial Case Management Statement, filed on April 27, 2023. *See* Dkt. 80.

## 3. LEGAL ISSUES

The parties refer to the statements regarding legal issues set forth in their Joint Initial Case Management Statement, filed on April 27, 2023. *See* Dkt. 80.

## 4. MOTIONS

***Prior Motions:***

The parties refer to the statements regarding prior motions set forth in their Joint Initial Case Management Statement, filed on April 27, 2023. *See* Dkt. 80.

On March 14, 2023, Plaintiffs in the *Jane Doe* Action moved to consolidate the *Jane Doe* Action with the *John Doe* and *Marquez* Actions, with a hearing on the motion originally set for April 20, 2023. *Jane Doe* Action, Dkt. 60. Defendants did not oppose this motion. On April 21, 2023, Plaintiffs filed a second motion to consolidate, seeking to consolidate the *Jane Doe* Action, the *John Doe* Action, the *Marquez* Action, the *Wilson* Action, and the *E.C.* Action. *See* Dkt. 77. Defendants did not oppose this motion. This motion was granted on the record during the Initial Case Management Conference held on April 28, 2023, *see* Dkt. 81, and formally ordered May 3, 2023, *see* Dkt. 85.

*Pending Motions:*

On May 3, 2023, Plaintiffs filed a motion to appoint lead counsel. Dkt. 86. Defendants did not oppose that motion. That motion was originally scheduled to be heard on May 18, 2023, but that hearing date was vacated. Plaintiffs have re-noticed that motion for hearing on June 8, 2023 at 2:00 p.m. PST and have filed an administrative motion requesting that the hearing be conducted remotely via Zoom.

*Anticipated Motions:*

Pursuant to Judge Chhabria's rulings during the Initial Case Management Conference, held by videoconference on April 28, 2023, the briefing schedule has been set for anticipated motions to compel arbitration and/or motions to stay litigation, as well as motions to dismiss, as follows:

- Deadline for GoodRx to file motion to compel arbitration: **6/9/23**[1]

- Deadline for Meta, Google, and Criteo to file motion to compel arbitration and/or motion to stay (if any): **6/16/23**

- Deadline for each Defendant to file motions to dismiss: **7/7/23**

- Deadline for Plaintiffs to file one opposition brief (30 page limit) to motion(s) to compel arbitration and/or stay: **8/4/23**

- Deadline for Plaintiffs to file one opposition brief (30 page limit) to all motion(s) to dismiss: **8/10/23**

- Deadline for replies: **8/24/23**

---

[1] GoodRx notes that at the Initial Case Management Conference, when the Court was setting the deadline for the motion to compel arbitration, counsel for GoodRx flagged that "if there's some new Plaintiff we don't know about that [Plaintiffs] add, that may take time to diligence as to who that is and whether we have a motion to compel arbitration. So I'm okay leaving in June 9th. But if the Plaintiff subset grows, that might be an issue and we might need more time than that." *See* Exhibit 1, Excerpted Transcript of Apr. 28, 2023 Initial Case Management Conference at 15:24-16:8. The Court proceeded to ask Plaintiffs' counsel: "Any sense now as to whether the subset will grow?" *Id.* at 16:9-10. Plaintiffs' counsel responded: "Not expected to be an issue." *Id.* at 16:11. Contrary to this representation, the Consolidated Class Action Complaint filed on May 26, 2023 included a new Plaintiff, who filed her claims under a pseudonym, "Jane Doe II." Dkt. 102. The next day, Counsel for GoodRx promptly requested that basic contact information for Jane Doe II be provided so that GoodRx could investigate whether this individual agreed to arbitrate her claims. Counsel for GoodRx again requested this information on May 30, 2023. On May 31, 2023, counsel for Jane Doe II provided the requested information, which GoodRx is now assessing. As a result of this newly added plaintiff and recently provided information, GoodRx expressly reserves the right to seek an extension of the June 9, 2023 deadline for its motion to compel arbitration, and Criteo, Meta, and Google similarly reserve their rights to seek an extension of the June 16, 2023 deadline for any motions to compel arbitration or stay litigation pending arbitration to the extent GoodRx requires additional time for its motion to compel arbitration.

JOINT INITIAL CASE MANAGEMENT STATEMENT          CONSOLIDATED CASE NO. 23-cv-00501-AMO

Dkt. 81.

Although Judge Chhabria had originally blocked off his calendar for a hearing on the aforementioned motions for September 7, 2023, the parties understand that that hearing date has now been vacated. The parties jointly propose September 14 for a hearing on these motions if the Court has availability then.

**Additional Anticipated Motions:**

Plaintiffs will file a motion for class certification. The parties may move for summary judgment and make various discovery and pretrial motions, as necessary.

**5. AMENDMENT OF PLEADINGS**

Pursuant to Judge Chhabria's rulings during the Initial Case Management Conference, Plaintiffs filed a Consolidated Class Action Complaint on May 26, 2023. Dkt. 102.

Plaintiffs may seek leave to amend the complaint further at a later date. Defendants reserve all rights regarding any further motion by Plaintiffs to amend the complaint.

**6. EVIDENCE PRESERVATION**

The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information. The parties have not completed the meet and confer process pursuant to Fed. R. Civ. P. 26(f). The parties intend to engage in further meet and confer discussions in the coming weeks regarding their respective reasonable and proportionate steps taken to identify and preserve potentially relevant information.

**7. DISCLOSURES**

In light of the recent motions to relate and motion for consolidation, the parties have not yet served initial disclosures. Pursuant to the Initial Case Management Conference and stay of discovery discussed below, the parties plan to serve initial disclosures within 30 days after a decision on the forthcoming motions to compel arbitration and motions to dismiss.

**8. DISCOVERY**

No discovery has been conducted to date. During the Initial Case Management Conference, Judge Chhabria instructed that, aside from potential limited jurisdictional discovery necessary to respond to any

motion to compel arbitration, no discovery may take place before the hearing on the forthcoming motions to compel arbitration, to stay, and to dismiss. Judge Chhabria further ordered that if after a hearing on the anticipated motions to dismiss and motions to compel arbitration any part of this case remains before the Court and is not stayed or dismissed, GoodRx will be in a position to produce the document productions made to the FTC as part of the FTC's investigation in FTC Matter No. 2023090. GoodRx reserves the right to withhold or redact material from that production for privilege, and agrees only to produce such material pursuant to an agreed-upon protective order entered by this Court prior to such production.

### *Protective Order:*

The parties agree to endeavor to submit in writing a protective order to maintain the confidentiality of documents and other information produced during discovery within 60 days from the filing of the Consolidated Class Action Complaint, taking into account the number of parties involved in this matter.

### *Electronic Discovery:*

The parties agree to endeavor to submit a joint protocol for the handling, maintenance, and production of electronically stored information ("ESI"), including any confidentiality designations within 60 days from the filing of the Consolidated Class Action Complaint, taking into account the number of parties involved in this matter.

### *Limitations or Modifications:*

The parties consent and agree, pursuant to Federal Rule of Civil Procedure 5(b)(2)(E), that service may be made by electronic mail, with copies sent to all attorneys of record for the party served.

The parties agree that it is premature to propose any potential expansion of the discovery limits set forth in the Federal Rules of Civil Procedure.

### 9. CLASS ACTIONS

The parties refer to the statements regarding class actions set forth in their Joint Initial Case Management Statement, filed on April 27, 2023. *See* Dkt. 80.

**10. RELATED CASES**

The parties refer to the statements regarding related cases set forth in their Joint Initial Case Management Statement, filed on April 27, 2023. *See* Dkt. 80.[2]

**11. RELIEF**

The parties refer to the statements regarding relief set forth in their Joint Initial Case Management Statement, filed on April 27, 2023. *See* Dkt. 80.

**12. SETTLEMENT AND ADR**

Per ADR L.R. 3-5, the parties and their counsel have read the handbook entitled "Dispute Resolution Procedures in the Northern District of California," available at www.adr.cand.uscourts.gov. On April 28, 2023, the Court referred this case to court-sponsored mediation. *See* Dkt. 81. On May 9, 2023, the Hon. Ellen S. James (Ret.) was appointed as mediator. Dkt. 91. On May 22, 2023, the parties participated in a mediation pre-call. During the call, the parties and the mediator agreed that mediation at this juncture would be premature, and that the parties and mediator would benefit from waiting to schedule the mediation until after the anticipated motions to compel arbitration, motions to stay, and/or motions to dismiss are fully briefed and heard. The parties have tentatively scheduled another check-in call with the mediator for September 21, 2023. Accordingly, the parties will request that the Court extend the deadline to conduct a mediation pursuant to ADR L.R. 6-5.

**13. OTHER REFERENCES**

As noted above, Defendant GoodRx anticipates filing a motion to compel arbitration. Defendants Criteo, Google, and Meta reserve their rights to similarly file motions to compel arbitration or to stay litigation pending the motions to arbitrate and any subsequent arbitrations. The parties otherwise agree that this case is not suitable for reference to a special master or referral to the Judicial Panel on Multidistrict Litigation at this time. The parties reserve their rights on the suitability of these mechanisms if facts or circumstances change.

**14. NARROWING OF ISSUES**

The parties are not presently aware of any issues that can be narrowed by agreement.

---

[2] There are several other actions currently pending in this district against Meta regarding the use of the Meta Pixel and SDK.

Defendants believe that the anticipated motions to compel arbitration and motions to dismiss—if they are not dispositive of the cases in whole—are likely to narrow or eliminate issues for discovery and for trial. Plaintiffs disagree, for the reasons previously described in the parties' prior Joint Initial Case Management Statement. Dkt. 80.

**15. EXPEDITED TRIAL PROCEDURE**

The parties agree that this case is not appropriate for the Expedited Trial Procedure of General Order No. 64 Attachment A.

**16. SCHEDULING**

The parties agree that pursuant to the discussion during the Initial Case Management Conference, the parties will meet and confer regarding a case schedule following a decision on the forthcoming motions to compel arbitration, motions to stay, and motions to dismiss. The parties will be prepared to present a joint proposed schedule or competing proposed schedules within 30 days of resolution of those motions.

**17. TRIAL**

Plaintiffs have requested a trial by jury. The parties believe it is too early to estimate the length of trial until certain motions are resolved.

**18. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

The parties refer to the statements regarding disclosure of non-party interested entities or persons set forth in their Joint Initial Case Management Statement, filed on April 27, 2023. *See* Dkt. 80.

**19. PROFESSIONAL CONDUCT**

All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California and agree to comply with these Guidelines in addition to those set out in the Federal Rules.

**20. OTHER**

At this time, the parties do not request the attention of the Court with respect to matters other than those outlined above.

DATED: May 31, 2023                    Respectfully submitted,

                                       */s/ Robert C. Schubert*

                                       Robert C. Schubert #62684
                                       Willem F. Jonckheer #178748
                                       Amber L. Schubert #278696
                                       **SCHUBERT JONCKHEER & KOLBE LLP**
                                       2001 Union Street, Suite 200
                                       San Francisco, CA 94123
                                       Telephone:    (415) 788-4220
                                       Facsimile:    (415) 788-0161
                                       rschubert@sjk.law
                                       wjonckheer@sjk.law
                                       aschubert@sjk.law

                                       Christian Levis (*pro hac vice*)
                                       Amanda Fiorilla (*pro hac vice*)
                                       Rachel Kesten (*pro hac vice*)
                                       **LOWEY DANNENBERG, P.C.**
                                       44 South Broadway, Suite 1100
                                       White Plains, NY 10601
                                       Telephone:    (914) 997-0500
                                       Facsimile:    (914) 997-0035
                                       clevis@lowey.com
                                       afiorilla@lowey.com
                                       rkesten@lowey.com

                                       *Attorneys for Plaintiff JANE DOE*

DATED: May 31, 2023                    */s/ Mark L. Javitch*

                                       Mark L. Javitch (CA SBN 323729)
                                       mark@javitchlawoffice.com
                                       Javitch Law Office
                                       3 East 3rd Ave., Suite 200
                                       San Mateo, CA 94401
                                       Telephone:    (650) 781-8000
                                       Facsimile:    (650) 648-0705

                                       Thomas A. Zimmerman, Jr. (*pro hac vice*)
                                       tom@attorneyzim.com
                                       Zimmerman Law Offices, P.C.
                                       77 W. Washington Street, Suite 1220
                                       Chicago, Illinois 60602
                                       Telephone:    (312) 440-0020
                                       Facsimile:    (312) 440-4180

                                       *Attorneys for Plaintiff JOHN DOE*

DATED: May 31, 2023                    */s/ L. Timothy Fisher*

JOINT INITIAL CASE MANAGEMENT STATEMENT          CONSOLIDATED CASE NO. 23-cv-00501-AMO

L. Timothy Fisher (SBN 191626)
Jenna L. Gavenman (SBN 348510)
**BURSOR & FISHER, P.A.**
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-mail: ltfisher@bursor.com
E-mail: jgavenman@bursor.com

*Attorneys for Plaintiff JOSE MARQUEZ*

DATED:  May 31, 2023          */s/ Jonathan Shub*

Jonathan Shub #237708
Benjamin F. Johns (*pro hac vice* forthcoming)
Samantha E. Holbrook (*pro hac vice* forthcoming)
**SHUB LAW FIRM LLC**
134 Kings Highway E
Haddonfield, NJ 08033
Telephone:    (856) 772-7200
Facsimile:    (856) 210-9088
jshub@shublawyers.com
bjohns@shublawyers.com
sholbrook@shublawyers.com

*Counsel for Plaintiff HOLLIS WILSON*

DATED:  May 31, 2023          */s/ Israel David*

Israel David (*pro hac vice*)
israel.david@davidllc.com
Blake Hunter Yagman (*pro hac vice*)
blake.yagman@davidllc.com
**ISRAEL DAVID LLC**
17 State Street, Suite 4010
New York, New York 10004
Telephone:    (212) 739-0622
Facsimile:    (212) 739-0628

*Attorneys for Plaintiff E.C.*

*/s/ Rebecca M. Hoberg*

Rebecca M. Hoberg
rhoberg@moyalawfirm.com
**MOYA LAW FIRM**
1300 Clay Street, Suite 600
Oakland, California 94612
Telephone:    (510) 926-6521

8

*Local Counsel for Plaintiff E.C.*

DATED: May 31, 2023          */s/ Michael J. Shipley*

Michael J. Shipley (SBN 233674)
mshipley@kirkland.com
**KIRKLAND & ELLIS LLP**
555 South Flower Street, Suite 3700
Los Angeles, California 90071
Telephone: (213) 680-8400
Facsimile: (213) 680-8500

Olivia Adendorff (*pro hac vice*)
olivia.adendorff@kirkland.com
**KIRKLAND & ELLIS LLP**
4550 Travis Street
Dallas, TX 75205
Telephone: (214) 972-1758
Fascimile: (214) 972-1771

Martin L. Roth (*pro hac vice*)
martin.roth@kirkland.com
Alyssa C. Kalisky (*pro hac*)
alyssa.kalisky@kirkland.com
**KIRKLAND & ELLIS LLP**
300 N. LaSalle
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

*Attorneys for Defendant*
*GOODRX HOLDINGS, INC.*

DATED: May 31, 2023          */s/ Lauren R. Goldman*

Lauren R. Goldman (*pro hac vice*)
lgoldman@gibsondunn.com
Darcy C. Harris (*pro hac vice*)
dharris@gibsondunn.com
**GIBSON, DUNN & CRUTCHER LLP**
200 Park Avenue
New York, NY 10166
Telephone: (212) 351-4000
Facsimile: (212) 351-4035

Elizabeth K. McCloskey (268184)
emccloskey@gibsondunn.com
Abigail A. Barrera (301746)
abarrera@gibsondunn.com
**GIBSON, DUNN & CRUTCHER LLP**
555 Mission Street, Suite 3000

9

San Francisco, CA 94105
Telephone:    (415) 393-4622
Facsimile:    (415) 801-7389

Andrew M. Kasabian (313210)
akasabian@gibsondunn.com
**GIBSON, DUNN & CRUTCHER LLP**
333 South Grand Avenue
Los Angeles, CA 90071 USA
Telephone:    (213) 229-7311
Facsimile:    (213) 229-6311

Michael G. Rhodes (116127)
rhodesmg@cooley.com
Kyle C. Wong (224021)
kwong@cooley.com
Caroline A. Lebel (340067)
clebel@cooley.com
**COOLEY LLP**
3 Embarcadero Center, 20th Floor
San Francisco, California 94111-4004
Telephone:    (415) 693-2000
Facsimile:    (415) 693-2222

*Attorneys for Defendant*
*META PLATFORMS, INC.*
*(formerly known as Facebook, Inc.)*

DATED:  May 31, 2023                */s/ Tenaya Rodewald*

Tenaya Rodewald, Cal. Bar No. 248563
**SHEPPARD, MULLIN, RICHTER &
HAMPTON LLP**
1540 El Camino Real Suite 120
Menlo Park, California 94025-4111
Telephone:    (650) 815-2600
Facsimile:    (650) 815-2601
Email: trodewald@sheppardmullin.com

Thomas Dillickrath, *pro hac vice* forthcoming
**SHEPPARD, MULLIN, RICHTER &
HAMPTON LLP**
2099 Pennsylvania Avenue, NW, Suite 100
Washington, D.C. 20006-6801
Telephone:    (202) 747-1900
Facsimile:    (202) 747-1901
Email: tdillickrath@sheppardmullin.com

Sarah A. K. Blitz, Cal. Bar No. 280118
**SHEPPARD, MULLIN, RICHTER &
HAMPTON LLP**
333 South Hope Street, 43rd Floor
Los Angeles, California 90071-1422

10

Telephone:    (213) 620-1780
Facsimile:    (213) 620-1398
Email: sblitz@sheppardmullin.com

*Attorneys for Defendant CRITEO CORP.*

DATED:  May 31, 2023                              */s/ Benedict Y. Hur*

Benedict Y. Hur (SBN: 224018)
Simona Agnolucci (SBN: 246943)
Eduardo E. Santacana (SBN: 281668)
Tiffany Lin (SBN: 321472)
Yuhan Alice Chi (SBN: 324072)
**WILLKIE FARR & GALLAGHER LLP**
One Front Street, 34th Floor
San Francisco, CA 94111
Telephone:    (415) 858-7400
Facsimile:    (415) 858-7599
bhur@willkie.com
sagnolucci@willkie.com
esantacana@willkie.com
tlin@willkie.com
ychi@willkie.com

*Attorneys for Defendant GOOGLE LLC*

I, Michael J. Shipley, am the ECF user whose ID and password are being used to file this Stipulation and [Proposed] Scheduling Order.  In compliance with Civil Local Rule 5-1(h)(3), I hereby attest that the attorneys listed above have concurred in this filing.

DATED:  May 31, 2023

/s/ Michael J. Shipley

Michael J. Shipley (SBN 233674)
mshipley@kirkland.com
KIRKLAND & ELLIS LLP
555 South Flower Street, Suite 3700
Los Angeles, California 90071
Telephone:   (213) 680-8400
Facsimile:   (213) 680-8500

## CERTIFICATE OF SERVICE

On May 31, 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all persons registered for ECF. All copies of documents required to be served by Fed. R. Civ. P. 5(a) and L.R. 5-1 have been so served.

*/s/ Michael J. Shipley*

**[PROPOSED] ORDER**

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated: _____          _____

                                  UNITED STATES DISTRICT COURT JUDGE

# EXHIBIT 1

1          UNITED STATES DISTRICT COURT
        NORTHERN DISTRICT OF CALIFORNIA
2              SAN FRANCISCO DIVISION

3

4  JANE DOE, individually and on   )  Case No. 23-cv-00501-VC
   behalf of all others similarly )
5  situated,                       )  San Francisco, California
                                   )  Friday, April 28, 2023
6            Plaintiff,            )
                                   )  ZOOM WEBINAR PROCEEDINGS
7       v.                         )
                                   )
8                                  )
   GOODRX HOLDINGS, INC., CRITEO   )
9  CORP., META PLATFORMS, INC.,    )
   AND GOOGLE LLC,                 )
10                                 )
             Defendants.           )
11 _____  )
                                   )
12 JOHN DOE, individually and on   )  Case No. 23-cv-00744-VC
   behalf of all others similarly )
13 situated,                       )
                                   )
14           Plaintiff,            )
                                   )
15      v.                         )
                                   )
16 GOODRX HOLDINGS, INC., CRITEO   )
   CORP., META PLATFORMS, INC.,    )
17 AND GOOGLE LLC,                 )
                                   )
18           Defendants.           )
19 _____  )
                                   )
   JOSE MARQUEZ, individually and  )  Case No. 23-cv-00940-VC
20 behalf of all others similarly  )
   situated,                       )
21                                 )
             Plaintiff,            )
22                                 )
        v.                         )
23                                 )
   GOODRX HOLDINGS, INC., CRITEO   )
24 CORP., META PLATFORMS, INC.,    )
   AND GOOGLE LLC,                 )
25                                 )
             Defendants.           )
   _____  )

```
1   HOLLIS WILSON, individually and  )  Case No. 23-cv-01293-VC
    behalf of all others similarly   )
2   situated,                        )
                                     )
3           Plaintiff,               )
                                     )
4       v.                           )
                                     )
5   GOODRX HOLDINGS, INC., CRITEO    )
    CORP., META PLATFORMS, INC.,     )
6   AND GOOGLE LLC,                  )
                                     )
7              Defendants.           )
    _____)
8                                    )
    E.C., individually and on        )  Case No. 23-cv-01508-VC
9   behalf of all others similarly   )
    situated,                        )
10                                   )
            Plaintiff,               )
11                                   )
        v.                           )
12                                   )
    GOODRX HOLDINGS, INC., CRITEO    )
13  CORP., META PLATFORMS, INC.,     )
    AND GOOGLE LLC,                  )
14                                   )
               Defendants.           )
15  _____)
```

```
16
17          TRANSCRIPT OF INITIAL CASE MANAGEMENT CONFERENCE
               BEFORE THE HONORABLE VINCE CHHABRIA
18               UNITED STATES DISTRICT COURT JUDGE

19  APPEARANCES:  (Via Zoom)

20  For Plaintiff Jane Doe:      CHRISTIAN LEVIS, ESQ.
                                 Lowey Dannenberg, P.C.
21                               44 South Broadway, Suite 1100
                                 White Plains, New York 10601
22                               (914) 997-0500

23

24  [ADDITIONAL COUNSEL APPEARANCES ON THE FOLLOWING PAGE]

25
    Proceedings recorded by electronic sound recording; transcript
    produced by transcription service.
```

```
 1   APPEARANCES:   (Cont'd.)

 2   For Plaintiff Jane Doe:        WILLEM F. JONCKHEER, ESQ.
                                    Schubert Jonckheer & Kolbe LLP
 3                                  2001 Union Street, Suite 200
                                    San Francisco, California
 4                                  (415) 788-4220

 5   For Plaintiff John Doe:        THOMAS A. ZIMMERMAN, ESQ.
                                    Zimmerman Law Offices, P.C.
 6                                  77 W. Washington Street, Suite 1220
                                    Chicago, Illinois 60602
 7                                  (312) 440-0020

 8   For Plaintiff Jose Marquez:    JENNA L. GAVENMAN, ESQ.
                                    Bursor & Fisher, P.A.
 9                                  1990 North California Boulevard,
                                    Suite 940
10                                  Walnut Creek, California 94596
                                    (925) 300-4455
11
     For Plaintiff E.C.:            ISRAEL DAVID, ESQ.
12                                  Israel David LLC
                                    17 State Street, Suite 4010
13                                  New York, New York 10004
                                    (212) 739-0622
14
     For Plaintiff Hollis           BENJAMIN F. JOHNS, ESQ.
15   Wilson:                        Shub & Johns Law Firm LLC
                                    134 Kings Highway E
16                                  Haddonfield, New Jersey 08033
                                    (856) 772-7200
17
     For Defendant GoodRx           MARTIN L. ROTH, ESQ.
18   Holdings, Inc.:                ALYSSA C. KALISKY, ESQ.
                                    Kirkland & Ellis LLP
19                                  300 N. LaSalle
                                    Chicago, Illinois 60654
20                                  (312) 962-2000

21   For Defendant Criteo           TENAYA RODEWALD, ESQ.
     Corp.:                         Sheppard, Mullin, Richter &
22                                  Hampton LLP
                                    1540 El Camino Real, Suite 120
23                                  Menlo Park, California 94025-4111
                                    (650) 815-2600
24

25
```

1  APPEARANCES:  (Cont'd.)

2  For Defendant Meta                ELIZABETH K. McCLOSKEY, ESQ.
   Platforms, Inc.:                  Gibson, Dunn & Crutcher LLP
3                                    555 Mission Street, Suite 3000
                                     San Francisco, California 94105
4                                    (415) 393-4622

5  For Defendant Google LLC:         BENEDICT HUR, ESQ.
                                     SIMONA AGNOLUCCI, ESQ.
6                                    Wilkie, Farr & Gallagher LLP
                                     One Front Street, 34th Floor
7                                    San Francisco, California 94111
                                     (415) 958-7400
8
   Transcription Service:            Peggy Schuerger
9                                    Ad Hoc Reporting
                                     2220 Otay Lakes Road, Suite 502-85
10                                   Chula Vista, California 91915
                                     (619) 236-9325
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1          THE COURT:  Okay.

2          MR. LEVIS:  That should move things along quickly.  And

3     then from that point, we can file a consolidated complaint

4     relatively quickly after that.  I think we proposed 30 days

5     initially but, if the Court wants it faster --

6          THE COURT:  Okay.  So motion -- motion to appoint

7     interim class counsel, why don't we say that that is due on May

8     3rd, Wednesday, May 3rd.  Is that reasonable?

9          MR. LEVIS:  Sure.  That's fine.

10          THE COURT:  Okay.  So that's May 3rd.  Hearing on the

11    motion to appoint interim class counsel -- I think there should be

12    a hearing, even if all of the Plaintiffs' lawyers are in agreement

13    and even if the Defense counsel is in agreement, just in case

14    somebody else out there with some interest in the matter wants to

15    -- you know, wants to weigh in.  So why don't we schedule a

16    hearing.  We'll say any opposition to the motion to appoint

17    interim class counsel will be due on May 9th.  And a hearing on

18    the motion to appoint interim class counsel will be May 18th.

19          If I don't receive an opposition, that may -- you know,

20    I'll probably vacate the hearing and just grant it.  But I do want

21    to say that I will be scrutinizing the proposed structure to make

22    sure it's not too bloated; right?

23          MR. LEVIS:  Sure.

24          THE COURT:  I think that is a concern in these cases

25    that, you know, Plaintiffs' counsel, you know, proposes a bloated,

1    you know, leadership structure that results in overbilling and I

2    think the Defendants have an interest in, you know, that not

3    happening.  I think it, you know -- the Court and the public have

4    an interest in that not happening.  So I will be scrutinizing the

5    proposed structure to make sure it's not too bloated.

6          MR. LEVIS:  Okay.

7          THE COURT:  All right.  So that's the -- so May 18th

8    will be the hearing on appointment of interim class counsel.

9    Deadline to file a consolidated amended complaint, how about May

10    26th?

11          MR. LEVIS:  Okay.

12          THE COURT:  Okay?  Deadline to file motions to compel

13    arbitration, how about June 9th?

14          MR. ROTH:  That should work.

15          THE COURT:  All right.  That's for GoodRx.  Deadline for

16    the other Defendants to file motions to compel arbitration, June

17    16th.

18          MR. HUR:  Your Honor, that's fine.  We know you

19    suggested that motions to stay were not likely to be granted, but

20    we would request at least the option to file one on that date.

21          THE COURT:  All right.  That will be part of your motion

22    to compel arbitration.  So part of the same 15-page limit.

23          MR. HUR:  Will do, Your Honor.

24          MR. ROTH:  Your Honor, just at the risk of, you know --

25    I certainly don't want to break the Court's rhythm, but June 9th,

assuming the Plaintiff population in the consolidated amended complaint is the same as today, or some subset number would probably work for us.  The only thing I would ask is if there's some new Plaintiff we don't know about that they add, that may take time to diligence as to who that is and whether we have a motion to compel arbitration.  So I'm okay leaving in June 9th But if the Plaintiff subset grows, that might be an issue and we might need more time than that.

THE COURT:  Any sense now as to whether the subset will grow?

MR. LEVIS:  Not expected to be an issue.

THE COURT:  Okay.  So June 16th is the deadline for the other Defendants to file a motion to compel arbitration and stay pending arbitration.

Deadline to file motions to dismiss for all Defendants will be July 7th.

Should I require -- shoot, I forgot to plug my iPad in during the break.  Should I require that the -- that it be consolidated motions to dismiss?  How much overlap will it be?

MS. RODEWALD:  For Defendant Criteo, I would say that we believe the issues as to Defendant Criteo are different from the issues as to the other Defendants, and we would request the opportunity to file our own brief.

MR. ROTH:  I would add also, you know, GoodRx, Your Honor, as you'd imagine is a little differently situated than the

1  other three Defendants since it's our kind of website and app and

2  not our technology.  So we at least would probably file our own

3  motion as well.

4      THE COURT:  What about a consolidated motion to dismiss

5  from Google and Meta and the -- who's the other Defendant?

6      MS. RODEWALD:  Defendant Criteo, which really requests

7  its own motion, Your Honor, because the issues and pleadings are

8  different as to us.  The actual factual allegations are different.

9      THE COURT:  I'm guessing Google and Meta really don't

10  want to file a consolidated motion to dismiss.

11      MS. McCLOSKEY:  We would prefer to file it on our own,

12  Your Honor.

13      THE COURT:  All right.  That -- I'm not going to grant

14  any extensions on the page limits for anybody's motion to dismiss.

15  I'll just tell you that in advance.

16      So the -- so the deadline to file those motions to

17  dismiss will be July 7th.  I realize we have not -- we're not

18  setting opposition dates yet.  I thought we would do that after we

19  set all these other dates.

20      And then we can do the hearing sometime in August, maybe

21  like late August or something.  Does that seem about right?  Maybe

22  August 24th?  Like I said, I could -- I would clear -- Angie, this

23  is a note for you to pass along to Bhavna, but I would -- whatever

24  date we set, that date will be blocked for -- no other civil

25  motions will be heard on that day.

1      THE CLERK:  Your Honor, there's one housekeeping issue.

2  There's another initial case management conference set for May

3  26th.

4      THE COURT:  I assume that's not necessary?  We'll vacate

5  that.  All right.  We'll vacate that.  But if you need a status

6  conference at any time, just let us know and I'd be happy to talk

7  to all two, four, six, eight, ten, twelve of you.

8      All right.  Thanks very much.

9      MR. LEVIS:  Thank you, Your Honor.

10      MR. HUR:  Thank you, Your Honor.

11      [ALL]:  Thank you.

12   (Proceedings adjourned at 12:03 p.m.)

13

14      I, Peggy Schuerger, certify that the foregoing is a

15  correct transcript from the official electronic sound recording

16  provided to me of the proceedings in the above-entitled matter.

17

18  *Peggy Schuerger*
   _____        May 3, 2023
   Signature of Approved Transcriber   _____
                                       Date

19

20  Peggy Schuerger
   _____
   ***Ad Hoc Reporting***
21  Approved Transcription Provider
   for the U.S. District Court,
22  Northern District of California

23

24

25