SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
A Limited Liability Partnership
Including Professional Corporations

TENAYA RODEWALD, Cal. Bar No. 248563
1540 El Camino Real Suite 120
Menlo Park, California 94025-4111
Telephone: 650.815.2600
Facsimile: 650.815.2601
Email: trodewald@sheppardmullin.com

SARAH A. K. BLITZ, Cal. Bar No. 280118
333 South Hope Street, 43rd Floor
Los Angeles, California 90071-1422
Telephone: 213.620.1780
Facsimile: 213.620.1398
Email: sblitz@sheppardmullin.com

Attorneys for Defendant CRITEO CORP.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| JANE DOE, JANE DOE II, JOHN DOE, E.C., JOSE MARQUEZ, and HOLLIS WILSON, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>GOODRX HOLDINGS, INC., CRITEO CORP., META PLATFORMS, INC., and GOOGLE LLC.,<br><br>Defendants. | Case No. 3:23-cv-00501-AMO<br>Judge: Hon. Araceli Martinez-Olguin<br><br>**DEFENDANT CRITEO CORP.'S NOTICE OF MOTION AND MOTION TO COMPEL ARBITRATION AND TO STAY PENDING ARBITRATION and MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Consolidated Complaint Filed: May 26, 2023<br><br>Date: September 14, 2023<br>Time: 2:00 PM<br>Location: Courtroom 10, 19th Floor |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE THAT, on September 14, 2023, at 2:00 PM, in Courtroom 10, 19th Floor, of the United States District Court for the Northern District of California, located at 450 Golden Gate Ave., San Francisco, California 94102, Defendant Criteo Corp. ("**Criteo**") will appear before the Honorable Araceli Martinez-Olguin and move the Court for an order compelling Plaintiffs Jane Doe, Jane Doe II, John Doe, and Jose Marquez ("**Arbitration Plaintiffs**") to arbitrate their claims against Criteo on an individual basis. Criteo seek this relief on the basis of equitable estoppel. Criteo further seeks an order staying this action in its entirety pending arbitration. This motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the pleadings and other papers on file in this action, and such other matters as may properly come before the Court. Further, in support of this Motion, and to minimize duplicative briefing and the burdens on the Court, Criteo incorporates by reference Defendant GoodRx Holdings Inc.'s Motion to Compel Arbitration or Stay ("**GoodRx Motion to Compel**") Defendant Google LLC's Motion to Compel Arbitration and to Stay Proceedings ("**Google Motion to Compel**") and the papers filed in support thereof. (Dkts. 107, 108.)

ISSUES PRESENTED: Whether Arbitration Plaintiffs should be compelled, on the basis of equitable estoppel, to arbitrate their claims against Criteo, and whether all proceedings against Criteo should be stayed pending arbitration with GoodRx or Criteo.

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

The Court should compel Arbitration Plaintiffs to abide by their affirmative agreement to arbitrate claims arising out of or related to their use of GoodRx's services. Under the doctrine of equitable estoppel, Arbitration Plaintiffs' agreement to arbitrate applies to their claims against Criteo for two reasons. First, Arbitration Plaintiffs' claims against Criteo are founded in and intertwined with their use of the GoodRx services and their underlying contract with GoodRx because the gravamen of their allegations is that GoodRx transmitted data to Criteo without their consent in contravention of GoodRx's privacy representations. Second, Arbitration Plaintiffs' claims allege substantially interdependent and concerted conduct by Criteo and GoodRx. Indeed,

Criteo's alleged wrongdoing is that it purportedly failed to stop GoodRx from disclosing information to Criteo in violation of GoodRx's representations and Terms. Either of these reasons alone is sufficient to compel arbitration of the claims against Criteo, and both are present. Finally, the Court should stay all claims against Criteo (by all Plaintiffs) pending arbitration.

## II. FACTUAL BACKGROUND

The facts are more fully set out in GoodRx's and Google's Motions To Compel. (Dkt. 107, 2-10; Dkt. 108 at 3-5.) Briefly, Arbitration Plaintiffs were users of GoodRx's platform who affirmatively agreed to GoodRx's Terms of Use ("Terms") which govern use of the platform and which contain a binding arbitration agreement ("Arbitration Agreement"). (Dkt. 107 at 3-10, 12-15.) GoodRx's Terms incorporate its Privacy Policy. (Dkts. 107-2, 107-4 – 107-8, at § 1.)

*As to Criteo*, Plaintiffs claim that GoodRx incorporated unspecified Criteo software "such as an SDK or pixel" into GoodRx's platform, and as a result GoodRx allegedly disclosed unspecified information concerning Plaintiffs' interactions on the GoodRx platform to Criteo. (Consolidated Complaint ("Compl."), Dkt. 102, ¶ 160.) Plaintiffs allege Criteo's receipt of the information was a purported "interception," and that Criteo "did not take any steps to prevent" GoodRx from using Criteo's software on the GoodRx platform.[1] (Compl., ¶¶ 89, 160.) Criteo is not alleged to have done anything else. (*See* Compl., ¶¶ 86-90, 157-162.) Plaintiffs allege that GoodRx's disclosures to Criteo contravened and exceeded *GoodRx's* privacy representations, primarily contained in its Privacy Policy. (Compl., ¶¶ 12, 61, 103-109.)

## III. ARGUMENT

### A. Arbitration Plaintiffs Affirmatively Agreed to Arbitrate Their Claims

As set forth in GoodRx's Motion to Compel, Arbitration Plaintiffs affirmatively agreed to GoodRx's Terms including the binding Arbitration Agreement. (Dkt. 107 at 3:16-8:24, 12:22-15:26.) In doing so, Arbitration Plaintiffs agreed to arbitrate all claims arising out of or relating to the Terms or their access to or use of the GoodRx's services *on an individual, non-class basis*. (Dkt. 107 at 8:25-10:23, 12:22-19:11.)

---

[1] Plaintiffs do not allege Criteo installed anything on the GoodRx platform. The alleged "interception" happened solely because GoodRx allegedly installed Criteo's software on the GoodRx platform and so allegedly caused unspecified data to be sent to Criteo.

**B. Criteo Has A Right To Enforce the Arbitration Agreement**

Criteo has a right to enforce the Arbitration Agreement and compel arbitration even though it was not a signatory to the arbitration agreement. As explained in Google's Motion to Compel, the Federal Arbitration Act permits non-signatories to an arbitration agreement to rely on state-law equitable estoppel doctrines to enforce the agreement. (*See* Dkt. 108 at 5:18-7:3.) California law "allows a nonsignatory to invoke arbitration under the doctrine of equitable estoppel even when a signatory 'attempts to avoid arbitration by suing nonsignatory defendants for claims that are based on the same facts and are inherently inseparable from arbitrable claims against signatory defendants.'" *Franklin v. Cmty. Reg'l Med. Ctr*., 998 F.3d 867, 870-711 (9th Cir. 2021) (compelling signatory plaintiff to arbitrate its claims against non-signatory defendant; quoting *Metalclad Corp. v. Ventana Env't Organizational P'ship*, 109 Cal. App. 4th 1705, 1714 (2003).) A non-signatory can compel arbitration with a signatory under ***either*** of the two "*Goldman*" prongs, namely (1) the signatory's claims are "intimately founded in and intertwined with" the underlying contract, or (2) the signatory alleges substantially interdependent and concerted misconduct by a signatory and the nonsignatory that is founded on or connected to the underlying contract. (Dkt. 108 at 5:18-7:3.) Both prongs are met here. (*Id*. at 7:4-10:23.[2])

First, just as with the claims against Google, Arbitration Plaintiffs' claims against Criteo presume the existence of and are intertwined with and founded on their contract with GoodRx. (*See* Dkt. 108 at 7:13-9:23.) Arbitration Plaintiffs agreed that their access to and use of GoodRx's services was governed by the Terms, and all of their claims against Defendants, including Criteo, are based on their use of GoodRx's services, and allege that Arbitration Plaintiffs were harmed because of how those services were provided and shared data with third parties. Moreover, Arbitration Plaintiffs claim their information was disclosed without their consent to Criteo in contravention of GoodRx's stated policies and representations—including specifically the those in GoodRx's Privacy Policy and Terms. (*See, e.g*., Compl. ¶¶ 12, 103-109; Claims 1-3, 7-10, 12, 13.) As Google details, the claims are based on GoodRx's privacy representations. (Dkt. 108 at 7:13-9:23.) Similarly, Arbitration Plaintiffs' allegations that their information was disclosed without

[2] Google's arguments apply equally to the claims against Criteo and are incorporated throughout.

their consent are necessarily founded on and intertwined with GoodRx's Terms (to which they consented).[3] (*Id.*) *Goldman's* first prong is satisfied, which is alone sufficient to compel arbitration.

Second, just as with the claims against Google, Arbitration Plaintiffs' claims against Criteo are intertwined with and interdependent on the claims against GoodRx and share the exact same factual basis. (Dkt. 108 at 9:24-10:23.) Criteo is not alleged to have done anything other than fail to stop GoodRx from using Criteo's software to send unspecified information to Criteo. (Compl., ¶¶ 86-90, 157-162.) And all claims against Criteo depend on Arbitration Plaintiffs' allegations that GoodRx installed Criteo's software on its website and shared data with Criteo in contravention or in excess of GoodRx's privacy representations and Terms. (*See supra*, Dkt. 108 at 9:24-10:23.) The claims against Criteo thus allege substantially interdependent misconduct by Criteo and GoodRx that are intimately connected with the GoodRx Terms, satisfying *Goldman's* second prong.

Thus, the Court should compel Arbitration Plaintiffs to individually arbitrate their claims against Crtieo and stay or dismiss those claims pending arbitration. (*See also* Dkt. 108 at 5:18-7:3; Dkt. 107 at 21:13-22.)

**C. The Court Should Stay the Action Pending Arbitration**

For the reasons stated by Google and GoodRx, the Court should stay all claims in the action pending arbitration. First, even if the Court declines to order Arbitrating Plaintiffs to arbitrate their claims against Criteo, the Court should stay those claims pending arbitration between Arbitration Plaintiffs and GoodRx. The claims against Criteo are based on the same facts and depend on the allegations against GoodRx as explained *supra*. Allowing the Arbitration Plaintiffs to litigate their claims against Criteo while they simultaneously arbitrate with GoodRx would create substantial risk of confusion and inconsistent results to Criteo's prejudice and could prejudice GoodRx's right to arbitration. (*See* Dkt. 108 at 10:24-12:20; Dkt. 107 at 22:13-23:12, n. 5.) Second, regardless of whether the Court orders Arbitrating Plaintiffs to arbitrate their claims against Criteo, the Court should stay the claims of Plaintiffs Hollis Wilson and E.C. (the "Non-

[3] Put another way, these allegations necessarily claim that GoodRx's data disclosures contravened or exceeded what it was permitted to do under the Terms, and as such, were without Arbitration Plaintiffs' consent.

Arbitration Plaintiffs") pending arbitration between Arbitration Plaintiffs and GoodRx and/or Criteo (as the case may be).[4] (*See* Dkt. 108 at 13:19-14:9; Dkt. 107 at 22:13-23:12.)

**D. Plaintiffs' Request for Injunctive Relief Has No Impact on Criteo's Requests**

Finally, as explained by both Google and GoodRx, the fact that Plaintiffs purport to seek "public injunctive relief" does not change the analysis. (Dkt. 108 at 12:21-13:18; Dkt. 107 at 19:12-21:11.) First, the injunctive relief Plaintiffs seek is, in reality, ***private*** injunctive relief. In fact, the injunction Plaintiffs seek as to Criteo—that Criteo stop using and delete previously-collected data of ***users*** of the GoodRx platform (Compl. ¶ 215)—is identical to relief the Ninth Circuit has explained is private injunctive relief. *Hodges v. Comcast Cable Communs., LLC*, 21 F.4th 535, 548-49 (9th Cir. 2021) (request for injunction that cable company be required to delete previously-collected subscriber information is not public relief because it was for a discrete subset of similarly-situated individuals, not the general public as a whole); Dkt. 107 at 19:12-21:11; Dkt. 108 at 12:21-13:11.) Accordingly, Arbitration Plaintiffs' requests for injunctive relief must be arbitrated. *Hodges*, 21 F.4th at 549. Second, even if the Court were to hold that Plaintiffs seek public injunctive relief, their request for such relief should be stayed pending arbitration of Plaintiffs' other claims. (*See* Dkt. 108 at 13:11-18.)

**IV. CONCLUSION**

For these reasons, the Court should grant this motion, compel individual arbitration by the Arbitration Plaintiffs, and stay the remainder of this action against Criteo pending arbitration. Alternatively, Criteo requests that the Court stay all claims against Criteo pending arbitration between Arbitration Plaintiffs and GoodRx.

Dated: June 16, 2023 SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By *_/s/ Tenaya Rodewald_*
TENAYA RODEWALD
SARAH BLITZ
Attorneys for Defendant CRITEO CORP.

[4] Criteo does not concede that the plaintiffs are sufficiently similar such that class certification is warranted and reserves the right to oppose class certification on any grounds.