UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE, et al.,<br><br>        Plaintiffs,<br><br>    v.<br><br>GOODRX HOLDINGS, INC., et al.,<br><br>        Defendants. | Case No. 23-cv-00501-AMO<br><br>**ORDER GRANTING PLAINTIFFS' MOTION FOR INTERIM CO-LEAD COUNSEL**<br><br>Re: Dkt. No. 86 |

Before the Court is Plaintiffs' motion to appoint interim co-lead class counsel, submitted by all Plaintiffs' counsel who have entered an appearance in this matter. The motion requests the following counsel structure in this putative class action: the firm Lowey Dannenberg, P.C. ("Lowey Dannenberg") and Bursor & Fisher, P.A. ("Bursor & Fisher") as interim co-lead counsel, to be supported by the firm Schubert Jonckheer & Kolbe LLP as liaison counsel, and an executive committee comprised of counsel from Shub & Johns LLC, Zimmerman Law Offices, P.C., and Israel David LLC. In its discretion, the Court finds that the motion is suitable for decision without oral argument. Civ. L.R. 7-1(b). For the reasons set forth below, the Court hereby **GRANTS** Plaintiffs' motion to appoint interim co-lead counsel.

I.  **LEGAL STANDARD**

Federal Rule of Civil Procedure 23(g)(3) permits district courts "to designate an interim counsel to act on behalf of the putative class before determining whether to move for class certification." Fed. R. Civ. P. 26(g)(3). Although Rule 23(g) does not provide a standard for the appointment of interim counsel, "[c]ourts considering the appointment of interim counsel weigh the factors outlined in Rule 23(g)(1)." *Olosoni v. HRB Tax Group, Inc*., No. 19-cv-03610-SK, 2019 WL 7576680, at *5 (N.D. Cal. Nov. 5, 2019). In designating interim class counsel, courts

consider: "(i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class." Fed. R. Civ. P. 23(g)(1)(A). A district court may also consider "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B). The appointment of interim class counsel is discretionary. *In re Nest Labs Litig.*, No. 14- CV01363-BLF, 2014 WL 12878556, at *1 (N.D. Cal. Aug. 18, 2014).

## II. ANALYSIS

To determine whether to appoint Lowey Dannenberg and Bursor & Fisher as interim co-lead class counsel, the Court considers in turn the four factors set forth in Rule 23(g)(1).

First, the Court looks to the work Lowey Dannenberg and Bursor & Fisher have completed in investigating or identifying potential claims in this action. *See* Fed. R. Civ. Pro. 23(g)(1)(A)(i). To date, Lowey Dannenberg and Bursor & Fisher have collaborated to conduct extensive research and investigation of the claims against Defendants, including analyzing news sources, press releases, publicly available information, and conducting Freedom of Information Act Requests on the Federal Trade Commission. ECF 86 at 8. Because these efforts have informed the allegations and complaint against Defendants, *id.*, the first factor weighs in favor of appointing Lowey Dannenberg and Bursor & Fisher as interim co-lead counsel. *See Rubenstein v. Scripps Health*, No. 21-cv-1135-GPC (MSB), 2021 WL 4554569, at *3 (S.D. Cal. Oct. 5, 2021).

Next, the Court considers Lowey Dannenberg's and Bursor & Fisher's relevant experience in class actions, complex litigation, and the consumer privacy claims at issue in the action. *See* Fed. R. Civ. P. 23(g)(1)(A)(ii). Lowey Dannenberg has experience successfully prosecuting and leading multi-defendant complex class actions, including holding responsibility for arguing motions for class certification and motions for summary judgment in consumer privacy class actions. ECF 86-1 at 2-3. Bursor & Fisher also evidences relevant experience litigating consumer class actions and with complex litigation, including consumer fraud and telecommunications. ECF 86 3-4. Because Lowey Dannenberg and Bursor & Fisher have shown relevant experience

leading and litigating complex consumer class actions, the second factor also weighs in favor of appointing them as co-lead class counsel. *See Edin v. Kangadis Food Inc.*, No, 13 Civ. 2311 (JSR), 297 F.R.D. 561, at *566 (S.D.N.Y. Feb. 25, 2014).

The Court next considers Lowey Dannenberg's and Bursor & Fisher's knowledge of the applicable law. *See* Rule 23(g)(1)(A)(iii). Lowey Dannenberg's litigation team consists of founding members and leaders of the firm's data breach and privacy practice who are serving as class counsel in another privacy class action in this District. ECF 86 at 10-11. Bursor & Fisher similarly has extensive experience litigating and trying consumer protection class actions. ECF 86-3 at 2. Lowey Dannenberg's subject matter expertise and Bursor & Fisher's extensive class action trial experience satisfy the third Rule 23 factor.

The fourth Rule 23 factor requires that the Court consider the resources Lowey Dannenberg and Bursor & Fisher will commit in their representation of the putative class. *See* Rule 23(g)(1)(A)(iv). Each firm has experience funding large class actions and committing the staffing necessary to prosecute complex class actions. ECF 86 at 16. Additionally, Lowey Dannenberg states that it will commit its e-discovery infrastructure and the e-discovery expertise of its members to this action. ECF 86 at 18. Thus, because Lowey Dannenberg and Bursor & Fisher have the financial resources and combined technical infrastructure required to represent a complex class action, the fourth factor weighs in favor of appointing Lowey Dannenberg and Bursor & Fisher.

Finally, the Court evaluates the agreed-upon leadership structure. In their motion for appointment of interim co-lead class counsel, all Plaintiffs' counsel jointly request that this Court appoint Shubert Jonckheer & Kolbe LLP, as liaison counsel, and Shub & Johns LLC, Zimmerman Law Offices, P.C., and Israel David LLC to an executive committee. ECF 86 at 5. Each of these firms has experience litigating complex class actions. *Id*. at 16. Additionally, with the exception of Israel David LLC, each of these firms has previously collaborated with Lowey Dannenberg. *Id*. at 18-19. Lowey Dannenberg has previously served as co-lead counsel with a founding member of Shub & Johns LLC, acted as local counsel for Shubert Jonckheer & Kolbe LLP, and is jointly litigating a data breach case with Zimmerman Law Offices, P.C. *Id*. at 19. Given these previous

3

and on-going collaborations, the Court concludes that Lowey Dannenberg and Bursor & Fisher can effectively delegate the workstreams between the other firms. *See In re Meta Pixel Healthcare Litigation*, No. 22-cv-03580-WHO, 2022 WL 18399978, at *3 (N.D. Cal. Dec. 21, 2022) (identifying interim counsel's ability to delegate and monitor the executive committee firms as an "other matter" relevant to counsels' ability to represent the interests of the class under Rule 23(g)(1)(B)). Thus, the Court finds it appropriate to appoint Schubert Jonckheer & Kolbe LLP, Shub & Johns LLC, Zimmerman Law Offices, P.C., and Israel David LLC to their requested roles. *See* Manual for Complex Litigation, § 14.211 at 200, § 21.11 at 279 (recognizing "private ordering" as an appropriate method for selecting lead counsel where counsel agree on leadership and submit their recommendations to the court for approval).

## CONCLUSION

Accordingly, this Court **GRANTS** the motion and **APPOINTS**: (i) Lowey Dannenberg, P.C., and Bursor & Fisher, P.A., as interim co-lead class counsel; (ii) Schubert Jonckheer & Kolbe LLP, as interim liaison counsel; and (iii) Shub & Johns LLC, Zimmerman Law Offices, P.C., and Israel David LLC to an interim executive committee. Additionally, the Court **GRANTS** Lowey Dannenberg's and Bursor & Fisher's request to have the responsibility for, and authority over, the following matters for this action and any subsequently related cases:

  a. The initiation, response, scheduling, briefing, and argument related to all pleadings or motions;
  b. The scope, order, and conduct of all discovery proceedings;
  c. Communicating with the Court, Defendants' counsel, and all Plaintiffs and Plaintiffs' counsel;
  d. Ensuring all work by Plaintiffs' counsel is in the best interest of the Plaintiffs and the proposed class and are based on the qualifications and expertise of the persons assigned particular tasks or responsibilities, counsel's knowledge of the law, facts and issues, efficiency, and cost-effectiveness;
  e. Directing, supervising and monitoring the activities of additional Plaintiffs' counsel, if any, and implementing procedures to ensure that schedules are met and unnecessary

   expenditures of time and funds by counsel are avoided;

f. Employing and consulting with experts;

g. Conducting settlement discussions with Defendants on behalf of the Plaintiffs and the proposed class to resolve this litigation as interim co-lead class counsel deem appropriate, subject to approval of this Court where required;

h. Assessing litigation costs, as appropriate, and to collect such assessments;

i. Reviewing time, lodestar, and expense reports from each Plaintiffs' counsel, including paralegals and other staff members, at monthly intervals;

j. Allocating attorneys' fees and costs among Plaintiffs' counsel; and

k. Overseeing the conduct of the litigation so that it proceeds smoothly and efficiently and performing such other duties as necessary or as authorized by further order of the Court.

In light of their appointments as interim co-lead counsel, the Court will hold Lowey Dannenberg and Bursor & Fisher accountable for fulfilling these responsibilities until a class has been certified and class counsel is appointed on a non-interim basis.

**IT IS SO ORDERED.**

Dated: July 7, 2023

**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**