SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
A Limited Liability Partnership
Including Professional Corporations

TENAYA RODEWALD, Cal. Bar No. 248563
1540 El Camino Real Suite 120
Menlo Park, California 94025-4111
Telephone: 650.815.2600
Facsimile: 650.815.2601
Email: trodewald@sheppardmullin.com

SARAH A. K. BLITZ, Cal. Bar No. 280118
333 South Hope Street, 43rd Floor
Los Angeles, California 90071-1422
Telephone: 213.620.1780
Facsimile: 213.620.1398
Email: sblitz@sheppardmullin.com

Attorneys for Defendant CRITEO CORP.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| JANE DOE, JANE DOE II, JOHN DOE, E.C., JOSE MARQUEZ, and HOLLIS WILSON, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GOODRX HOLDINGS, INC., CRITEO CORP., META PLATFORMS, INC., and GOOGLE LLC.,<br><br>Defendants. | Case No. 3:23-cv-00501-AMO<br>The Hon. Araceli Martínez-Olguín<br><br>**DEFENDANT CRITEO CORP.'S MOTION TO DISMISS THE CONSOLIDATED CLASS ACTION COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(1) AND 12(b)(6)**<br><br>Consolidated Complaint Filed: May 26, 2023<br><br>Date: October 12, 2023<br>Time: 2:00 PM<br>Location: Courtroom 10, 19th Floor |

## TABLE OF CONTENTS

Page

MEMORANDUM OF POINTS AND AUTHORITIES ........................................................1

I. INTRODUCTION ........................................................................................1

II. PLAINTIFFS LACK ARTICLE III STANDING AS TO CRITEO ..................................2

III. THE STATUTE OF LIMITATIONS BARS CLAIMS 1, 2, 3, 7, 8, 9, 10 AND 13 *ENTIRELY*, AND CLAIMS 12 AND 14 IN PART ........................................................3

IV. NON-RESIDENTS CANNOT ASSERT CALIFORNIA LAW CLAIMS .............................6

V. PLAINTIFFS FAIL TO ADEQUATELY ALLEGE ANY CLAIM AGAINST CRITEO ..........8

A. Legal Standard ........................................................................................8

B. There Are Not Sufficient Facts to State Any Claim Against Criteo ..........9

C. Plaintiffs Consented to Any Alleged Disclosures—Barring All Their Claims........10

D. Plaintiffs' Intrusion Upon Seclusion Claims (Claims 1, 2) Fail ...............11

E. Plaintiffs' Unjust Enrichment Claim (Claim 3) Fails.................................13

F. Plaintiffs Fail to State a Claim for Aiding and Abetting Violation of CMIA (Claim 7) ........14

G. There Is No Private Right of Action for the CMIA Violation alleged in Claim 8 ........15

H. Plaintiffs Do Not Adequately Plead their CIPA Section 631 Claim (Claim 9)........16

1. Plaintiffs Fail to Allege Intentional Interception in Transit ..........17

2. Plaintiffs Fail to Allege that Criteo Was a Third-Party..................18

3. Plaintiffs Fail to Adequately Allege Lack of Consent ..................19

I. Plaintiffs Do Not Adequately Plead their CIPA Section 632 Claim (Claim 10)........19

J. Plaintiffs' California Unfair Competition Law ("UCL") Claim (Claim 12) Fails ........21

1. Plaintiffs Lack Standing under the UCL as to Criteo.....................21

2. Plaintiffs Fail to State a Claim Under Any of the UCL's Prongs ................22

K. E.C. Does Not State a Claim under NY GBL § 349 (Claim 13)................23

L. John Doe Does Not State a Claim under Illinois Law (Claim 14)..............25

VI. CONCLUSION ........................................................................................25

## TABLE OF AUTHORITIES

Page(s)

**CASES**

*Adobe Sys. v. Blue Source Grp. Inc.*
125 F.Supp.3d 945 (N.D. Cal. 2015) ........ 8

*Ahmed v. Cty. of Santa Clara*
2021 WL 105620 (N.D. Cal. Jan. 12, 2021) ........ 8

*Allstate Ins. Co. v. Hague*
449 U.S. 302 (1981) ........ 6

*Archey v. Osmose Util. Servs., Inc.*
2021 WL 3367156 (N.D. Ill. Aug. 3, 2021) ........ 25

*Ashcroft v. Iqbal*
556 U.S. 662 (2009) ........ 8, 12, 15, 19, 20

*Ashland Oil Co. v. Union Oil Co.*
567 F.2d 984 (9th Cir 1977) ........ 4

*Astiana v. Hain Celestial Grp., Inc.*
783 F.3d 753 (9th Cir. 2015) ........ 13

*Austin B. v. Escondido Union Sch. Dist.*
149 Cal.App.4th 860 (2007) ........ 10, 15

*Barker v. Am. Mobil Power Corp.*
64 F.3d 1397 (9th Cir. 1995) ........ 5

*Bass v. Facebook, Inc.*
394 F.Supp.3d 1024 (N.D. Cal. 2019) ........ 21

*Baugh v. CBS, Inc.*
828 F.Supp. 745 (N.D. Cal. 1993) ........ 10

*Bell Atl. Corp. v. Twombly*
550 U.S. 544 (2007) ........ 8, 19

*Burger v. Spark Energy Gas, LLC*
507 F.Supp.3d 982 (N.D. Ill. 2020) ........ 25

*Byars v. Hot Topic, Inc.*
2023 WL 2026994 (C.D. Cal. Feb. 14, 2023) ........ 18, 19

*Cain v. State Farm Mut. Auto. Ins. Co.*
62 Cal.App.3d 310 (1976) ........ 3

*Campbell v. Facebook, Inc.*
77 F.Supp.3d 836 (N.D. Cal. 2014) .......... 20, 21

*Caraccioli v. Facebook, Inc.*
167 F.Supp.3d 1056 (N.D. Cal. 2016) .......... 11, 12

*Cetacean Comty. v. Bush*
386 F.3d 1169 (9th Cir. 2004) .......... 2

*Churchill Vill., L.L.C. v. Gen. Elec. Co.*
169 F.Supp.2d 1119 (N.D. Cal. 2000),
*aff'd* 361 F.3d 566 (9th Cir. 2004) .......... 6, 7

*Clark v. InComm Fin. Servs.*
2023 WL 3149284 (C.D. Cal. Mar. 16, 2023) .......... 22

*Clark v. Receivables Mgmt. Partners, LLC*
2022 WL 767149 (N.D. Ill. Mar. 14, 2022) .......... 25

*Cline v. Reetz-Laiolo*
329 F.Supp.3d 1000 (N.D. Cal. 2018) .......... 20

*Conte v. Newsday, Inc.*
703 F.Supp.2d 126 (E.D.N.Y. 2010) .......... 17

*Corsello v. Verizon New York, Inc.*
18 N.Y.3d 777 (2012) .......... 4

*DaimlerChrysler Corp. v. Cuno*
547 U.S. 332 (2006) .......... 2

*Davis v. HSBC Bank*
691 F.3d 1152 (9th Cir. 2012) .......... 23

*De Bouse v. Bayer AG*
922 N.E.2d 309 (2009) .......... 25

*DeBruyne v. Equitable Life Assur. Soc'y of U.S.*
920 F.2d 457 (7th Cir. 1990) .......... 5

*Degla Grp. for Invs., Inc. v. Boconcept USA, Inc.*
2010 WL 11509053 (C.D. Cal. Sep. 30, 2010) .......... 22

*Diaz v. Safeway Inc.*
2007 WL 2793367 (N.D. Cal. Sept. 26, 2007) .......... 6

*Dziegielewski v. Advanced Intergrative Wellness, LLC*
2010 NY Slip Op 33047[U] (Sup Ct, Nassau County 2010) .......... 24

*Easter v. Am. W. Fin.*
381 F.3d 948 (9th Cir. 2004) .... 2

*Eisenberg v. Citibank N.A.*
2017 WL 532936 (C.D. Cal. Feb. 8, 2017),
*aff'd*, 787 F.App'x 929 (9th Cir. 2019) .... 6

*Eisenberg v. Citibank, NA*
787 F.App'x 929 (9th Cir. 2019) .... 5

*Eisenhower Med. Ctr. v. Super. Ct.*
226 Cal.App.4th 430 (2014) .... 14

*Emery v. Visa Internat. Serv. Ass'n*
95 Cal.App.4th 952 (2002) .... 23

*Erhart v. Bofi Holding, Inc.*
269 F.Supp.3d 1059 (S.D. Cal. 2017) .... 14

*ESG Capital Partners, LP v. Stratos*
828 F.3d 1023 (9th Cir. 2016) .... 13

*Faulkner v. ADT Sec. Servs.*
706 F.3d 1017 (9th Cir. 2013) .... 19, 20

*Fox v. Ethicon Endo-Surgery, Inc.*
35 Cal.4th 797 (2005) .... 5

*G.H.I.I. v. MTS, Inc.*
147 Cal.App.3d 256 (1983) .... 4

*Gamache v. Airbnb, Inc.*
2017 WL 3431651 (Cal. Ct. App. Aug. 10, 2017) .... 14

*Garcia v. Enter. Holdings, Inc.*
78 F.Supp.3d 1125 (N.D. Cal. 2015) .... 10

*Gardiner v. Walmart, Inc.*
2021 WL 4992539 (N.D. Cal. July 28, 2021) .... 13

*Garrison v. Oracle Corp.*
159 F.Supp.3d 1044 (N.D. Cal. 2016) .... 5

*Goodwin v. Countrywide Home Loans, Inc.*
578 F.App'x 688 (9th Cir. 2014) .... 13

*Graham v. Noom, Inc.*
533 F.Supp.3d 823 (N.D. Cal. 2021) .... 18, 19

*Gulec v. Boeing Co.*
698 F.App'x 372 (9th Cir. 2017).......... 10

*Hakimi v. Societe Air France, S.A.*
2018 WL 4826487 (N.D. Cal. Oct. 4, 2018).......... 4

*Hammerling v. Google LLC*
2022 WL 17365255 (N.D. Cal. Dec. 1, 2022).......... 7, 12, 18

*Hammerling v. Google LLC*
615 F.Supp.3d 1069 (N.D. Cal. 2022).......... 14, 18, 22, 23

*Hayden v. Retail Equation, Inc.*
2022 WL 18397355 (C.D. Cal. Nov. 28, 2022).......... 8

*Henry v. Lehman Commer. Paper, Inc.*
471 F.3d 977 (9th Cir. 2006).......... 15

*Hernandez v. Hillsides, Inc.*
47 Cal.4th 272 (2009).......... 11

*Hill v. Nat'l Collegiate Athletic Ass'n*
7 Cal.4th 1 (1994).......... 2, 10

*I.C. v. Zynga, Inc.*
600 F.Supp.3d 1034 (N.D. Cal. 2022).......... 3, 12

*IIG Wireless, Inc. v. Yi*
22 Cal.App.5th 630 (2018).......... 15

*Ji v. Naver Corp.*
2022 WL 4624898 (N.D. Cal. Sept. 30, 2022).......... 3

*Kearns v. Ford Motor Co.*
567 F.3d 1120 (9th Cir. 2009).......... 23

*Khorloo v. John C. Heath Attorney at Law*
2020 WL 1530735, *2 (N.D. Ill. Mar. 31, 2020).......... 25

*Koehler v. Litehouse, Inc.*
2012 WL 6217635, *7 (N.D. Cal. Dec. 13, 2012).......... 6

*Kurowski v. Rush Sys. for Health*
2023 WL 2349606 (N.D. Ill. Mar. 3, 2023).......... 25

*Kwikset Corp. v. Super. Ct.*
51 Cal.4th 310 (2011).......... 21

*Lauter v. Anoufrieva*
642 F.Supp.2d 1060 (C.D. Cal. 2009).......... 5

*In re Laverdure*
399 B.R. 310 (Bankr. N.D. Ill. 2008) .......... 25

*Lewand v. Mazda Motor of Am., Inc.*,
2017 WL 7080291, *3 (C.D. Cal. Aug. 8, 2017) .......... 6

*Licea v. American Eagle Outfitters, Inc.*
2023 WL 2469630 (C.D. Cal. Mar. 7, 2023) .......... 16, 17, 18, 19

*Licea v. Cinmar, LLC*
2023 WL 2415592 (C.D. Cal. Mar. 7, 2023) .......... 16, 18, 19

*Lippitt v. Raymond James Fin. Svcs. Inc.*
340 F.3d 1033 (9th Cir. 2003) .......... 21

*Lopez v. Apple, Inc.*
519 F.Supp.3d 672 (N.D. Cal. 2021) .......... 3

*Low v. LinkedIn Corp.*
900 F.Supp.2d 1010 (N.D. Cal. 2012) .......... 12

*Lucero v. IRA Servs*.
2020 WL 553941 (N.D. Cal. Feb. 3, 2020) .......... 15

*Mahon v. Ticor Title Ins. Co*.
683 F.3d 59 (2d Cir. 2012) .......... 2

*Martin v. Sephora USA, Inc.*
2023 WL 2717636 (E.D. Cal. Mar. 30, 2023) .......... 17, 18

*Mastel v. Miniclip SA*
549 F.Supp.3d 1129 (E.D. Cal. 2021) .......... 16

*Mauri v. Smith*
324 Or. 476 (1996) .......... 12

*McCoy v. Alphabet, Inc.*
2021 WL 405816 (N.D. Cal. Feb. 2, 2021) .......... 13, 14

*Medoff v. Minka Lighting, LLC*
2023 4291973 (C.D. Cal. May 8, 2023) .......... 13

*Miller v. Nat'l Broad. Co*.
187 Cal.App.3d 1463 (1986) .......... 12

*Montalti v. Catanzariti*
191 Cal.App.3d 96 (1987) .......... 4

*Moore v. Centrelake Med. Grp., Inc.*
83 Cal.App.5th 515 (2022) .......... 21

*Morfin v. Accredited Home Lenders, Inc.*
2010 WL 391838 (S.D. Cal. Jan. 26, 2010) .......... 22

*Mount v. PulsePoint, Inc.*
684 F.App'x 32 (2d Cir. 2017) .......... 24

*Negrete v. L.A. Cty.*
2022 WL 4390462 (C.D. Cal. Aug. 24, 2022) .......... 8

*O'Donnell v. United States*
891 F.2d 1079 (3d Cir. 1989) .......... 12

*Parnoff v. Aquarion Water Co.*
188 Conn.App. 153 (2019) .......... 12

*Pena v. Gamestop, Inc.*
2023 WL 3170047 (S.D. Cal. Apr. 27, 2023) .......... 18

*People v. Nakai*
183 Cal.App.4th 499 (2010) .......... 20

*People v. Super. Ct. (Smith)*
70 Cal.2d 123 (1969) .......... 20, 21

*Perez v. Wells Fargo & Co.*
2015 WL 1887354 (N.D. Cal. Apr. 24, 2015) .......... 2

*Petitt v. Celebrity Cruises, Inc.*
153 F.Supp.2d 240 (S.D.N.Y. 2001) .......... 23, 24

*Plumlee v. Pfizer, Inc.*
2014 WL 695024 (N.D. Cal. Feb. 21, 2014) .......... 5

*Pruchnicki v. Envision Healthcare Corp.*
845 F.App'x 613 (9th Cir. 2021) .......... 21

*Regueiro v. FCA US, LLC*
2023 WL 3564761 (C.D. Cal. May 4, 2023) .......... 8

*Rodriguez v. Cheesecake Factory Inc.*
2017 WL 6541439 (E.D.N.Y. Aug. 11, 2017) .......... 24

*Rodriguez v. Google, LLC*
2022 WL 214552 (N.D. Cal. Jan. 25, 2022) .......... 17

*Rosenow v. Facebook, Inc.*
2020 WL 1984062 (S.D. Cal. Apr. 27, 2020) .......... 17

*S&S Worldwide, Inc. v. Wells Fargo Bank*
509 F.Supp.3d 1154 (N.D. Cal. 2020) .......... 15

*San Diegans for Open Gov't v. Pub. Facilities Fin. Auth. of City of San Diego*
8 Cal.5th 733 (2019)........................................................................................................ 16

*Sands v. Ticketmaster-New York, Inc.*
207 A.D.2d 687 (1994) ..................................................................................................... 24

*Schulz v. Neovi Data Corp.*
152 Cal.App.4th 86 (2007)................................................................................................. 14

*Scott-Codiga v. Cty. of Monterey*
2011 WL 4434812 (N.D. Cal. Sep. 23, 2011)..................................................................... 11

*Sharma v. Volkswagen AG*
524 F.Supp.3d 891 (N.D. Cal. 2021) ................................................................................. 13

*Silver v. Stripe Inc.*
2021 WL 3191752 (N.D. Cal. July 28, 2021) ..................................................................... 10

*Sonner v. Premier Nutrition Corp.*
971 F.3d 834 (9th Cir. 2020)............................................................................................... 13

*Spokeo, Inc. v. Robins*
578 U.S. 337 (2016) .............................................................................................................. 2

*Sullivan v. Oracle Corp.*
51 Cal.4th 1191 (2011)........................................................................................................... 6

*Sumotext Corp. v. Zoove, Inc.*
2017 WL 2774382 (N.D. Cal. June 26, 2017) ............................................................... 8, 13

*Tamraz v. Bakotic Pathology Assocs., LLC*
2022 WL 16985001 (S.D. Cal. Nov. 16, 2022) ........................................... 11, 13, 21, 24

*Taus v. Loftus*
40 Cal.4th 683 (2007)........................................................................................................... 12

*Tidenberg v. Bidz.com, Inc.*
2009 WL 605249 (C.D. Cal. Mar. 4, 2009) ......................................................................... 7

*TransUnion LLC v. Ramirez*
141 S. Ct. 2190 (2021) ........................................................................................................... 2

*In re Vizio Inc. Consumer Priv. Litig.*
238 F.Supp.3d 1204 (C.D. Cal. 2017).................................................................................. 17

*Warden v. Kahn*
99 Cal.App.3d 805 (1979).................................................................................................... 18

*Wesch v. Yodlee, Inc.*
2021 WL 6206644 (N.D. Cal. July 19, 2021) ...................................................................... 21

*Williams v. What If Holdings, LLC*
2022 WL 17869275 (N.D. Cal. Dec. 22, 2022) .............................................................. 16, 18

*Wilson v. Frito-Lay N. Am.*
961 F.Supp.2d 1134 (N.D. Cal. 2013) ........................................................................... 7

*Winzig v. Stockpile Invs.*
2021 WL 4812956 (C.D. Cal. July 2, 2021) .................................................................. 21

*Wood v. Cap. One Servs. LLC,*
718 F.Supp.2d 286 (N.D.N.Y. 2010) ............................................................................ 24

*Wu v. Sunrider Corp.*
793 F.App'x 507 (9th Cir. 2019)..................................................................................... 3

*In re Xarelto (Rivaroxaban) Prod. Liab. Litig.*
2021 WL 2853069 (E.D. La. July 8, 2021)..................................................................... 25

*Yale v. Clicktale, Inc.*
2021 WL 1428400 (N.D. Cal. Apr. 15, 2021) ................................................................ 18

**STATUTES**

815 ILCS 505/10a(e) ... 4

California Business & Professions Code § 17208 ... 4

California Civil Code
§ 56.05(i) ... 7, 14
§ 56.05(l) ... 7
§ 56.05(o) ... 7
§ 56.10(a) ... 10
§ 56.35 ... 4
§ 56.36 ... 15
§ 56.36(b) ... 4, 16
§ 56.36(c) ... 4
§ 56.36(c)(5) ... 10
§ 56.36(f)(1) ... 16

California Code of Civil Procedure § 340(a) ... 4

California Penal Code
§ 630 ... 7
§ 631 ... 7, 16, 17, 18, 19
§ 631(a) ... 7, 16, 17, 18, 19
§ 632 ... 19, 20
§ 632(a) ... 19
§ 632(c) ... 19
§ 637.2(a) ... 3
§ 637.2(c) ... 3

**OTHER AUTHORITIES**

CACI 3610 ... 14

Restatement Second of Torts § 652B ... 12

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE THAT, on September 14, 2023, at 2:00 PM, in Courtroom 10, 19th Floor, of the U.S. District Court for the Northern District of California, located at 450 Golden Gate Ave., San Francisco, California 94102, Defendant Criteo Corp. ("**Criteo**") will appear before the Honorable Araceli Martinez-Olguin and move to dismiss the amended Consolidated Class Action Complaint ("**Complaint**" or "**Compl.**") and all causes of action therein alleged against Criteo pursuant to F.R.C.P. 12(b)(1) for lack of subject matter jurisdiction and F.R.C.P. 12(b)(6) for failure to state a claim. This motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the pleadings and other papers on file in this action, and such other matters as may properly come before the Court.

ISSUES PRESENTED: Whether Plaintiffs' claims against Criteo should be dismissed for lack of subject-matter jurisdiction under F.R.C.P. 12(b)(1) and for failure to state a claim upon which relief can be granted under F.R.C.P. 12(b)(6), and whether dismissal should be with prejudice because amendment would be futile.

## MEMORANDUM OF POINTS AND AUTHORITIES[1]

### I. INTRODUCTION

Plaintiffs' suit against Criteo is nothing more than an unsubstantiated afterthought in this case. Despite being over 62 pages long and spanning almost 400 paragraphs, the Complaint contains no specific allegations relating to Criteo that could support any claim against it. In the ten odd paragraphs discussing Criteo, (Compl. ¶¶ 86-90, 157-62,) the Complaint makes only vague and factually-unsupported allegations about Criteo's business generally. The Complaint contains no facts to plausibly indicate that Criteo even received data from GoodRx—no facts to indicate that the unspecified Criteo technology worked and was configured in such a way to send any data, or any particular data, to Criteo, or that any data sent to Criteo (if any was sent) was actually sensitive, or that it could be linked to Plaintiffs individually. *See* Section V.B. Furthermore, the Complaint does not accuse Criteo of having ***done*** anything, and instead alleges GoodRx took all of the relevant actions. At most, the Complaint make a conclusory allegation that Criteo failed to prevent GoodRx

[1] All emphasis is added, and all statutes are California statutes, unless otherwise noted.

from using unspecified Criteo technology on GoodRx's website. But this allegation cannot sustain any cause of action, since Criteo had no duty to control GoodRx. Thus, the Complaint lacks any allegations that Criteo caused Plaintiffs any damages, or any cognizable privacy injury. Instead, the Complaint repeatedly engages in impermissible group pleading, lumping Criteo in with other defendants in conclusory allegations that contain no facts about Criteo. As a result, Plaintiffs fail to demonstrate they have standing to maintain this action against Criteo, and fail to adequately plead any cause of action. Additionally, the vast majority of Plaintiffs' claims are entirely time-barred and the "**Non-California Plaintiffs**" Jane Doe, Jane Doe II, John Doe and E.C. cannot assert California law claims. All claims against Criteo should be dismissed on numerous grounds.

## II. PLAINTIFFS LACK ARTICLE III STANDING AS TO CRITEO

Plaintiffs bear the burden of establishing Article III standing by pleading facts showing that they "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 337, 338 (2016).[2] All of these elements must be shown "for each claim" and "for each form of relief sought." *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 352 (2006). Further, "named plaintiffs in a class action suit must plead facts showing standing ***as to each defendant***, including alleging that they were injured ***by each such defendant***." *Perez v. Wells Fargo & Co.*, 2015 WL 1887354, *5 (N.D. Cal. Apr. 24, 2015); *Easter v. Am. W. Fin.*, 381 F.3d 948, 961-63 (9th Cir. 2004); *see also Mahon v. Ticor Title Ins. Co*., 683 F.3d 59, 61-66 (2d Cir. 2012).

*As to Criteo*, Plaintiffs do not allege sufficient facts to plead any of the required elements. It is not sufficient for Plaintiffs to vaguely allege invasion of their privacy interests. "No community could function if every intrusion into the realm of private action, no matter how slight or trivial, gave rise to a cause of action for invasion of privacy." *Hill v. Nat'l Collegiate Athletic Ass'n*, 7 Cal.4th 1, 37 (1994). Thus, the details of the alleged privacy invasion *by each defendant* are critical to whether there is a cognizable injury sufficient for Article III standing as to each defendant. Indeed, to allege standing, Plaintiffs must allege facts and details to demonstrate a privacy harm that is "concrete and

[2] "[A]t the pleading stage, the plaintiff ***must 'clearly . . . allege facts demonstrating' each element.***" *Spokeo*, 578 U.S. at 338 (citation omitted). The failure to plead standing warrants dismissal under Rule 12(b)(1). *Cetacean Comty. v. Bush*, 386 F.3d 1169, 1174 (9th Cir. 2004).

particularized" and more than technical or trivial. *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2203 (2021). Here, Plaintiffs allege ***no facts*** sufficient to demonstrate ***that Criteo*** actually received any information at all, let alone any specific sensitive information under circumstances that could constitute concrete and particularized injury traceable to Criteo. *See I.C. v. Zynga, Inc.*, 600 F.Supp.3d 1034, 1050 (N.D. Cal. 2022) ("courts must examine the nature of the specific information at issue to determine whether privacy interests were implicated at all;" holding plaintiffs lacked standing because the specific information at issue was not sensitive); *Lopez v. Apple, Inc.*, 519 F.Supp.3d 672, 682 (N.D. Cal. 2021) (dismissing for lack of standing where plaintiffs failed to allege "their *particular* use of those devices in contexts where they had a reasonable expectation of privacy" (emphasis original)); *see also* Section V.B. Additionally, as explained herein, in each and every allegation that discusses Criteo, it is in fact GoodRx that is alleged to have acted. *See, e.g.*, Section V.B. For this reason as well, Plaintiffs have not alleged any harm traceable to *conduct* by Criteo. *See Ji v. Naver Corp.*, 2022 WL 4624898, *10 (N.D. Cal. Sept. 30, 2022) (finding allegations related to passive conduct insufficient to allege the traceability requirement). Thus, all Plaintiffs lack standing.

Plaintiffs Jane Doe and Jose Marquez additionally do not allege sufficient facts to establish that they were injured at all—let alone by Criteo—because the Complaint alleges that GoodRx improperly shared data with third parties between August 2017 and ***February 2020***. Compl. ¶ 64. But Plaintiff Jane Doe alleges that she used GoodRx only in August 2022, (*id*. ¶ 23,) and Jose Marquez alleges that he used GoodRx only between June and August 2021. *Id*. ¶ 47. These plaintiffs do not plausibly allege using GoodRx at any time when they might have been injured. They fail to allege facts necessary to satisfy Article III for this additional reason.

## III. THE STATUTE OF LIMITATIONS BARS CLAIMS 1, 2, 3, 7, 8, 9, 10 AND 13 *ENTIRELY*, AND CLAIMS 12 AND 14 IN PART

Plaintiffs' common law invasion of privacy and unjust enrichment claims (Claims 1-3) are subject to a two-year statute of limitations;[3] and their California Confidentiality of Medical Information Act ("CMIA") claims (Claims 7, 8) and California Invasion of Privacy Act ("CIPA") claims (Claims 9, 10) are subject to one-year statutes of limitations. In particular, CIPA provides for

[3] *Cain v. State Farm Mut. Auto. Ins. Co.*, 62 Cal.App.3d 310, 313 (1976) (common law intrusion upon seclusion claims are subject to a two-year statute of limitations); *Wu v. Sunrider Corp.*, 793 F.App'x 507, 510 (9th Cir. 2019) (two-year statute of limitations for unjust enrichment).

statutory damages that are not dependent on injury. *See* Pen. Code § 637.2(a), (c). Therefore, a CIPA claim is an "[an] action upon a statute for a penalty" and subject to the 1-year statute of limitations provided by Civ. Proc. Code § 340(a) (formerly § 340(1)). *Montalti v. Catanzariti*, 191 Cal.App.3d 96, 98 (1987). CMIA also provides for damages not based upon actual injury. Civ. Code § 56.35 (punitive damages), § 56.36(b) (statutory damages of $1,000 without actual damages), § 56.36(c) (civil penalties). Plaintiffs seek such damages. Compl. ¶¶ 279, 286, 292, 298, 307. Therefore, the CMIA claims are subject to the one-year limitations provided in Civ. Proc. Code § 340(a). *G.H.I.I. v. MTS, Inc.*, 147 Cal.App.3d 256, 277 (1983) ("[S]tatutes which provide for recovery of damages additional to actual losses incurred… are considered penal in nature, and thus governed by the one-year period of limitations stated in [Civ. Proc. Code § 340(a)]."); *Ashland Oil Co. v. Union Oil Co.*, 567 F.2d 984, 991 (9th Cir 1977) ("actions for damages beyond or without reference to actual loss [are] actions for a 'penalty or forfeiture'" under the one-year limit of Civ. Proc. Code § 340(a).)

Plaintiffs allege that GoodRx improperly shared data with third parties between August 2017 and ***February 2020***. Compl. ¶ 64. They do not allege any disclosures after February 2020, or any conduct at all after 2020. Therefore, Plaintiffs were required to file their CMIA and CIPA claims by February 2021 and their invasion of privacy and unjust enrichment claims by February 2022. But they did not file any action until February 2, ***2023***. *See* No. 23cv00501 (N.D. Cal.). Thus, it "is apparent on the face of the complaint" these four claims are time-barred and must be dismissed entirely. *Hakimi v. Societe Air France, S.A.*, 2018 WL 4826487, *3 (N.D. Cal. Oct. 4, 2018).

Furthermore, Plaintiffs' New York and Illinois consumer protection law claims (Claims 13, 14) are subject to three year statutes of limitations.[4] The New York GBL claim (Claim 13) must be dismissed entirely because plaintiff E.C., the only plaintiff bringing that claim, alleged he used the GoodRx site *in 2018*—entirely outside the three-year limitations period. Compl. ¶ 41. The Illinois claim must be dismissed to the extent is based on conduct prior to February 2, 2020 since such conduct would be prior to the three-year limitations period. Finally, Plaintiffs' California UCL claim (Claim 12) is subject to a four-year statute of limitations. *See* Bus. & Prof. Code § 17208. Therefore, this

[4] *Corsello v. Verizon New York, Inc.*, 18 N.Y.3d 777, 789 (2012) (three-year statute of limitations for NY GBL claims); 815 ILCS 505/10a(e) (three-year statute of limitations for Illinois Consumer Fraud Act ("ICFA") claims).

claim must be dismissed to the extent it is based on conduct prior to February 2, 2019.

Further, Plaintiffs' allegations in Compl. ¶¶ 201-11 that the statute of limitations were tolled are unavailing. *First*, Plaintiffs must plead purported "fraudulent concealment," (Compl. ¶ 207,) *with specificity under Rule 9* against *each Defendant*, including "that: (1) the defendant took affirmative acts to mislead the plaintiff; (2) the plaintiff did not have actual or constructive knowledge of the facts giving rise to its claim; and (3) the plaintiff acted diligently in trying to uncover the facts giving rise to its claim." *Garrison v. Oracle Corp.*, 159 F.Supp.3d 1044, 1073 (N.D. Cal. 2016). Plaintiffs make no effort to plead ***any*** of these elements ***as to Criteo***. Compl. ¶¶ 201-11; *Barker v. Am. Mobil Power Corp.*, 64 F.3d 1397, 1402 (9th Cir. 1995) (plaintiffs "may not generally use the [alleged] fraudulent concealment by one defendant as a means to toll the statute of limitations against other defendants"). There is no "affirmative" effort by Criteo to mislead. *Lauter v. Anoufrieva*, 642 F.Supp.2d 1060, 1100 (C.D. Cal. 2009).

*Second*, although Plaintiffs recite the "delayed-discovery rule," (Compl. ¶ 201-11,) they do not plead the necessary "***specific[ ] facts*** to show . . . the inability to have made earlier discovery despite reasonable diligence." *Fox v. Ethicon Endo-Surgery, Inc.*, 35 Cal.4th 797, 808 (2005); *Plumlee v. Pfizer, Inc.*, 2014 WL 695024, at *8 (N.D. Cal. Feb. 21, 2014) ("[B]urden is on the plaintiff to show diligence, and conclusory allegations will not withstand a motion to dismiss."). Nor could they. Plaintiffs repeatedly allege that they relied on statements in the GoodRx privacy policies dating from October 2017. *E.g.*, Compl. ¶¶ 12-14. However, the GoodRx privacy policies at those times explicitly disclosed the types of data sharing about which Plaintiffs now apparently complain. *See* Section V.C. Thus, Plaintiffs were *at least on inquiry notice* of those practices as early as October 2017. "[P]laintiffs cannot avoid the statute of limitations by possessing, but failing to read, the documents that would put them on inquiry notice." *DeBruyne v. Equitable Life Assur. Soc'y of U.S.*, 920 F.2d 457, 466 n.18 (7th Cir. 1990); *Eisenberg v. Citibank, NA*, 787 F.App'x 929, 930-31 (9th Cir. 2019) ("Eisenberg had all the necessary information related to her claims when she signed the loan paperwork at the end of July 2006. Even if the court credits her assertion that she did not read or understand the documents, the documents put her on constructive notice.").

*Third*, Plaintiffs allege that "Defendants" had a duty to disclose their data privacy practices

and summarily state that "Defendants are therefore estopped from relying on any statute of limitations." Compl. ¶ 206. But equitable estoppel only applies where a "defendant has affirmatively sought to mislead the charging party," and actually and reasonably induced the plaintiffs into waiting to sue. *Diaz v. Safeway Inc.*, 2007 WL 2793367, *5 (N.D. Cal. Sept. 26, 2007); *Eisenberg v. Citibank N.A.*, 2017 WL 532936, *6 (C.D. Cal. Feb. 8, 2017), *aff'd*, 787 F.App'x 929 (9th Cir. 2019). There are no such specific allegations against Criteo.

Accordingly, no tolling applies as to Criteo. Plaintiffs' invasion of privacy, unjust enrichment, CMIA, CIPA and New York GBL claims must be dismissed entirely, and the remaining two claims dismissed in part based on the applicable statutes of limitations.

## IV. NON-RESIDENTS CANNOT ASSERT CALIFORNIA LAW CLAIMS

The Due Process Clause "prohibits application of a state law unless that state has a 'significant contact or significant aggregation of contacts' with 'the parties and the occurrence or transaction' giving rise to the litigation." *Allstate Ins. Co. v. Hague*, 449 U.S. 302, 308 (1981). Furthermore, "California law embodies a presumption against the extraterritorial application of its statutes." *Churchill Vill., L.L.C. v. Gen. Elec. Co.*, 169 F.Supp.2d 1119, 1126 (N.D. Cal. 2000), *aff'd* 361 F.3d 566 (9th Cir. 2004); *Sullivan v. Oracle Corp.*, 51 Cal.4th 1191, 1207 (2011) (same). Courts regularly dismiss California law claims brought by non-California plaintiffs against non-California defendants where there is no indication the conduct occurred in California. *See Lewand v. Mazda Motor of Am., Inc.*, 2017 WL 7080291, *3 (C.D. Cal. Aug. 8, 2017) (dismissing California UCL and CLRA claims alleged by non-California residents against non-California defendants where none of the alleged conduct occurred in California); *see also Koehler v. Litehouse, Inc.*, 2012 WL 6217635, *7 (N.D. Cal. Dec. 13, 2012) (same; and explaining any other result would "violate the presumption against the extraterritorial application of California laws and raise significant due process issues"). Here, Non-California Plaintiffs are residents of Florida, New Jersey, Illinois or New York. Compl. ¶¶ 22, 28, 35, 40. Criteo is a Delaware company *with its principal place of business in New York*. Compl. ¶ 86. Furthermore, Plaintiffs make no allegations that Criteo has any connection to California, committed any tortious conduct in California, or that they were injured in California. Indeed, Non-California Plaintiffs' arguments for invoking California law—*see* Compl. ¶ 228—*cannot apply* to

Criteo since Criteo is not based in California. Thus, Non-California Plaintiffs have no basis to allege California law claims against Criteo, and permitting these claims would violate due process. Non-California Plaintiffs' California law claims additionally fail for the following reasons.

***CMIA***. Non-California Plaintiffs do not meet the statutory definitions necessary to trigger CMIA. CMIA only covers "medical information" which is limited to information "regarding ***a patient's*** medical history…" Civ. Code § 56.05(i). "Patient" means "a natural person … who received health care services ***from a provider of health care*** and to whom medical information pertains." *Id.* § 56.05(l). "Provider of health care" means certain ***California licensed*** health care providers. *Id.* § 56.05(o). Thus, CMIA *only covers* information regarding people who receive health care services *from California-licensed* providers. Non-California Plaintiffs cannot assert CMIA since they would not meet this requirement.

***CIPA***. Similarly, Non-California Plaintiffs cannot assert CIPA claims. CIPA's intent is "to protect the right of privacy of ***the people of this state***." Penal Code § 630 (emphasis added). Further, Non-California Plaintiffs were not injured in California, and cannot allege that Criteo engaged in any relevant conduct in California. Thus, their CIPA Section 631 and 632 claims fail. Finally, CIPA Section 631, prong [2] is limited to communications intercepted while in transit, or being sent or received *in California*. *See* Penal Code § 631(a). Criteo (based in New York) did not make any interceptions in California with respect to Non-California Plaintiffs, who also were not in California. Non-California Plaintiffs cannot assert Section 631 for this reason as well. *Hammerling v. Google LLC*, 2022 WL 17365255, *11 (N.D. Cal. Dec. 1, 2022).

***California UCL***. Non-California residents are generally foreclosed from bringing claims under California's consumer protection laws, such as the UCL, "where none of the alleged misconduct or injuries occurred in California." *Churchill Vill., L.L.C.*, 169 F.Supp.2d at 1126 (citation omitted); *see also Tidenberg v. Bidz.com, Inc.*, 2009 WL 605249, *4 (C.D. Cal. Mar. 4, 2009) ("The critical issues here are whether the injury occurred in California and whether the conduct of the Defendants occurred in California."); *Wilson v. Frito-Lay N. Am.*, 961 F.Supp.2d 1134, 1148 (N.D. Cal. 2013) (Courts consider "where the defendant is located, where the [plaintiff] is located, and where decisions about the behavior in questions were made.") As explained above, none of these

factors are met as to Criteo. Thus, California's UCL may not be asserted by Non-California Plaintiffs against Criteo. *Regueiro v. FCA US, LLC*, 2023 WL 3564761, *11 (C.D. Cal. May 4, 2023); *Hayden v. Retail Equation, Inc.*, 2022 WL 18397355, *2-4 (C.D. Cal. Nov. 28, 2022).

## V. PLAINTIFFS FAIL TO ADEQUATELY ALLEGE ANY CLAIM AGAINST CRITEO

### A. Legal Standard

Under Rule 12(b)(6), a motion to dismiss should be granted when the complaint fails "to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up). "'Nor must the Court 'assume the truth of legal conclusions merely because they are cast in the form of factual allegations.' Mere 'conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss.'" *Ahmed v. Cty. of Santa Clara*, 2021 WL 105620, *3 (N.D. Cal. Jan. 12, 2021) (citations omitted). Thus, the court begins "by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth" and a complaint will not survive if its factual allegations "do not permit the court to infer more than the mere possibility of misconduct." *Iqbal*, 556 U.S. at 679.

Moreover, Plaintiffs cannot lump Criteo together with the other Defendants in order to use allegations against others to try and state a claim against Criteo. "'[A] complaint which lump[s] together . . . multiple defendants in one broad allegation fails to satisfy [the] notice requirement of Rule 8(a)(2).'" *Negrete v. L.A. Cty.*, 2022 WL 4390462, *18 (C.D. Cal. Aug. 24, 2022) (citation omitted). "[A] plaintiff 'must identify what action each Defendant took that caused Plaintiffs' harm, without resort to generalized allegations against Defendants as a whole.'" *Adobe Sys. v. Blue Source Grp. Inc.*, 125 F.Supp.3d 945, 964-65 (N.D. Cal. 2015) (citation omitted); *Sumotext Corp. v. Zoove, Inc.*, 2017 WL 2774382, *8 (N.D. Cal. June 26, 2017) (dismissing because plaintiff "improperly lumps multiple defendants together and fails to allege a factual basis for each defendant's liability.")

Plaintiffs have to allege ***facts specific to Criteo*** to support each element of each claim against Criteo—which Plaintiffs entirely fail to do.

**B. <u>There Are Not Sufficient Facts to State Any Claim Against Criteo</u>**

Plaintiffs allege a total of eleven paragraphs concerning Criteo's alleged conduct. Compl. ¶¶ 86-90, 157-62. These paragraphs fail to state any wrongdoing by Criteo. In sum total, Plaintiffs allege that *GoodRx used* unidentified Criteo technology purportedly "***such as*** an SDK or pixel" on its platform and purportedly disclosed unspecified information to Criteo. Compl. ¶ 160. But Plaintiffs do not say anything about this unidentified technology, and plead no facts whatsoever as to what that technology was or how it functioned, or facts that could support a conclusion that it purportedly worked or was configured in such a way on the GoodRx website as to send information to Criteo. Plaintiffs allege no facts to support any conclusion that Criteo received information that could be linked to Plaintiffs' identifying information, or what such identifying information might have been. Further, although Plaintiffs repeatedly refer to "PII, health information, and other sensitive data" these references are entirely conclusory. Plaintiffs allege *no facts* to plausibly allege *that Criteo* received any specific information, and no facts that Criteo received any private or sensitive information.

Plaintiffs also do not allege that Criteo did anything with any GoodRx data. For example, they allege no facts to indicate Criteo used data from GoodRx for advertising, or for its own purposes. Furthermore, the Complaint repeatedly refers to Criteo "intercepting" unspecified information. But the Complaint makes clear that the alleged "interception" was solely that ***GoodRx*** allegedly installed unspecified Criteo technology on the GoodRx platform and so allegedly *sent* unspecified data to Criteo. Compl. ¶ 160. Indeed, the Complaint's allegations focus on GoodRx's purported actions—GoodRx installed and used unidentified Criteo technology on GoodRx's platform and collected unspecified data (*id*. ¶¶ 61, 160-61); GoodRx was allegedly responsible for providing Plaintiffs with privacy notices (that Plaintiffs selectively quote, while ignoring the clear disclosures in those policies) (*id*. ¶¶ 104-07); and GoodRx allegedly used GoodRx user information to provide users advertising (using services other than Criteo) (*id*. ¶¶ 64, 180-91). But the allegations don't state any facts about any actions by Criteo.

In fact, Plaintiffs do not allege Criteo ***did anything*** other than purportedly fail to prevent GoodRx from using its technology. Compl. ¶ 89. *But Criteo did not have a duty to stop GoodRx from engaging in any alleged conduct*. "As a general rule, one owes no duty to control the conduct of

another …" *Austin B. v. Escondido Union Sch. Dist.*, 149 Cal.App.4th 860, 879 (2007). Thus, there is no claim against Criteo.

Finally, all of Plaintiffs claims allege that GoodRx's disclosures were without their knowledge and/or consent. *See generally* Compl. ¶¶ 230-396. Plaintiffs do not plausibly allege that Criteo knew that any disclosures were without Plaintiffs' knowledge or consent.

For all of these reasons, the factual allegations against Criteo are so threadbare and conclusory that they entirely fail to meet the *Iqbal/Twombly* pleading standard and do not state any claim against Criteo under any theory. The claims against Criteo also fail for the following additional reasons.

## C. Plaintiffs Consented to Any Alleged Disclosures—Barring All Their Claims

Consent is an express or implied element of each of Plaintiffs' claims. Thus, they must adequately plead lack of consent, and consent may be determined on a motion to dismiss. "The plaintiff in an invasion of privacy case … must not have manifested by his or her conduct a voluntary consent to the invasive actions of the defendant." *Hill v. NCAA*, 7 Cal.4th 1, 26 (1994); *see also Gulec v. Boeing Co.*, 698 F.App'x 372, 373 (9th Cir. 2017) (district court properly dismissed invasion of privacy claim "because [plaintiff] failed to allege facts sufficient to show that he had a reasonable expectation of privacy in light of his consent to the phone interviews."); *Baugh v. CBS, Inc.,* 828 F.Supp. 745, 757 (N.D. Cal. 1993) ("[P]laintiff gave her consent and she therefore has no remedy under [an intrusion-on-seclusion] theory."); *Garcia v. Enter. Holdings, Inc.*, 78 F.Supp.3d 1125, 1136 (N.D. Cal. 2015) (lack of consent is an element of CIPA claims that must be adequately alleged and can be determined on a motion to dismiss); *Silver v. Stripe Inc.*, 2021 WL 3191752, *2-3 (N.D. Cal. July 28, 2021) (same; dismissing claims on the basis of consent).[5] Additionally, when evaluating consent on a motion to dismiss, "the Court need not accept as true any allegations contradicted by 'matters properly subject to judicial notice or by exhibit' or 'that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences.'" *Garcia,* 78 F.Supp.3d at 1136.[6]

---

[5] CMIA claims require lack of consent. Civ. Code § 56.10(a), § 56.36(c)(5); Compl. ¶¶ 275, 288, 301. Plaintiffs' UCL and unjust enrichment claims are premised on lack of consent, so consent bars these claims as well. Compl. ¶¶ 264, 347, 350.

[6] For example, in *Garcia* the court held that plaintiff failed to adequately allege lack of consent when the operative privacy policy "expressly states that 'we may share your personal information with our agents, representatives, contractors and service provider.'" *Id*.

Plaintiffs rely on and incorporate GoodRx's privacy policies into the Complaint. Compl. ¶¶ 12, 104–07, 170, 216, 335, 351.[7] In the Complaint, Plaintiffs quote selectively and misleadingly from these privacy policies. However, at all times GoodRx ***consistently, explicitly stated*** that it allowed third-parties to track users' use of GoodRx, and that it shared users' website information and activity for advertising and marketing purposes.[8] Thus, Plaintiffs consented to information about their visits to GoodRx, and their activity on the GoodRx website, being disclosed and used in all the ways they possibly purport to complain of in the Complaint.[9] The only possible exception was for medical information linked to their name, address email address or telephone number. Plaintiffs state no facts that Criteo received any medical information linked to these identifiers, or that Criteo received any medical information at all. Plaintiffs state no facts plausibly alleging that any data disclosure to Criteo exceeded the scope of their consent. Therefore, Plaintiffs consented to any potential disclosures at issue, and moreover, fail to adequately plead lack of consent. All claims fail on this basis.

### D. Plaintiffs' Intrusion Upon Seclusion Claims (Claims 1, 2) Fail

To state an intrusion upon seclusion claim, a plaintiff must plead that (1) a defendant "*intentionally* intrude[d] into a place, conversation, or matter as to which the *plaintiff has a reasonable expectation of privacy*[,]" and (2) the intrusion "occur[red] in a manner *highly offensive* to a reasonable person." *Hernandez v. Hillsides, Inc.*, 47 Cal.4th 272, 286 (2009).

First, Plaintiffs fail to adequately allege that ***Criteo*** received any data, much less specific kinds of data—and so cannot show they had a reasonable expectation of privacy in any such data, or that Criteo intruded in any manner that was highly offensive. *See, e.g.*, *Scott-Codiga v. Cty. of Monterey*, 2011 WL 4434812, *7 (N.D. Cal. Sep. 23, 2011) (dismissing because plaintiffs failed to allege facts concerning the particular communications at issue). Plaintiffs' conclusory allegation that Criteo received "PII, health information, and other sensitive data" and "coupon" information is not sufficient

[7] *See also* GoodRx Request for Judicial Notice, Dkt. 113-3, pp. 2-3; Dkt. 113-3, Exs. 1-5.

[8] For example, in the 2017 privacy policy GoodRx explained "***We may place cookies, tags, pixels, SDKs and other tracking technology on your computer or other devices***, or otherwise collect ***and provide your personal information to assist Google, Facebook, other third parties***, or GoodRx ***to feed advertisements*** … ***based on your past visits to GoodRx*** … and ***we may also allow other third parties, including Google, to do so as well***." Dkt. 113-3 and 113-2 (Ex. 1), p. 8. Later privacy policies contain substantially similar disclosures. Dkt. 113-2 (Ex. 2), p. 17; Dkt. 113-2 (Ex. 3), p. 28; Dkt. 113-2 (Ex. 4), p. 39; Dkt. 113-2 (Ex. 5), p. 50-51.

[9] And to be clear, Plaintiffs do not adequately allege that Criteo received any data.

*because there are no facts at all that make this allegation plausible* as to Criteo. Devoid of any specific facts regarding Criteo's technology, how it functioned and how it was configured to send specific data to Criteo, Plaintiffs' allegations are mere conclusions that are disregarded. *Iqbal*, 556 U.S. at 678 ("'naked assertion[s]' devoid of 'further factual enhancement'" are insufficient).

In any event, Plaintiffs' failure to state specific facts concerning Criteo is particularly problematic because there is a high bar for alleging a reasonable expectation of privacy, and that any purported intrusion is highly offensive, with respect to data about internet activities (the only type of information even potentially at issue). Thus, even if Plaintiffs plausibly alleged Criteo received information about their interactions with the GoodRx website—and they do not plausibly allege this—such allegations would be insufficient to state an invasion of privacy claim. *See, e.g.*, *Low v. LinkedIn Corp.*, 900 F.Supp.2d 1010, 1025 (N.D. Cal. 2012) (no privacy claim where LinkedIn allegedly disclosed internet browsing history); *Hammerling*, 2022 17365255, *8-9; *I.C.*, 600 F.Supp.3d at 1049-50.

Second, Plaintiffs fail to allege that Criteo had the requisite intent. California applies section 652B of the Restatement Second of Torts which requires an intentional intrusion. *Taus v. Loftus*, 40 Cal.4th 683, 724 (2007). In particular, *"[t]he unintended or mistaken foray into the territory of another does not give rise to liability." Miller v. Nat'l Broad. Co.*, 187 Cal.App.3d 1463, 1483 (1986). Thus, a defendant must believe or be substantially certain that the act will intrude into a private area. *Id.*[10] However, Plaintiffs do not allege that Criteo ***did*** anything, let alone that Criteo *intentionally intruded* into an area it *believed was private*. Instead, Plaintiffs allege that ***GoodRx*** installed Criteo technology on the GoodRx website and purportedly sent unspecified information to Criteo. *See, e.g.*, Compl. ¶¶ 160-61. Plaintiffs also do not state any facts to allege that Criteo committed any act of intrusion, or knew or even suspected any information was confidential or disclosed without consent. *See, e.g.*, *Caraccioli v. Facebook, Inc.*, 167 F.Supp.3d 1056, 1063 (N.D. Cal. 2016) (where plaintiffs consented, intrusion claim failed because there was no "*intent* on the part of the tortfeasor.")

---

[10] Courts following the Restatement similarly hold that conduct must be intentional—meaning that the defendant believes, or is substantially certain, that he lacks the necessary legal or personal permission. *See, e.g., O'Donnell v. United States*, 891 F.2d 1079, 1083 (3d Cir. 1989); *Mauri v. Smith*, 324 Or. 476, 484 (1996); *Parnoff v. Aquarion Water Co*., 188 Conn.App. 153, 174 (2019).

In fact Plaintiffs did consent, or at minimum did not have had any reasonable expectation of privacy and did not experience a highly offensive intrusion, given GoodRx's explicit disclosures in its privacy policies. Section V.C. Thus, Plaintiffs fail to allege any claim for intrusion upon seclusion.

### E. Plaintiffs' Unjust Enrichment Claim (Claim 3) Fails

Plaintiffs' Third Claim advances a claim for unjust enrichment, alleging that "Defendants received benefits from Plaintiffs and Class members in the form of the Plaintiffs' highly valuable data… without authorization and proper compensation." Compl. ¶ 264.

At the threshold, the Court should dismiss Plaintiffs' unjust enrichment claim and the UCL claim (discussed further below) because Plaintiffs have not established that they lack an adequate remedy at law. *See Sonner v. Premier Nutrition Corp*., 971 F.3d 834, 844-45 (9th Cir. 2020); *see also Gardiner v. Walmart, Inc.*, 2021 WL 4992539, *7 (N.D. Cal. July 28, 2021) ("Because Plaintiff fails to allege that he lacks an adequate remedy at law, his claims for equitable relief are dismissed."); *Sharma v. Volkswagen AG*, 524 F.Supp.3d 891, 909 (N.D. Cal. 2021); *Medoff v. Minka Lighting, LLC*, 2023 4291973, *12-13 (C.D. Cal. May 8, 2023).

Furthermore, to the extent "unjust enrichment" can ever be plead as a separate claim (which is doubtful[11]), it can only survive by being construed as a quasi-contract claim. *ESG Capital Partners, LP v. Stratos*, 828 F.3d 1023, 1038 (9th Cir. 2016). For such a claim, Plaintiffs must allege ***mistake, fraud, coercion, or request*** and that Plaintiffs conferred a benefit on Criteo that would be unjust for it to retain. *Astiana v. Hain Celestial Grp., Inc.*, 783 F.3d 753, 762 (9th Cir. 2015). Where unjust enrichment is based on fraud, it must be pled with particularity under Rule 9(b). *Goodwin v. Countrywide Home Loans, Inc.*, 578 F.App'x 688, 689 (9th Cir. 2014).

Thus, even if unjust enrichment is an independent cause of action, Plaintiffs have not plausibly pleaded an actionable wrong with respect to Criteo. As a threshold matter, Plaintiffs "improperly lump[] multiple defendants together and fail[] to allege a factual basis for [Criteo's] liability." *Sumotext Corp. v. Zoove, Inc.*, 2017 WL 2774382, *8 (N.D. Cal. June 26, 2017) (citations omitted). Furthermore, Plaintiffs do not "plead with particularity ***that [Criteo]*** committed an actionable

[11] *See, e.g., McCoy v. Alphabet, Inc.*, 2021 WL 405816, *12 (N.D. Cal. Feb. 2, 2021) ("Courts have determined that unjust enrichment is not a cause of action.")

misrepresentation or omission" that would satisfy the requirement to establish mistake, fraud, coercion, or request with respect to Criteo. *Hammerling v. Google LLC*, 615 F.Supp.3d 1069, 1096-97 (N.D. Cal. 2022) (dismissing unjust enrichment claim). Indeed, as to Criteo, Plaintiffs do not allege any facts at all that could establish mistake, fraud, coercion, or request. Thus, Plaintiffs' unjust enrichment claim against Criteo fails. *See Id.* (citing cases).

**F. Plaintiffs Fail to State a Claim for Aiding and Abetting Violation of CMIA (Claim 7)**

First, Plaintiffs do not adequately allege any CMIA violation by GoodRx so Plaintiffs' aiding and abetting claim equally fails. As GoodRx demonstrates in its motion, it is not a covered entity under CMIA, and the purported information at issue is not covered information. Moreover, to allege aiding and abetting by Criteo, Plaintiffs must allege that GoodRx made ***CMIA-violative disclosures to Criteo***. GoodRx must have disclosed to Criteo "medical information" meaning "individually identifiable information … ***in possession of or derived from*** a provider of health care, health care service plan, pharmaceutical company, or contractor ***regarding*** a patient's medical history, mental health application information, mental or physical condition, or treatment."[12] Civ. Code § 56.05(i). But no facts indicate Criteo received any information "in possession of or derived from" one of the listed entities, or that it received substantive medical information. *See* GoodRx Motion to Dismiss; *Erhart v. Bofi Holding, Inc.*, 269 F.Supp.3d 1059, 1078 (S.D. Cal. 2017); *Eisenhower Med. Ctr. v. Super. Ct.,* 226 Cal.App.4th 430, 432-37 (2014) (CMIA covers only "substantive information regarding that person's medical condition, history, or treatment"). Thus, GoodRx did not disclose CMIA-covered information to Criteo, and Criteo did not aid and abet any violation by GoodRx.

Further, even if California recognized a tort for aiding and abetting a violation of CMIA—and there is no such tort because the statute does not provide for abettor liability[13]—Plaintiffs do not adequately allege the elements of "aiding and abetting" as to Criteo. To do so, Plaintiffs must plead facts to plausibly allege Criteo knew that GoodRx was breaching its CMIA duties, gave "substantial assistance or encouragement" for GoodRx to breach, and Criteo's conduct was a "substantial factor" in causing harm. 2 CACI 3610 (elements and authority); *Schulz v. Neovi Data Corp.*, 152 Cal.App.4th

[12] "'Individually identifiable' means that the medical information includes or contains any element of personal identifying information sufficient to allow identification of the individual." *Id.*

[13] *See Gamache v. Airbnb, Inc.*, 2017 WL 3431651, *5 (Cal. Ct. App. Aug. 10, 2017).

86, 93 (2007) (defendant must know the other's conduct constitutes a breach of duty); *IIG Wireless, Inc. v. Yi*, 22 Cal.App.5th 630, 654 (2018) (same). "[T]o satisfy the knowledge prong, the defendant must have '***actual knowledge*** of ***the specific*** primary wrong the defendant substantially assisted.'" *Henry v. Lehman Commer. Paper, Inc.*, 471 F.3d 977, 993 (9th Cir. 2006) (citation omitted).

Plaintiffs do not and cannot adequately allege that Criteo actually knew GoodRx was even subject to CMIA, let alone that GoodRx was violating CMIA. Plaintiffs' conclusory allegation that "Analytics Defendants acted intentionally *or alternatively*, with knowledge that GoodRx's misappropriation … was a violation of the CMIA" impermissibly lumps defendants together and is insufficient to ***plausibly*** allege that Criteo had actual knowledge of any alleged CMIA violation. *Lucero v. IRA Servs.*, 2020 WL 553941, *4, *6 (N.D. Cal. Feb. 3, 2020); *S&S Worldwide, Inc. v. Wells Fargo Bank*, 509 F.Supp.3d 1154, 1165 (N.D. Cal. 2020); *Iqbal*, 556 U.S. at 680-81 (allegation defendant "knew" plaintiff would be subjected to "harsh conditions of confinement" was "conclusory and not entitled to be assumed true.")

Critically, Plaintiffs also cannot allege that Criteo provided substantial assistance because they don't allege Criteo actually ***did*** anything. Plaintiffs merely vaguely allege that Criteo failed to prevent GoodRx from using Criteo's technology. But even if this conclusory allegation could be considered (it cannot be), it is insufficient to allege Criteo *substantially assisted* GoodRx because "[m]ere knowledge that a tort is being committed and the failure to prevent it does not constitute aiding and abetting." *Austin B.*, 149 Cal.App.4th at 879.

### G. <u>There Is No Private Right of Action for the CMIA Violation alleged in Claim 8</u>

The statutory provisions on which Claim 8 is based do *not permit a private right of action* and can only be enforced public authorities. Claim 8, refers to "Cal. Civ. Code Section 56.36**<u>(B)(3)(A)</u>** and Cal. Civ. Code Section 56.36**<u>(B)(5).</u>**" ***These provisions don't exist.*** Civ. Code § 56.36. However, the Complaint refers to the provisions of Section 56.36 relating to "knowingly or willfully obtaining medical information for financial gain," (Compl. ¶ 300,) and "knowingly and willfully obtaining, disclosing, or using the medical information without written authorization," (*id.* ¶ 301)—which correspond to Civil Code § 56.36**<u>(c)</u>**(3)(A) and § 56.36**<u>(c)</u>**(5) respectively. Plaintiffs also seek "a civil penalty up to $250,000 per violation," which is a reference to Section 56.36**<u>(c)</u>**(5).

However, Section 56.36(f)(1) specifies that the remedies of 56.36**(c)** shall be sought in the name of the people of California ***by a public authority***. *See* Civ. Code § 56.36(f)(1).[14] "'[T]he Legislature must clearly manifest an intent to create a private cause of action under [a] statute'" and "[t]he burden of persuasion is with the party claiming a statutory right to sue." *San Diegans for Open Gov't v. Pub. Facilities Fin. Auth. of City of San Diego*, 8 Cal.5th 733, 739, 742-43 (2019) (citation omitted). CMIA's language is clear that there is no private right of action for the provisions asserted in Claim 8. Therefore Claim 8 must be dismissed. Further, as explained in Section V.F, Criteo did not receive information subject to CMIA, so CMIA does not apply at all, and Claim 8 fails for this additional reason.

**H. Plaintiffs Do Not Adequately Plead their CIPA Section 631 Claim (Claim 9)**

California's Penal Code Section 631 contains four clauses imposes penalties on one who:

> **[1]** by means of any machine, instrument, or contrivance, or in any other manner, intentionally taps, , . . . any telegraph or telephone wire, line, cable, or instrument . . . , or **[2]** who **willfully** and **without the consent** of all parties to the communication, or in any unauthorized manner, reads, or attempts to read, or to learn **the contents** or meaning of any message, report, or communication **while the same is in transit** or passing over any wire, line, or cable, or **is being** sent from, or received at any place within this state; or **[3]** who uses, or attempts to use, in any manner, or for any purpose, or to communicate in any way, **any information so obtained**, or **[4]** who aids, agrees with, employs, or conspires with any person or persons to unlawfully do, or permit, or cause to be done **any of the acts or things mentioned above**.

Penal Code § 631(a) (bracketed numbers added). Prong [1] does not apply here because courts consistently interpret prong [1] "as applying only to communications over telephones and not through the internet." *Licea v. American Eagle Outfitters, Inc.*, 2023 WL 2469630, *4 (C.D. Cal. Mar. 7, 2023).[15] A violation of prong [3] requires a violation of prong [2] since it refers to "information so obtained". A violation of prong [4] likewise requires a violation of prong [2], since [4] only applies to the "acts or things mentioned above." Accordingly, any violation of Section 631 in the context of website communications requires a violation of prong [2], meaning an interception of a communication in transit, by a non-party to the communication, without consent. Plaintiffs do not

[14] This is in contrast to the remedies of Section 56.36(b), which provides that "*an individual may bring* an action" against a regulated entity that *released* records. But this provision cannot be asserted against Criteo, which is not a regulated entity and did not release records.

[15] *See also, e.g.*, *Williams v. What If Holdings, LLC,* 2022 WL 17869275, *2 (N.D. Cal. Dec. 22, 2022); *Mastel v. Miniclip SA*, 549 F.Supp.3d 1129, 1135 (E.D. Cal. 2021); *Licea v. Cinmar, LLC*, 2023 WL 2415592, *5 (C.D. Cal. Mar. 7, 2023).

adequately allege any of these elements as to Criteo.

**1. Plaintiffs Fail to Allege Intentional Interception in Transit**

Section 631 prong [2] *only* applies to interceptions of communications in transit (or *being* sent/received), and "[c]ourts in the Ninth Circuit have interpreted the in transit requirement narrowly." *Am. Eagle Outfitters*, 2023 WL 2469630, *8. But Plaintiffs fail to plead with any specificity that Criteo intercepted any communications in transit. For instance, there are no allegations regarding the nature of the Criteo technology GoodRx is alleged to have deployed on its website that allegedly allowed GoodRx to collect GoodRx users' data. *See* Compl. ¶ 158-60 (speculating it was technology "such as an SDK or pixel" but providing no additional details about how the technology allegedly functioned). Plaintiffs also speculate that any purported data disclosures could have occurred because GoodRx "*separately uploaded*" data to Criteo. *Id.* ¶ 159. Data being separately uploaded by GoodRx could not constitute a real-time interception by Criteo. *See, e.g., Conte v. Newsday, Inc.*, 703 F.Supp.2d 126, 140 (E.D.N.Y. 2010) (no interception or wiretapping where person who received emails forwarded them to other people). Thus, Plaintiffs plead no *facts* that could support a conclusion that Criteo "intercepted" any data in transit ("in real time") as required for a violation of CIPA.

Plaintiffs' conclusory allegation in Compl. ¶ 315 that "Defendants" "intercepted" their communications "in transit" is unavailing. First, Plaintiffs impermissibly lump Defendants together and make no factual allegations as to Criteo. Sections V.A, V.B. Second, this allegation is conclusory and wholly is insufficient to plead the element of interception in transit. *See Rodriguez v. Google, LLC,* 2022 WL 214552, *1-2 (N.D. Cal. Jan. 25, 2022) (conclusory statement that "communications are intercepted" and multiple use of the word "simultaneous" was insufficient to allege interception); *In re Vizio Inc. Consumer Priv. Litig*., 238 F.Supp.3d 1204, 1228 (C.D. Cal. 2017) (dismissing claim because "conclusory allegation that Vizio intercepted their electronic communications 'during transmission'" was only supported by "vague allegations"); *Martin v. Sephora USA, Inc.*, 2023 WL 2717636, *10–11 (E.D. Cal. Mar. 30, 2023) (allegations that communications were intercepted while "in transit" were merely legal conclusions; dismissing Section 631(a) claim); *Rosenow v. Facebook, Inc.*, 2020 WL 1984062, *7 (S.D. Cal. Apr. 27, 2020)

(conclusory allegations insufficient); *Hammerling*, 2022 WL 17365255, *10 (same); *Cinmar,* 2023 WL 2415592, *9-11 (vague allegations that third party automatically records and creates transcripts of chat conversations in real time were insufficient); *Am. Eagle Outfitters*, WL 2469630, *8-10 (same); *Pena v. Gamestop, Inc*., 2023 WL 3170047, *5-6 (S.D. Cal. Apr. 27, 2023) (same).

Additionally, Plaintiffs fail to adequately allege that Criteo *intentionally* (*i.e.*, willfully) intercepted anything (and in fact, allege that *GoodRx*, not Criteo, took any relevant actions). And, because Plaintiffs fail to specify what data is at issue, Plaintiffs fail to adequately allege that any data was contents of a communication rather than non-content data. *Hammerling*, 615 F Supp.3d at 1092-93 (plaintiffs failed to adequately allege that contents of communications were at issue as opposed to general webpage address and basic identification information, which is not contents).

**2. Plaintiffs Fail to Allege that Criteo Was a Third-Party**

A ***party*** to a communication cannot be liable under Section 631 because a party or intended recipient cannot have improperly intercepted or eavesdropped on the communication. *Warden v. Kahn*, 99 Cal.App.3d 805, 811 (1979) (Section 631 "appl[ies] only to eavesdropping by a third party and not to recording by a participant.")[16] GoodRx, the owner of the website/Platform at issue, is indisputably a party. *Williams*, 2022 WL 17869275, *2 ("As the website owner, What If was the intended recipient of plaintiff's communication.") Furthermore, where a website operator (like GoodRx's) uses a vendor (like Criteo) there is no eavesdropping under CIPA where the vendor is a tool, agent, or extension of the website operator. In such case, the vendor is also a party, not a third party. *See Graham v. Noom, Inc*., 533 F.Supp.3d 823, 833 (N.D. Cal. 2021) (vendor was not a third-party where it "provide[d] a tool . . . that allow[ed] [the defendant] to record and analyze its own data in aid of [its] business."); *Yale v. Clicktale, Inc*., 2021 WL 1428400, *3 (N.D. Cal. Apr. 15, 2021) (vendor that tracked website traffic was not a third-party); *Williams*, 2022 WL 17869275, *3-4 (vendor was not a third-party where no facts indicated vendor used data itself); *Byars*, 2023 WL 2026994, *10 (no facts showed vendor used the data itself and so vendor was not a third-party). In

[16] In the context of internet communications California courts consistently hold that only third-parties (not parties) can violate Section 631(a) prong [2]. *E.g.*, *Martin*, 2023 WL 2717636, *10; *Cinmar*, 2023 WL 2415592, at *7; *Am. Eagle Outfitters*, 2023 WL 2469630, at *6; *Pena*, 2023 WL 3170047, *3; *Byars v. Hot Topic, Inc.*, 2023 WL 2026994, *8 (C.D. Cal. Feb. 14, 2023).

order to remove a vendor like Criteo from CIPA's party exemption, Plaintiffs must plead facts to show the vendor "acted sufficiently independent from Defendant as to constitute an unannounced auditor under California law." *Cinmar*, 2023 WL 2415592, *9; *Am. Eagle Outfitters*, 2023 WL 2469630, *8; *Byars*, 2023 WL 2026994, *10; *Noom*, 533 F.Supp.3d at 832. A Section 631 claim fails where the vendor "analyzed or used the data *on behalf of* or *in tangent with*" the website owner. *Cinmar,* 2023 WL 2415592, *9; *Am. Eagle Outfitters*, 2023 WL 2469630, *8.

The Complaint alleges at most that Criteo was a vendor and GoodRx used unspecified Criteo technology as a tool for GoodRx's purposes and under GoodRx's control. *E.g.*, Compl. ¶¶ 159-60. There is no allegation Criteo acted independently with respect to GoodRx's platform. Further, Plaintiffs allege no *facts* concerning Criteo's independent use of any data. Thus, Plaintiffs allege no facts that would plausibly demonstrate Criteo was sufficiently independent from GoodRx to render Criteo a third-party eavesdropper within the meaning of Section 631(a). *Cinmar,* 2023 WL 2415592, *9; *Am. Eagle Outfitters, Inc.*, 2023 WL 2469630, *8; *Byars*, 2023 WL 2026994, *10 ("Without alleging a single specific fact in support of the contention that the third party 'harvest[s] data for financial gain,' the allegation is a mere conclusion disregarded under *Twombly* and *Iqbal*.")

### 3. Plaintiffs Fail to Adequately Allege Lack of Consent

Consent is an express element of a claim for violation of prong [2]. As explained in Section V.C, Plaintiffs fail to adequately allege lack of consent (and in fact, they did consent).

## I. <u>Plaintiffs Do Not Adequately Plead their CIPA Section 632 Claim (Claim 10)</u>

California Penal Code section 632 prohibits "***intentionally*** and ***without the consent*** of all parties to a ***confidential communication***, us[ing] an electronic amplifying or recording device to eavesdrop upon or record the ***confidential communication*** . . . ." Penal Code § 632(a). Thus, Section 632 only applies to "confidential communications."[17] If the parties know that the communication "may be … recorded" then it is not a confidential communication. *See Faulkner v. ADT Sec. Servs*., 706 F.3d 1017, 1020 (9th Cir. 2013) ("'To prevail against a 12(b)(6) motion, then, [the plaintiff]

---

[17] A "confidential communication" "means any communication carried on in circumstances as may reasonably indicate that any party to the communication desires it to be confined to the parties thereto… or in any other circumstance in which the parties to the communication may reasonably expect that the communication may be overheard or recorded." Penal Code § 632(c).

would have to allege facts that would lead to the plausible inference that his was a confidential communication — that is, a communication that he had an objectively reasonable expectation was ***not being recorded***.'"').

"California appeals courts have generally found that Internet-based communications are not 'confidential' within the meaning of [S]ection 632" because they are recorded and can easily be shared by their recipients. *Campbell v. Facebook, Inc.*, 77 F.Supp.3d 836, 849 (N.D. Cal. 2014). Even *private* emails, chats, and other internet communications are *not* confidential under Section 632. *People v. Nakai*, 183 Cal.App.4th 499, 518-19 (2010) (even though defendant intended his Yahoo instant messages to be private, he could not have a reasonable expectation of confidentiality and Section 632 did not apply); *Campbell*, 77 F.Supp.3d at 849 (private Facebook messages are not confidential under Section 632); *Cline v. Reetz-Laiolo*, 329 F.Supp.3d 1000, 1051-52 (N.D. Cal. 2018) (private emails not confidential under Section 632).

Here, Plaintiffs have not alleged any facts to show that Criteo was sent any information, let alone any information in which Plaintiffs had a reasonable expectation of confidentiality under Section 632—particularly in light of the fact that internet communications are not confidential under Section 632. *Ibid.*; *Campbell*, 77 F.Supp.3d at 849; *Faulkner*, 706 F.3d at 1020 (affirming dismissal because plaintiff's allegations regarding expectation of confidentiality were threadbare recitals and legal conclusions insufficient under *Iqbal*). Further, Plaintiffs cannot allege a reasonable expectation of confidentiality, and cannot adequately alleged the required element of lack of consent, given that the explicit disclosures in GoodRx's privacy policies that disclose the recording of any information potentially at issue in this action. *See* Section V.C.

Moreover, Plaintiffs do not allege the required *intent* to violate Section 632, which requires that the defendant intend to record a *confidential* communication, not just intend to record a communication. *People v. Super. Ct. (Smith)*, 70 Cal.2d 123, 133 (1969) ("it is not the purpose of the statute to punish a person who intends to make a recording but only a person who intends to make a recording of a confidential communication."). "[T]he recording of a confidential conversation is intentional if the person using the recording equipment does so with the purpose or desire of recording a confidential conversation, or with the knowledge to a substantial certainty that his use of the

equipment will result in the recordation of a confidential conversation." *Id*. at 134. Plaintiffs do not allege that Criteo intended to record their communications, much less that it knew or was substantially certain it was recording confidential communications.

## J. <u>Plaintiffs' California Unfair Competition Law ("UCL") Claim (Claim 12) Fails</u>

"To bring a UCL claim, a plaintiff must show either an (1) 'unlawful, unfair, or fraudulent business practice,' or (2) 'unfair, deceptive, untrue or misleading advertising.'" *Lippitt v. Raymond James Fin. Svcs. Inc.*, 340 F.3d 1033, 1043 (9th Cir. 2003).[18]

### 1. Plaintiffs Lack Standing under the UCL as to Criteo

Plaintiffs have not alleged economic loss and thus lack standing to maintain their UCL claims as to Criteo. A UCL plaintiff must: "(1) establish a loss or deprivation of money or property sufficient to qualify as injury in fact, *i.e.*, ***economic injury***, and (2) show that that economic injury was the result of, *i.e.*, *caused by*, the unfair business practice or false advertising that is the gravamen of the claim." *Kwikset Corp. v. Super. Ct.*, 51 Cal.4th 310, 322 (2011) (italics original, bold added).

Plaintiffs apparently try to meet this requirement by claiming that they "have a property interest" in their data, that allegedly has "objective value" and the data was allegedly misappropriated. But this is insufficient to establish economic injury to Plaintiffs, particularly when there are no allegations specific to Criteo. *Bass v. Facebook, Inc.*, 394 F.Supp.3d 1024, 1040 (N.D. Cal. 2019) (external value of data does not establish loss of money or property under UCL); *Campbell*, 77 F.Supp.3d at 849 ("[C]ourts have consistently rejected such a broad interpretation of 'money or property.'"); *Wesch v. Yodlee, Inc*., 2021 WL 6206644, *4 (N.D. Cal. July 19, 2021); *Pruchnicki v. Envision Healthcare Corp.*, 845 F.App'x 613, 615 (9th Cir. 2021)*; Moore v. Centrelake Med. Grp., Inc.*, 83 Cal.App.5th 515, 540-41, & n.13 (2022).

If Plaintiffs attempt to claim economic injury under a "benefit-of-the-bargain" theory, they cannot do so because Plaintiffs did not pay money ***to Criteo***. *Tamraz v. Bakotic Pathology Assocs., LLC*, 2022 WL 16985001, *6 (S.D. Cal. Nov. 16, 2022) ("[W]hen a plaintiff never bargained with a defendant, there can be no benefit of the bargain standing under the UCL."); *Winzig v. Stockpile Invs.*,

---

[18] Like Plaintiffs' Unjust Enrichment claim, the UCL claim should also be dismissed because Plaintiffs have not established that they lack an adequate remedy at law. Section V.E.

2021 WL 4812956, *4 (C.D. Cal. July 2, 2021) ("Without an exchange of money for services, there is no injury-in-fact based on a benefit-of-the-bargain loss.").

Plaintiffs also fail to allege Criteo *caused* any harm. All of the *actions* alleged in the Complaint are attributable to GoodRx, the owner, operator, and controlling party, of the website at issue. *See* Section V.B. In particular, Plaintiffs do not tie an injury to an any unfair practice *undertaken by Criteo*. Thus, Plaintiffs fail to plead the causation requirement for their UCL claims with respect to Criteo. *See Clark v. InComm Fin. Servs.*, 2023 WL 3149284, *6 (C.D. Cal. Mar. 16, 2023) (dismissing UCL claims where "Plaintiffs d[id] not allege that anything Defendant did or failed to do caused their harms.").

**2. Plaintiffs Fail to State a Claim Under Any of the UCL's Prongs**

Plaintiffs also do not sufficiently allege Criteo engaged in "unlawful, unfair, or fraudulent" practices under California's unfair competition law. ***First***, Plaintiffs allege the "Defendants" engaged in "unlawful" practices by violating "the California common law and other statutes… ." Compl., ¶ 346. This group pleading is inadequate. Moreover, as explained above, Plaintiffs have failed to state a claim against Criteo for any predicate violations. Sections III-V.I. Thus Plaintiffs' claim for violation of the UCL's "unlawful" prong fails. *Hammerling*, 615 F.Supp.3d at 1094.

***Second***, Plaintiffs do not allege Criteo engaged in any "unfair" business practices. Plaintiffs' allegations are based entirely on impermissible group pleading. Compl. ¶ 347 ("Defendants" allegedly engaged in unfair practices by "disclosing and intercepting" Plaintiffs' data "without consent"), ¶ 349. But Plaintiffs do not specify any actions taken by Criteo and, therefore, fail to meet the requirements of Rule 8. *See* Sections V.A, V.B; *Degla Grp. for Invs., Inc. v. Boconcept USA, Inc.*, 2010 WL 11509053, *11 (C.D. Cal. Sep. 30, 2010) (dismissing UCL claim where counterclaimant failed to allege "any specific acts" by counterdefendants that furthered the alleged unfair business practices.); *Morfin v. Accredited Home Lenders, Inc.*, 2010 WL 391838, *7 (S.D. Cal. Jan. 26, 2010) (dismissing UCL claim under unfair and fraudulent prongs for failure to identify allegedly wrongful acts of defendant).

Moreover, Plaintiffs do not satisfy either test used by courts to determine whether conduct qualifies as "unfair" for the purposes of the UCL. The first test, the "balancing test," looks at whether

the business practice is "immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers" and balances defendant's conduct against the alleged harm. *Davis v. HSBC Bank*, 691 F.3d 1152, 1169-70 (9th Cir. 2012). Plaintiffs do not identify any such conduct by Criteo, or allege any facts to establish any wrongdoing at all by Criteo. Section V.B. The second test, the "tethering test," applies to "conduct that threatens an incipient violation of an *antitrust law*, or violates the policy or spirit of one of those laws" and requires the alleged unfair act to be "tethered to some legislatively declared policy or proof of some actual or threatened impact *on competition*." *Davis*, 691 F.3d at 1169-70. Plaintiffs do not even attempt to plead any anti-competitive conduct. Finally, where, as here, Plaintiffs' claim under the "unfair" prong overlaps entirely with the conduct alleged in the fraudulent and unlawful prongs, the unfair prong cannot survive if the claims under the other two prongs fail. *Hammerling*, 615 F.Supp.3d at 1094.

***Third***, Plaintiffs allege Defendants engaged in "fraudulent" business practices because "the Advertising and Analytics Defendants" purportedly intercepted personal data "without disclosing this practice and therefore acted without users' knowledge or consent." Compl. ¶ 350. These allegations fail because they impermissibly lump Defendants together and say nothing about any specific actions taken by Criteo. Furthermore, allegations of fraudulent conduct under the UCL must be pled with particularity and meet the heightened pleading standards of Rule 9(b). *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009). This means that Plaintiffs must allege the who, what, where, and how of the alleged fraud. *See Hammerling*, 615 F.Supp.3d at 1079-80. Plaintiffs fail to allege any of these details against Criteo. *Id.*; *see also Emery v. Visa Internat. Serv. Ass'n*, 95 Cal.App.4th 952, 964 (2002) (finding no civil liability for unfair competition where the defendant did not prepare or send a fraudulent statement).

**K. <u>E.C. Does Not State a Claim under NY GBL § 349 (Claim 13)</u>**

Plaintiff E.C. fails to allege a claim against Criteo under NY GBL § 349. In order to do so, E.C. must allege: (1) Criteo committed an act or practice that was consumer-oriented; (2) the act or practice was misleading in a material way; and (3) E.C. was injured as a result. *Petitt v. Celebrity Cruises, Inc.*, 153 F.Supp.2d 240, 266 (S.D.N.Y. 2001). Importantly, "[t]he causation element is essential: The plaintiff…must show that the ***defendant's*** material deceptive act caused the injury."

*Id*. (cleaned up). The Complaint fails to allege any of these elements.

***First***, the Complaint fails to allege ***Criteo*** took any consumer-facing acts or established any practice, let alone a deceptive one. As explained above, at most the Complaint alleges that Criteo failed to stop GoodRx from using unspecified Criteo technology on GoodRx's website. These allegations do not relate to any *consumer facing affirmative act* performed by Criteo and so fail to allege the first element of a GBL claim. *See, e.g.*, *Dziegielewski v. Advanced Intergrative Wellness, LLC*, 2010 NY Slip Op 33047[U], *14 (Sup Ct, Nassau County 2010) (deceptive representations were not actionable where they were not directed toward the general public).[19]

***Second***, E.C. fails to allege that Criteo engaged in an act or practice that was materially misleading. Plaintiffs fail to allege Criteo undertook any act or practice at all (and so could not have done anything materially misleading). Further, there is no allegation that *Criteo* made any statement, or that Criteo deceived or misled E.C. *Sands v. Ticketmaster-New York, Inc.*, 207 A.D.2d 687, 687 (1994); *Rodriguez v. Cheesecake Factory Inc.*, 2017 WL 6541439, *3 (E.D.N.Y. Aug. 11, 2017).

***Third***, E.C. fails to allege the injury element, and he lacks standing to bring this claim, because he fails to allege he was injured by Criteo in a manner recognized under GBL § 349. There is no allegation Criteo caused E.C. harm as the result of any materially misleading act by Criteo. E.C. also does not allege that he paid GoodRx anything, and certainly does not allege that he paid Criteo. Compl. ¶¶ 40-45. And he cannot allege injury based on purported "misappropriation" of data because he cannot allege that he was deprived of an opportunity to use or commoditize his data. *Mount v. PulsePoint, Inc.*, 684 F.App'x 32, 36 (2d Cir. 2017), as amended (May 3, 2017) (injury theory based on misappropriation of web browsing information "fails because plaintiffs do not allege that [defendant's] data collection practices actually deprived them of any opportunity to sell their own personalized information.") (cleaned up). In fact, E.C. did not even provide identifying information. Compl. ¶¶ 40-45. In sum, E.C. fails to establish standing or any of the elements of GBL § 349.

---

[19] Furthermore, the Complaint makes clear that any "interception" was because of *GoodRx's* purported actions. Section V.B. E.C. may not shoehorn Criteo into GBL liability based on GoodRx's actions. *See Wood v. Cap. One Servs.,* LLC, 718 F.Supp.2d 286, 291–92 (N.D.N.Y. 2010) ("Plaintiff cannot allege that Capital One Bank sent the Letter when his complaint clearly indicates that it was sent by Capital One Services."); *Dziegielewski*, 2010 NY Slip Op 33047[U], *6 (plaintiff could not state a § 349 claim through a theory of vicarious liability).

**L. <u>John Doe Does Not State a Claim under Illinois Law (Claim 14)</u>**

Similarly, John Doe fails to allege Criteo engaged in deceptive business practices under the Illinois Consumer Fraud Act ("ICFA"). John Doe must allege: (1) a deceptive act or practice by Criteo; (2) that Criteo intended that the plaintiff rely on the deception; (3) the deceptive act occurred in a course of conduct involving trade or commerce; and (4) *actual damage* to John Doe; (5) proximately caused by the deceptive act. *De Bouse v. Bayer AG*, 922 N.E.2d 309, 313 (2009).

John Doe does not allege any element. ***First***, claims under the ICFA must allege that the ***defendant itself*** engaged in a deceptive act or practice. *See id*. (Plaintiff must allege an act *by the party* they are seeking to hold liable); *In re Laverdure*, 399 B.R. 310, 314 (Bankr. N.D. Ill. 2008) (dismissing an ICFA claim for failure to allege the defendant engaged in any deceptive act or practice). As discussed in detail above, the Complaint fails to allege Criteo performed any act or practice and does not allege Criteo engaged in any deceptive behavior. ***Second***, there is no allegation Criteo intended that Plaintiff rely on any deceptive act or omission (including because there is no allegation that Criteo engaged in any deceptive act in the first place). ***Third***, since John Doe fails to allege Criteo engaged in any deceptive acts, he likewise fails to allege Criteo took action as a part of a course of conducted involving trade or commerce. ***Fourth***, as with the UCL, to have standing, John Doe must allege he suffered actual damages, *meaning out of pocket expenses, money paid or other monetary harm*. *See Clark v. Receivables Mgmt. Partners, LLC*, 2022 WL 767149, *6 (N.D. Ill. Mar. 14, 2022) (ICFA requires actual pecuniary loss); *Archey v. Osmose Util. Servs., Inc.*, 2021 WL 3367156, *3 (N.D. Ill. Aug. 3, 2021).[20] John Doe fails to allege such harm. Compl. ¶ 373. ***Fifth***, John Doe fails to allege that Criteo's deceptive act proximately caused actual damages. *Burger v. Spark Energy Gas, LLC*, 507 F.Supp.3d 982, 988 (N.D. Ill. 2020); *In re Xarelto (Rivaroxaban) Prod. Liab. Litig.*, 2021 WL 2853069, *11 (E.D. La. July 8, 2021).

**VI. <u>CONCLUSION</u>**

For the foregoing reasons, each and every claim against Criteo should be dismissed with prejudice under Rule 12(b)(1) and Rule 12(b)(6) because amendment would be futile.

[20] Illinois law does not recognize "privacy injury" as a valid damages theory under the ICFA. *See Khorloo v. John C. Heath Attorney at Law*, 2020 WL 1530735, *2 (N.D. Ill. Mar. 31, 2020) (no Illinois cases suggest that privacy violations provide a basis for actual damages under the ICFA); *Kurowski v. Rush Sys. for Health*, 2023 WL 2349606, *8 (N.D. Ill. Mar. 3, 2023).

Dated: July 7, 2023

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By */s/ Tenaya Rodewald*

TENAYA RODEWALD
SARAH A. K. BLITZ
Attorneys for Defendant CRITEO CORP.