Michael J. Shipley (SBN 233674)
mshipley@kirkland.com
KIRKLAND & ELLIS LLP
555 South Flower Street, Suite 3700
Los Angeles, CA 90071
Telephone: (213) 680-8400
Facsimile: (213) 680-8500

Olivia Adendorff (admitted *pro hac vice*)
olivia.adendorff@kirkland.com
KIRKLAND & ELLIS LLP
4550 Travis Street
Dallas, TX 74205
Telephone: (214) 972-1758
Facsimile: (214) 972-1771

Martin L. Roth (admitted *pro hac vice*)
martin.roth@kirkland.com
Alyssa C. Kalisky (admitted *pro hac vice*)
alyssa.kalisky@kirkland.com
KIRKLAND & ELLIS LLP
300 N. LaSalle
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

*Attorneys for Defendant*
*GoodRx Holdings, Inc.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

JANE DOE, JANE DOE II, JOHN DOE, E.C., JOSE MARQUEZ, and HOLLIS WILSON, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

GOODRX HOLDINGS, INC., CRITEO CORP., META PLATFORMS, INC., AND GOOGLE LLC,

Defendants.

CASE NO. 3:23-CV-00501-AMO

**SUPPLEMENTAL DECLARATION OF GRACYE CHENG IN SUPPORT OF DEFENDANT GOODRX HOLDINGS, INC.'S MOTION TO COMPEL ARBITRATION**

Judge: Honorable Araceli Martínez-Olguín
Action Filed: May 26, 2023
Hearing Date: September 14, 2023
Time: 2:00 PM
Courtroom: 10, 19th Floor

**SUPPLEMENTAL DECLARATION OF GRACYE CHENG**

I, Gracye Cheng, declare as follows:

1. I am the General Counsel and Senior Vice President of Defendant GoodRx Holdings, Inc. ("GoodRx"). In that capacity I have personal knowledge of the facts contained herein and if called upon to testify, I could and would competently do so.

2. I make this supplemental declaration in support of Defendant GoodRx Holdings, Inc.'s Motion to Compel Arbitration. Capitalized terms used, but not otherwise defined herein, have the meanings ascribed to them in the motion.

3. In the June 9, 2023 Declaration of Gracye Cheng in Support of Defendant GoodRx Holdings, Inc.'s Motion to Compel Arbitration ("June Declaration"), I provided screenshots of user experiences based on GoodRx's reasonable investigation to date at that time as well as based on information provided by Plaintiffs' counsel or as otherwise alleged. I write to supplement the June Declaration with the following additional information, which is based on GoodRx's continuing investigation, to date:

**Plaintiff Jane Doe**

4. The screenshot and related descriptions of the screenshot included in the June Declaration with respect to Jane Doe reflected what the user experience in or around the time Jane Doe used GoodRx Care would have looked like on a desktop computer. However, Jane Doe alleges she used the mobile website. (CAC ¶ 23.) Therefore, and based on GoodRx's continuing investigation, I also provide the following screenshot reflecting what the user experience would have looked like in or around that time when signing up for GoodRx Care via the mobile website. Fundamentally, the relevant language in both the desktop and mobile website screenshots are substantively identical.




**Plaintiff John Doe**

5. The information provided in the June Declaration was based on John Doe's allegation that he "accessed coupons online at GoodRx's website using his mobile phone." (CAC ¶ 36.) Based on GoodRx's continuing investigation, as well as John Doe's additional allegation that he used a public desktop computer (*id.*), I provide the following screenshot, which reflects what the user experience looked like in or around 2018 when emailing himself or herself a coupon from a desktop computer. Based on GoodRx's reasonable investigation to date, my understanding is that this 2018 screenshot of the desktop

email coupon screen was in place at least through some portion of 2020. Notably, the relevant language in the desktop screenshot below is substantively identical to the previously provided 2020 mobile website screenshot.




**Plaintiff Jose Marquez**

6. The screenshot and related descriptions of the screenshot included in the June Declaration with respect to Jose Marquez were based on GoodRx's reasonable investigation at that time. Based on GoodRx's continuing investigation, I now understand that the screenshot provided in the June Declaration may have gone into effect for users accessing the mobile website in or around August 2021. However, in response to Plaintiffs' discovery requests and GoodRx's continuing investigation, GoodRx has provided the following additional supplemental screenshots, below, which reflect what the user experience would have looked like in or around June 2021 at the time Jose Marquez signed up for GoodRx Gold on the mobile website. The relevant language consenting to GoodRx's Terms remain materially unchanged.



7. I hereby affirm that I have read the motion and the factual statements contained therein are true and correct to the best of my knowledge, information, and belief. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

DATED: August 2, 2023

Gracye Cheng

Gracye Cheng