**WILLKIE FARR & GALLAGHER LLP**
BENEDICT Y. HUR (SBN 224018)
bhur@willkie.com
SIMONA AGNOLUCCI (SBN 246943)
sagnolucci@willkie.com
EDUARDO E. SANTACANA (SBN 281668)
esantacana@willkie.com
TIFFANY LIN (SBN 321472)
tlin@willkie.com
YUHAN ALICE CHI (SBN 324072)
ychi@willkie.com
One Front Street, 34th Floor
San Francisco, CA 94111
Telephone: (415) 858-7400
Facsimile: (415) 858-7599

Attorneys for Defendant
GOOGLE LLC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

JANE DOE, individually and on behalf of all others similarly situated,

Plaintiffs,

vs.

GOODRX HOLDINGS, INC., CRITEO CORP., META PLATFORMS, INC., AND GOOGLE LLC,

Defendants.

Case Nos. 3:23-cv-00501-AMO

**DEFENDANT GOOGLE LLC'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO COMPEL ARBITRATION AND TO STAY PROCEEDINGS**

Date: November 21, 2023
Time: 11:00 AM
Location: Courtroom 10, 19th Floor
Judge: Hon. Araceli Martínez-Olguín

Consolidated Class Action Complaint filed 5/26/2023

| | |
|---|---|
| JOHN DOE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>GOODRX HOLDINGS, INC., CRITEO CORP., META PLATFORMS, INC., AND GOOGLE LLC,<br><br>Defendants. | Case Nos. 3:23-cv-00744-AMO<br><br>Complaint filed 2/17/23 |
| JOSE MARQUEZ, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>GOODRX HOLDINGS, INC., META PLATFORMS, INC., GOOGLE LLC, and CRITEO CORP.,<br><br>Defendants. | Case Nos. 3:23-cv-00940-AMO<br><br>Complaint filed 3/2/23 |
| HOLLIS WILSON, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>GOODRX HOLDINGS, INC., CRITEO CORP., META PLATFORMS, INC., AND GOOGLE LLC,<br><br>Defendants. | Case Nos.: 3:23-cv-01293-AMO<br><br>Complaint filed 3/20/23 |
| E.C., individually and behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>GOODRX HOLDINGS, INC., CRITEO CORP., META PLATFORMS, INC., AND GOOGLE LLC,<br><br>Defendants. | Case Nos. 3:23-cv-01508-AMO<br><br>Complaint filed 3/30/23 |

In its Motion to Compel Arbitration and to Stay ("Motion"), Google argued that all of the Arbitration Plaintiffs' claims against it should be compelled to arbitration pursuant to the doctrine of equitable estoppel, and that any claims not compelled to arbitration should be stayed pending the outcome of the arbitration. Plaintiffs' opposition fails to rebut either point.

*First*, to avoid equitable estoppel, Plaintiffs attempt to re-cast their Complaint against Google as having nothing to do with the terms they entered into with GoodRx. This argument strains credulity. The gravamen of the Complaint—that GoodRx transmitted certain data to Google in violation of its promises to Plaintiffs and/or without their consent—depends on, and repeatedly refers to, the representations made to Plaintiffs in the GoodRx terms. Plaintiffs cannot escape their own allegations to avoid arbitration. Plaintiffs' attempts to limit the doctrine of equitable estoppel to contract cases is equally unavailing. The law expressly provides for the application of equitable estoppel to claims that meet the test under *Goldman v. KPMG* regardless of whether those claims are founded in contract, statute, or common law.

*Second*, Plaintiffs fail to meaningfully rebut Google's arguments that a stay will conserve resources and avoid inconsistent results, instead asserting that they will be prejudiced by a stay because of the ongoing collection of their data. This argument ignores reality. Plaintiffs' purported concerns regarding data collection have been obviated by the FTC's consent decree. Moreover, any injunction Plaintiffs purport to seek could be obtained expeditiously in arbitration against GoodRx.

Accordingly, Google respectfully requests that the Court (1) compel Arbitration Plaintiffs to arbitrate their claims against Google if they are compelled to arbitration with GoodRx, and (2) stay this action in its entirety as to all Plaintiffs pending the resolution of the arbitration.

## ARGUMENT

### I. Plaintiffs Fail to Rebut Google's Showing that Both Goldman Prongs Have Been Met.

As set forth in Google's Motion, Plaintiffs' claims against Google should be arbitrated pursuant to the doctrine of equitable estoppel because both *Goldman* prongs are satisfied.[1] First, Plaintiffs' claims are "intimately founded in and intertwined with" their contract with GoodRx. *Martinez-Gonzalez v. Elkhorn Packing Co., LLC,* 2022 U.S. Dist. LEXIS 1901433, at *22–23 (N.D.

[1] Defined terms have the meanings set forth in Google's Motion, ECF No. 108.

Cal. Oct. 18, 2022) (quoting *Goldman v. KPMG*, 173 Cal. App. 4th 209, 219–221 (2009)). Second, Plaintiffs allege "substantially interdependent and concerted" conduct between Google and GoodRx that is "intimately connected with the obligations" of the GoodRx Terms. *Id*. Plaintiffs' attempts to reframe their Complaint (and binding precedent) to avoid equitable estoppel are unpersuasive.[2]

Plaintiffs cite *Rajagopalan v. NoteWorld, LLC*, for the proposition that the Ninth Circuit has "never previously allowed" a non-signatory to invoke equitable estoppel against a signatory. 718 F.3d 844, 847 (9th Cir. 2013); Opp'n at 39. *Rajagopalan* and *Setty v. Shrinivas Sugandhalaya*, on which Plaintiffs also rely, apply Washington law. But California law applies here. *Martinez-Gonzalez*, 2022 U.S. Dist. LEXIS 190143, at *22 (non-signatories can invoke arbitration if the relevant state contract law allows). Moreover, the Ninth Circuit expressly overruled Plaintiffs' authority, noting that "*it is no longer true* that we have never applied equitable estoppel to compel arbitration of a plaintiff's claims against a nonsignatory." *Franklin v. Cmty. Reg'l Med. Ctr.*, 998 F.3d 867, 873 n.7 (9th Cir. 2021) (citations omitted and emphasis added).[3] Plaintiffs' attempt to ignore binding precedent is meritless; numerous courts have applied equitable estoppel to compel claims against a nonsignatory. *See, e.g.*, *id*.; *Russell v. BMW of N. Am., LLC*, 2022 U.S. Dist. LEXIS 238228, at *14 (C.D. Cal. Oct. 14, 2022).

With respect to the first *Goldman* prong, the cases Plaintiffs rely on address claims that are "unrelated to any contract" or that "are not in any legal way founded upon and do not arise out of the contracts." *In re Carrier IQ, Inc. v. Consumer Privacy Litig.*, 2014 WL 1338474 (N.D. Cal. Mar. 28, 2014) (party cannot rely on the mere existence of a contract without dependence on the terms to assert equitable estoppel); *see also In re Henson*, 869 F.3d 1052, 1061 (9th Cir. 2017) (plaintiff's claims had "nothing to do with" the underlying agreement). But these and other cases make clear that Plaintiffs can be said to have "sued under the contract" where they rely on its terms to make out their claims. *See* Opp'n at 39; *Garcia v. Pexco*, 11 Cal. App. 5th 782, 787–788 (2017).

---

[2] Plaintiffs argue that Google does "not make any substantive arguments in support of their respective Motions." Opp'n at 38. This misses the mark. There is no need for a "separate ground" for Google to enforce the arbitration agreement; use of equitable estoppel *is the basis* by which a non-signatory can enforce an arbitration agreement against a signatory.

[3] *McKee v. Audible, Inc.*, No. CV 17-1941-GW (Ex), 2017 U.S. Dist. LEXIS 174278 (C.D. Cal. July 17, 2017) applies the same rationale as *Rajagopalan* and is also inapposite.

Plaintiffs' argument that their claims are "unrelated to" or "not in any" way founded upon the Terms is unpersuasive when their Complaint repeatedly refers to and relies on them. *See* Mot. at 7–9. Plaintiffs cannot rely on the Terms in their Complaint and in the same breath try to escape them.

Plaintiffs also attempt to categorically insulate statutory and common law claims from the application of equitable estoppel. There is no such categorical bar. For purposes of equitable estoppel, "[t]hat the claims are cast in tort rather than contract does not avoid the arbitration clause." *Boucher v. Alliance Title Co.*, 127 Cal. App. 4th 262, 272 (2005); *Garcia*, 11 Cal. App. 5th at 787–788 (plaintiff "cannot avoid his obligation to arbitrate his causes of action . . . by framing his claims as merely statutory.").[4] Even the case law cited in Plaintiffs' own authorities recognize that courts have not excluded consumer class actions (or non-contract cases) from equitable estoppel. *Aliff v. Vervent, Inc.*, 2020 WL 5709197, at *9 (S.D. Cal. Sept. 24, 2020) (citing *Murphy v. DirecTV, Inc.*, 724 F.3d 1218, 1231 n.7 (2013) (noting that consumer class actions are not outside ambit of equitable estoppel)).

Finally, Plaintiffs argue that their claims are "not intimately founded or intertwined with" GoodRx's Terms because Plaintiffs do not seek any benefit from the Terms. Opp'n at 40. Citing *Wiedenbeck v. United Educ. Institute*, Plaintiffs suggest that equitable estoppel does not apply here because it is *Google* who raised the Terms as a defense. 2015 WL 12743599 (C.D. Cal. Dec. 15, 2015). This is false. As discussed above, it is Plaintiffs who rely on the Terms in their Complaint. In contrast, in *Wiedenbeck*, the plaintiff did not even invoke the terms of use as a source of liability against the non-signatory. *Id.* at *4. The fact that Plaintiffs can point to one alleged misrepresentation that also "could have" misled them—GoodRx's co-CEO's tweets—cannot erase the gravamen of their Complaint.

With respect to the second *Goldman* prong,[5] Plaintiffs (misstating the standard) argue that their claims are not "interdependent and intimately connected with" GoodRx's Terms because Plaintiffs could assert their claims against Google and Analytics Defendants independently of

[4] It is immaterial that *Boucher* analyzes equitable estoppel in the context of an employment agreement. Opp'n at 41. Plaintiffs do not cite any language limiting the application of *Boucher* to employment claims, because there is none. *See id.*

[5] Google need not show that both *Goldman* prongs are met. Mot. at 6.

GoodRx.[6] Opp'n at 41–42. Whether Plaintiffs could assert independent claims against Google is not the test. The material component of the second *Goldman* prong is whether the alleged "interdependent and concerted misconduct" is connected to the underlying agreement—in this case, the Terms. *See Martinez-Gonzalez 2*022 U.S. Dist. LEXIS 190143, at *22–23. Plaintiffs allege Google's technology is "embedded" or "incorporated" on the GoodRx platform and that as a result, the promises made in the GoodRx Terms were violated. *See, e.g.,* Compl. ¶¶ 17, 18, 61, 63, 83, 167, 213, 277. This is sufficient to satisfy the second *Goldman* prong. Mot. at 9–10.

There is no requirement to show a conspiracy, as Plaintiffs seem to suggest. They misread *In re Carrier*, which simply emphasizes that a non-signatory cannot rely *solely* on collusive behavior to invoke equitable estoppel; the collusive behavior, *with the claims*, must be bound up with the underlying agreement. 2014 WL 1338474, at *11. Here, Plaintiffs' allegations of misconduct against Google and GoodRx are "based on the same facts and are inherently inseparable" from the Terms. Mot. at 9–10; *see also Metalclad Corp. v. Ventana Env't Organizational P'ship*, 109 Cal. App. 4th 1705, 1718 (2003) (not requiring fraud but recognizing that a fraudulent scheme makes it "clear" that the claims at issue are "based on the same facts.").

Because both *Goldman* prongs are satisfied, the Court should apply equitable estoppel to compel arbitration of Arbitration Plaintiffs' claims against Google.

## II. A Stay Pending Arbitration Is Appropriate.

The Court should stay all claims against Google pending arbitration in two scenarios. *First*, Google argued that if Arbitration Plaintiffs are compelled to arbitrate with GoodRx, but not Google, the Court should nonetheless stay the Arbitration Plaintiffs' claims against Google. *Second*, Google argued that the claims brought by the Non-Arbitration Plaintiffs should be stayed because of the substantial overlap between the claims brought by the Arbitration and Non-Arbitration Plaintiffs. Plaintiffs fail to rebut the first argument and completely ignore the second.

Plaintiffs argue that they will be prejudiced by a stay due to the alleged ongoing collection of

[6] The correct standard is whether the signatory alleges "substantially interdependent and concerted misconduct by the nonsignatory and another signatory and 'the allegations of interdependent misconduct [are] founded in or intimately connected with the obligations of the underlying agreement.'" *Martinez-Gonzalez*, 2022 U.S. Dist. LEXIS 190143 at *22–23.

their data. Not so. Mot. at 13. Plaintiffs do not even attempt to refute Google's argument that the consent decree between the FTC and GoodRx has already addressed any alleged disclosure of GoodRx user information. *Id.* (citing Compl. ¶¶ 196–97; GoodRx Mot. at 20–21). In light of the FTC order, Plaintiffs cannot possibly suffer any future harm; their failure to address this point is telling. And even if Arbitration Plaintiffs were granted an injunction against GoodRx in arbitration that duplicates the existing FTC consent decree, their alleged concern of prejudice will have been addressed (likely more promptly than in a parallel court proceeding involving multiple defendants).

Plaintiffs also argue that any arbitration award against GoodRx will have no bearing on the court proceedings against Google because the claims involve different misconduct. Opp'n at 43. For the reasons stated above in Section II.A., this is not persuasive. For example, the arbitrator likely will assess what information (if any) was collected from GoodRx users and transmitted to Google and in what form—a question that also would be before this Court in any parallel litigation. Allowing the Arbitration Plaintiffs to proceed to arbitration with GoodRx, while also continuing to litigate against Google, risks confusion, duplication of resources (identical and simultaneous discovery in two forums), and inconsistent results. Mot. at 16 (collecting cases).

Google argued that the Court should also stay the claims of Non-Arbitration Plaintiffs pending the outcome of any arbitration because considerations of judicial economy counsel against the simultaneous litigation and arbitration of substantially overlapping claims. Mot. at 13–14. Plaintiffs briefly mention at the outset of their Opposition that there is no basis for Non-Arbitration Plaintiffs to arbitrate their claims (Opp'n at 38), but fail to address Google's argument on the merits. They do not dispute, and therefore appear to concede, Google's points on this issue.[7] Accordingly, for the reasons stated in the Motion, the Court should stay litigation against the Non-Arbitration Plaintiffs pending the outcome of any arbitration.

**CONCLUSION**

In sum, Google respectfully requests that the Court grant this motion to compel arbitration, and stay proceedings pending the outcome of arbitration.

---

[7] Plaintiffs also fail to contest Google's points on the issue of public injunctive relief, and therefore concede them. *See* Mot. at 12–13.

Respectfully submitted,

Dated: August 24, 2023

**WILLKIE FARR & GALLAGHER LLP**

By: *<u>/s/ Benedict Y. Hur</u>*
Benedict Y. Hur
Simona A. Agnolucci
Eduardo E. Santacana
Tiffany Lin
Yuhan Alice Chi

*Attorneys for Defendant*
*Google LLC*