SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
A Limited Liability Partnership
Including Professional Corporations

TENAYA RODEWALD, Cal. Bar No. 248563
1540 El Camino Real Suite 120
Menlo Park, California 94025-4111
Telephone: 650.815.2600
Facsimile: 650.815.2601
Email: trodewald@sheppardmullin.com

SARAH A. K. BLITZ, Cal. Bar No. 280118
333 South Hope Street, 43rd Floor
Los Angeles, California 90071-1422
Telephone: 213.620.1780
Facsimile: 213.620.1398
Email: sblitz@sheppardmullin.com

CHARLES GLOVER, *pro hac vice*
30 Rockefeller Plaza, Floor 24
New York, NY 10112-0015
Telephone: 212.653.8700
Facsimile: 212.653.8701
Email: cglover@sheppardmullin.com

Attorneys for Defendant CRITEO CORP.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

JANE DOE, JANE DOE II, JOHN DOE, E.C., JOSE MARQUEZ, and HOLLIS WILSON, individually and on behalf of all others similarly situated,

Plaintiff,

v.

GOODRX HOLDINGS, INC., CRITEO CORP., META PLATFORMS, INC., and GOOGLE LLC.,

Defendants.

Case No. 3:23-cv-00501-AMO
Judge: Hon. Araceli Martinez-Olguin

**DEFENDANT CRITEO CORP.'S REPLY IN SUPPORT OF MOTION TO COMPEL ARBITRATION AND TO STAY PENDING ARBITRATION**

Consolidated Complaint Filed: May 26, 2023

Date: November 21, 2023
Time: 11:00 AM
Location: Courtroom 10, 19th Floor

# I. INTRODUCTION

In their Opposition to the Motion to Compel Arbitration (Dkt. 126) ("Arb. Opp."), Plaintiffs[1] double down on their obvious attempt to make an end-run of the arbitration clause contained in GoodRx's Terms of Use (the "Terms"). But such artful pleading by the Plaintiffs is precisely the sort of tactical behavior that the estoppel doctrine is designed to prevent. The Opposition only confirms that equitable estoppel requires arbitration of Arbitration Plaintiffs' claims against Defendants. Indeed, Plaintiffs' own authorities concede that numerous courts have compelled arbitration of claims against a non-signatory defendant (like Criteo) under California law.

Plaintiffs next assert that Defendants cannot meet either of two available *Goldman* "prongs" for invoking equitable estoppel: (1) where the signatory must rely on the terms of the agreement in asserting a claim or the claims are intimately founded in and intertwined with the agreement, or (2) when the signatory raises allegations of substantially interdependent and concerted misconduct "intimately founded in and intertwined with the obligations of the contract containing the arbitration clause." Arb. Opp. at 39-40, 41. But in attempting to counter Defendants' clear satisfaction of these tests, Plaintiffs fail to address the substance of the GoodRx Terms and Privacy Policy and Plaintiffs' own allegations. Arb. Opp. at 39-41. As to the first prong, Plaintiffs' claims against Criteo are founded in and intertwined with their use of the GoodRx services and their underlying contract with GoodRx because the gravamen of their allegations is that GoodRx transmitted data to Criteo without their consent in contravention of GoodRx's privacy representations primarily contained in the Terms. As to the second prong, Criteo's alleged wrongdoing is that it purportedly failed to stop GoodRx from disclosing information to Criteo in violation of GoodRx's representations and Terms. Either prong is sufficient to compel arbitration of the claims against Criteo, and both are satisfied here.

Finally, the Court should stay all claims against Criteo (by all Plaintiffs) pending arbitration.

# II. CRITEO HAS A RIGHT TO ENFORCE THE ARBITRATION AGREEMENT

Despite Plaintiffs' claims to the contrary, under California law, Criteo clearly has a right to enforce the Arbitration Agreement and compel arbitration even though it was not a signatory to the

[1] "Arbitration Plaintiffs" are Jane Doe, Jane Doe II, John Doe, and Jose Marquez who agreed to GoodRx's Terms of Use ("Terms") containing the binding Arbitration Agreement. Dkt. 107 at 3-10, 12-15. GoodRx's Terms incorporate its Privacy Policy. Dkts. 107-2, 107-4 - 107-8, at § 1.

arbitration agreement. *Franklin v. Cmty. Reg'l Med. Ctr.*, 998 F.3d 867, 870-711 (9th Cir. 2021) (compelling signatory plaintiff to arbitrate its claims against non-signatory defendant; quoting *Metalclad Corp. v. Ventana Env't Organizational P'ship*, 109 Cal. App. 4th 1705, 1714 (2003); Dkt 108 at 6-7 (collecting authority); *Cohen v. CBR Sys.*, 625 F. Supp. 3d 997 (N.D. Cal. 2022) (ordering signatory plaintiff to arbitrate claims against non-signatory defendant); *Harris v. Pac. Gas & Elec. Co.*, 2022 WL 16637987 (N.D.Cal. Nov. 2, 2022) (same). A non-signatory can compel arbitration with a signatory under ***either*** of the two "*Goldman*" prongs. *Goldman v. KPMG, LLP*, 173 Cal. App. 4th 209, 221 (2009).[2] Arbitration Plaintiffs' claims against Criteo fall within both *Goldman* circumstances.

## A. Criteo is Entitled to Invoke Equitable Estoppel Under the First *Goldman* Prong

Plaintiffs attempt to avoid application of equitable estoppel by asserting their claims are not dependent on the Terms and Privacy Policy but are only relied on by Defendants' in "defense." Arb. Opp. at 40:12-23. This is belied by the text of the Complaint.[3] Arbitration Plaintiffs' claims are not incidental to the arbitration-mandating Privacy Policy and Terms. Rather, Arbitration Plaintiffs quote and rely on GoodRx's Privacy Policy and Terms, and allege they did not receive the benefits of the representations in those documents. *See, e.g.*, Consolidated Complaint., Dkt. 102 ("Compl."). ¶¶ 12, 103-109; Claims 1-3, 7-10, 12, 13. More specifically, the claims are based on GoodRx's privacy representations—including specifically the those in GoodRx's Privacy Policy and Terms. *Ibid.*; *see* Dkt. 108 at 7-9. Arbitration Plaintiffs claim their information was disclosed without their consent to Criteo *in contravention of those policies and representations*. *Id.*; Dkt. 109 at 3-4. Thus, Arbitration Plaintiffs' allegations that their information was disclosed, without consent, are necessarily founded on and intertwined with GoodRx's Terms and included Privacy Policy (to which they consented).

Plaintiffs' bald assertion (Arb. Opp. at 40:3-34) that their claims do not involve GoodRx's Terms and the incorporated Privacy Policy is false. Plaintiffs do not even try to grapple with the obvious relationship between the Privacy Policy and Terms and the allegations in the Complaint. And their

[2] Plaintiff's authority *Rajagopalan v. NoteWorld, LLC*, 718 F.3d 844, 847 (9th Cir. 2013) and *Setty v. Shrinivas Sugandhalaya LLP*, 3 F.4th 1166, 1169 (9th Cir. 2021), are irrelevant as they apply Washington law not the applicable *Goldman* factors. The allegations in *Setty* also did not implicate the agreement that contained the arbitration clause, unlike the Terms at issue here.

[3] Further, lack-of-consent is an element of Plaintiffs' claims that they must establish. *See* Dkt, 114 at 10-11. As explained, Plaintiffs allege that they did not consent because GoodRx purportedly contravened or exceeded the privacy representations in the Terms and Privacy Policy. Dkt. 109, n. 3.

authority involves other types of litigation and entirely different allegations. For example, unlike in *Murphy*, the relevance of the Privacy Policy and Terms here is not limited to "the bare fact that a ... purchase occurred." *Murphy v. DirecTV, Inc.*, 724 F.3d 1218, 1230 (9th Cir. 2013). In *Henson*, unlike here, there were no allegations that any of the subscriber agreements had any impact at all on the allegations in the case. *In re Henson*, 869 F.3d 1052, 1060-62 (9th Cir. 2017). Likewise *In re Carrier IQ, Inc. Consumer Priv. Litig.*, 2014 WL 1338474, at *7 (N.D. Cal. Mar. 28, 2014) the wireless customer agreements were being invoked by Defendants to disprove Plaintiff's assertions, whereas here, as explained, Plaintiffs assert and rely on the provisions of the agreement for their claims.[4]

In sum, unlike in *Henson*, *Murphy*, and *Carrier*, the claims are intertwined with and based on GoodRx's privacy representations contained within the agreement containing the arbitration clause. Thus *Goldman's* first prong is satisfied, which alone is sufficient to compel arbitration.

### B. Criteo is Entitled to Invoke Equitable Estoppel Under the Second *Goldman* Prong

Arbitration Plaintiffs' claims against Criteo are intertwined with and interdependent on the claims against GoodRx, and share the exact same factual basis. Plaintiffs' reliance on *Murphy* for the proposition that the "[m]ere allegations of collusion are insufficient to trigger equitable estoppel," (Arb. Opp. at 41) is inapposite. Plaintiffs allege far more here. Plaintiffs claim that *GoodRx* incorporated unspecified Criteo software into GoodRx's platform, allegedly disclosing information to Criteo in contravention of *GoodRx's* privacy representations, primarily contained in its Privacy Policy. *See* Dkt. 109 at 2, 4; Dkt. 108 at 9-10. Criteo is not alleged to have done anything other than fail to stop GoodRx. Criteo's wrongdoing is wholly dependent on GoodRx's alleged wrongful actions intimately connected with GoodRx's Terms. This easily satisfies *Goldman's* second prong. *Ibid*. Thus, the Court should compel Arbitration Plaintiffs to individually arbitrate their claims against Crtieo.

## III. THE COURT SHOULD STAY THE ACTION PENDING ARBITRATION

The power to stay proceedings is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Sunlight Prod. Techs. v. MPOWERD*, 2015 WL 12655479, at *5 (C.D. Cal. Sept. 17, 2015).

---

[4] *McKee v. Audible, Inc.*, 2017 WL 4685039, at *14 (C.D. Cal. July 17, 2017) applied Washington state law, not the *Goldman* factors under California law.

Plaintiffs acknowledge in their Opposition (Arb. Opp. at 42:18-23), that when exercising its discretionary power to stay, courts generally "weigh the 'competing interests which will be affected by the granting or refusal to grant a stay,' among which are 'the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.'" *Sharp Corp. v. Hisense USA Corp.*, 2017 WL 6017897, at *4 (N.D. Cal. Dec. 15, 2017) (quoting *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005)).

<u>Potential Damage to Plaintiffs</u>. Plaintiffs have not identified any risk of damage a stay would pose. Because the stay that Defendants seek is not "especially lengthy" or "indefinite," *SST Millennium LLC v. Mission St. Dev. LLC*, 2019 WL 2342277, at *5 (N.D. Cal. June 3, 2019) (quoting *Lockyer*, 398 F.3d at 1111), Plaintiffs cannot claim to be prejudiced by it. *See also Morales v. Lexxiom, Inc.*, 2010 WL 11507515, at *13 (C.D. Cal. Jan. 29, 2010) (granting stay of all non-arbitrable claims because there was no evidence that the arbitration would not commence and conclude within a reasonable time).

<u>Risk of Inconsistent Rulings</u>. Courts in this Circuit routinely grant stays of non-arbitrable claims pending the outcome of arbitration where, as here, the arbitrable claims and the claims asserted in the litigation "arise from the identical conduct, and are intertwined." *Sharp*, 2017 WL 6017897, at *5; *see also SST Millennium LLC*, 2019 WL 2342277, at *5 (granting stay where plaintiffs' claims against defendants "all ar[o]se from the same conduct" and had potential to "give way to inconsistent rulings"); *Sunlight Prod. Techs.*, 2015 WL 12655479, at *6 (granting stay as to non-arbitrable claims where "the various claims asserted in both the arbitration and present litigation rel[ied] on the same set of core facts"); *Amisil Holdings Ltd. v. Clarium Capital Mgmt. LLC*, 622 F. Supp. 2d 825, 942 (N.D. Cal. 2007) (same); *Tarbell v. Caliber Home Loans, Inc.*, 2021 WL 963837, at *3 (E.D. Cal. Mar. 15, 2021). Indeed, Plaintiffs' Complaint demonstrates the indivisibility of their claims against Criteo from GoodRx, *see supra* § II.[5]

<u>Promotion of Judicial Economy.</u> A stay of Plaintiffs' claims against the Criteo and the other

[5] Plaintiffs' reliance on *California Crane* is misplaced as the facts and conduct alleged in that case is distinct from the intertwined and dependent nature of the claims at issue here. *Stacy Gray* is also inapt as it addressed a non-arbitrable claim proceeding while arbitration commenced on other claims.

Defendants pending the resolution of arbitration with GoodRx would promote judicial economy. Courts in this Circuit recognize that considerations of economy and efficiency support a stay of parallel litigation pending the pursuit of arbitration. *See Sunlight Prod. Te*chs., 2015 WL 12655479, at *7 (granting stay where "arbitration might resolve questions at issue . . . and may well obviate further litigation"); *see also SST Millennium LLC*, 2019 WL 2342277, at *5 (citing *Lockyer*, 398 F.3d at 1110, for the proposition that "[i]n general, a stay should be granted where the resolution of issues in the arbitration would be determinative of the issues in the lawsuit."); *Sharp*, 2017 WL 6017897, at *5 (same); *Morales*, 2010 WL 11507515, at *13. It would be inefficient to allow Plaintiffs to continue to pursue their claims against Criteo and other Defendants in this Court during the pendency of any arbitration of Plaintiffs' claims against GoodRx, because the key facts pertaining to GoodRx's conduct are all in GoodRx's control. Moreover, holding Plaintiffs' claims against Criteo and the other Defendants in abeyance while Plaintiffs pursue contractually agreed-upon arbitration of its claims against GoodRx would uphold the judicial policy favoring the arbitration of disputes and avoid prejudicing GoodRx's right to arbitration. *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983); *Amisil Holdings*, 622 F. Supp. 2d at 842. Further, the Court should stay the claims of Plaintiffs Hollis Wilson and E.C. (the "Non-Arbitration Plaintiffs") pending arbitration between Arbitration Plaintiffs and GoodRx and/or Criteo (as the case may be) for the same reasons.[6]

## IV. PLAINTIFFS' REQUEST FOR INJUNCTIVE RELIEF HAS NO IMPACT

Finally, Plaintiffs' do not address and thereby concede Criteo's showing that their claim for "public injunctive relief" is identical to relief the Ninth Circuit has explained is private injunctive relief. Dkt. 109 at 5; *Hodges v. Comcast Cable Communs., LLC*, 21 F.4th 535, 548-49 (9th Cir. 2021). They have no basis to avoid their contractually mandated arbitration of their claims.

## V. CONCLUSION

For these reasons, the Court should compel individual arbitration by the Arbitration Plaintiffs as to Criteo, and stay the remainder of this action pending arbitration. Alternatively, Criteo requests the Court stay all claims pending arbitration between Arbitration Plaintiffs and GoodRx.

[6] Criteo does not concede that the plaintiffs are sufficiently similar such that class certification is warranted and reserves the right to oppose class certification on any grounds.

Dated: August 24, 2023

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By *<u>/s/ Tenaya Rodewald</u>*

TENAYA RODEWALD
SARAH BLITZ
CHARLES GLOVER
Attorneys for Defendant CRITEO CORP.