SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
A Limited Liability Partnership
Including Professional Corporations

TENAYA RODEWALD, Cal. Bar No. 248563
1540 El Camino Real Suite 120
Menlo Park, California 94025-4111
Telephone: 650.815.2600
Facsimile: 650.815.2601
Email: trodewald@sheppardmullin.com

SARAH A. K. BLITZ, Cal. Bar No. 280118
333 South Hope Street, 43rd Floor
Los Angeles, California 90071-1422
Telephone: 213.620.1780
Facsimile: 213.620.1398
Email: sblitz@sheppardmullin.com

CHARLES GLOVER, *pro hac vice*
30 Rockefeller Plaza, Floor 24
New York, NY 10112-0015
Telephone: 212.653.8700
Facsimile: 212.653.8701
Email: cglover@sheppardmullin.com

Attorneys for Defendant CRITEO CORP.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

JANE DOE, JANE DOE II, JOHN DOE, E.C., JOSE MARQUEZ, and HOLLIS WILSON, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

GOODRX HOLDINGS, INC., CRITEO CORP., META PLATFORMS, INC., and GOOGLE LLC.,

Defendants.

Case No. 3:23-cv-00501-AMO
The Hon. Araceli Martínez-Olguín

**DEFENDANT CRITEO CORP.'S REPLY IN SUPPORT OF MOTION TO DISMISS THE CONSOLIDATED CLASS ACTION COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(1) AND 12(b)(6)**

Consolidated Complaint Filed: May 26, 2023

Date: November 21, 2023
Time: 11:00 AM
Location: Courtroom 10, 19th Floor

## I. <u>Plaintiffs Fail To Plead Sufficient Facts For Art. III Standing or for Rule 12(b)(6)</u>[1]

Plaintiffs bear the burden of establishing standing. Plaintiffs ***claim*** they "clearly allege that ***Criteo*** intercepted ***their*** health data." Opp. at 3 (emphasis original; citing Compl., ¶¶ 18, 157-62). But this statement, and Paragraphs 18, 157-162, contain only vague conclusory statements unsupported by facts. For example, Plaintiffs mention a "Criteo One Tag," but never allege GoodRx used it. No facts plausibly allege what Criteo technology GoodRx used, how it worked, that it was even capable of, or configured to, transmit any "health data" or "contents" to Criteo, or even that it was deployed on pages of GoodRx's website where such information was at issue. Plaintiffs' conclusory allegations fail to plead standing, or any claim, for numerous reasons. *See* ECF 114 ("MTD") at 2-3, 9-10.

## II. <u>The Statute of Limitations Bars Numerous Claims and Several Plaintiffs</u>

Plaintiffs claim that the statute of limitations does not apply because "all but two" purportedly allege "recuring violations" "through 2022 and 2023." Opp. at 5. But the cited paragraphs of the Complaint (¶ 196-99) do not allege this. In fact, Plaintiffs only allege violations ***up to*** February 2020 (Compl., ¶ 64, 183-90), and no interceptions or use by any defendant after that.[2] Thus, the CIPA, CMIA, invasion of privacy, unjust enrichment and other claims are time barred. *See* MTD at 3-6.

Plaintiffs' allegations are not sufficient to trigger any exception to the limitations periods. **<u>Discovery Rule</u>**. The statute of limitations begins to run when "plaintiffs have reason to at least ***suspect*** that a type of wrongdoing has injured them." *Fox v. Ethicon Endo-Surgery, Inc.*, 35 Cal.4th 797, 808 (2005). The "limitations period begins to run even when a plaintiff is placed on 'inquiry notice' of ***possible misrepresentations***." *DeBruyne v. Equitable Life Assurance Soc'y*, 920 F.2d 457, 466 (7th Cir. 1990). And "[P]laintiffs cannot avoid the statute of limitations by possessing, but failing to read, the documents that would put them on inquiry notice." *Id*. n. 18. Rather "'[d]iligent inquiry is required where facts exist that would ***excite the inquiry*** of a reasonable person,' and diligence must be pled with particularity." *Reveal Chat Holdco, LLC v. Facebook, Inc.*, 471 F. Supp. 3d 981, 994 (N.D. Cal. 2020).

---

[1] Plaintiffs abandon Claims 7, 8, 14. Those claims must be dismissed. *See* Google Reply at 1. Criteo incorporates other Defendants' briefs herein. Emphasis is added unless otherwise noted.

[2] Also, purported continuing "*use*" of data is irrelevant. CIPA requires an *interception* in violation of § 631 Prong [2] (MTD 16-17), or a *recording* in violation of § 632, within one year. Invasion of privacy requires an *invasion* within two years. Further, Wilson and Marquez only used GoodRx up to 2019 and August 2021 respectively, so their CIPA (and CIMA) claims, and Wilson's other claims, are barred.

GoodRx's privacy policies dating back to 2017 contained at least enough information to put Plaintiffs ***on inquiry notice***, to raise a suspicion and "excite the inquiry" of Plaintiffs.[3] This triggered Plaintiffs' duty to investigate. But Plaintiffs did not take ***any*** steps to investigate. Thus they fail to invoke delayed discovery.[4] **Fraudulent Concealment**. Plaintiffs admit the only "fraudulent concealment" they attempt to allege is ***by GoodRx***. Opp. at 7:16. They do not refute Criteo's authority that they must allege concealment ***by each defendant***, and do not allege ***Criteo*** (or any Analytics Defendant) engaged in fraudulent concealment, much less allege it as required by Rule 9. *See* MTD at 5:2-12.

## III. Non-California Plaintiffs Cannot Assert California Law Claims Against Criteo

Non-California Plaintiffs do not address Criteo's due process argument. MTD 6:10-7:3. They have conceded this argument, requiring dismissal of their California law claims. *See Stichting Pensioenfonds ABP v. Countrywide Fin. Corp.*, 802 F.Supp.2d 1125, 1132 (C.D. Cal. 2011). They also do not refute Criteo's additional argument that they fail to allege an "interception" or recording *by Criteo in California*, which is fatal to their CIPA claims. *Hammerling v. Google LLC*, 2022 WL 17365255, at *11 (N.D.Cal. Dec. 1, 2022). They also make no factual allegations of any conduct by Criteo in California, or injury here, which is fatal to their UCL claim. MTD at 7-8; *see also* Meta Reply at 4-5.

## IV. Plaintiffs Do Not Adequately Plead Any Element of CIPA Section 631 (Claim 9)

Plaintiffs do not dispute that Prong [1] does not apply, and for any Section 631 claim, they *must show a violation of Prong [2]*. *See* MTD at 16-17. **Contents**. No facts indicate Criteo's technology was capable of, or configured to record information that could be "contents" on GoodRx. *See* Section I.[5] In

---

[3] *See* MTD p 11, n 8; Meta Reply at 3; RJN, Dkt. 113-3. The policies were available on the website Plaintiffs claim they were using, which is sufficient for inquiry notice. MTD at 5.

[4] Plaintiffs claim in Opposition that an inquiry would have been futile. But Plaintiffs must ***actually investigate*** once on notice. *Davel Comms., Inc. v. Qwest Corp.*, 460 F.3d 1075, 1092 (9th Cir. 2006) ("[O]nce a plaintiff has [inquiry] notice … it bears the responsibility of ***making*** diligent inquiries"); *Anderson v. Brouwer*, 99 Cal. App. 3d 176, 181 (1979) (same). Moreover, ***facts*** are absent from their Complaint. For example, Plaintiffs do not plead they attempted even an internet search to investigate, and cannot claim that such step would have been futile. Their conclusory allegations of purported futility are insufficient. *Ibid*.; *Chione v. Medtronic, Inc.*, 2015 WL 2151889, at *4 (S.D. Cal. May 7, 2015) ("[T]he plaintiff has the burden to 'show diligence'; 'conclusory allegations' will not suffice").

[5] Plaintiffs' vague allegation that the Criteo "One Tag" operates in a way "similar to the Meta Pixel" fails, As noted, the Complaint does not allege that GoodRx used the One Tag, asserting only that GoodRx used "Criteo's tracking technology, *such as an SDK or pixel.*" Compl. ¶ 160. *Furthermore*, there are *no facts* in the Complaint to plausibly indicate any ways the "One Tag" and Meta Pixel are purportedly "similar," or that those "similarities" are even relevant here.

their Opposition, Plaintiffs only reference Complaint ¶ 98, which contains no facts about Criteo.[6] **Intentional Interception**. Plaintiffs do not plead Criteo's intent to intercept contents including because no facts plausibly allege Criteo's technology can even intercept contents. *Supra*. Further, all that is asserted as to Criteo is that *GoodRx installed* unspecified Criteo technology, which does not allege Criteo's intent. MTD at 9, 18. Finally, none of Plaintiffs' cases hold that a *vendor* (like Criteo) intentionally intercepts contents when a *website operator* (like GoodRx) takes and installs the vendor's software on a website. Meta Reply at 2, *id*. at 1 (indeed, Plaintiffs must allege intent to intercept *sensitive contents*). **Party Vendor / Third Party.** Numerous courts across California hold that where a website operator (like GoodRx) uses a vendor (like Criteo) there is ***no*** Section 631 claim where the vendor is a tool, agent, or extension of the website operator. *See* MTD at 18-19; Google Reply at 2-3.. Plaintiffs cannot distinguish this authority because they fail to allege *any facts* showing that *Criteo* used any data from GoodRx for its own purposes. *See also* Google Reply at 1-2. Complaint ¶ 159, the only paragraph Plaintiffs cite concerning Criteo, does not allege independent use by Criteo. At most, that paragraph alleges the exact opposite—that *GoodRx used* Criteo, and Criteo acted under GoodRx's control.[7] **In Transit.** Plaintiffs misleadingly cite their Complaint by *mixing* cherry-picked snippets of a paragraph mentioning the "Criteo One Tag" *with* snippets of a paragraph concerning Meta, to claim they assert facts concerning Criteo's technology. Opp. at 19:18-21. Nonsense. In reality, there is no allegation GoodRx used OneTag or how it is allegedly similar to the Meta Pixel. Fn. 5, *supra*. Plaintiffs state no facts to show what Criteo's technology was or how it worked, so they do not plausibly allege in-transit interception. MTD at 17-18. Finally, they invent non-existent distinctions between Criteo's authority and their Complaint. For example, the basis on which Plaintiffs claim *Hammerling* is "distinguishable" is present here, namely, they "le[ave] open the possibility data may have been collected 'at a later date.'" Opp. at n.25; Compl. ¶ 159.[8]

---

[6] GoodRx shows none of the information alleged as to any defendant is content. GoodRx MTD at 16.

[7] Any alleged "offer[ing]" of "audiences," is not alleged to be done by Criteo independently, or to even involve GoodRx data. In a footnote, Plaintiffs add statements about Criteo's Terms of Service ("TOS") found nowhere in the Complaint***, making this an impermissible amendment via Opposition***. *See Birch v. Family First Life, LLC,* 2023 WL 2940020, at *7 (S.D. Cal. Apr. 13, 2023). Nothing indicates the quoted TOS snippets are even relevant, or applied to any GoodRx data or services.

[8] Plaintiffs' attempts to distinguish Criteo's other authority are unavailing. They claim Criteo's cases involve "substantially different technology …" Criteo's authority involved many different

## V. Plaintiffs Fail to Allege Confidential Data or Intent for CIPA Section 632 (Claim 10)

Plaintiffs contend that they sufficiently plead recording of confidential information because they characterize data disclosed to Criteo as "medical data." Opp. at 21. First, and critically, Plaintiffs fail to plead facts to indicate Criteo actually received any "medical data" or that Criteo's technology is even capable of recording it.[9] *Supra*; MTD 20:4-21. This alone is dispositive.

Additionally, regardless of the type of information at issue, California state and federal courts hold there is no reasonable expectation of privacy when plaintiffs transmit such information on public websites. MTD 20:4-12. Plaintiffs' authority is inapposite. *Brown v. Google* rested on the fact users intentionally enabled a special "private browsing" mode *to change the normal presumption* that internet communications are not confidential.[10] No such unique circumstances are present here. Moreover, GoodRx *consistently, explicitly* disclosed that it allowed others to track users' activity, and shared that data for advertising purposes, eliminating any expectation of privacy. MTD at 11, n. 8.

Plaintiffs also do not plead the required intent. Plaintiffs only argue that they adequately plead intent under Section 631 (Opp. at 20) which they did not do (*see supra*). Moreover, intent under Section 632 is even stricter and requires intent to record *a confidential communication*. *See* MTD 20:22-21:3. Plaintiffs fail to plead or argue any such facts as to Criteo. *Id*.; *see also* fn 7 *supra*.

## VI. Plaintiffs Intrusion Claims (Claims 1, 2) Fail for the Same Reasons as Their 632 Claim

Plaintiffs provide no facts plausibly alleging that that any "health data" was *actually* disclosed to or intercepted *by Criteo,* which is dispositive. *Supra;* MTD at 11-12. Additionally, there is no reasonable expectation of privacy in any data at issue disclosed on an internet website. Section V, *supra*. Plaintiffs also ignore (and thereby concede) the argument that they did not adequately allege *an act* of *intrusion*. MTD at 12. Nor do they adequately plead the required intent. *Supra*; MTD at 12.

## VII. Plaintiffs Fail to Sufficiently Allege Unjust Enrichment (Claim 3)

---

technologies, and amply show that Plaintiffs' conclusory allegations fail. *See* MTD at 17-18. Plaintiffs cite only two cases from nearly a decade ago (2014), that involved substantially different technology: *In re Yahoo Mail Litig.* (email scanning); *Campbell* (scanning Facebook messages).

[9] Additionally, GoodRx shows the data Plaintiffs allege they shared on GoodRx is not health data, only browsing information, so their claim fails as to all defendants. GoodRx MTD at 13-14.

[10] 525 F. Supp. 3d 1049, 1074 (N.D.Cal. 2021). Further, Google's privacy policies "did not indicate that data would be collected from users in private browsing mode." *Id.* *Doe v. Regents of Univ. of Cal.* and *Stasi* did not address whether any information was confidential under Section 632. *Federated University Police Officers' Association* did not involve internet communications.

Even as a quasi-contract claim (Opp. at 42:21-22) for unjust enrichment, Plaintiffs must establish Criteo was conferred a benefit *through "mistake, fraud, coercion, or request."* MTD at 13-14. They fail to do so. Plaintiffs contend, without citing the Complaint, that "Defendants received, used, and retained health data (and profits therefrom)." They allege no facts as to Criteo. *See also* Google Reply at 5.[11]

## VIII. Plaintiffs Do Not Allege Economic Loss for UCL Standing, or Any UCL Prong

The Ninth Circuit, California appellate courts, and the weight of federal authority specifically reject Plaintiffs UCL standing theory. *See* MTD at 21; Google Reply at 5. Additionally, no prong under the UCL has been met. **Unlawful prong**. Plaintiffs failed to state a claim for any predicate violations. *Supra*; MTD at 9-24. **Fraudulent prong**. Plaintiffs cannot meet Rule 9(b)'s pleading standard for fraud. MTD at 23. Their "omission" theory also fails. Under *Hodsdon v. Mars, Inc*., 891 F.3d 857, 864 (9th Cir. 2018), Plaintiffs must show the omitted information was "central to the product function." They make no attempt to, and cannot do so. *See Hammerling*, 2022 WL 17365255 at *7. **Unfair prong**. Plaintiffs plead no facts as to Criteo. MTD 9, 22. In any case, the unfair prong fails because it entirely overlaps the unlawful and fraudulent prongs, which fail. MTD, 23:8-11. Plaintiffs cannot avoid the strong line of authority so holding. *See Eidmann v. Walgreen Co*., 522 F. Supp. 3d 634, 647 (N.D. Cal. 2021) (citing *Hadley v. Kellogg Sales Co*., 243 F. Supp. 3d 1074 (N.D. Cal. 2017).)

## IX. E.C. Does Not Allege Any Elements of a NY GBL Claim (Claim 13)

E.C. fails to allege facts to establish any element of a GBL claim. *See* MTD at 24. But E.C. cannot cite even a *single* allegation in the Complaint demonstrating otherwise. This alone is dispositive. Further, E.C.'s attempt to show that Criteo took consumer-facing deceptive actions fails. Opp. at 40-41. E.C. claims it is sufficient to allege that Criteo's technology "is incorporated in a consumer-facing platform." *Id*. at 41. Not so. E.C. alleges that GoodRx configured and placed any technology on the GoodRx website, and allegedly failed to obtain consent. MTD at 9, 24. This is not consumer-facing action by Criteo. Likewise, E.C. does not identify any allegations where GoodRx's alleged capture of users' data involved a deception *by Criteo* (or any Analytics Defendant). *See Martin v. Meredith Corp.*, 2023 WL 2118074, at *6 (S.D.N.Y. Feb. 17, 2023) (use of pixel not materially misleading).

---

[11] Plaintiffs' authority also involved defendants that collected data *on their own users*. Thus, there was a basis for a quasi-contract relationship and "mistake, fraud, coercion, or request" as between plaintiffs and defendants in those cases, which is entirely lacking here between Plaintiffs and Criteo.

Dated: August 24, 2023

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By */s/ Tenaya Rodewald*

TENAYA RODEWALD
SARAH A. K. BLITZ
CHARLES GLOVER
Attorneys for Defendant CRITEO CORP.