**LOWEY DANNENBERG, P.C.**
Christian Levis (admitted *pro hac vice*)
Amanda Fiorilla (admitted *pro hac vice*)
Rachel Kesten (admitted *pro hac vice*)
44 South Broadway, Suite 1100
White Plains, NY 10601
Telephone: (914) 997-0500
Facsimile: (914) 997-0035
E-Mail: clevis@lowey.com
        afiorilla@lowey.com
        rkesten@lowey.com

*Attorneys for Plaintiff Jane Doe & Interim Co-Lead Counsel*

**BURSOR & FISHER, P.A.**
L. Timothy Fisher (State Bar No. 191626)
Jenna L. Gavenman (State Bar No. 348510)
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-Mail: ltfisher@bursor.com
        jgavenman@bursor.com

*Attorneys for Plaintiff Marquez & Interim Co-Lead Counsel*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE, et al., individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>GOODRX HOLDINGS, INC., et al.,<br><br>Defendants. | Case No. 3:23-cv-00501-AMO<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR ORDER ENJOINING DEFENDANT GOODRX FROM FURTHER VIOLATING COURT ORDER**<br><br>Hon. Araceli Martínez-Olguín |

# NOTICE OF MOTION

**PLEASE TAKE NOTICE** that on December 14, 2023 at 2:00 p.m., or as soon as the matter may practicably be heard, in the Courtroom of the Honorable Araceli Martínez-Olguín at Courtroom 10 — 19th Floor, of the San Francisco Courthouse, Plaintiffs Jane Doe, Jane Doe II, John Doe, E.C., Jose Marquez, and Hollis Wilson (collectively, "Plaintiffs") will and hereby do move for an order enjoining Defendant GoodRx Holdings, Inc. ("GoodRx") from continuing to violate the Court's July 7, 2023 Order Granting Plaintiffs' Motion for Interim Co-Lead Counsel (the "Appointment Order") (ECF No. 112) (the "Motion"). Plaintiffs seek an order:

1. Requiring GoodRx to cease litigation of, or alternatively file a motion to stay in, *Hodges et al v. GoodRx Holdings, Inc.*, 1:23-cv-24127 (S.D. Fla.) (the "*Hodges* Action") under the first-to-file rule; and

2. Prohibiting GoodRx from seeking settlement with non-appointed counsel in violation of the Appointment Order.

# BACKGROUND

On July 7, 2023, the Court appointed Lowey Dannenberg, P.C. and Bursor & Fisher, P.A. (collectively, "Co-Lead Counsel") as interim co-lead class counsel over this consolidated action.[1] Appointment Order at 1. In doing so, the Court ordered that it would be Co-Lead Counsel who would have sole responsibility for "*[c]onducting settlement discussions with Defendants* on behalf of the Plaintiffs and the proposed class to resolve this litigation as interim co-lead class counsel deem appropriate." *Id.* at 4-5 (emphasis added). This not an empty gesture but a function that exists under Rule 23(g) to clarify who is responsible for the class and has authority to act on its behalf. MANUAL FOR COMPLEX LITIGATION, FOURTH § 10.22 (2004) (explaining interim counsel "assume a responsibility to the court and an obligation to act fairly, efficiently, and economically in the interests of all parties and parties' counsel").

---

[1] The following cases were consolidated in the present one: *Wilson v. GoodRx Holdings, Inc.*, No. 4:23-cv-01293 (N.D. Cal.); (2) *Marquez v. GoodRx Holdings, Inc.,* No. 3:23-cv-00940 (N.D. Cal.); (3) *Doe v. GoodRx Holdings, Inc.*, No. 4:23-cv-00744 (N.D. Cal.); and (4) *E.C. v. GoodRx Holdings, Inc.*, No. 1:23-cv-00943 (S.D.N.Y.) (subsequently refiled as *E.C. v. GoodRx Holdings, Inc.*, No. 4:23-cv-01508 (N.D. Cal.)).

1
PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR ORDER ENJOINING DEFENDANT
GOODRX FROM FURTHER VIOLATING COURT ORDER - CASE NO. 3:23-CV-00501-AMO

Importantly here, the appointment of lead counsel stands as a safeguard to prevent defendants from seeking out other counsel to auction off its litigation exposure to the lowest bidder. *See Razo v. AT&T Mobility Servs., LLC*, No. 120CV00172, 2021 WL 4847834, at *6 (E.D. Cal. Oct. 15, 2021), *report and recommendation adopted*, No. 120CV00172NONEHBK, 2021 WL 4988866 (E.D. Cal. Oct. 27, 2021) (finding appointment of lead counsel necessary to prevent a "defendant [from] pickin[g] the most ineffectual class lawyers to *negotiate a settlement with the hope that the district court will approve a weak settlement that will preclude other claims against the defendant*.") (emphasis added); *see also Salmonson v. Bed Bath & Beyond, Inc.,* No. CV 11-2293 SVW (SSX), 2012 WL 12919187, at *5 (C.D. Cal. Apr. 27, 2012) (explaining that when the Court appoints lead counsel, the defendant is "*compelled to negotiate*" the settlement with lead counsel, which prevents a "reverse auction" from "occur[ring]) (emphasis added).

GoodRx, as a party to this action, knew that under the Court's Appointment Order any settlement discussions must occur with Co-Lead Counsel. GoodRx did not follow this Appointment Order and, instead, shopped for friendly counsel to execute a settlement that resolves the claims asserted here for just .013% of GoodRx's actual exposure. GoodRx entered this settlement with a group of lawyers who not only were not appointed by Your Honor, but had never filed a case against GoodRx until last week—nine months after this action started. *See* Order on Preliminary Approval of Class Action Settlement, *Hodges* Action, ECF No. 8.

The filing of the *Hodges* Action was not by happenstance—it was filed *solely* for the purpose of effectuating an improper settlement GoodRx and Hodges's counsel secretly negotiated in the background of this consolidated action. Counsel in the *Hodges* Action, which is pending before the Honorable Beth Bloom, United States District Judge for the Southern District of Florida (the "Florida Court"), filed the action the same day it executed the settlement agreement with GoodRx. Class Action Complaint, *Hodges* Action, ECF No. 1; Class Action Settlement Agreement and Release, *Hodges* Action, ECF No. 4-1 at 91. They then promptly moved for preliminary approval in violation of the Southern District of Florida's Local Rules, which required Hodges's counsel to not only notify but <u>confer</u> with Co-Lead Counsel in this action <u>before</u> filing the motion. *See* S.D. Fla. L.R. 7.1(a)(3)

(requiring "[p]rior to filing any motion" that the "movant … confer … with all parties or non-parties who may be affected by the relief sought in the motion."). In addition to failing to notify Co-Lead Counsel, they then misled the Florida Court by presenting the motion as "unopposed," which led the Florida Court to—unaware of this consolidated case—grant that motion that same day. The motion (attached to the Declaration of Christian Levis in Support of Plaintiffs' Motion as **Exhibit 1**) *tellingly* makes no mention of this consolidated action. And neither GoodRx nor Hodges's counsel found it important to notify Co-Lead Counsel or this Court of their settlement at all. It was only after Co-Lead Counsel emailed GoodRx of its intention to intervene in the *Hodges* Action on November 1, 2023 that it—finally—decided to file a notice of settlement on this docket. GoodRx's Notice of Nationwide Class Settlement (the "Settlement Notice"), ECF No. 150.

While Co-Lead Counsel intend to separately move to intervene in the *Hodges* Action, oppose the settlement, and have it transferred here pursuant to the first-to-file rule, GoodRx's conduct is simply unacceptable. Its disregard for this Court's Appointment Order undermines the Court's authority and jurisdiction and, importantly, seeks to create exactly the kind of "reverse auction" of class members' claims that Rule 23(g) is designed to prevent. *See Razo*, 2021 WL 4847834, at *2. This is evident from the settlement itself, which seeks to settle the action for less than 78 cents a person (from a common fund of $13 million), despite that GoodRx's liability in this case exceeds $100.2 billion.

To preserve the Court's jurisdiction and the integrity of these consolidated proceedings, Plaintiffs request an order under the All Writs Act: (1) requiring GoodRx to cease litigation of, or file a motion to stay in, the *Hodges* Action under the first-to-file rule; and (2) prohibiting GoodRx from seeking settlement with non-appointed counsel in violation of the Court's Appointment Order.

## ARGUMENT

The All Writs Act provides that "all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651. This includes the power to "compel action" of those in "position to frustrate the implementation of a court order or the proper administration of justice.'" *In re Am.*

*Online Spin-Off Accts. Litig.*, No. MASTER NO. CV 03-697, 2005 WL 5747463, at *2 (C.D. Cal. May 9, 2005) (citing 28 U.S.C. § 1651(a)).

GoodRx's actions have created the precise scenario necessitating the need to enjoin its actions under the All Writs Act, as it seeks to divest the Court of jurisdiction by attempting to "fully release and resolve all claims" in this first-filed consolidated action by seeking approval of an improper (and inadequate) settlement in a duplicative, late-filed action with non-appointed counsel. *See* Settlement Notice.

Pursuant to the first-to-file rule, it is this Court—not the Southern District of Florida—that has jurisdiction over the actions. Both the Ninth Circuit and the Eleventh Circuit recognize that when there are "two actions involving overlapping issues and parties are pending in two federal courts, there is a strong presumption across the federal circuits that favors the forum of the first-filed suit." *Oceana Seafood Prod., LLC v. Louisiana Newpack Shrimp Co.*, No. 20-20532-CIV, 2020 WL 13880993, at *2 (S.D. Fla. Dec. 31, 2020) (citing *Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 (11th Cir. 2005); *Hansell v. TracFone Wireless, Inc.*, No. C-13-3440 EMC, 2013 WL 6155618, at *4 (N.D. Cal. Nov. 22, 2013) ("The first-to-file rule creates a presumption that favors venue in this district."). Absent a showing of "compelling circumstances" not present here, "the proper course of action [is] for the [second] court to transfer the case to the [first-filed] court to determine which case should, in the interests of sound judicial administration and judicial economy, proceed." *Oceana Seafood Prod., LLC*, 2020 WL 13880993, at *2. Because the pendency of this consolidated action was <u>omitted</u> from all filings on the *Hodges* Action's docket, and Co-Lead Counsel do not currently have permission to intervene, an order requiring GoodRx to cease litigation of or, alternatively, stay the *Hodges* Action is warranted so that this Court is not divested of its jurisdiction through further proceedings on the *Hodges* Action's docket. *See Kiland v. Bos. Sci. Corp.,* No. C 10-4105 SBA, 2011 WL 1261130, at *7 (N.D. Cal. Apr. 1, 2011) (granting preliminary injunction to enjoin the defendants from pursuing the second-filed action under the first-to-file rule); *Perkins v. Am. Nat. Ins. Co.*, 446 F. Supp. 2d 1350, 1353-1354 (M.D. Ga. 2006) (utilizing the All Writs Act to order defendant to file a motion to stay in second, late-filed action where "[a]llowing the parties to proceed

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR ORDER ENJOINING DEFENDANT GOODRX FROM FURTHER VIOLATING COURT ORDER - CASE NO. 3:23-CV-00501-AMO

with consummation of the settlement" in the second-filed action "would strip this Court of [] jurisdiction" especially because plaintiff "is not presently a party" to the second action such that he does "not have the opportunity prior to the issue becoming moot to present his contentions to that court.").[2].

An additional order prohibiting GoodRx from seeking settlement with non-appointed counsel is equally necessary, given how brazen GoodRx has been in attempting to avoid the "first-filed" rule and find counsel willing to file a second action to swiftly settle out the claims here at a bargain discount price. *See In re Checking Acct. Overdraft Litig.*, 859 F. Supp. 2d 1313, 1321 (S.D. Fla. 2012) (granting plaintiffs' motion to enjoin under the All Writs Act and finding that it "cannot be the correct interpretation of the law" to "allow another federal court sitting in another Circuit to enter into a settlement that encompasses the entire class here as part of consolidated proceedings in place for over 18 months," especially where defendant "failed to notify this Court . . . or Plaintiff's counsel" of the existence of the related action "until after [the grant of] preliminary approval"); *In re Managed Care Litig.*, 236 F. Supp. 2d 1336, 1345 (S.D. Fla. 2002) (similar); *In re Am. Online Spin-Off Accts. Litig.*, 2005 WL 5747463, at *2, 4-5 (enjoining defendant from "proceeding with the settlement" in a separate action where "it secretly negotiated to settle the [same] claims" that were still on-going in the MDL action because it "diminishes this Court's ability to bring the [present case] to a natural conclusion.").

GoodRx's malintent cannot be overstated. It not only secretly pursued mediation with counsel who had no clients with claims pending against GoodRx in any federal court (*Litty v. Merrill Lynch & Co.*, No. CV 14-0425 PA (PJWX), 2015 WL 4698475, at *10 (C.D. Cal. Apr. 27, 2015) (holding the Court "cannot find" the settlement was "the product of non-collusive negotiations" where

---

[2] This case is eerily similar to the *Perkins* action. *See Perkins*, 446 F. Supp. 2d at 1353-1354. In both cases, the first-filed action was pending for a significant period time before a second action was filed in another jurisdiction, and counsel and defendants in the second-filed action immediately entered a settlement seeking to resolve all class claims. *Id.* And, like here, preliminary approval of the settlement in the second-filed action in *Perkins* was quickly entered shortly thereafter without plaintiffs in the first-action or their counsel's knowledge and consent. *Id.* The Court in the first-filed action found it necessary to order the defendant to file a motion to stay in the second-action pursuant to the All Writs Act, given that it was proceeding to settlement and would destroy the original court's jurisdiction. *Id.*

5
PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR ORDER ENJOINING DEFENDANT
GOODRX FROM FURTHER VIOLATING COURT ORDER - CASE NO. 3:23-CV-00501-AMO

defendant and settling plaintiff are attempting to "sweep[] into the settlement two separate cases without involving plaintiffs' counsel in those cases.")), but it simultaneously misrepresented to Co-Lead Counsel and this Court that it found *any* settlement negotiations entirely premature until its pending motions were fully briefed and heard. *See* Initial Case Management Conference, ECF No. 81; Stipulation and [Proposed] Order to Extend Deadline to Conduct Mediation, ECF No. 117 at 1. This was a lie, given it attended mediation with Hodges's counsel shortly thereafter on August 11, 2023. *See* Declaration of Jonathan B. Cohen, *Hodges* Action, ECF No. 7-1 ¶ 18.

The settlement itself further evidences the impropriety of GoodRx's conduct. GoodRx has agreed to settle all claims in this action with non-appointed counsel for just $13 million, which would provide each individual class member with less than 78 cents a person. And this is before deducting $4.5 million in attorneys' fees (for what, exactly, is unclear) that would go to Hodges's counsel who agreed to participate in this back-door settlement. Because Plaintiffs' claims under the California Invasion of Privacy Act (CIPA) and Confidentiality of Medical Information Act (CMIA) are worth a minimum of $5,000 and $1,000, respectively, the settlement represents just .013% of GoodRx's actual liability.

Plaintiffs are aware of no decision permitting a 99.9% discount on statutory claims like the ones asserted in this consolidated action. Indeed, they are routinely rejected. *See Lagos v. Leland Stanford Junior Univ.*, No. 15-CV-04524-KAW, 2017 WL 1113302, at *7 (N.D. Cal. Mar. 24, 2017) (holding $13.82 per class member not adequate for it represented an 86% hair cut on potential statutory damages); *Cotter v. Lyft, Inc.,* 176 F. Supp. 3d 930, 931–32 (N.D. Cal. 2016) (rejecting preliminary approval of $12.5 million dollar settlement where claims were "worth more than $126 million); *Kabasele v. Ulta Salon, Cosms. & Fragrance, Inc.*, No. 221CV01639WBSCKD, 2023 WL 2918679, at *3 (E.D. Cal. Apr. 12, 2023) (rejecting settlement that represents just 5.7% of maximum possible recovery); *In re Facebook Biometric Info. Priv. Litig.*, No. 15-cv-03747-JD, 2020 WL 4818608, at *2 (N.D. Cal. Aug. 19, 2020) ("On June 4, 2020, the Court denied preliminary approval without prejudice for multiple reasons, including concerns about an unduly steep discount on statutory damages").

At bottom, the settlement GoodRx only *today* provided notice of is the exact kind of "reverse auction" settlement that the appointment of interim lead counsel is designed to prevent. *Razo*, 2021 WL 4847834, at *6 (appointing lead counsel to prevent a "defendant [from] pickin[g] the most ineffectual class lawyers to *negotiate a settlement with the hope that the district court will approve a weak settlement that will preclude other claims against the defendant*.") (emphasis added). GoodRx cannot be allowed to divest this Court of jurisdiction through a settlement it entered into with non-appointed counsel that has the direct effect of harming Class members' interests.

An Order is necessary to prevent GoodRx from continuing to pursue this inadequate settlement negotiated in violation of the Court's Appointment Order that would, if successful, divest this Court of jurisdiction, as well as prevent all other attempts by GoodRx to do so in the future.

## CONCLUSION

Given the egregiousness of GoodRx's conduct, and the important matters at stake, Plaintiffs respectfully request that this Court retain its jurisdiction and take all steps necessary to that end, including entering an order: (1) requiring GoodRx to cease litigation of, or alternatively file a motion to stay, the *Hodges* Action under the first-to-file rule; and (2) prohibiting GoodRx from seeking settlement with non-appointed counsel in violation of the Court's Appointment Order.

.

Dated: November 1, 2023

*Christian Levis*
Christian Levis (*pro hac vice*)
Amanda Fiorilla (*pro hac vice*)
Rachel Kesten (*pro hac vice*)
**LOWEY DANNENBERG, P.C.**
44 South Broadway, Suite 1100
White Plains, NY 10601
Telephone:   (914) 997-0500
Facsimile:    (914) 997-0035
clevis@lowey.com
afiorilla@lowey.com
rkesten@lowey.com

*Interim Co-Lead Counsel*

L. Timothy Fisher (SBN 191626)
Jenna L. Gavenman (SBN 348510)
**BURSOR & FISHER, P.A.**

1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone:   (925) 300-4455
Facsimile:   (925) 407-2700
E-mail: ltfisher@bursor.com
E-mail: jgavenman@bursor.com

*Interim Co-Lead Counsel*

Robert C. Schubert #62684
Willem F. Jonckheer #178748
Amber L. Schubert #278696
**SCHUBERT JONCKHEER & KOLBE LLP**
2001 Union Street, Suite 200
San Francisco, CA 94123
Tel: (415) 788-4220
Fax: (415) 788-0161
rschubert@sjk.law
wjonckheer@sjk.law
ascubert@sjk.law

Mark L. Javitch (CA SBN 323729)
mark@javitchlawoffice.com
**JAVITCH LAW OFFICE**
3 East 3rd Ave., Suite 200
San Mateo, CA  94401
Telephone:   (650) 781-8000
Facsimile:   (650) 648-0705

Thomas A. Zimmerman, Jr. (*pro hac vice*)
tom@attorneyzim.com
**ZIMMERMAN LAW OFFICES, P.C.**
77 W. Washington Street, Suite 1220
Chicago, Illinois 60602
Telephone:   (312) 440-0020
Facsimile:   (312) 440-4180

Israel David (*pro hac vice*)
israel.david@davidllc.com
Blake Hunter Yagman (*pro hac vice*)
blake.yagman@davidllc.com
**ISRAEL DAVID LLC**
17 State Street, Suite 4010
New York, New York 10004
Telephone:   (212) 739-0622
Facsimile:   (212) 739-0628

Rebecca M. Hoberg
rhoberg@moyalawfirm.com
**MOYA LAW FIRM**
1300 Clay Street, Suite 600
Oakland, California 94612

Telephone:   (510) 926-6521

Jonathan Shub #237708
Benjamin F. Johns (*pro hac vice* forthcoming)
Samantha E. Holbrook (*pro hac vice* forthcoming)
**SHUB LAW FIRM LLC**
134 Kings Highway E
Haddonfield, NJ 08033
Telephone:   (856) 772-7200
Facsimile:    (856) 210-9088
jshub@shublawyers.com
bjohns@shublawyers.com
sholbrook@shublawyers.com