Christian Levis (*pro hac vice*)
Amanda Fiorilla (*pro hac vice*)
Rachel Kesten (*pro hac vice*)
**LOWEY DANNENBERG, P.C.**
44 South Broadway, Suite 1100
White Plains, NY 10601
Telephone: (914) 997-0500
Facsimile: (914) 997-0035
clevis@lowey.com
afiorilla@lowey.com
rkesten@lowey.com

L. Timothy Fisher (SBN 191626)
Neal J. Deckant (SBN 322946)
Jenna L. Gavenman (SBN 348510)
**BURSOR & FISHER, P.A.**
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
ltfisher@bursor.com
ndeckant@bursor.com
jgavenman@bursor.com

*Additional Counsel for Plaintiffs on Signature Page*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

JANE DOE, et al., individually and on behalf of all others similarly situated,

Plaintiffs,

v.

GOODRX HOLDINGS, INC., et al.,

Defendants.

Case No. 3:23-cv-00501-AMO

**PLAINTIFFS' REPLY TO GOODRX'S RESPONSE TO THE COURT'S ORDER TO SHOW CAUSE**

Date: November 14, 2023
Time: 2:30 p.m.
Courtroom 5, 2nd Floor (Oakland)

Hon. Araceli Martínez-Olguín

GoodRx attempts to fit its conduct within L.R. 3-13 by offering a misleading presentation of events. Once corrected, the facts not only support sanctions but also Plaintiffs' request for an order staying or requiring GoodRx to cease litigation of the *Hodges*[1] action to rectify the prejudice resulting from its misconduct. *See* ECF No. 151. The chronology of events here does not lie; it shows that the *Hodges* action and its settlement are part of a concerted effort to end-run this Court's jurisdiction.

## I. GoodRx Omits or Misrepresents Key Facts

GoodRx Misrepresented its Intent to Mediate: GoodRx admits that it has sought to resolve the claims with Milberg "for months" (*id.* at 2), well after Interim Class Counsel were appointed in July 2023. *See* ECF No. 112. During that period, GoodRx repeatedly represented to Interim Class Counsel, this Court, and the court-appointed mediator that any settlement discussions were premature. *See* ECF No. 80 at 19 (asserting settlement discussions were "premature"); ECF No. 105 at 5 (agreeing mediation "would be premature, and that the parties and mediator would benefit from waiting to schedule the mediation until after the anticipated motions ... are fully briefed and heard."); ECF No. 121 at 1 ("the Parties and the mediator all agreed that mediation would be premature at this juncture, and that all would benefit from postponing mediation until after the anticipated motions to compel arbitration, motions to stay, and motions to dismiss are fully briefed and heard"). While the parties agreed on these statements, only GoodRx violated those representations by settling with the *Hodges* plaintiffs who, prior to the date of the settlement, did not have any action pending anywhere in the country. *See Hodges* Action, ECF No. 7-1.

The *Hodges* Action is a Condition Precedent to Settlement: GoodRx executed the settlement agreement on October 27, 2023, the same day the *Hodges* complaint was filed. *See Hodges* Action, ECF No. 7-1 at 91. However, the agreement required the filing of this action well in advance. Indeed, Paragraph A.1 on the first page refers directly to the *Hodges* action. *Id.* at 53. Unless this 39-page agreement was negotiated, drafted, and agreed to in a single day after the complaint was filed, GoodRx knew this action was forthcoming. Accordingly, GoodRx should have informed the Court and Interim Class Counsel of the *Hodges* action *immediately*. Had GoodRx done so, Interim Class

[1] "*Hodges* action" refers to *Hodges v. GoodRx Holdings, LLC*, No. 1:23-cv-24127 (S.D. Fla.).

Counsel would have intervened in the *Hodges* action before preliminary approval was even filed.

GoodRx Concealed This Action From the Florida Court: While GoodRx's delay in notifying the Court and Interim Class Counsel of the *Hodges* action is inexcusable, it never notified the Florida court of the pendency of this case, either. The motion for approval in *Hodges* indicates that GoodRx "stated [its] non-opposition to this motion." *Hodges* Action, ECF No. 7 at 2. Signing off on a motion for preliminary approval of the *Hodges* settlement without alerting the Florida court about this action is misleading. There is no good-faith explanation for this omission as GoodRx is represented by the same counsel in both actions. *See* ECF No. 159 at 12 (indicating Martin L. Roth, Olivia Adendorff, and Alyssa C. Kalisky as counsel for GoodRx); *Hodges* Action, ECF No. 7-1 at 91 (showing the same three attorneys signed the settlement agreement).

A further indicia of bath faith, Milberg (with GoodRx's blessing) represented to Judge Bloom that their motion for settlement was "unopposed" in violation of S.D. Fla. L.R. 7.1(a)(3). This rule requires conferring with all "non-parties who may be affected by the relief sought in the motion." *Id.* GoodRx failed to contact Interim Class Counsel—a clear "affected" party—before moving for approval of the *Hodges* settlement. As did Milberg, who contacted Interim Class Counsel on October 30, 2023 (*see* Declaration of L. Timothy Fisher ("Fisher Decl.") ¶ 11) only *after* the *Hodges* plaintiffs moved for preliminary approval. *See* Ex. 4 to the Declaration of Christian Levis, at 2 ("Levis Decl."). As a result, Interim Class Counsel was denied adequate opportunity to timely oppose the motion, and have since filed a motion to intervene to address the issue (*see Hodges* Action, ECF No. 9), and Judge Bloom has issued a similar order to show cause as to why Milberg should not be sanctioned.

While GoodRx and Milberg did not follow S.D. Fla. L.R. 7.1, Interim Class Counsel did. GoodRx omits from its response that prior to filing its motion to intervene in *Hodges*, Interim Counsel emailed GoodRx's counsel to request consent for that filing. *See* Ex. 1 to Levis Decl.. Interim Class Counsel never received a response from GoodRx. Instead, an hour later, GoodRx filed its Notice of Settlement on this docket. It was Interim Class Counsel's message (not GoodRx's desire for compliance with the rules) that led to this Court learning of the *Hodges* action.

Interim Class Counsel Were Never Asked to Participate in the Settlement: GoodRx falsely claims that Interim Class Counsel were invited to "participate" in the *Hodges* settlement and that it

acted promptly once they declined. *See* GoodRx Br. at 3. To be clear: GoodRx and Milberg failed to inform Interim Class Counsel of their negotiations and never invited Interim Class Counsel to "participate" in the settlement discussions at any point. *See* Fisher Decl. ¶ 11. Milberg only contacted Interim Class Counsel after the *Hodges* settlement was signed and preliminary approval papers were filed. *Id.*; *see also* Ex. 4 to Levis Decl. at 2. By that time, there was no opportunity for Interim Lead Counsel to meaningfully participate in the negotiations on behalf of the Class.

What GoodRx refers to as "participation" is really a quid-pro-quo. After Interim Class Counsel notified Milberg and GoodRx of their intent to intervene in the Florida action in compliance with S.D. Fla. L.R. 7.1, Milberg offered that Interim Class Counsel could "participate" in the settlement by sharing in the attorney's fees if they agreed not challenge the deal. Fisher Decl. ¶ 13; Levis Decl. ¶ 9. As fiduciaries to the class, Interim Class Counsel declined. *See* Levis Decl. ¶ 10.

## II. No Case Supports GoodRx's Conduct in This Case

GoodRx argues that regardless of whether it complied with L.R. 3-13, Plaintiffs are not prejudiced because class actions regularly proceed in "parallel" and settle separately. GoodRx Br. at 7. But none of the cases GoodRx relies on involve a situation where Interim Class Counsel was already appointed under Fed. R. Civ. P. 23(g). *See Tuttle v. Audiophile Music Direct Inc.*, 2023 WL 3318699, at *2 (W.D. Wash. May 9, 2023) (approving settlement where no lead counsel was ever appointed in any of the actions before the settlement was reached); *CO Craft, LLC v. Grubhub Inc.*, 2023 WL 3763525, at *9 (D. Colo. June 1, 2023) (same); *Swinton v. SquareTrade, Inc.*, 454 F. Supp. 3d 848, 877 (S.D. Iowa 2020) (same); *Cochran v. Kroger Co.*, 2022 WL 2126696, at *2 (N.D. Cal. Mar. 24, 2022) (same); *Maree*[2] *v. Deutsche Lufthansa AG*, 2023 WL 2563914, at *7–8 (C.D. Cal. Feb. 13, 2023) (same).[3]

---

[2] *Maree* concerned similar class actions filed within ***two days*** of each other and no lead counsel were appointed in either. Nevertheless, the Court denied preliminary approval the first time it was sought in *Maree* because plaintiffs' counsel in the other case was not informed of these negotiations, which "undermine[d] the Court's confidence in the [settlement] process." *See* 8:20-cv-00885, ECF No. 161.

[3] *Gallucci v. Boiron, Inc.*, 3:11-CV-02039 (S.D. Cal.) is inapposite because the settlement in *Gallucci* involved a different product, and it specifically excluded that product at issue in the parallel case. *See* Motion for Settlement, *Gallucci v. Boiron, Inc.*, 3:11-CV-02039 (S.D. Cal.), ECF No. 64-1 at 9.

Nor is this an instance of actual "parallel" litigation, where multiple cases are filed around the same time and litigated in multiple jurisdictions. Unlike those instances, the *Hodges* action was already settled at the time it was filed, and never litigated in "parallel" in with this case.

These distinctions are significant. Plaintiffs are unaware of any decision endorsing GoodRx's position that it can disregard who is appointed class counsel. GoodRx's interpretation of the law would lead to an absurd result where Rule 23(g) would be meaningless, and any firm could claim to represent the class simply by filing a new action. This cannot be the law. *See Sharp Farms v. Speaks*, 917 F.3d 276, 292 (4th Cir. 2019) (reversing decision to certify settlement class where it "did not meaningfully grapple with [the issue that] the [settling] parties had engaged in collusive conduct" where these parties "intentionally and deliberately negotiated a settlement" while "the only counsel authorized to represent the interests of that class" was counsel in another action).

GoodRx's claim that its conduct is consistent with how class actions operate is also belied by the facts. If it were true that GoodRx's and Milberg's behavior is standard for the industry, they would not have gone to such great lengths to conceal the *Hodges* action and its settlement from Interim Class Counsel and this Court. They would not have hidden the existence of this action from the court in Florida, and misleadingly filed their motion as "unopposed" to increase the chance of rapid approval. They would not have declined to file a "Notice of Pendency of Other Action or Proceeding" despite knowing of the *Hodges* action in violation of the Local Rules. They would have filed *Hodges* in California, where the consolidated action is pending and not in the Southern District of Florida (the farthest you can get from here without going to the District of Puerto Rico). And they would not have tried to bribe Interim Class Counsel to support an objectively bad deal for the class.[4]

### III. Objecting to the *Hodges* Settlement is Not an Adequate Remedy

GoodRx's argument that there is no prejudice to Plaintiffs because they remain free to opt out or object to the *Hodges* settlement is astounding. Response at 6-7. GoodRx and Milberg only obtained approval of this settlement by deceit when they filed their papers as "unopposed" and did

[4] GoodRx's assertion that Interim Class Counsel is merely upset that it lost out on fees is inconsistent with these facts. If Interim Class Counsel were motivated by money, they could have (but did not) taken Milberg up on its offer to accept a cash payment not to intervene.

not file a Notice of Pendency of Other Action or Proceeding on this docket. Plaintiffs and Class members should not be forced to bear the burden of this unjust deal by following the opt-out or objection process that should never have been approved in the first place. *See Boren v. Am. Nat'l. In.*, 1:06-cv-00294, ECF No. 44 (W.D. Tex.) (*sua sponte* transferring action pursuant to first-filed-rule despite previously granting preliminary approval prior to notice of earlier filed case).

Indeed, as Milberg itself admits, "Plaintiffs and other Class Members" damages "are relatively small compared to the burden and expense that would be entitled by individual litigation against GoodRx." *Hodges* Action, ECF No. 7 at 28. Forcing Plaintiffs to accept a bad settlement or forego the right to pursue relief on a class wide basis altogether is the opposite of an "adequate remedy"—it is prejudicial. This is why the Court in *Perkins v. Am. Nat. Ins. Co.*, 446 F. Supp. 2d 1350, 1353-54 (M.D. Ga. 2006)—faced with nearly identical circumstances—utilized the All Writs Act to order defendant to enter a stay on the docket where it was seeking preliminary approval.[5]

## IV. Sanctions Are Warranted

GoodRx's failure to file a Notice of Pendency of Other Action or Proceeding in compliance with Local Rule 3-13 is just one of the many steps GoodRx took to hide the *Hodges* action from Interim Class Counsel and this Court. Its argument now that the "Notice of Nationwide Class Settlement" it filed was simply mislabeled is not credible in light of the other actions described above. Far from a mere "technical infraction," GoodRx failed to provide notice as part of a plan to dispose of the claims here for an unconscionably low price. That warrants sanctions.[6]

---

[5] *Mandel v. Grande Cosms., LLC*, 2023 WL 7109893, at *1 (N.D. Cal. Oct. 27, 2023) and *Negrete v. Allianz Life Ins. Co. of North America*, 523 F.3d 1091, 1099 (9th Cir. 2008) are distinguishable. Neither case involved appointed counsel or the type of clear collusive efforts (and violations of local rules) demonstrated here. *See* 523 F.3d at 1103 (denying injunction because there was no "evidence of collusive procedures); 2023 WL 7109893, at *1 (same).

[6] *Utne v. Home Depot U.S.A., Inc.*, 2022 WL 1443339, at *4 (N.D. Cal. May 6, 2022), which GoodRx relies on (Response at 6), is also distinguishable. There, defendant had repeatedly sought to rectify its violation of L.R. 3-13 by offering to "stipulate to conditions on any settlement in the other cases to protect any damages in [the current] case." The exact opposite is true here—GoodRx wants to not only eliminate damages, but this Court's jurisdiction altogether.

Dated: November 10, 2023 /s/ L. Timothy Fisher

L. Timothy Fisher (SBN 191626)
Neal J. Deckant (SBN 322946)
Jenna L. Gavenman (SBN 348510)
**BURSOR & FISHER, P.A.**
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-mail: ltfisher@bursor.com
E-mail: ndeckant@bursor.com
E-mail: jgavenman@bursor.com

*Interim Co-Lead Counsel*

Christian Levis (*pro hac vice*)
Amanda Fiorilla (*pro hac vice*)
Rachel Kesten (*pro hac vice*)
**LOWEY DANNENBERG, P.C.**
44 South Broadway, Suite 1100
White Plains, NY 10601
Telephone: (914) 997-0500
Facsimile: (914) 997-0035
clevis@lowey.com
afiorilla@lowey.com
rkesten@lowey.com

*Interim Co-Lead Counsel*

Robert C. Schubert #62684
Willem F. Jonckheer #178748
Amber L. Schubert #278696
**SCHUBERT JONCKHEER & KOLBE LLP**
2001 Union Street, Suite 200
San Francisco, CA 94123
Tel: (415) 788-4220
Fax: (415) 788-0161
rschubert@sjk.law
wjonckheer@sjk.law
ascubert@sjk.law

Mark L. Javitch (CA SBN 323729)
mark@javitchlawoffice.com
**JAVITCH LAW OFFICE**
3 East 3rd Ave., Suite 200
San Mateo, CA 94401
Telephone: (650) 781-8000
Facsimile: (650) 648-0705

Israel David (*pro hac vice)*
israel.david@davidllc.com
Blake Hunter Yagman (*pro hac vice)*
blake.yagman@davidllc.com
**ISRAEL DAVID LLC**
17 State Street, Suite 4010
New York, New York 10004
Telephone: (212) 739-0622
Facsimile: (212) 739-0628

Rebecca M. Hoberg
rhoberg@moyalawfirm.com
**MOYA LAW FIRM**
1300 Clay Street, Suite 600
Oakland, California 94612
Telephone: (510) 926-6521

Jonathan Shub #237708
Benjamin F. Johns (*pro hac vice* forthcoming)
Samantha E. Holbrook (*pro hac vice* forthcoming)
**SHUB LAW FIRM LLC**
134 Kings Highway E
Haddonfield, NJ 08033
Telephone: (856) 772-7200
Facsimile: (856) 210-9088
jshub@shublawyers.com
bjohns@shublawyers.com
sholbrook@shublawyers.com