Martin L. Roth (admitted *pro hac vice*)
martin.roth@kirkland.com
Alyssa C. Kalisky (admitted *pro hac vice*)
alyssa.kalisky@kirkland.com
KIRKLAND & ELLIS LLP
300 N. LaSalle
Chicago, IL 60654
Telephone:     (312) 862-2000
Facsimile:      (312) 862-2200

Olivia Adendorff (admitted *pro hac vice*)
olivia.adendorff@kirkland.com
KIRKLAND & ELLIS LLP
4550 Travis Street
Dallas, TX 74205
Telephone:     (214) 972-1758
Facsimile:      (214) 972-1771

Michael J. Shipley (SBN 233674)
mshipley@kirkland.com
KIRKLAND & ELLIS LLP
555 South Flower Street, Suite 3700
Los Angeles, CA 90071
Telephone:     (213) 680-8400
Facsimile:      (213) 680-8500

*Attorneys for Defendant*
*GoodRx Holdings, Inc.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| JANE DOE, JANE DOE II, JOHN DOE, E.C., JOSE MARQUEZ, and HOLLIS WILSON, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GOODRX HOLDINGS, INC., CRITEO CORP., META PLATFORMS, INC., AND GOOGLE LLC,<br><br>Defendants. | CASE NO. 3:23-CV-00501-AMO<br><br>**DECLARATION OF MARTIN L. ROTH IN SUPPORT OF DEFENDANT GOODRX HOLDINGS, INC.'S OPPOSITION TO PLAINTIFFS' MOTION FOR ORDER ENJOINING DEFENDANT GOODRX**<br><br>Judge:           Honorable Araceli Martínez-Olguín<br>Action Filed:  May 26, 2023<br>Hearing Date: December 14, 2023<br>Time:            2:00 PM<br>Courtroom:   10, 19th Floor |

# DECLARATION OF MARTIN L. ROTH

I, Martin L. Roth, declare as follows:

1. I am an attorney at the law firm of Kirkland & Ellis LLP and counsel to GoodRx Holdings, Inc. ("GoodRx") in the above-captioned matter. The Court granted my application to appear *pro hac vice* on February 24, 2023.

2. I submit this declaration in support of Defendant GoodRx Holdings, Inc.'s Opposition to Plaintiffs' Motion for Order Enjoining Defendant GoodRx.

3. I have personal knowledge of the matters in this declaration, and I am competent to testify to the matters set forth below.

4. Beginning in late March 2023, attorneys at Milberg Coleman Bryson Phillips Grossman, PLLC ("Milberg") contacted Defendant GoodRx and its counsel and advised that they had been retained by well over 2,500 of GoodRx customers that each intended to pursue individual arbitration against GoodRx. Specifically, GoodRx began receiving batches of individual letters from Milberg, notifying GoodRx of "Individual Consumer Disputes." For months, before the Court had even appointed interim lead counsel in this case, GoodRx and Milberg engaged in private and confidential discussions related to the mass arbitration threat. These discussions entailed confidential settlement negotiations with the aid of a highly experienced and well-respected mediator, for potential resolution of Milberg's mass arbitration threat and potential class litigation so that the matter could be settled on a global basis.

5. The settlement in *Hodges v. GoodRx Holdings, Inc.*, Case No. 1:23-cv-24127 (S.D. Fla.) ("*Hodges*") arose after a seven-month long negotiation process that started with a demand of mass arbitration leading to two full-day mediation sessions resulting in an effort to achieve a global resolution. The parties participated in extensive, full-day mediation sessions on July 13, 2023 and again on August 11, 2023. Before those mediation sessions, the parties fully briefed the relevant issues, resulting in informed and meaningful mediations. Given the efforts of both parties and the guidance of Mr. Picker, the parties were able to reach a fair and reasonable settlement that was only finalized and executed on October 27, 2023 after months of drafting and negotiations.

6. On October 27, 2023, the parties to the *Hodges v. GoodRx Holdings, Inc.*, Case No. 1:23-cv-24127 (S.D. Fla.) action executed an agreement for a nationwide class settlement that was reached as

a result of the mass arbitration threat and extensive efforts to address that threat. Attached hereto as **Exhibit 1** is a true and correct copy of the Declaration of Jonathan Cohen in Support of Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement filed in *Hodges*, to which a true and correct copy of the class settlement in that action is attached.

7. As GoodRx counsel, I was involved in and attended the confidential settlement negotiations and mediations that led to the *Hodges* settlement. The *Hodges* settlement was the result of a hard-fought, arms-length negotiation reached with the guidance and assistance of a well-respected mediator. GoodRx did not choose to negotiate with Milberg because of any perceived ineffectiveness.

8. In contrast, Plaintiffs in this action never approached GoodRx to express any interest in engaging in mediation or settlement discussions. In fact, Plaintiffs in this matter refused to agree that any of their claims were subject to the arbitration clause in GoodRx's Terms of Use and instead sought to aggressively pursue sprawling claims on a classwide basis. In light of the parties' disagreement as to these threshold issues, on April 27, 2023, the parties jointly submitted a statement stating that all "the parties" believed settlement discussions to be premature at that time given the anticipated motions. Dkt 80. On April 28, 2023, the Court referred the parties to court-ordered mediation. Dkt. 81. Three days later, on May 1, 2023, Plaintiffs' counsel submitted a response indicating that they did not "agree to participate in ADR," but rather would "prefer to discuss ADR selection" with the Court. Dkt. 82. After the Court's order referring this case to mediation, GoodRx participated in the initial pre-mediation call, and all parties agreed to schedule the mediation after decisions on preliminary forthcoming motions, including motions to compel arbitration and motions to dismiss.

9. On October 27, 2023, a Class Action Complaint was filed in *Hodges v. GoodRx Holdings, Inc.*, Case No. 1:23-cv-24127 (S.D. Fla.) (Dkt. 1) by attorneys at Milberg Coleman Bryson Phillips Grossman, PLLC and Whitefield Coleman & Montoya. Attached hereto as **Exhibit 2** is a true and correct copy of the Plaintiffs' Complaint.

10. On Monday, October 30, 2023, the plaintiffs in *Hodges v. GoodRx Holdings, Inc.*, Case No. 1:23-cv-24127 (S.D. Fla.) filed Plaintiffs' Unopposed Motion and Memorandum in Support of Preliminary Approval of Class Action Settlement (Dkt. 4). Attached hereto as **Exhibit 3** is a true and

2

DECLARATION OF MARTIN L. ROTH IN SUPPORT OF OPPOSITION TO PLAINTIFFS' MOTION FOR ORDER ENJOINING DEFENDANT GOODRX – CASE NO. 3:23-CV-00501-AMO

correct copy of the Plaintiffs' Unopposed Motion and Memorandum in Support of Preliminary Approval of Class Action Settlement.

11. On October 31, 2023, the court in *Hodges v. GoodRx Holdings, Inc.*, Case No. 1:23-cv-24127 (S.D. Fla.) issued an Order granting Plaintiffs' Motion for Preliminary Approval of Class Action Settlement (Dkt. 8). Attached hereto as **Exhibit 4** is a true and correct copy of the Order granting Plaintiffs' Motion for Preliminary Approval of Class Action Settlement.

12. I understand that plaintiffs' counsel in *Hodges* reached out to the *Doe* Plaintiffs' counsel to alert them of the *Hodges* matter on October 30, 2023, the next business day after the Class Action Complaint in *Hodges* was filed.

13. I also understand that counsel for both sets of plaintiffs had discussions to determine whether the *Doe* Plaintiffs' counsel would participate in the *Hodges* settlement.

14. GoodRx gave both sets of plaintiffs' counsel time to discuss before taking further action. Then, once GoodRx learned that the *Doe* Plaintiffs' counsel had declined to participate in the *Hodges* settlement, and intended to object to it instead, GoodRx immediately notified the Court of the *Hodges* action by filing Defendant GoodRx Holdings, Inc.'s Notice of Nationwide Class Settlement on November 1, 2023 (Dkt. 150).

15. On November 2, 2023, Plaintiffs in this action filed a Motion to Intervene, Motion to Transfer, and Motion to Reconsider/Opposition to Preliminary Approval in *Hodges v. GoodRx Holdings, Inc.*, Case No. 1:23-cv-24127 (Dkt. 9) (S.D. Fla.). Attached hereto as **Exhibit 5** is a true and correct copy of the *Jane Doe* Plaintiffs' Motion to Intervene, Motion to Transfer, and Motion to Reconsider/Opposition to Preliminary Approval.

16. On November 9, 2023, plaintiffs in *Hodges v. GoodRx Holdings, Inc.*, Case No. 1:23-cv-24127 (S.D. Fla.) filed a Combined Response to (1) Proposed Intervenors' Motion to Intervene, Transfer, and Reconsider/Opposition to Preliminary Approval, and (2) Order to Show Cause Regarding Motion to Intervene. (Dkt. 14). Attached hereto as **Exhibit 6** is a true and correct copy of the *Hodges* plaintiffs' Combined Response to (1) Proposed Intervenors' Motion to Intervene, Transfer, and

3

DECLARATION OF MARTIN L. ROTH IN SUPPORT OF OPPOSITION TO PLAINTIFFS' MOTION FOR ORDER ENJOINING DEFENDANT GOODRX – CASE NO. 3:23-CV-00501-AMO

Reconsider/Opposition to Preliminary Approval, and (2) Order to Show Cause Regarding Motion to Intervene.

17. Attached hereto as **Exhibit 7** is a true and correct copy of the Order Granting Defendant's Motion to Stay Pending Disposition of Nationwide Class Settlement Proceedings filed in *Angus, et al. v. Flagstar Bank, FSB*, No. 2:21-cv-10657-AJT-DRG, Dkt. 46 at 2–3 n.2 (E.D. Mich. Sept. 21, 2021) pulled from the court's CM/ECF system.

18. Attached hereto as **Exhibit 8** is a true and correct copy of the Final Settlement Approval and Order Granting in Part and Denying in Part Motion for Attorneys' Fees filed in *Adkins v. Facebook, Inc.*, No. 18-cv-05982-WHA, Dkt. 350 (N.D. Cal. May 6, 2021) pulled from the court's CM/ECF system.

19. Attached hereto as **Exhibit 9** is a true and correct copy of the Order Regarding Settlement of Attorneys' Fees and Litigation Costs filed in *Adkins v. Facebook, Inc.*, No. 18-cv-05982-WHA, Dkt. 369 (N.D. Cal. July 13, 2021) pulled from the court's CM/ECF system.

20. Attached hereto as **Exhibit 10** is a true and correct copy of the Final Order and Judgment filed in *Anthony Williams et al. v. Facebook Inc.*, No. 3:18-cv-01881-RS, Dkt. 261 (N.D. Cal. Oct. 20, 2022) pulled from the court's CM/ECF system.

21. Attached hereto as **Exhibit 11** is a true and correct copy of the Amended Class Action Settlement filed in *Ambrose v. Boston Globe Media Partners, LLC*, No. 1:22-cv-10195-RGS, Dkt. 51 (D. Mass. May 24, 2023) pulled from the court's CM/ECF system.

22. Attached hereto as **Exhibit 12** is a true and correct copy of the Order Granting Preliminary Approval of Class Action Settlement filed in *Keefe John et al. v. Froedtert Health, Inc.*, No. 2023-cv-001935, Dkt. 32 (Wis. Cir. Ct. June 2, 2023) pulled from the court's online docket.

23. Attached hereto as **Exhibit 13** is a true and correct copy of the Order Granting Preliminary Approval of Class Settlement filed in *In re Advocate Aurora Health Pixel Litigation*, No. 2:22-cv-01253-JPS, Dkt. 36 (E.D. Wisc. Aug. 21, 2023) pulled from the court's CM/ECF system.

24. Attached hereto as **Exhibit 14** is a true and correct copy of the Order Granting Preliminary Approval of Class Settlement filed in *In re: Novant Health, Inc.*, No. 1:22-cv-00697, Dkt. 55 (M.D.N.C. Nov. 6, 2023) pulled from the court's CM/ECF system.

4

DECLARATION OF MARTIN L. ROTH IN SUPPORT OF OPPOSITION TO PLAINTIFFS' MOTION FOR ORDER ENJOINING DEFENDANT GOODRX – CASE NO. 3:23-CV-00501-AMO

25. Attached hereto as **Exhibit 15** is a true and correct copy of the Order Granting Final Settlement Approval filed in *Maree v. Deutsche Lufthansa AG*, No. 8:20-cv-00885-SVW-MRW, Dkt. 222 (C.D. Cal. Aug. 21, 2023) pulled from the court's CM/ECF system.

26. Attached hereto as **Exhibit 16** is a true and correct copy of the Motion to Intervene and in Opposition to Preliminary Approval of Class Action Settlement filed in *Cochran v. Kroger Co.*, No. 5:21-CV-01887-EJD, Dkt. 57 (N.D. Cal. July 30, 2021) pulled from the court's CM/ECF system.

27. Attached hereto as **Exhibit 17** is a true and correct copy of the Order Denying Motion to Intervene filed in *Cochran v. Kroger Co.*, No. 5:21-CV-01887-EJD, Dkt. 99 (N.D. Cal. Nov. 5, 2021) pulled from the court's CM/ECF system.

28. Attached hereto as **Exhibit 18** is a true and correct copy of the Objection of Class Members to Final Approval of Class Action Settlement filed in *Gallucci v. Boiron, Inc.*, No. 3:11-cv-02039-JAH-NLS, Dkt. 96 (S.D. Cal. July 27, 2012) pulled from the court's CM/ECF system.

29. Attached hereto as **Exhibit 19** is a true and correct copy of the Motion by Third Parties to Intervene as Party Plaintiffs and/or for a Stay of the Settlement filed in *Tuttle v. Audiophile Music Direct Inc.*, No. 2:22-cv-1081-JLR, Dkt. 23 (W.D. Wash. Jan. 27, 2023) pulled from the court's CM/ECF system.

30. Attached hereto as **Exhibit 20** is a true and correct copy of the Joint Declaration in Support of Movants Motion to Intervene filed in *Tuttle v. Audiophile Music Direct Inc.*, No. 2:22-cv-1081-JLR, Dkt. 24 (W.D. Wash. Jan. 27, 2023) pulled from the court's CM/ECF system.

31. Attached hereto as **Exhibit 21** is a true and correct copy of the Memorandum of Law in Support of Plaintiff's Motion for Preliminary Approval of Class Action Settlement filed in *In re: GE/CBPS Data Breach Litigation*, Case No. 1:20-cv-02903, Dkt. 92 (S.D.N.Y. Aug. 15, 2023) pulled from the court's CM/ECF system.

32. Attached hereto as **Exhibit 22** is a true and correct copy of the Final Judgment and Order of Dismissal with Prejudice filed in *In re: GE/CBPS Data Breach Litigation*, Case No. 1:20-cv-02903, Dkt. 123 (S.D.N.Y. Mar. 28, 2023) pulled from the court's CM/ECF system.

33. Attached hereto as **Exhibit 23** is a true and correct copy of the Order Appointing Lead Plaintiff and Approving Selection of Counsel filed in *Primo v. Pacific Biosciences of Cal., Inc.*, No. 4:11-cv-06599-CW, Dkt. 23 (N.D. Cal. Apr. 6, 2012) pulled from the Court's CM/ECF system.

I declare under penalty of perjury that the foregoing is true and correct and was executed on November 13, 2023, in Chicago, Illinois

Dated:  November 13, 2023

*/s/ Martin L. Roth*
Martin L. Roth (admitted *pro hac vice*)

6

Declaration of Martin L. Roth in Support of Opposition to Plaintiffs' Motion for Order Enjoining Defendant GoodRx – case no. 3:23-cv-00501-AMO