1

**BURSOR & FISHER, P.A.**
L. Timothy Fisher (SBN 191626)
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Tel: (925) 300-4455
Email: ltfisher@bursor.com

**KIRKLAND & ELLIS LLP**
Michael J. Shipley (SBN 233674)
555 South Flower Street, Suite 3700
Los Angeles, CA 90071
Tel: (213) 680-8400
Email: mshipley@kirkland.com

2

3

4

**LOWEY DANNENBERG, P.C.**
Christian Levis (*pro hac vice*)
44 South Broadway, Suite 1100
White Plains, NY 10601
Tel: (914) 997-0500
Email: clevis@lowey.com

5

6

7

8

(Additional Counsel Listed on Signature Page)

9

10

## UNITED STATES DISTRICT COURT

11

## NORTHERN DISTRICT OF CALIFORNIA

12

## SAN FRANCISCO

13

14

15

JANE DOE, JANE DOE II, JOHN DOE, E.C., JOSE MARQUEZ, and HOLLIS WILSON, individually and on behalf of all others similarly situated

16

Plaintiff,

17

vs.

18

GOODRX HOLDINGS, INC., CRITEO CORP., META PLATFORMS, INC., and GOOGLE LLC

19

20

Defendant.

Case No. 3:23-cv-00501-AMO

**INTERIM STIPULATED PROTECTIVE ORDER**

Judge:        Honorable Araceli Martínez-Olguín
Action Filed: May 26, 2023
Courtroom:   10, 19th Floor

21

22

23

24

25

26

27

28

1   WHEREAS, Plaintiffs and GoodRx Holdings, Inc. ("GoodRx") (together with Plaintiffs,

2   "the Parties") hereto desire to obtain a protective order to govern the production of information and

3   tangible things for the purposes of engaging in Court mandated mediation and in order to prevent

4   inappropriate dissemination or inappropriate disclosure of information and tangible things; which

5   are believed to be confidential and proprietary by the holder thereof; and

6   WHEREAS, such information and tangible things likely will include, among other things,

7   sensitive, confidential, proprietary, trade secret, and/or private information;

8   WHEREAS, if this litigation continues beyond mediation, Plaintiffs and GoodRx agree that

9   it would be appropriate at that time to enter a subsequent protective order that will supersede this

10  Order and govern the production of information and tangible things in this Action;

11  WHEREAS, regardless of whether a subsequent protective order should be entered that

12  supersedes this Order, Plaintiffs and GoodRx agree that materials produced solely for the purposes

13  of engaging in the Court mandated mediation are still subject to all applicable objections and

14  privileges in this case, including but not limited to Federal Rule of Evidence 408 and the federal

15  mediation privilege, absent any agreement between the parties expressly withdrawing or waiving

16  such privileges;

17  IT IS HEREBY STIPULATED, and subject to the Court's approval, pursuant to Federal

18  Rules of Civil Procedure, Rule 26(c), that the following provisions govern the disclosure and

19  discovery of information and tangible things between Plaintiffs and GoodRx for the purposes of

20  mediation.

21  1.   <u>PURPOSES AND LIMITATIONS</u>

22  Disclosure and discovery activity in this action are likely to involve production of

23  confidential, proprietary, trade secret, or private information for which special protection from

24  public disclosure and from use for any purpose other than prosecuting this litigation may be

25  warranted.  Accordingly, the Parties hereby stipulate to and petition the Court to enter the

26  following Stipulated Protective Order.  The Parties acknowledge that this Stipulated Protective

27  Order does not confer blanket protections on all disclosures or responses to discovery and that the

28  protection it affords from public disclosure and use extends only to the limited information or

tangible things that are entitled to confidential treatment under the applicable legal principles.  The Parties further acknowledge, as set forth in Section 12.5, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 and the Court's Standing Order set forth the procedures that must be followed and the standards that will be applied when a Party seeks permission from the Court to file material under seal.

2.    DEFINITIONS

2.1    Challenging Party: a Party or Non-Party that challenges the designation of Disclosure or Discovery Material under this Stipulated Protective Order.

2.2    "CONFIDENTIAL" Protected Material: Disclosure or Discovery Material (regardless of how it is generated, stored or maintained) that qualifies for protection under Federal Rule of Civil Procedure 26(c), or the disclosure of which may cause harm to a Party or Non-Party.

2.3    Counsel (without qualifier): Outside Counsel of Record and In-House Counsel (as well as their support staff).

2.4    Designating Party: a Party or Non-Party that designates Disclosure or Discovery Material that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY".

2.5    Disclosure or Discovery Material: all information and tangible things, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, documents, testimony, and transcripts), that are produced, disclosed, generated, or used in disclosures or responses to discovery in this matter.

2.6    Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a current employee or contractor of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee or contractor of a Party or of a Party's competitor.

2.7    "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Protected Material: sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that the producing party deems could not be

avoided by less restrictive means, including but not limited to: proprietary research, design and development materials for products and/or services, sensitive products and/or services, sensitive financial or technical material, and strategic decision-making information.

2.8    In-House Counsel: attorneys who are members in good standing of at least one United States state bar and who are employees of a Party.  In-House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9    Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.10   Outside Counsel of Record: attorneys who are not employees of a Party but are retained to represent or advise a Party and have appeared in this action on behalf of that Party (as well as their support staff).

2.11   Party: any party to this action, including all of its officers, directors, employees, and Outside Counsel (and their support staffs).

2.12   Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.13   Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium, and professional jury or trial consultants) and their employees and subcontractors, who (1) have been retained by a Party or its counsel to provide litigation support services with respect to this action, (2) are (including any employees and subcontractors) not a current employee of a Party or of a Party's competitor, and (3) at the time of retention, are not anticipated to become an employee of a Party or of a Party's competitor[1].

2.14   Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.15   Receiving Party: a Party that receives Disclosure or Discovery Material from a

---

[1] If a Party wishes to retain a Professional Vendor that was previously a past employee of that same Party, the retaining Party is permitted to waive the requirements in 2.13(2) and 2.13(3).

1  Producing Party.

2  3.  <u>SCOPE</u>

3      The protections conferred by this Stipulated Protective Order cover not only Protected

4  Material (as defined above), but also (1) any information copied or extracted from Protected

5  Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any

6  testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected

7  Material.  However, the protections conferred by this Stipulated Protective Order do not cover the

8  following information: any information that is in the public domain at the time of disclosure to a

9  Receiving Party or becomes part of the public domain, including becoming part of the public

10  record through trial or otherwise, after its disclosure to a Receiving Party as a result of publication

11  not involving a violation of this Stipulated Protective Order, any court's Order, unlawful conduct,

12  or a breach of any confidentiality obligation otherwise owed to the Designating Party.  If the

13  accuracy of information is confirmed only through the review of Protected Material, then the

14  information will not be considered to be in the public domain.  For example, unsubstantiated

15  media speculations or rumors that are later confirmed to be accurate through access to Protected

16  Material are not "public domain" information.  Such information is included in the definition of

17  "Protected Material" set forth in Section 2.14 above.  Protected Material that has been made

18  public through the violation of a court order or the violation of a duty of confidentiality shall still

19  be considered "Protected Material" as defined in Section 2.14 above and be afforded the same

20  protections applicable to Protected Material in this Stipulated Protective Order. In this litigation,

21  Parties may not use Protected Material produced and/or provided in other past, current, or future

22  litigation(s) involving the Designating Party; including information copied or extracted from such

23  Protected Material; copies, excerpts, summaries, or compilations of such Protected Material; and

24  any testimony, conversations, or presentations by Parties or their Counsel that might reveal such

25  Protected Material. Similarly, Protected Material produced and/or provided in this litigation may

26  not be used in other past, current, or future litigation involving the Designating Party. Any use of

27  Protected Material at trial will be governed by a separate agreement or order.  This Stipulated

28  Protective Order is not intended to, and does not, govern the inspection of source code. Should

1   source code become relevant to this action and require inspection, the parties agree such

2   inspection will be governed by a separate agreement or order and the parties agree to meet and

3   confer on a separate protective order governing source code.

4   4.   DURATION

5   Even after final disposition of this litigation, the confidentiality obligations imposed by

6   this Stipulated Protective Order remain in effect until a Designating Party agrees otherwise in

7   writing or a Court order otherwise directs.  Final disposition will be deemed to be the later of (1)

8   dismissal of all claims and defenses in this action, with or without prejudice; or (2) entry of a final

9   judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or

10   reviews of this action, including the time limits for filing any motions or applications for extension

11   of time pursuant to applicable law and the time limits for filing a petition for writ of certiorari to

12   the Supreme Court of the United States if applicable.

13   5.   DESIGNATING PROTECTED MATERIAL

14   5.1   Exercise of Restraint and Care in Designating Material for Protection.  Each Party or

15   Non-Party that designates Disclosure or Discovery Material for protection under this Stipulated

16   Protective Order must take care to limit any such designation to specific material that qualifies

17   under the appropriate standards.

18   If it comes to a Designating Party's attention that Disclosure or Discovery Material that it

19   designated for protection does not qualify for protection at all or does not qualify for the level of

20   protection initially asserted, that Designating Party must promptly notify all other Parties that it is

21   withdrawing the mistaken designation.

22   5.2   Manner and Timing of Designations.  Except as otherwise provided in this

23   Stipulated Protective Order (see, e.g., second paragraph of Section 5.2(a) below), or as otherwise

24   stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this

25   Stipulated Protective Order must be clearly so designated before the material is disclosed or

26   produced, subject to Section 5.3.

27   Designation in conformity with this Stipulated Protective Order requires:

28   (a) for Protected Material in documentary form (e.g., paper or electronic

5

1   documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the

2   Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

3   ATTORNEYS' EYES ONLY" to each page that contains Protected Material.  Where Protected

4   Material is produced in native electronic format and the designated legend is included in the file

5   name and/or on any slipsheets, any Party printing such Protected Material must affix the proper

6   designated legend to each page of the printed copy. If an improper designation is affixed to a

7   printed copy of Protected Material that was originally produced in native electronic format and a

8   Receiving Party discloses the improperly designated copy to any person or in any circumstance

9   not authorized under this Stipulated Protective Order, such disclosure will constitute an

10  unauthorized disclosure of Protected Material under Section 10.

11              (b) for testimony given in other pretrial proceedings, that the Designating Party

12  either (1) identifies on the record, before the close of the hearing or other proceeding, or (2)

13  identifies, in writing, within 21 calendar days of receipt of the final transcript, all protected

14  testimony and specify the level of protection being asserted.  Only those portions of the testimony

15  that are appropriately designated for protection within the 21 days will be covered by the

16  provisions of this Stipulated Protective Order.  Alternatively, a Designating Party may specify, at

17  the deposition or up to 21 days after receiving the final transcript, that the entire transcript must be

18  treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

19          Parties shall give the other Parties reasonable notice (a minimum of two business days) if

20  they reasonably expect a deposition, hearing or other proceeding to include Protected Material and

21  identify the Designating Party of the Protected Material so that the other Parties can ensure that

22  only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound"

23  (Exhibit A) are present at those proceedings.  The use of Protected Material as an exhibit at a

24  deposition or other pretrial proceeding will not in any way affect its designation as

25  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

26          Transcripts containing Protected Material must have an obvious legend on the title page

27  that the transcript contains Protected Material, and the title page must be followed by a list of all

28  pages that have been designated as Protected Material and the level of protection being asserted by

1   the Designating Party.  The Designating Party shall inform the court reporter of these

2   requirements.  During the 21-day period for designation, Parties shall treat any transcript that was

3   not designated on the record pursuant to section 5.2(b)(1) above as if it had been designated

4   "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise

5   agreed.  After the expiration of that period or of such earlier time that such transcript is

6   designated, the transcript will be treated only as actually designated.

7           To the extent a deponent gives testimony regarding Protected Material, unless the Parties

8   agree otherwise, that testimony must be treated in accordance with the designated level of the

9   Protected Material regardless of whether the testimony itself receives express designation at or

10   after the deposition.

11              (c) for Protected Material produced in some form other than documentary and for

12   any other tangible items, that the Producing Party affix in a prominent place on the exterior of the

13   container or containers in which the Protected Material is stored the legend "CONFIDENTIAL"

14   or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

15           5.3   <u>Inadvertent Failures to Designate</u>.  An inadvertent failure to designate qualified

16   Disclosure or Discovery Material does not waive the Designating Party's right to secure protection

17   under this Stipulated Protective Order for such material.   In the event that any document,

18   material, or testimony that is subject to a "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

19   ATTORNEYS' EYES ONLY" designation is inadvertently produced without such designation,

20   the Producing Party that inadvertently produced the document shall give written notice of such

21   inadvertent production, together with a further copy of the subject document, material, or

22   testimony designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –ATTORNEYS'

23   EYES ONLY" (the "Inadvertent Production Notice").  Upon receipt of such Inadvertent

24   Production Notice, the Party that received the inadvertently produced document, material, or

25   testimony shall promptly destroy the inadvertently produced document, material, or testimony and

26   all copies thereof, including copies provided to persons not authorized to have access under the

27   new designation, or, at the request of the Producing Party, return such together with all copies of

28   such documents, material, or testimony to counsel for the Producing Party.  Should the Receiving

1   Party choose to destroy such inadvertently produced document, material, or testimony, the

2   Receiving Party shall notify the Producing Party in writing of such destruction within 14 days of

3   receipt of written notice of the inadvertent production.  This provision is not intended to apply to

4   any inadvertent production of any document, material, or testimony protected by attorney-client or

5   work product privileges.

6   6.   CHALLENGING CONFIDENTIALITY DESIGNATIONS

7       6.1   Timing of Challenges.  Any Party may challenge a designation of confidentiality at

8   any time.  Unless a prompt challenge to a Designating Party's confidentiality designation is

9   necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a

10   significant disruption or delay of the litigation, a Party does not waive its right to challenge a

11   confidentiality designation by electing not to mount a challenge promptly after the original

12   designation is disclosed.

13       6.2   Meet and Confer.  The Challenging Party shall initiate the dispute resolution process

14   by providing written notice of each designation it is challenging and describing the basis for each

15   challenge.  To avoid ambiguity as to whether a challenge has been made, the written notice must

16   recite that the challenge to confidentiality is being made in accordance with this specific paragraph

17   of the Stipulated Protective Order.  The Parties shall attempt to resolve each challenge in good

18   faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of

19   communication are not sufficient) within 14 calendar days of the date of service of notice.  In

20   conferring, the Challenging Party must explain the basis for its belief that the confidentiality

21   designation was not proper and must give the Designating Party an opportunity to review the

22   designated material, to reconsider the circumstances, and, if no change in designation is offered, to

23   explain the basis for the chosen designation.  A Challenging Party may proceed to the next stage

24   of the challenge process only if it has engaged in this meet and confer process first or establishes

25   that the Designating Party is unwilling to participate in the meet and confer process in a timely

26   manner.

27       6.3   Judicial Intervention.  If the Parties cannot resolve a challenge without Court

28   intervention, the Challenging Party shall file and serve a motion to re-designate or de-designate

under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within 21 days of the initial notice of challenge or within 14 days of the Parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier.  Each such motion must be accompanied by a declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph.  The Challenging Party's failure to file its challenge with the Court will result in the Protected Material being designated as requested by the Designating Party.  The Designating Party may also bring a motion relating to its designation.

The burden of persuasion in any such challenge proceeding is on the Designating Party. Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other Parties) may expose the Challenging Party to sanctions.  All Parties shall continue to afford the material in question the level of protection to which it is entitled under the Designating Party's designation until the Court rules on the challenge.

7.    ACCESS TO AND USE OF PROTECTED MATERIAL

7.1    (a) Basic Principles.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this litigation only for prosecuting, defending, or attempting to settle this litigation, and associated appeals.  Such Protected Material must not be used for any business purpose, in connection with any other legal proceeding (including other pending or future lawsuits), or directly or indirectly for any other purpose whatsoever.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Stipulated Protective Order.[2]  When the litigation has been terminated, a Receiving Party must comply with the provisions of Section 13 below (FINAL DISPOSITION).

---

[2] In the event a Non-Party witness is authorized to receive Protected Material that is to be used during his/her deposition but is represented by an attorney not authorized under this Stipulated Protective Order to receive such Protected Material, the attorney must provide prior to commencement of the deposition an executed "Acknowledgment and Agreement to Be Bound" in the form attached hereto as Exhibit A.  In the event such attorney declines to sign the "Acknowledgment and Agreement to Be Bound" prior to the examination, the Parties, by their attorneys, shall jointly seek a protective order from the Court prohibiting the attorney from disclosing Protected Material in order for the deposition to proceed.

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Stipulated Protective Order.  Protected Material must not be copied or otherwise reproduced by a Receiving Party, except for transmission to qualified recipients, without the written permission of the Producing Party or by further order of the Court.

(b) Data Security of Protected Material.  Any Receiving Party or any person in possession of or transmitting of another Party's Protected Material must maintain a secured system that provides appropriate administrative, technical, and organizational safeguards ("Safeguards") in compliance with this Protective Order that protect the security and privacy of Protected Material and are designed to protect and secure the Protected Material from loss, misuse, unauthorized access and disclosure, and protect against any reasonably anticipated threats or hazards to the security of the Protected Material.  The Safeguards will meet or exceed relevant industry standards and limit the collection, storage, disclosure, use of, or access to Protected Material solely to personnel and purposes authorized by this Stipulated Protective Order.  As part of these Safeguards, each person must use a secure transfer method for all transfers or communication of Protected Material, and take reasonable measures to password protect and encrypt Protected Material.  Each person will ensure that anyone acting on that person's behalf is subject to and complies with the Safeguards or otherwise provides equivalent or greater protections for the security and privacy of Protected Material.  If Protected Material is to be used during a deposition, the Designating Party must be permitted to specify the technology to be used to conduct the deposition with respect to that Protected Material (e.g., for audio/video-conferencing and exhibits).

To the extent the Receiving Party or any person in possession of or transmitting another Party's Protected Material does not have a secured system that provides Safeguards in compliance with this Protective Order, the Receiving Party may comply with this provision by having Protected Material maintained by and/or stored with a secure eDiscovery/litigation support site(s) that maintains a secured program that complies with this Protective Order or otherwise aligns with standard industry practices regarding data security.

Any Protected Material in paper format must be maintained in a secure location with access limited to persons entitled to access the Protected Material under this Stipulated Protective Order. The Receiving Party will take reasonable steps to limit the number of copies that are made of another Party's Protected Material that is produced in paper format.

If a Receiving Party or any person in possession of or transmitting another Party's Protected Material discovers any loss of Protected Material or a breach of security, including any actual or suspected unauthorized access, relating to another Party's Protected Material, the Receiving Party or any person in possession of or transmitting another Party's Protected Material shall: (1) promptly provide written notice to the Designating Party of such breach; (2) investigate and make reasonable efforts to remediate the effects of the breach, and provide Designating Party with assurances reasonably satisfactory to Designating Party that such breach will not reoccur; and (3) provide sufficient information about the breach that the Designating Party can reasonably ascertain the size and scope of the breach. The Receiving Party or any person in possession of or transmitting any Protected Material agrees to cooperate with the Designating Party in investigating any such security incident. In any event, the Receiving Party or any person in possession of or transmitting any Protected Material shall promptly take all necessary and appropriate corrective action to terminate the unauthorized access.

7.2    <u>Disclosure of "CONFIDENTIAL" Protected Material</u>.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any Protected Material designated "CONFIDENTIAL" that is not "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the Protected Material for this litigation;

(b) the officers, directors, and employees (including In-House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A), except that "CONFIDENTIAL" Protected Material of a Defendant may only be disclosed to up to four In-

1   House Counsel for a Defendant Receiving Party to whom disclosure is reasonably necessary for

2   this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit

3   A)[3];

4       (c) Experts (as defined in this Stipulated Protective Order) of the Receiving Party

5   to whom disclosure is reasonably necessary for this litigation and who have signed the

6   "Acknowledgment and Agreement to Be Bound" (Exhibit A);

7       (d) the Court and its personnel;

8       (e) stenographic reporters, videographers and/or their staff, and Professional

9   Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the

10  "Acknowledgment and Agreement to Be Bound" (Exhibit A);

11      (f) Professional Vendors to whom disclosure is reasonably necessary for this

12  litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

13      (h) the author or recipient of a document containing the Protected Material or a

14  custodian or other person who otherwise possessed or personally has knowledge of the Protected

15  Material.

16      (i) any mediator who is assigned or selected to hear this matter, and his or her staff,

17  who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A).

18      7.3   Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"

19  Protected Material.  Unless otherwise ordered by the Court or permitted in writing by the

20  Designating Party, Protected Material designated "HIGHLY CONFIDENTIAL – ATTORNEYS'

21  EYES ONLY" may not be viewed by a Receiving Party itself and may be disclosed only to:

22      (a) the Receiving Party's Outside Counsel of Record in this action, as well as

23  employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the

24  Protected Material for this litigation;

25      (b) Experts of the Receiving Party (1) to whom disclosure is reasonably necessary

26

27  _____

28  [3] Notwithstanding the foregoing, CONFIDENTIAL Protected Material of GoodRx may be
    disclosed to employees of GoodRx to whom disclosure is reasonably necessary for this litigation
    and who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A).

for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.4(a)(2), below, have been followed;

(c) the Court and its personnel;

(d) stenographic reporters, videographers and their respective staff, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(e) the author or recipient of a document containing the Protected Material or a custodian or other person who otherwise possessed or personally has knowledge of the Protected Material;

(f) any mediator who is assigned or selected to hear this matter, and his or her staff, who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A);

(g) up to four Designated In-House Counsel for a Defendant Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.4(a)(1), below, have been followed; and

(h) employees of a Party who reasonably need HIGHLY CONFIDENTIAL–ATTORNEYS' EYES ONLY information of an opposing Party solely in order to preserve and collect Disclosure or Discovery Material within the possession, custody, or control of that Party.

7.4    Procedures for Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Protected Material to In-House Counsel or Experts.

(a)(1) Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose to Designated In-House Counsel any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" first must make a written request to the Designating Party that (1) sets forth the full name of the Designated In-House Counsel and the city and state of his or her work location and the jurisdiction in which the In-House Counsel is licensed, and (2) describes the Designated In-House Counsel's

current and reasonably foreseeable future primary job duties and responsibilities in sufficient detail to determine if In-House Counsel is involved, or may become involved, in any competitive decision-making.

(a)(2) Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert (as defined in this Stipulated Protective Order) any Protected Material that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to paragraphs 7.3(b) first must make a written request to the Designating Party[4] that (1) identifies the general categories of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Protected Material that the Receiving Party seeks permission to disclose to the Expert, (2) sets forth the full name of the Expert and the city and state of his or her primary residence, (3) attaches a copy of the Expert's current resume, (4) identifies the Expert's current employer(s), (5) identifies each person or entity from whom the Expert has received compensation or funding for work in his or her areas of expertise or to whom the expert has provided professional services, including in connection with a litigation, at any time during the preceding five years,[5] and (6) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years.[6]

(b) A Party that makes a request and provides the information specified in the

---

[4] For a Designating Party that is a Non-Party, experts previously disclosed and approved prior to the Non-Party's production of any Protected Material that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" need not be disclosed to said Non-Party unless such Non-Party requests such Discovery or Disclosure Material prior to the production of any Protected Material.  Moreover, unless otherwise requested by the Non-Party, subsequently disclosed experts need not be disclosed to the Non-Party before that Non-Party's Protected Material may be disclosed thereto.

[5] If the Expert believes any of this information is subject to a confidentiality obligation to a third-party, then the Expert should provide whatever information the Expert believes can be disclosed without violating any confidentiality agreements, and the Party seeking to disclose to the Expert shall be available to meet and confer with the Designating Party regarding any such engagement.

[6] It may be appropriate in certain circumstances to restrict the Expert from undertaking certain limited work prior to the termination of the litigation that could foreseeably result in an improper use of the Designating Party's "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Protected Material.

1  preceding respective paragraphs may disclose the subject Protected Material to the identified

2  Expert or Designated In-House Counsel unless, within 14 calendar days of delivering the request,

3  the Party receives a written objection from the Designating Party.  Any such objection must set

4  forth in detail the grounds on which it is based.

5         (c) A Party that receives a timely written objection must meet and confer with the

6  Designating Party (through direct voice to voice dialogue) to try to resolve the matter by

7  agreement within seven days of the written objection.  If no agreement is reached, the Party

8  seeking to make the disclosure to the Designated In-House Counsel or Expert may file a motion as

9  provided in Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable)

10  seeking permission from the court to do so.  Any such motion must describe the circumstances

11  with specificity, set forth in detail the reasons why the disclosure to the Designated In-House

12  Counsel or Expert is reasonably necessary, assess the risk of harm that the disclosure would entail,

13  and suggest any additional means that could be used to reduce that risk.  In addition, any such

14  motion must be accompanied by a competent declaration describing the Parties' efforts to resolve

15  the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and

16  setting forth the reasons advanced by the Designating Party for its refusal to approve the

17  disclosure.

18         (d) In any such proceeding, the Party opposing disclosure to the Designated In-

19  House Counsel or Expert shall bear the burden of proving that the risk of harm that the disclosure

20  would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the

21  Protected Material to its Designated In-House Counsel or Expert.

22         (e) A Party who has not previously objected to disclosure of Protected Material to

23  an Expert or Designated In-House Counsel or whose objection has been resolved with respect to

24  previously produced Protected Material is not precluded from raising an objection to a Designated

25  In-House Counsel or Expert at a later time with respect to Protected Material that is produced after

26  the time for objecting to such Designated In-House Counsel Expert has expired or if new

27  information about that Designated In-House Counsel or Expert is disclosed or discovered.  Any

28  such objection must be handled in accordance with the provisions set forth above.

8.      PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER
LITIGATION

     If a Party is served with a subpoena issued by a court, arbitral, administrative, government, regulatory, or legislative body, or with a court order issued in other litigation that compels disclosure of any Protected Material that Party must:

          (a) promptly notify in writing the Designating Party.  Such notification must include a copy of the subpoena or court order;

          (b) promptly notify in writing the person who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Stipulated Protective Order.  Such notification must include a copy of this Stipulated Protective Order; and

          (c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.[7]

     If the Designating Party timely[8] seeks a protective order or seeks to quash the subpoena, the Party served with the subpoena or court order shall not produce any Protected Material designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission to produce the subpoenaed Protected Material.  The Designating Party bears the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.  Any agreement by a Designating Party that Protected Material may be produced in response to a subpoena does not in any way waive the protections this Stipulated Protective Order provides against disclosure in any other context.

---

[7] The purpose of imposing these duties is to alert the interested parties to the existence of this Stipulated Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued.

[8] The Designating Party will have at least 14 days from the service of the notification pursuant to Section 10(a) to seek a protective order.  If a protective order is sought, any production must not proceed unless the appropriate court(s) have determined the motion for protective order.

## 9. <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION</u>

(a) Any discovery requests, including subpoena and deposition notices, propounded to Non-Parties must be accompanied by a copy of this Stipulated Protective Order.  The terms, remedies, and relief provided by this Stipulated Protective Order are applicable to Protected Material produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  Such Protected Material produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Stipulated Protective Order.  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

1. promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

2. promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

3. make the requested information available for inspection by the Non-Party.

(c) If the Non-Party fails to object or seek a protective order from this Court within a reasonable time of receiving the notice and accompanying information including but not limited to any contractual notice period in an agreement between the Producing Party and the Non-Party covering the confidentiality and/or disclosure of the information requested, the Producing Party may produce the Non-Party's confidential information responsive to the discovery request.  If the Non-Party timely seeks a protective order, the Producing Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party

before a determination by the Court.[9]  Absent a Court order to the contrary, the Non-Party bears

the burden and expense of seeking protection in this court of its Protected Material.

10.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected

Material to any person or in any circumstance not authorized under this Stipulated Protective

Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the

unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected

Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the

terms of this Stipulated Protective Order, and (d) request such person or persons to execute the

"Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11.   PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

The Parties and Court will enter a separate Order under Rule 502(d) of the Federal Rules of

Evidence that governs the production of documents protected from discovery.

12.   MISCELLANEOUS

12.1   Right to Further Relief.  Nothing in this Stipulated Protective Order abridges the

right of any person to seek its modification by the court in the future.

12.2   Right to Assert Other Objections.  By stipulating to the entry of this Stipulated

Protective Order no Party waives any right it otherwise would have to object to disclosing or

producing any Disclosure or Discovery Material on any ground not addressed in this Stipulated

Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence

of any of the material covered by this Stipulated Protective Order.

12.3   No Agreement Concerning Discoverability.  The identification or agreed upon

treatment of certain types of Disclosure or Discovery Material does not reflect agreement by the

Parties that the disclosure of such categories of Disclosure or Discovery Material is required or

appropriate in this action.  The Parties reserve the right to argue that any particular category of

---

[9] The purpose of this provision is to alert the interested parties to the existence of confidentiality rights of a Non-Party and to afford the Non-Party an opportunity to protect its confidentiality interests in this court.

Disclosure or Discovery Material should not be produced.

12.4   <u>Export Control</u>.  Disclosure of Protected Material must be subject to all applicable laws and regulations relating to the export of technical data contained in such Protected Material, including the release of such technical data to foreign persons or nationals in the United States or elsewhere.  Each Receiving Party receiving Protected Material must comply with all applicable export control statutes and regulations.  *See, e.g.,* 15 CFR 734.2(b).  The restrictions contained within this paragraph may be amended through the consent of the Designating Party to the extent that such agreed to procedures conform with applicable export control laws and regulations.

12.5   <u>Filing Protected Material</u>.  Without written permission from the Designating Party or a Court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material.  A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.  If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5(e) is denied by the court, then the Receiving Party may file the Protected Material in the public record pursuant to Civil Local Rule 79-5(e)(2) unless otherwise instructed by the Court.

12.6   <u>Use of Protected Material at Hearing</u>.  A Party shall provide a minimum of five business days' notice to the Producing Party in the event that a Party intends to use any Protected Material during a hearing.  Subject to any challenges under Section 6, the Parties will not oppose any reasonable request by the Producing Party that the courtroom be sealed, if allowed by the Court, during the presentation of any testimony, evidence, or argument relating to or involving the use of any Protected Material.

12.7   <u>No Limitation on Legal Representation</u>.  Nothing in this Stipulated Protective Order precludes or impedes Outside Counsel of Record's ability to communicate with or advise their client in connection with this litigation based on such counsel's review and evaluation of Protected Material, provided however that such communications or advice must not disclose or reveal the substance or content of any Protected Material other than as permitted under this Stipulated Protective Order or any privileged or otherwise protected information.

12.8   <u>Violations</u>.  If any Party violates the limitations on the use of Protected Material as

described above, the Party violating this Stipulated Protective Order is subject to sanctions, or any other remedies as appropriate, as ordered by the Court.  In the event motion practice is required to enforce the terms of this Stipulated Protective Order, the prevailing Party on such a motion will be awarded costs, expenses, and fees, including attorney or other professional fees, incurred in connection with the discovery of the violation and the preparation, filing, and arguing of the motion or any other proceedings resulting from the violation.

12.9   <u>Agreement Upon Execution</u>.  Each of the Parties agrees to be bound by the terms of this Stipulated Protective Order as of the date counsel for such Party executes this Stipulated Protective Order, even if prior to entry of this Order by the Court.

13.   <u>FINAL DISPOSITION</u>

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motions and briefs (including all supporting and opposing papers and exhibits thereto), written discovery requests and responses (and exhibits thereto), deposition transcripts (and exhibits thereto), trial transcripts, and exhibits offered or introduced into evidence at any hearing or trial, consultant and expert work product, and their attorney work product which refers or is related to any Protected Material for archival purposes only.  Any such archival copies that contain or constitute Protected Material remain subject to this Stipulated Protective Order as set forth in Section 4 (DURATION).

14.   <u>INTERPRETATION, ENFORCEMENT, AND CONTINUING JURISDICTION</u>

The United States District Court for the Northern District of California is responsible for the interpretation and enforcement of this Stipulated Protective Order.  After final disposition of this litigation, the provisions of this Stipulated Protective Order continue to be binding except with respect to that Disclosure or Discovery Material that become a matter of public record.  This Court retains and has continuing jurisdiction over the Parties and recipients of the Protected Material for enforcement of the provision of this Stipulated Protective Order following final disposition of this litigation.  All disputes concerning Protected Material produced under the protection of this Stipulated Protective Order will be resolved by the United States District Court for the Northern District of California.

15.    <u>RESERVATION OF RIGHTS</u>

The Parties hereby reserve all rights to re-negotiate the terms of this Protective Order. Nothing in this Order shall be construed to prejudice or impede the Parties rights to negotiate and enter into a subsequent protective order that supersedes this order.

**IT IS SO STIPULATED**, through the Counsel of Record.

Dated: December 1, 2023

<table>
<tr><td>

/s/ Christian Levis
Christian Levis (*pro hac vice*)
Amanda Fiorilla (*pro hac vice*)
Rachel Kesten (*pro hac vice*)
**LOWEY DANNENBERG, P.C.**
44 South Broadway, Suite 1100
White Plains, NY 10601
Telephone:    (914) 997-0500
Facsimile:    (914) 997-0035
clevis@lowey.com
afiorilla@lowey.com
rkesten@lowey.com

L. Timothy Fisher (SBN 191626)
Jenna L. Gavenman (SBN 348510)
**BURSOR & FISHER, P.A.**
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-mail: ltfisher@bursor.com
E-mail: jgavenman@bursor.com

</td><td>

/s/ Martin L. Roth

Michael J. Shipley (SBN 233674)
mshipley@kirkland.com
**KIRKLAND & ELLIS LLP**
555 South Flower Street, Suite 3700
Los Angeles, California 90071
Telephone:    (213) 680-8400
Facsimile:    (213) 680-8500

Olivia Adendorff (*pro hac vice*)
olivia.adendorff@kirkland.com
**KIRKLAND & ELLIS LLP**
4550 Travis Street
Dallas, TX  75205
Telephone:      (214) 972-1758
Fascimile:      (214) 972-1771

Martin L. Roth (*pro hac vice*)
martin.roth@kirkland.com
Alyssa C. Kalisky (*pro hac*)
alyssa.kalisky@kirkland.com

</td></tr>
</table>

1

*Interim Co-Lead Class Counsel*

2

3    Willem F. Jonckheer #178748
     Robert C. Schubert #62684
4    Amber L. Schubert #278696
     **SCHUBERT JONCKHEER & KOLBE LLP**
5    2001 Union Street, Suite 200
     San Francisco, CA 94123
6    Telephone:     (415) 788-4220
     Facsimile:     (415) 788-0161
7    wjonckheer@sjk.law
     rschubert@sjk.law
8    aschubert@sjk.law

9
     *Liaison Counsel*
10

11   Thomas A. Zimmerman, Jr. (*pro hac vice*)
     tom@attorneyzim.com
12   **ZIMMERMAN LAW OFFICES, P.C.**
     77 W. Washington Street, Suite 1220
13   Chicago, Illinois 60602
     Telephone:     (312) 440-0020
14   Facsimile:     (312) 440-4180

15
     Jonathan Shub #237708
16   Benjamin F. Johns (*pro hac vice*)
     Samantha E. Holbrook (*pro hac vice*)
17   **SHUB & JOHNS LLC**
     200 Barr Harbor Drive, Suite 400
18   Telephone:     (610) 585-1195
     jshub@shublawyers.com
19   bjohns@shublawyers.com
     sholbrook@shublawyers.com
20

21   Israel David (*pro hac vice*)
     israel.david@davidllc.com
22   Blake Hunter Yagman (*pro hac vice*)
     blake.yagman@davidllc.com
23   **ISRAEL DAVID LLC**
     17 State Street, Suite 4010
24   New York, New York 10004
     Telephone:     (212) 739-0622
25   Facsimile:     (212) 739-0628

26
     *Executive Committee Members*
27

28   Rebecca M. Hoberg
     rhoberg@moyalawfirm.com

**KIRKLAND & ELLIS LLP**
300 N. LaSalle
Chicago, IL 60654
Telephone:     (312) 862-2000
Facsimile:     (312) 862-2200

*Attorneys for Defendant*
*GOODRX HOLDINGS, INC.*

22
INTERIM STIPULATED PROTECTIVE ORDER
Case No.  3:23-cv-00501-AMO

**MOYA LAW FIRM**
1300 Clay Street, Suite 600
Oakland, California 94612
Telephone:    (510) 926-6521

*Local Counsel for Plaintiff E.C.*

Mark L. Javitch (CA SBN 323729)
mark@javitchlawoffice.com
**JAVITCH LAW OFFICE**
3 East 3rd Ave., Suite 200
San Mateo, CA  94401
Telephone:    (650) 781-8000
Facsimile:     (650) 648-0705

*Local Counsel for Plaintiff John Doe*


            Pursuant to Stipulation, **IT IS SO ORDERED.**



Dated: _____          _____
                                       HON. ARACELI MARTINEZ-OLGUIN
                                       United State District Judge

INTERIM STIPULATED PROTECTIVE ORDER
Case No.  3:23-cv-00501-AMO

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of perjury that I have read

in its entirety and understand the Interim Stipulated Protective Order that was issued by the United

States District Court for the Northern District of California in the case of *Jane Doe v. GoodRx*

*Holdings, Inc., et al.*, Case No.: 3:23-cv-00501-AMO, I agree to comply with and to be bound by

all the terms of this Interim Stipulated Protective Order and I understand and acknowledge that

failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I

solemnly promise that I will not disclose in any manner any Disclosure or Discovery Material that

is subject to this Interim Stipulated Protective Order to any person or entity except in strict

compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for

the Northern District of California for the purpose of enforcing the terms of this Interim Stipulated

Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of

_____ [print or type full address and telephone number]

as my California agent for service of process in connection with this action or any proceedings

related to enforcement of this Stipulated Protective Order.


Date: _____

City and State where sworn and signed: _____

Printed name: _____
              [printed name]

Signature: _____
           [signature]

1

## **ATTESTATION**

2      Pursuant to Civil Local Rule 5-1(h)(3), I attest that all other signatories listed, and on whose

3  behalf this filing is submitted, concur in the filing's content and have authorized the filing.

4

5                                                   LOWEY DANNENBERG, P.C.

6   Date:  December 1, 2023                 By:     _/s/ Christian Levis_____

7                                                   Christian Levis

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28