L. Timothy Fisher (SBN 191626)
Neal J. Deckant (SBN 322946)
Jenna L. Gavenman (SBN 348510)
**BURSOR & FISHER, P.A.**
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone:  (925) 300-4455
Facsimile:  (925) 407-2700
ltfisher@bursor.com
ndeckant@bursor.com
jgavenman@bursor.com

Christian Levis (*pro hac vice*)
Amanda Fiorilla (*pro hac vice*)
Rachel Kesten (*pro hac vice*)
**LOWEY DANNENBERG, P.C.**
44 South Broadway, Suite 1100
White Plains, NY 10601
Telephone: (914) 997-0500
Facsimile: (914) 997-0035
clevis@lowey.com
afiorilla@lowey.com
rkesten@lowey.com

*Additional Counsel for Plaintiffs on*
*Signature Page*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE, JANE DOE II, JOHN DOE, E.C., JOSE MARQUEZ, and HOLLIS WILSON, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GOODRX HOLDINGS, INC., CRITEO CORP., META PLATFORMS, INC., and GOOGLE LLC.<br><br>Defendants. | Lead Case No.: 3:23-cv-00501-AMO<br><br>**PLAINTIFFS' ADMINISTRATIVE MOTION FOR LEAVE TO FILE SUR-REPLY**<br><br>CONSOLIDATED CLASS ACTION<br><br>COMPLAINT FILED: February 2, 2023<br><br>Judge:  Hon. Araceli Martínez-Olguín<br>Date:  March 28, 2024<br>Time:  2:00 PM<br>Courtroom:  10 |

PLEASE TAKE NOTICE that pursuant to Local Rule 7-11, Plaintiffs Jane Doe, Jane Doe II, John Doe, E.C., Jose Marquez, and Hollis Wilson hereby move for leave of this Court to file a short 3-page sur-reply in response to Meta Platforms, Inc.'s ("Meta") new argument in its Reply in Support of Motion to Sever Claims Against Defendant Meta Platforms, Inc. *See* ECF No. 190 ("Reply"). Plaintiffs' proposed sur-reply is attached as **Exhibit A** to the Declaration of Christian Levis ("Levis Dec'l").

## I.   PRELIMINARY STATEMENT

On November 22, 2023, Meta moved to have the claims against it severed from the remainder of the case for the purpose of having them consolidated in the *In re Meta Pixel Healthcare Litigation*, Case No. 3:22-cv-3580-WHO (N.D. Cal. June 17, 2022) ("*Meta Healthcare*") action. *See* ECF No. 175 ("Motion to Sever"). Plaintiffs filed their Opposition to Meta's Motion to Sever on January 5, 2024. *See* ECF No. 188 ("Opposition").

The same day Meta filed its Motion to Sever in this action, it filed a second motion[1] to sever the claims in *Doe v. FullStory, Inc.*, No. 3:23-cv-00059-WHO (N.D. Cal.) (the "*Favor* Action")—an action involving Meta's interception of health data from a reproductive health platform that provides birth control—to have them consolidated with the *Meta Healthcare* action. *See Favor* Action, ECF No. 107.

On January 17, 2024, Judge Orrick—the presiding judge in the *Meta Healthcare* action—*denied* Meta's motion to sever the claims in the *Favor* Action after just eight minutes on the record. *See Favor* Action, ECF No. 117 ("The claims against Meta [in the *Favor* Action] will continue in [that] case along with the claims against the other defendants.") ("January 17, 2024 Order").[2] In doing so, Judge Orrick "remind[ed] . . . counsel" that the "scope of" the *Meta Healthcare* case is

---

[1] As described in Plaintiffs' Opposition, Meta previously moved to sever the claims against it in the "*Favor* Action" in May 2023. *See* ECF No. 188 at 3-4. That motion was denied. *Id.*

[2] The January 17, 2024 Order is attached to the Levis Dec'l as **Exhibit B**.

1   how the court "determine[d] it" back in May 2023, "not [how] . . . [counsel] determine[s] it." *Favor*

2   Action, Transcript of Hearing on January 17, 2024 ("January 17, 2024 Hr'g Tr.") at 25:6-8.[3]

3          In rendering that earlier decision, Judge Orrick explained claims in "telemed" cases (like

4   *Favor* and this action) are "different" from those in the *Meta Healthcare* case (*Favor* Action,

5   Transcript of Hearing on May 16, 2023, ECF No. 78 at 6:14-17), which primarily concerns

6   "healthcare information" from "patient portals and related webpages." *See Favor* Action, ECF No.

7   75 at 1. Because of this, Judge Orrick concluded in May 2023 that consolidation was neither

8   "necessary" nor "even desirable[.]" *Id.*at 2. His new order confirms this holding stands.

9          These decisions foreclose the relief Meta seeks here. Having twice explained the *Meta*

10  *Healthcare* action does not include telemed cases, this action—concerning primarily the

11  interception of prescription coupon data from the GoodRx Platform—is not related to, and should

12  not be consolidated with, the *Meta Healthcare* action.

13         Meta ignores the significance of this new decision on Reply. Meta now claims that the *Favor*

14  Action "present[ed] unique circumstances" making consolidation improper there, but not here.

15  Reply at 3. The only "unique circumstance" Meta points to is one allegation in the *Meta Healthcare*

16  amended complaint that expressly "exclude[d]" Favor in order to comply with Judge Orrick's May

17  2023 decision. *Id.* (claiming Favor is different because the "Healthcare CAC . . . excludes . . . Hey

18  Favor"); *see also Favor* Action, January 17, 2024 Hr'g Tr. at 27:1-4 (counsel for *Meta Healthcare*

19  plaintiffs explaining "obviously we did not plead Hey Favor in the case because we understood

20  Your Honor's order.").

21         This does not make Favor a "unique" case. Reply at 3. Judge Orrick did not rely on counsel's

22  artful pleading in finding the cases were distinct. In fact, he specifically admonished counsel that it

23  was the Court—not counsel—who determines the scope of the *Meta Healthcare* case. *Favor* Action,

24  January 17, 2024 Hr'g Tr. at 25:6-8. Plaintiffs seek leave to file a sur-reply to address more

25  thoroughly the implications of this new decision, as well as Meta's claims that it has no bearing

26  here.

27

28

---

[3] The January 17, 2024 Hr'g Tr. is attached to the Levis Dec'l as **Exhibit C**.

## II.    ARGUMENT

District courts have the discretion to permit the filing of a sur-reply. *See, e.g.*, *Herterich v. City & Cty of San Francisco*, No. C 19-7754 SBA, 2020 WL 12604897, at * 5 (N.D. Cal. 2020) ("District courts have the discretion to permit surreply briefs"); *Imber v. Lackey*, No. 122CV00004DADHBK, 2022 WL 3648061, at *1 (E.D. Cal. Aug. 24, 2022) ("[W]hether to permit . . . a surreply lies with the court's discretion"). Allowing a sur-reply is appropriate where the movant raises new evidence or arguments after the non-movant files its opposition. *United States v. Venture One Mortgage Corp.*, No. 13-CV-1872 W (JLB), 2015 WL 12532139, at *2 (S.D. Cal. Feb. 26, 2015); *see also Do v. Tri City Healthcare District*, No. 19CV2253-MSB (NLS), 2020 WL 6484633, at *2 (S.D. Cal. Nov. 4, 2020) (granting sur-reply because party sought "to introduce new evidence and argument that Plaintiff never had an opportunity to review or correct.").

Here, Judge Orrick's January 17, 2024 Order was not available at the time Plaintiffs filed their Opposition. Meta cites to this decision in its Reply, claiming it is "inapplicable in this case" because the *Meta Healthcare* complaint "expressly excludes" allegations relating to the Favor platform. Reply at 3. Plaintiffs request leave to file a sur-reply to address this new decision and Meta's new argument that it is inapplicable here. *See Venture One Mortgage Corp.*, 2015 WL 12532139, at *2 ("If the Court is to consider the new evidence and arguments in Defendant's reply brief, it must give Plaintiff an opportunity to respond."); *see also Imber*, 2022 WL 3648061, at *1 (E.D. Cal. Aug. 24, 2022) (granting sur-reply because plaintiff represented they will "address only the new arguments raised in the reply and be limited to four pages.").

## III.    CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant Plaintiffs leave to file a 3-page sur-reply, attached as Exhibit A.


Dated: January 26, 2024                          */s/ Christian Levis*
                                                 Christian Levis (*pro hac vice*)
                                                 Amanda Fiorilla (*pro hac vice*)
                                                 Rachel Kesten (*pro hac vice*)
                                                 **LOWEY DANNENBERG, P.C.**

3

44 South Broadway, Suite 1100
White Plains, NY 10601
Telephone:     (914) 997-0500
Facsimile:     (914) 997-0035
clevis@lowey.com
afiorilla@lowey.com
rkesten@lowey.com

*Interim Co-Lead Counsel*

L. Timothy Fisher (SBN 191626)
Neal J. Deckant (SBN 322946)
Jenna L. Gavenman (SBN 348510)
**BURSOR & FISHER, P.A.**
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone:     (925) 300-4455
Facsimile:     (925) 407-2700
E-mail: ltfisher@bursor.com
         ndeckant@bursor.com
         jgavenman@bursor.com

*Interim Co-Lead Counsel*

Robert C. Schubert #62684
Willem F. Jonckheer #178748
Amber L. Schubert #278696
**SCHUBERT JONCKHEER & KOLBE LLP**
2001 Union Street, Suite 200
San Francisco, CA 94123
Tel: (415) 788-4220
Fax: (415) 788-0161
rschubert@sjk.law
wjonckheer@sjk.law
ascubert@sjk.law

Mark L. Javitch (CA SBN 323729)
mark@javitchlawoffice.com
**JAVITCH LAW OFFICE**
3 East 3rd Ave., Suite 200
San Mateo, CA  94401
Telephone:     (650) 781-8000
Facsimile:     (650) 648-0705

Thomas A. Zimmerman, Jr. (*pro hac vice*)
tom@attorneyzim.com
**ZIMMERMAN LAW OFFICES, P.C.**
77 W. Washington Street, Suite 1220
Chicago, Illinois 60602
Telephone:     (312) 440-0020
Facsimile:     (312) 440-4180

4

Israel David (*pro hac vice*)
israel.david@davidllc.com
Blake Hunter Yagman (*pro hac vice*)
blake.yagman@davidllc.com
**ISRAEL DAVID LLC**
17 State Street, Suite 4010
New York, New York 10004
Telephone:     (212) 739-0622
Facsimile:     (212) 739-0628

Rebecca M. Hoberg
rhoberg@moyalawfirm.com
**MOYA LAW FIRM**
1300 Clay Street, Suite 600
Oakland, California 94612
Telephone:     (510) 926-6521

Jonathan Shub #237708
Benjamin F. Johns (*pro hac vice* forthcoming)
Samantha E. Holbrook (*pro hac vice* forthcoming)
**SHUB LAW FIRM LLC**
Four Tower Bridge
200 Barr Harbor Drive, Suite 400
Conshohocken, PA 19428
Telephone:     (610) 477-8380
jshub@shublawyers.com
bjohns@shublawyers.com
sholbrook@shublawyers.com