UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE, et al.,<br><br>            Plaintiffs,<br><br>   v.<br><br>GOODRX HOLDINGS, INC., et al.,<br><br>            Defendants. | Case No. 23-cv-00501-AMO<br><br>**ORDER TERMINATING MOTION FOR ORDER ENJOINING DEFENDANT GOODRX FROM FURTHER VIOLATING COURT ORDER, DISCHARGING ORDER TO SHOW CAUSE, AND DENYING MOTION TO SEVER**<br><br>Re: Dkt. Nos. 151, 152, 175 |

This order resolves Plaintiffs' motion for an order enjoining Defendant GoodRx from further violating a court order, ECF 151, the order to show cause issued November 2, 2023, ECF 152, and Meta's motion to sever, ECF 175.

In light of the agreement in principle to settle Plaintiffs' claims against GoodRx, *see* ECF 205 at 2, the motion for an order enjoining GoodRx from further violating a court order is **TERMINATED AS MOOT**, and the November 2, 2023 order to show cause is **HEREBY DISCHARGED**.

For the reasons that follow, Meta's motion to sever is **DENIED**. Federal Rule of Civil Procedure 21 permits courts to "sever any claim against a party." Fed. R. Civ. P. 21. The decision to sever a claim against a party is within the sound discretion of the district court. *See Rush v. Sport Chalet, Inc.*, 779 F.3d 973, 974 (9th Cir. 2015). The Court declines to exercise that discretion here.

Meta seeks to sever the claims asserted against it in this action in order to relate those claims to the *In re Meta Pixel Healthcare Litigation*, No. 3:22-cv-03580-WHO (N.D. Cal. filed June 17, 2022), pending in this district. However, in denying two motions to sever by Meta in a different case – *Doe v. Hey Favor* – the presiding judge in *Meta Pixel* explained that the action

"concerns only the conduct of Meta and its capture and use of personal healthcare information primarily through the use of Meta's Pixel and primarily through patient portals and related webpages on websites." *Doe v. Hey Favor, Inc.*, No. 23-cv-00059-WHO, Order Denying Motion to Sever at 1, ECF No. 75; *see also* June 15, 2023 Hr'g Tr. at 6:6-17, ECF 78 (explaining that the court "ha[s] been trying to keep the hospital litigation cases separate from everything else[,]" and that it seemed "the telemed cases are different to some degree even though they overlap"). The court distinguished the *Hey Favor* litigation as a "case [that] concerns the conduct of five different defendants and primarily concerns those five defendants' capture and use of personal healthcare information through mobile applications or apps." Order Denying Motion to Sever at 1. It maintained that distinction when denying Meta's renewed motion to sever. *See* Jan. 17, 2024 Minute Entry, ECF 117; Jan. 17, 2024 Hr'g Tr. at 24:25-26:3, ECF No. 119 (stating that the court would "forge ahead in the manner in which [it] laid it out").

Here, that distinction counsels against severance of the claims Meta seeks to relate to the *Meta Pixel* litigation. While Meta is the sole defendant in *Meta Pixel*, Plaintiffs in this case name three other defendants in connection with the alleged wrongful interception of internet users' data while they visited a specific website – the GoodRx website – and a specific mobile application – the GoodRx app. *See, e.g.*, ECF 102 ¶¶ 60-90. Tacking on these additional claims to the already complex *Meta Pixel* litigation that has been pending since June 17, 2022,[1] where significant discovery activity has occurred, and where Meta has answered the operative complaint, would not promote efficiency. Meta's motion to sever in this case is therefore **DENIED.**

**IT IS SO ORDERED.**

Dated: July 31, 2024

**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**

---

[1] The *Meta Pixel* litigation had been pending for months when, on March 28, 2023, Meta filed a statement of non-opposition to Plaintiffs' motion to consolidate various related actions in this matter. *See* ECF 68.

2