SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
A Limited Liability Partnership
Including Professional Corporations

TENAYA RODEWALD, Cal. Bar No. 248563
1540 El Camino Real Suite 120
Menlo Park, California 94025-4111
Telephone: 650.815.2600
Facsimile: 650.815.2601
Email: trodewald@sheppardmullin.com

THOMAS DILLICKRATH (admitted *pro hac vice*)
2099 Pennsylvania Avenue NW, Suite 100
Washington, DC 20006-6801
Telephone: 202.747.1900
Facsimile: 202.747.1901
Email: tdillickrath@sheppardmullin.com

SARAH A. K. BLITZ, Cal. Bar No. 280118
333 South Hope Street, 43rd Floor
Los Angeles, California 90071-1422
Telephone: 213.620.1780
Facsimile: 213.620.1398
Email: sblitz@sheppardmullin.com

Attorneys for Defendant CRITEO CORP.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

JANE DOE, JANE DOE II, JOHN DOE, E.C., JOSE MARQUEZ, and HOLLIS WILSON, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

GOODRX HOLDINGS, INC., CRITEO CORP., META PLATFORMS, INC., and GOOGLE LLC.,

Defendants.

Case No. 3:23-cv-00501-AMO
The Hon. Araceli Martínez-Olguín

**DEFENDANT CRITEO CORP.'S OPPOSITION TO PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF THEIR OPPOSITION TO DEFENDANTS' MOTION TO DISMISS CLASS ACTION COMPLAINT**

Consolidated Complaint Filed: May 26, 2023

Date: March 13, 2025
Time: 2:00 p.m.
Dept.: Courtroom 10 – 19th Flr.

## I. INTRODUCTION

Plaintiffs seek to use the doctrines of "judicial notice" and "incorporation by reference" to incorporate by reference into their own complaint all of the allegations in a complaint by the Federal Trade Commission ("FTC") in a different action against defendant GoodRx Holdings, Inc. *See* ECF 218, Ex. A (*United States of America v. GoodRx Holdings, Inc*., No. 23-cv-460, Dkt. 1 (N.D. Cal.) [the "FTC Complaint"]). Plaintiffs ask the Court to consider the FTC's allegations *as if plaintiffs had made those allegations in their own complaint* for purposes of deciding Criteo's motion to dismiss. This is improper. While the Court may take judicial notice of the FTC Complaint, notice does not extend to the disputed allegations therein related to Criteo. Moreover, plaintiffs may not use any doctrine to adopt or incorporate by reference allegations from a complaint in a separate action, and have those allegations treated as if plaintiffs had properly alleged such allegations within their own complaint. Courts consistently refuse to permit pleading in this manner. Finally, incorporation by reference of the FTC Complaint does not impact the determination of Criteo's motion to dismiss given that the FTC Complaint does not allege any additional facts concerning Criteo. For all these reasons, Criteo requests the Court decline to treat the allegations of the FTC Complaint as if they were alleged by plaintiffs.

## II. ARGUMENT

The Court may take judicial notice of the FTC Complaint, but such notice should not extend to allegations related to Criteo, which are disputed allegations, not undisputed facts subject to judicial notice. *See, e.g., Alivecor, Inc. v. Apple Inc*., 592 F. Supp. 3d 904, 912 (N.D. Cal. 2022).

Moreover, plaintiffs may not use judicial notice or "incorporation by reference" to effectively amend their own complaint to incorporate allegations not asserted within their complaint. Rule 10(c) governs adoption by reference and the form of pleadings and provides:

> (c) Adoption by Reference; Exhibits. A statement in a pleading may be adopted by reference elsewhere in the same pleading or in any other pleading or motion. A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.

Fed. R. Civ. P. 10(c). "Rule 10(c) also does not expressly prohibit a pleading in one civil action from adopting by reference statements in a pleading from another civil action. However, the courts have consistently ruled that such adoption is not permitted, even if the parties to the two civil actions are the same so that there is sufficient notice to all parties of what is contained in the adopted statements."

2 Moore's Federal Practice - Civil § 10.04 (collecting cases); 5A, Wright & Miller, Federal Practice and Procedure Civil § 1326 ("Although Rule 10(c) is not expressly limited to pleadings in the same action, it has been held that allegations in pleadings in another action, even if between the same parties, cannot be incorporated by reference;" collecting cases); *Amini Innovation Corp. v. McFerran Home Furnishings, Inc*., 301 F.R.D. 487 (C.D. Cal. 2014) (striking from the complaint attempts to incorporate by reference a complaint in a separate action because "courts typically hold that Rule 10(c) does not allow a party to adopt pleadings from a wholly separate action, even if that action is between the same parties"). "'While Rule 10(c) permits references to pleadings and exhibits in the same case, . . . there is no rule permitting the adoption of a cross-claim in a *separate action in a different court* by mere reference.'" *Muttathottil v. Gordon H. Mansfield*, 381 Fed. App'x 454, 457 (5th Cir. 2010) (quoting and adding emphasis to *Texas Water Supply Corp. v. Reconstruction Fin. Corp.*, 204 F.2d 190, 196-97 (5th Cir. 1953).)

Here, plaintiffs argue that because they restate *some* of the allegations from the FTC's twenty-six page, one hundred and fifteen paragraph complaint, they effectively restated and incorporated all of the allegations from that FTC Complaint into their own complaint. However, if plaintiffs had wished to make allegations similar to additional allegations in the FTC Complaint, they should have stated such additional allegations in their own complaint (assuming they could do so consistent with their obligations under Rule 11). There was nothing preventing them from doing so, and they cannot now amend their complaint in opposition by claiming that additional allegations from the FTC Complaint are incorporated into their own. Put simply, plaintiffs cannot meet the Federal pleading standards by relying on allegations not actually contained in their complaint.

Moreover, plaintiffs cannot avoid this stricture by claiming that Criteo was on notice of the FTC Complaint. "'[T]he 'notice' theory of pleading cannot strike from Rule 8(a) . . . the plain and definite requirement that 'A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Muttathottil*, 381 Fed. App'x at 457 (quoting and adding emphasis to *Texas Water Supply*, 204 F.2d at 196-97); *Shelter Mut. Ins. Co. v. Pub. Water Supply Dist. No. 7*, 747 F.2d 1195 (8th Cir. 1984) (disapproving of a party's attempt to incorporate by reference a "lengthy"

document and noting that "[a] pleading incorporating allegations from other documents must clarify which statements are to be incorporated"); *Spirit Lake Tribe v. Jaeger*, No. 1:18-cv-222, 2019 U.S. Dist. LEXIS 250837, *12 (D.N.D. June 17, 2019) ("The Court finds the incorporation by reference by the Plaintiffs to be highly problematic, confusing, and inconvenient. One problem is that statements made in a different case are not part of the record in this case, and an incomplete record presents many problems on appeal.").

None of plaintiffs' authority has permitted a plaintiff to use judicial notice or incorporation by reference to meet the Rule 8 or Rule 9 pleading requirements, or to adopt or incorporate by reference—as if properly alleged in their own complaint—allegations from a complaint in another action.[1]

Finally, it is unnecessary to permit plaintiffs to incorporate by reference allegations from the FTC Complaint relating to Criteo, because doing so will not impact the outcome of Criteo's motion to dismiss. The FTC does not allege any specific facts concerning any Criteo technology or services GoodRx used, how any of Criteo's technology works, or whether it could transmit—or was configured by GoodRx to transmit—any particular types of information. *See* Reply in Support of Motion to Dismiss Consolidated Class Action Complaint by Defendants Meta Platforms, Inc., Google LLC, and Criteo Corp., filed concurrently herewith, at fn. 2; ECF 218, Ex. A, ¶¶ 4, 38, 39, 47, 52, 84, 92. Thus the FTC Complaint does not contain facts as to Criteo that make any of plaintiffs' conclusory allegations plausible, and it is unnecessary to permit plaintiffs' to incorporate it by reference into their complaint.

## III. <u>CONCLUSION</u>

For the forgoing reasons, Criteo requests the Court deny plaintiffs' Request for Judicial Notice (ECF 218) to the extent it seeks notice of the truth of allegations concerning Criteo, and to the extent it seeks to incorporate by reference and treat allegations relating to Criteo in the FTC Complaint as if properly alleged in plaintiffs' own complaint.

---

[1] Indeed, as plaintiffs' authority explains, the purpose of the judicially-created incorporation by reference doctrine is to "prevent[] plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken – or doom – their claims," *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018), and to "to prevent artful pleading by plaintiffs." *Id*. at 1003. Thus, it does not permit or support plaintiffs' attempt to engage in artful pleading here by trying to rely on allegations from a different action that are not actually alleged in plaintiffs' own complaint.

Dated: December 13, 2024

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By *\/s\/ Tenaya Rodewald*

TENAYA RODEWALD
THOMAS DILLICKRATH
SARAH A. K. BLITZ
Attorneys for Defendant CRITEO CORP.