**GIBSON, DUNN & CRUTCHER LLP**
LAUREN R. GOLDMAN (admitted *pro hac vice*)
lgoldman@gibsondunn.com
DARCY C. HARRIS (admitted *pro hac vice*)
dharris@gibsondunn.com
200 Park Avenue
New York, NY 10166
Telephone: (212) 351-4000
Facsimile: (212) 351-4035

ELIZABETH K. MCCLOSKEY, SBN 268184
emccloskey@gibsondunn.com
ABIGAIL A. BARRERA, SBN 301746
abarrera@gibsondunn.com
One Embarcadero Center, Suite 2600
San Francisco, CA 94111
Telephone: (415) 393-8200
Facsimile: (415) 393-8306

*Attorneys for Defendant Meta Platforms, Inc.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JANE DOE, JANE DOE II, JOHN DOE, E.C., JOSE MARQUEZ, and HOLLIS WILSON, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GOODRX HOLDINGS, INC., CRITEO CORP., META PLATFORMS, INC., AND GOOGLE LLC.<br><br>Defendants. | Case No.: 3:23-cv-00501-AMO<br><br>**DEFENDANT META PLATFORMS, INC.'S ANSWER TO CONSOLIDATED CLASS ACTION COMPLAINT**<br><br>Hon. Araceli Martínez-Olguín |

Defendant Meta Platforms, Inc. ("Meta") hereby answers the Consolidated Class Action Complaint filed by plaintiffs on May 26, 2023 (the "Complaint") according to its numbered paragraphs as follows below. Meta denies all allegations in the Complaint not expressly admitted herein. By filing

this Answer, Meta does not waive—and hereby expressly preserves—its defenses under Federal Rule of Civil Procedure 12(b) or any other defenses asserted in future motions or submissions to the Court.

## SUMMARY OF ALLEGATIONS[1]

1. Meta admits that the allegations in paragraph 1 purport to quote from an unspecified source. Meta lacks information sufficient to admit or deny the allegations in paragraph 1.

2. Meta admits that the allegations in paragraph 2 purport to quote from an unspecified source. Meta lacks information sufficient to admit or deny the allegations in paragraph 2.

3. Meta lacks information sufficient to admit or deny the allegations in paragraph 3.

4. Meta admits that the allegations in paragraph 4 purport to quote from an unspecified source. Meta lacks information sufficient to admit or deny the allegations in paragraph 4.

5. Meta lacks information sufficient to admit or deny the allegations in paragraph 5.

6. Meta admits that the allegations in paragraph 6 purport to quote from an unspecified source. Meta lacks information sufficient to admit or deny the allegations in paragraph 6.

7. Meta lacks information sufficient to admit or deny the allegations in paragraph 7.

8. Meta lacks information sufficient to admit or deny the allegations in paragraph 8.

9. Meta admits that the allegations in paragraph 9 purport to quote from a Tweet from GoodRx's co-CEO Doug Hirsch. To the extent a response is required, Meta lacks information sufficient to admit or deny the allegations in paragraph 9.

10. Meta states that the allegations in paragraph 10 contain conclusions of law, to which no responsive pleading is required. To the extent a response is required, Meta lacks information sufficient to admit or deny the allegations in paragraph 10.

11. Meta admits that the allegations in paragraph 11 purport to quote from a Tweet. To the extent a response is required, Meta lacks information sufficient to admit or deny the allegations in paragraph 11.

12. Meta admits that the allegations in paragraph 12 purport to quote from a document.

[1] Meta denies each and every allegation contained in any and all headings in plaintiffs' Complaint, to the extent any allegations are contained therein.

Meta lacks information sufficient to admit or deny the allegations in paragraph 12.

13. Meta admits that the allegations in paragraph 13 purport to quote from an unspecified source. Meta lacks information sufficient to admit or deny the allegations in paragraph 13.

14. Meta admits that the allegations in paragraph 14 purport to quote from an unspecified source. Meta lacks information sufficient to admit or deny the allegations in paragraph 14.

15. Meta admits that the allegations in paragraph 15 purport to cite to and quote from an unspecified source. Meta lacks information sufficient to admit or deny the allegations in paragraph 15.

16. Meta lacks information sufficient to admit or deny the allegations in paragraph 16.

17. Meta states that the allegations in paragraph 17 contain conclusions of law, for which no responsive pleading is required. To the extent a response is required, Meta lacks information sufficient to admit or deny the allegations in paragraph 17 as they relate to other Defendants. Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 17.

18. Meta states that the allegations in paragraph 18 contain conclusions of law, to which no responsive pleading is required. To the extent a response is required, Meta lacks information sufficient to admit or deny the allegations in paragraph 18 as they relate to other Defendants. Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 18.

19. Meta states that the allegations in paragraph 19 contain conclusions of law, to which no responsive pleading is required. To the extent a response is required, Meta lacks information sufficient to admit or deny the allegations in paragraph 19 as they relate to other Defendants. Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 19.

20. Meta lacks information sufficient to admit or deny the allegations in paragraph 20.

21. Meta states that the allegations in paragraph 21 contain conclusions of law, to which no responsive pleading is required. To the extent a response is required, Meta denies each and every allegation in paragraph 21.

## PARTIES

### A. Plaintiffs

22. Meta lacks information sufficient to admit or deny the allegations in paragraph 22.

23. Meta lacks information sufficient to admit or deny the allegations in paragraph 23.

24. Meta admits that plaintiff Jane Doe I has had at least one Facebook account and at least one Instagram account. Meta lacks information sufficient to admit or deny the remaining allegations in paragraph 24 regarding the actions or knowledge of persons or entities other than Meta.

25. Meta lacks information sufficient to admit or deny the allegations in paragraph 25.

26. Meta states that the allegations in paragraph 26 contain conclusions of law, to which no responsive pleading is required. To the extent a response is required, Meta lacks information sufficient to admit or deny the allegations in paragraph 26 as they relate to other Defendants. Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 26.

27. Meta states that the allegations in paragraph 27 contain conclusions of law, to which no responsive pleading is required. To the extent a response is required, Meta admits that Facebook and Instagram users must agree to the operative Terms of Service, Terms of Use, Data Policy (now known as Meta's Privacy Policy), and Cookies Policy to use the platforms and that, as part of agreeing to these terms, users permit Meta to receive and use certain data. Meta lacks information sufficient to admit or deny the remaining allegations in paragraph 27 as they relate to other Defendants. Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 27.

28. Meta lacks information sufficient to admit or deny the allegations in paragraph 28.

29. Meta lacks information sufficient to admit or deny the allegations in paragraph 29.

30. Meta lacks information sufficient to admit or deny the allegations in paragraph 30.

31. Meta admits that plaintiff Jane Doe II has had at least one Facebook account. Meta lacks information sufficient to admit or deny the remaining allegations in paragraph 31 regarding the actions or knowledge of persons or entities other than Meta.

32. Meta lacks information sufficient to admit or deny the allegations in paragraph 32.

33. Meta states that the allegations in paragraph 33 contain conclusions of law, to which no responsive pleading is required. To the extent a response is required, Meta lacks information sufficient to admit or deny the allegations in paragraph 33 as they relate to other Defendants. Except as

expressly stated, Meta otherwise denies each and every allegation in paragraph 33.

34. Meta states that the allegations in paragraph 34 contain conclusions of law, to which no responsive pleading is required. To the extent a response is required, Meta admits that Facebook and Instagram users must agree to the operative Terms of Service, Terms of Use, Data Policy (now known as Meta's Privacy Policy), and Cookies Policy to use the platforms and that, as part of agreeing to these terms, users permit Meta to receive and use certain data. Meta lacks information sufficient to admit or deny the remaining allegations in paragraph 34 as they relate to other Defendants. Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 34.

35. Meta lacks information sufficient to admit or deny the allegations in paragraph 35.

36. Meta lacks information sufficient to admit or deny the allegations in paragraph 36.

37. Meta lacks information sufficient to admit or deny the allegations in paragraph 37.

38. Meta states that the allegations in paragraph 38 contain conclusions of law, to which no responsive pleading is required. To the extent a response is required, Meta lacks information sufficient to admit or deny the remaining allegations in paragraph 38 as they relate to other Defendants. Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 38.

39. Meta states that the allegations in paragraph 39 contain conclusions of law, to which no responsive pleading is required. To the extent a response is required, Meta lacks information sufficient to admit or deny the remaining allegations in paragraph 39 as they relate to other Defendants. Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 39.

40. Meta lacks information sufficient to admit or deny the allegations in paragraph 40.

41. Meta lacks information sufficient to admit or deny the allegations in paragraph 41.

42. Meta admits that plaintiff E.C. has had at least one Facebook account and at least one Instagram account. Meta lacks information sufficient to admit or deny the remaining allegations in paragraph 42 regarding the actions or knowledge of persons or entities other than Meta.

43. Meta lacks information sufficient to admit or deny the allegations in paragraph 43.

44. Meta states that the allegations in paragraph 44 contain conclusions of law, to which no responsive pleading is required. To the extent a response is required, Meta lacks information

sufficient to admit or deny the remaining allegations in paragraph 44 as they relate to other Defendants. Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 44.

45. Meta states that the allegations in paragraph 45 contain conclusions of law, to which no responsive pleading is required. To the extent a response is required, Meta admits that Facebook and Instagram users must agree to the operative Terms of Service, Terms of Use, Data Policy (now known as Meta's Privacy Policy), and Cookies Policy to use the platforms and that, as part of agreeing to these terms, users permit Meta to receive and use certain data. Meta lacks information sufficient to admit or deny the remaining allegations in paragraph 45 as they relate to other Defendants. Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 45.

46. Meta lacks information sufficient to admit or deny the allegations in paragraph 46.

47. Meta lacks information sufficient to admit or deny the allegations in paragraph 47.

48. Meta lacks information sufficient to admit or deny the allegations in paragraph 48.

49. Meta admits that plaintiff Marquez has had at least one Facebook account and at least one Instagram account. Meta lacks information sufficient to admit or deny the remaining allegations in paragraph 49 regarding the actions or knowledge of persons or entities other than Meta.

50. Meta lacks information sufficient to admit or deny the allegations in paragraph 50.

51. Meta lacks information sufficient to admit or deny the allegations in paragraph 51.

52. Meta states that the allegations in paragraph 52 contain conclusions of law, to which no responsive pleading is required. To the extent a response is required, Meta lacks information sufficient to admit or deny the allegations in paragraph 52 as they relate to other Defendants. Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 52.

53. Meta states that the allegations in paragraph 53 contain conclusions of law, to which no responsive pleading is required. To the extent a response is required, Meta admits that Facebook and Instagram users must agree to the operative Terms of Service, Terms of Use, Data Policy (now known as Meta's Privacy Policy), and Cookies Policy to use the platforms and that, as part of agreeing to these terms, users permit Meta to receive and use certain data. Meta lacks information sufficient to admit or deny the remaining allegations in paragraph 53 as they relate to other Defendants.

Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 53.

54. Meta lacks information sufficient to admit or deny the allegations in paragraph 54.

55. Meta lacks information sufficient to admit or deny the allegations in paragraph 55.

56. Meta admits that plaintiff Wilson has had at least one Facebook account and at least one Instagram account. Meta lacks information sufficient to admit or deny the remaining allegations in paragraph 56 regarding the actions or knowledge of persons or entities other than Meta.

57. Meta lacks information sufficient to admit or deny the allegations in paragraph 57.

58. Meta states that the allegations in paragraph 58 contain conclusions of law, to which no responsive pleading is required. To the extent a response is required, Meta lacks information sufficient to admit or deny the allegations in paragraph 58 as they relate to other Defendants. Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 58.

59. Meta states that the allegations in paragraph 59 contain conclusions of law, to which no responsive pleading is required. To the extent a response is required, Meta admits that Facebook and Instagram users must agree to the operative Terms of Service, Terms of Use, Data Policy (now known as Meta's Privacy Policy), and Cookies Policy to use the platforms and that, as part of agreeing to these terms, users permit Meta to receive and use certain data. Meta lacks information sufficient to admit or deny the remaining allegations in paragraph 59 as they relate to other Defendants. Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 59.

**B. Defendants**

60. Meta lacks information sufficient to admit or deny the allegations in paragraph 60.

61. Meta states that the allegations in paragraph 61 contain conclusions of law, to which no responsive pleading is required. To the extent a response is required, Meta admits that the Meta Pixel is a free, publicly available piece of code that third-party developers can choose to integrate into their website's code to enable transmission of event data that developers choose to send to Meta so that developers can better understand the effectiveness of their advertising, subject to Meta's Business Tools Terms, Data Policy (now known as Meta's Privacy Policy), Platform Policy, and Commercial Terms. Meta admits that the Meta Pixel code does nothing on its own, unless and until a developer

chooses to use it and configures it to send data selected by the developer to Meta. Meta further admits that the Meta SDK is a free, publicly available piece of code that third-party developers can choose to integrate into their app's code to enable transmission of event data that developers choose to send to Meta so that developers can better understand the effectiveness of their advertising, subject to Meta's Business Tools, Data Policy (now known as Meta's Privacy Policy), Platform Policy, and Commercial Terms. Meta admits that the Meta SDK code does nothing on its own, unless and until a developer chooses to use it and configures it to send data selected by the developer to Meta. Meta lacks information sufficient to admit or deny the allegations in paragraph 61 as they relate to other Defendants.

62. Meta lacks information sufficient to admit or deny the allegations in paragraph 62 as they relate to other Defendants. Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 62.

63. Meta admits that it makes available certain Business Tools, such as the Meta Pixel and the Facebook SDK for App Events, which are optional technologies that website owners and publishers, app developers, and business partners (including advertisers and others), who agree to the Meta Business Tools Terms, Data Policy (now known as Meta's Privacy Policy), Platform Policy, and Commercial Terms, can choose to use and configure to understand and measure their products and services and better reach and serve people who use or might be interested in their products and services. Meta lacks information sufficient to admit or deny the remaining allegations in paragraph 63 as they relate to other Defendants. Meta otherwise denies each and every allegation in paragraph 63.

64. The allegations in paragraph 64 contain conclusions of law, to which no responsive pleading is required. To the extent a response is required, Meta admits that it makes available certain Business Tools, such as the Meta Pixel and the Facebook SDK for App Events, which are optional technologies that website owners and publishers, app developers, and business partners (including advertisers and others), who agree to the Meta Business Tools Terms, Data Policy (now known as Meta's Privacy Policy), Platform Policy, and Commercial Terms, can choose to use and configure to understand and measure their products and services and better reach and serve people who use or might be interested in their products and services. Meta lacks information sufficient to admit or deny the

remaining allegations in paragraph 64 as they relate to other Defendants. Except as expressly stated, Meta denies each and every allegation in paragraph 64.

65. Meta lacks information sufficient to admit or deny the allegations in paragraph 65.

66. Meta admits that it is a corporation incorporated in Delaware with headquarters in Menlo Park, California.

67. The allegations in paragraph 67 contain conclusions of law, for which no responsive pleading is required. To the extent a response is required, Meta denies each and every allegation in paragraph 67.

68. The allegations in paragraph 68 contain conclusions of law, for which no responsive pleading is required. To the extent a response is required, Meta admits that the Meta Pixel and the Facebook SDK for App Events are optional technologies that website owners and publishers, app developers, and business partners (including advertisers and others), who agree to the Meta Business Tools Terms, can choose to use and configure to understand and measure their products and services and better reach and serve people who use or might be interested in their products and services. Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 68.

69. Meta denies each and every allegation in paragraph 69.

70. Meta admits that the allegations in paragraph 70 purport to cite to documents. To the extent a response is required, Meta admits that the New York State Department of Financial Services has conducted an investigation of Meta but denies plaintiffs' characterization of that investigation and its conclusions. Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 70.

71. Meta admits that one service it offers is ad targeting, which allows advertisers to select certain criteria for the audience they would like to connect with. Meta further admits that this service allows advertisers to use information, including information advertisers choose to send to Meta subject to Meta's Business Tools Terms, Data Policy (now known as Meta's Privacy Policy), Platform Policy, and Commercial Terms, to help advertisers deliver ads. Meta also admits that it has implemented technical means designed to detect and filter out potentially sensitive data before it can be stored and

used in Meta's systems. Meta further admits that developers are ultimately responsible for the data that they choose to send to Meta, are in the best position to ensure their integration of the Meta Pixel or the Facebook SDK does not send sensitive or prohibited information to Meta, and that Meta's systems are not a substitute for developers' own compliance mechanisms. Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 71.

72. Meta admits that the allegations in paragraph 72 purport to quote from unspecified sources. To the extent a response is required, Meta admits that on November 9, 2021, it published an announcement stating that Meta would "remove Detailed Targeting options that relate to topics people may perceive as sensitive, such as options referencing causes, organizations, or public figures that relate to health, race or ethnicity, political affiliation, religion, or sexual orientation." Meta further admits that it offers features called Custom Audiences and Lookalike Audiences. Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 72.

73. Meta admits that it has implemented integrity systems designed to filter out potentially prohibited data that Meta is able to detect before it is stored and used in Meta's ad systems. Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 73.

74. Meta admits that the allegations in paragraph 74 purport to cite to documents. To the extent a response is required, Meta lacks information sufficient to admit or deny the allegations in paragraph 74 regarding any investigation of Meta referred to in unidentified documents and denies plaintiffs' characterization of these alleged independent investigations and their findings. Except as expressly stated, Meta otherwise denies the allegations in paragraph 74.

75. Meta admits that the allegations in paragraph 75 purport to describe and quote from a document which speaks for itself. To the extent a response is required, Meta lacks information sufficient to admit or deny the allegations in paragraph 75 that purport to quote statements allegedly made by unidentified individuals and referred to in unidentified documents. Except as expressly stated, Meta otherwise denies the allegations in paragraph 75.

76. The allegations in paragraph 76 contain conclusions of law, for which no responsive pleading is required. To the extent a response is required, Meta admits that it has

implemented technical means designed to detect and filter out potentially sensitive data before it can be stored and used in Meta's systems. Meta further admits that developers are ultimately responsible for the data that they choose to send to Meta, are in the best position to ensure their integration of the Meta Pixel and Facebook SDK for App Events does not operate in a manner that results in sending sensitive or prohibited data to Meta, and that Meta's systems are not a substitute for developers' own compliance mechanisms. Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 76.

77. The allegations in paragraph 77 contain conclusions of law, for which no responsive pleading is required. To the extent a response is required, Meta denies each and every allegation in paragraph 77.

78. Meta lacks information sufficient to admit or deny the allegations in paragraph 78.

79. Meta lacks information sufficient to admit or deny the allegations in paragraph 79.

80. Meta lacks information sufficient to admit or deny the allegations in paragraph 80.

81. Meta lacks information sufficient to admit or deny the allegations in paragraph 81.

82. Meta lacks information sufficient to admit or deny the allegations in paragraph 82.

83. Meta lacks information sufficient to admit or deny the allegations in paragraph 83.

84. Meta lacks information sufficient to admit or deny the allegations in paragraph 84.

85. Meta lacks information sufficient to admit or deny the allegations in paragraph 85.

86. Meta lacks information sufficient to admit or deny the allegations in paragraph 86.

87. Meta lacks information sufficient to admit or deny the allegations in paragraph 87.

88. Meta lacks information sufficient to admit or deny the allegations in paragraph 88.

89. Meta lacks information sufficient to admit or deny the allegations in paragraph 89.

90. Meta lacks information sufficient to admit or deny the allegations in paragraph 90.

## **JURISDICTION AND VENUE**

91. The allegations in paragraph 91 contain conclusions of law, for which no responsive pleading is required. To the extent a response is required, Meta lacks information sufficient to admit or deny the allegations in paragraph 91 regarding the putative Class members. Meta denies

that class certification is appropriate for this case.

92. The allegations in paragraph 92 contain conclusions of law, for which no responsive pleading is required. To the extent a response is required, Meta admits that it is a corporation incorporated in Delaware with its principal place of business in Menlo Park, San Mateo County, California. Meta lacks information sufficient to admit or deny the residences of the plaintiffs and therefore denies these allegations on that basis.

93. The allegations in paragraph 93 contain conclusions of law, for which no responsive pleading is required. To the extent a response is required, Meta admits that it is a corporation incorporated in Delaware with its principal place of business in Menlo Park, San Mateo County, California. Meta lacks information sufficient to admit or deny the remaining allegations in paragraph 93 as they relate to other Defendants. Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 93.

94. The allegations in paragraph 94 contain conclusions of law, for which no responsive pleading is required. To the extent a response is required, Meta admits that it is a corporation incorporated in Delaware with its principal place of business in Menlo Park, San Mateo County, California. Meta lacks information sufficient to admit or deny the remaining allegations in paragraph 94 as they relate to other Defendants. Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 94.

95. The allegations in paragraph 95 contain conclusions of law, for which no responsive pleading is required. To the extent a response is required, Meta denies each and every allegation in paragraph 95.

## FACTUAL BACKGROUND

### A. The GoodRx Platform

96. Meta lacks information sufficient to admit or deny the allegations in paragraph 96.

97. Meta admits that the first sentence of paragraph 97 purports to cite to an unspecified source. Meta lacks information sufficient to admit or deny the remaining allegations in paragraph 97.

98. Meta lacks information sufficient to admit or deny the allegations in paragraph 98.

99. Meta admits that the first sentence of paragraph 99 purports to cite to an unspecified source. Meta lacks information sufficient to admit or deny the allegations in paragraph 99.

100. Meta lacks information sufficient to admit or deny the allegations in paragraph 100.

101. Meta admits that the allegations in paragraph 101 purport to quote from an unspecified document. Meta lacks information sufficient to admit or deny the allegations in paragraph 101.

**B. GoodRx's Promises to Users**

102. Meta lacks information sufficient to admit or deny the allegations in paragraph 102.

103. Meta lacks information sufficient to admit or deny the allegations in paragraph 103.

104. Meta admits that the allegations in paragraph 104 purport to quote from a document. Meta lacks information sufficient to admit or deny the allegations in paragraph 104.

105. Meta admits that the allegations in paragraph 105 purport to quote from a document. Meta lacks information sufficient to admit or deny the allegations in paragraph 105.

106. Meta admits that the allegations in paragraph 106 purport to quote from an unspecified document. Meta lacks information sufficient to admit or deny the allegations in paragraph 106.

107. Meta admits that the allegations in paragraph 107 purport to quote from an unspecified document. Meta lacks information sufficient to admit or deny the allegations in paragraph 107.

108. Meta admits that the allegations in paragraph 108 purport to quote from a document. Meta lacks information sufficient to admit or deny the allegations in paragraph 108.

109. Meta lacks information sufficient to admit or deny the allegations in paragraph 109.

110. Meta admits that the allegations in paragraph 110 purport to cite to a Tweet from GoodRx co-CEO Doug Hirsch. To the extent a response is required, Meta lacks information sufficient to admit or deny the allegations in paragraph 110.

111. Meta admits that the allegations in paragraph 111 purport to cite to a Tweet that is pasted into the Complaint. To the extent a response is required, Meta lacks information sufficient to

admit or deny the allegations in paragraph 111.

112. Meta lacks information sufficient to admit or deny the allegations in paragraph 112.

113. The allegations in paragraph 113 contain conclusions of law, for which no responsive pleading is required. To the extent a response is required, Meta lacks information sufficient to admit or deny the allegations in paragraph 113.

114. The allegations in paragraph 114 contain conclusions of law, for which no responsive pleading is required. To the extent a response is required, Meta lacks information sufficient to admit or deny the allegations in paragraph 114.

115. The allegations in paragraph 115 contain conclusions of law, for which no responsive pleading is required. To the extent a response is required, Meta lacks information sufficient to admit or deny the allegations in paragraph 115.

116. Meta lacks information sufficient to admit or deny the allegations in paragraph 116 regarding the actions or knowledge of persons or entities other than Meta. Except as expressly stated, Meta denies each and every allegation in paragraph 116.

**C. Meta's Tracking Technology on the GoodRx Platform**

117. Meta admits that it derives revenue from advertising. Meta respectfully refers the Court to Meta's Form 10-Ks, which speak for themselves, for information regarding Meta's revenue. Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 117.

118. Meta admits that the allegations in paragraph 118 purport to quote from an unspecified source. To the extent a response is required, Meta admits that in 2007 it introduced Facebook Ads, an ad system for businesses to connect with users and target advertising to the exact audiences they want. Meta lacks information sufficient to admit or deny the remaining allegations in paragraph 118.

119. Meta admits that advertisers can create ads to be shown on Meta apps. Meta further admits that it currently offers the Facebook Audience Network service, which allows advertisers to run ad campaigns across publishers and environments using Facebook targeting capabilities, ad formats and management tools. Meta also admits that as of December 31, 2022, Facebook had over 2.9 billion

monthly active users. Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 119.

120. Meta admits that the allegations in paragraph 120 purport to quote from an unspecified source. Meta further admits that it derives revenue, in part, from the use of its targeted advertising feature, and that this feature uses certain data, including certain of the data provided to Meta, in accordance with Meta's Business Tools Terms, Data Policy (now known as Meta's Privacy Policy), Platform Policy, and Commercial Terms, to help advertisers deliver ads. Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 120.

121. Meta admits that more than ten million advertisers used Meta's personalized advertising tools between 2018 and 2021, and that Meta generates certain revenue from advertising. Meta respectfully refers the Court to Meta's Form 10-Ks for the years 2018 to 2021, which speak for themselves, for information regarding Meta's revenue. Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 121.

122. Meta admits that the Meta Pixel is a free, publicly available piece of code that third-party developers can choose to integrate into their website's code to enable transmission of event data that developers choose to send to Meta so that developers can better understand the effectiveness of their advertising, subject to Meta's Business Tools Terms, Data Policy (now known as Meta's Privacy Policy), Platform Policy, and Commercial Terms. Meta admits that it announced the Facebook Pixel (now known as the Meta Pixel) in 2015. Meta further admits that it offers a Business Tool called the Facebook SDK for App Events, which includes code that developers can choose to integrate into their app's code to enable transmission of event data that app developers choose to send to Meta, subject to Meta's Business Tools Terms, Data Policy (now known as Meta's Privacy Policy), Platform Policy, and Commercial Terms. Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 122.

123. Meta admits that the allegations in paragraph 123 purport to cite to and quote from an unspecified source. Meta admits that the Meta Pixel is a free, publicly available piece of code that third-party developers can choose to integrate into their website's code to enable transmission of event

data that developers choose to send to Meta so that developers can better understand the effectiveness of their advertising, subject to Meta's Business Tools Terms, Data Policy (now known as Meta's Privacy Policy), Platform Policy, and Commercial Terms. Meta admits that the Meta Pixel code does nothing on its own, unless and until a developer chooses to use it and configures it to send data selected by the developer to Meta. Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 123.

124. Meta admits that the Meta Pixel is a free, publicly available piece of code that third-party developers can choose to integrate into their website's code to enable transmission of event data that developers choose to send to Meta so that developers can better understand the effectiveness of their advertising, subject to Meta's Business Tools Terms, Data Policy (now known as Meta's Privacy Policy), Platform Policy, and Commercial Terms. Meta admits that the Meta Pixel code does nothing on its own, unless and until a developer chooses to use it and configures it to send data selected by the developer to Meta. Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 124.

125. The allegations in paragraph 125 contain conclusions of law, for which no responsive pleading is required. To the extent a response is required, Meta admits that when a developer chooses to configure the Meta Pixel to measure an action that an individual takes on the developer's website, and subject to Meta's Business Tools Terms, Data Policy (now known as Meta's Privacy Policy), Platform Policy, and Commercial Terms, the website may choose to send Meta certain data. Meta admits that it may store certain event data it receives, subject to its retention policies. Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 125.

126. Meta admits that advertisers using the Meta Business Tools may, subject to Meta's Business Tools Terms, Privacy Policy, Platform Policy, and Commercial Terms, choose to send certain information to Meta about people's interactions with their websites, apps, and stores. Meta attempts to match certain of this activity information with accounts on Meta technologies in order to provide advertisers with aggregated reporting, help them understand the effectiveness of their advertising, and connect with people who are interested in their products and services. Except as expressly stated, Meta

otherwise denies each and every allegation in paragraph 126.

127. Meta admits that it may be able to match certain data to Meta accounts in certain instances, including by using cookies. Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 127.

128. Meta admits that with advanced matching, developers can choose to send Meta certain hashed contact information along with the developer's Meta Pixel events, which can help the developer attribute more conversions and reach more people. Meta admits there are two types of advanced matching: manual and automatic, and that "manual advanced matching" requires developers to modify the Meta Pixel base code to pass website visitor input (for example, email addresses) as parameters in the Pixel initialization, while "automatic advanced matching" allows third-party web developers, subject to Meta's Business Tools Terms, Data Policy (now known as Meta's Privacy Policy), Platform Policy, Commercial Terms and the configurations set by the third-party developer, to send Meta data relating to actions taken on the developers' websites. Meta admits that contact information is hashed in the visitor's browser by the Meta Pixel code prior to sending to Meta and is promptly discarded after the matching process. Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 128.

129. Meta admits that Meta's partners, measurement vendors, marketing vendors, and other third parties may choose to send information to Meta via the Business Tools (whether or not it relates to an account on Meta technologies), and that certain information may be used for analytics and advertising purposes. Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 129.

130. Meta admits that Facebook and Instagram users must agree to the operative Terms of Service, Terms of Use, Data Policy (now known as Meta's Privacy Policy), and Cookies Policy to use the platforms and that, as part of agreeing to these terms, users permit Meta to receive and use certain data. Meta lacks information sufficient to admit or deny the remaining allegations in paragraph 130.

131. Meta admits that the allegations in paragraph 131 purport to quote from an unspecified source. Meta further admits that it offers a Business Tool called the Facebook SDK for App

Events, which includes code that developers can choose to integrate into their app's code to enable transmission of event data that app developers choose to send to Meta, subject to Meta's Business Tools Terms, Data Policy (now known as Meta's Privacy Policy), Platform Policy, and Commercial Terms. Meta further admits that the Facebook SDK for App Events code does nothing on its own, unless and until a developer chooses to use it and configures it to send data selected by the developer to Meta. Meta further admits that developers, by utilizing the event data, can measure ad performance and build custom audiences for ad targeting, subject to Meta's policies. Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 131.

132. Meta admits that the allegations in paragraph 132 purport to quote from an unspecified source. To the extent a response is required, Meta admits that it offers a Business Tool called the Facebook SDK for App Events, which includes code that developers can choose to integrate into their app's code to enable transmission of event data that app developers choose to send to Meta, subject to Meta's Business Tools Terms, Data Policy (now known as Meta's Privacy Policy), Platform Policy, and Commercial Terms. Meta further admits that the Facebook SDK for App Events code does nothing on its own, unless and until a developer chooses to use it and configures it to send data selected by the developer to Meta. Meta also admits that there are three types of App Events: "Automatically Logged App Events," which can automatically logs app installs, app sessions, and in-app purchases; "Standard Events," which are events created by Facebook; and "Custom Events," which are events created by a developer and specific to their app. Advertisers can choose which of these events to use. All App Events are subject to Meta's Business Tools Terms, Data Policy (now known as Meta's Privacy Policy), Platform Policy, and Commercial Terms. Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 132.

133. The allegations in paragraph 133 contain conclusions of law, for which no responsive pleading is required. To the extent a response is required, Meta admits that developers that use its Business Tools have access to Events Manager, which is a tool that enables developers to manage their Business Tools and view anonymized aggregated summaries of their event data. Meta further admits that developers that use its Business Tools have access to Ads Manager, which is a tool that

allows third-party developers to create and manage advertisements and to track the effectiveness of Meta advertising campaigns. Meta also admits that it provides third-party developers with ad targeting options, subject to Meta's policies, including the ability to create "Custom Audiences." Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 133.

134. The allegations in paragraph 134 contain conclusions of law, for which no responsive pleading is required. To the extent a response is required, Meta admits that it may use certain of the data that Meta's partners, measurement vendors, marketing vendors, and other third parties can choose to send from their websites or mobile applications using the Meta Pixel or the SDK in certain ways, including to personalize Meta technologies; to provide, test, and improve Meta technologies; to promote safety, security, and integrity on Meta's technologies; to tailor ads that are shown on Meta technologies; for business intelligence and analytics; to research and innovate for social good; and to share with law enforcement and respond to legal requests. Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 134.

135. Meta admits that it has implemented integrity systems designed to filter out potentially prohibited information that Meta is able to detect before it is stored and used in Meta's ad systems. Meta further admits that Meta requires third parties to accept terms governing Meta's provision of the Meta Business Tools that require third parties to have all necessary rights and permissions and a lawful basis (in compliance with all applicable laws, regulations, and industry guidelines)—including any necessary consents from consumers—in order to send certain data to Meta. Meta contractually prohibits third parties from sending Meta sensitive data via the Meta Business Tools and takes steps to further educate third parties about these contractual obligations. Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 135.

136. Meta admits that the allegations in paragraph 136 purport to cite to and quote from a document. To the extent a response is required, Meta lacks information sufficient to admit or deny the allegations in paragraph 136.

137. Meta admits that the allegations in paragraph 137 purport to cite to and quote from a document. To the extent a response is required, Meta lacks information sufficient to admit or deny

the allegations in paragraph 137 that purport to quote unidentified documents. Meta otherwise denies each and every allegation in paragraph 137.

138. The allegations in paragraph 138 purport to quote from testimony. To the extent a response is required, Meta denies each and every allegation in paragraph 138.

139. The allegations in paragraph 139 contain conclusions of law, for which no responsive pleading is required. To the extent a response is required, Meta denies each and every allegation in paragraph 139.

140. The allegations in paragraph 140 contain conclusions of law, for which no responsive pleading is required. To the extent a response is required, Meta lacks information sufficient to admit or deny the allegations in paragraph 140 as they relate to other defendants. Meta otherwise denies each and every remaining allegation in paragraph 140.

141. The allegations in paragraph 141 contain conclusions of law, for which no responsive pleading is required. To the extent a response is required, Meta lacks information sufficient to admit or deny the allegations in paragraph 141 as they relate to other Defendants. Meta otherwise denies each and every remaining allegation in paragraph 141.

**D. Google's Tracking Technology on the GoodRx Platform**

142. Meta lacks information sufficient to admit or deny the allegations in paragraph 142.

143. Meta lacks information sufficient to admit or deny the allegations in paragraph 143.

144. Meta lacks information sufficient to admit or deny the allegations in paragraph 144.

145. Meta lacks information sufficient to admit or deny the allegations in paragraph 145.

146. Meta lacks information sufficient to admit or deny the allegations in paragraph 146.

147. Meta lacks information sufficient to admit or deny the allegations in paragraph 147.

148. Meta lacks information sufficient to admit or deny the allegations in paragraph 148.

149. Meta lacks information sufficient to admit or deny the allegations in paragraph 149.

150. Meta lacks information sufficient to admit or deny the allegations in paragraph 150.

151. Meta lacks information sufficient to admit or deny the allegations in paragraph 151.

152. Meta lacks information sufficient to admit or deny the allegations in paragraph 152.

153. Meta lacks information sufficient to admit or deny the allegations in paragraph 153.

154. Meta lacks information sufficient to admit or deny the allegations in paragraph 154.

155. Meta lacks information sufficient to admit or deny the allegations in paragraph 155.

156. Meta lacks information sufficient to admit or deny the allegations in paragraph 156.

**E. Criteo's Tracking Technology on the GoodRx Platform**

157. Meta lacks information sufficient to admit or deny the allegations in paragraph 157.

158. Meta lacks information sufficient to admit or deny the allegations in paragraph 158.

159. Meta lacks information sufficient to admit or deny the allegations in paragraph 159.

160. Meta lacks information sufficient to admit or deny the allegations in paragraph 160.

161. Meta lacks information sufficient to admit or deny the allegations in paragraph 161.

162. Meta lacks information sufficient to admit or deny the allegations in paragraph 162.

**F. Other Tracking Technologies on the GoodRx Platform**

163. Meta lacks information sufficient to admit or deny the allegations in paragraph 163.

164. Meta lacks information sufficient to admit or deny the allegations in paragraph 164.

165. Meta lacks information sufficient to admit or deny the allegations in paragraph 165.

166. Meta lacks information sufficient to admit or deny the allegations in paragraph 166.

167. The allegations in paragraph 167 contain conclusions of law, for which no responsive pleading is required. To the extent a response is required, Meta denies each and every allegation in paragraph 167.

**G. Plaintiffs and Class Members Do Not Consent to Defendants' Conduct**

168. The allegations in paragraph 168 contain conclusions of law, for which no responsive pleading is required. To the extent a response is required, Meta lacks information sufficient to admit or deny the allegations in paragraph 168 regarding the plaintiffs' or Class members' knowledge and software from other Defendants and denies the allegations regarding Meta.

169. The allegations in paragraph 169 contain conclusions of law, for which no responsive pleading is required. To the extent a response is required, Meta lacks information sufficient to admit or deny the allegations in paragraph 169.

170. Meta admits that the allegations in paragraph 170 purport to quote from a document and contain conclusions of law, for which no responsive pleading is required. To the extent a response is required, Meta otherwise lacks information sufficient to admit or deny the allegations in paragraph 170.

**H. Plaintiffs and Class Members have a Reasonable Expectation of Privacy in their User Data**

171. The allegations in paragraph 171 are conclusions of law, for which no responsive pleading is required. To the extent a response is required, Meta denies the allegations in paragraph 171.

172. Meta lacks information sufficient to admit or deny the allegations in paragraph 172.

173. Meta admits that the allegations in paragraph 173 purport to describe certain studies. To the extent a response is required, Meta lacks information sufficient to admit or deny the allegations in paragraph 173.

174. Meta lacks information sufficient to admit or deny the allegations in paragraph 174.

175. Meta admits that the allegations in paragraph 175 purport to describe a study. To the extent a response is required, Meta lacks information sufficient to admit or deny the allegations in paragraph 175.

176. Meta admits that the allegations in paragraph 176 purport to describe statements made by an individual. To the extent a response is required, Meta lacks information sufficient to admit or deny the allegations in paragraph 176.

177. The allegations in paragraph 177 contain conclusions of law, for which no responsive pleading is required. To the extent a response is required, Meta lacks information sufficient to admit or deny the allegations in paragraph 177 as they relate to other Defendants. Except as expressly stated, Meta otherwise denies the allegations in paragraph 177.

**I. Defendants Used GoodRx Users' Data**

178. The allegations in paragraph 178 are conclusions of law, for which no responsive pleading is required. Meta admits that the allegations in paragraph 178 purport to quote a statement from Experian. To the extent a response is required, Meta lacks information sufficient to admit or deny

the allegations in paragraph 178. Except as expressly stated, Meta otherwise denies the allegations in paragraph 178.

179. Meta lacks information sufficient to admit or deny the allegations in paragraph 179.

180. Meta admits that GoodRx has run advertising campaigns on Instagram and Facebook but lacks information sufficient to admit or deny the remaining allegations in paragraph 180.

181. Meta admits that GoodRx has run advertising campaigns on Instagram and Facebook but lacks information sufficient to admit or deny the remaining allegations in paragraph 181. Meta further incorporates its responses to paragraphs 72, 131, and 133 concerning Ads Manager and Custom Audiences as if fully set forth herein.

182. The allegations in paragraph 182 contain conclusions of law, for which no responsive pleading is required. To the extent a response is required, Meta lacks information sufficient to admit or deny the allegations in paragraph 182. Meta further incorporates its responses to paragraphs 72, 131, and 133 concerning Custom Audiences as if fully set forth herein.

183. Meta admits that GoodRx has run advertising campaigns on Instagram and Facebook but lacks information sufficient to admit or deny the remaining allegations in paragraph 183.

184. Meta lacks information sufficient to admit or deny the allegations in paragraph 184.

185. Meta lacks information sufficient to admit or deny the allegations in paragraph 185.

186. Meta lacks information sufficient to admit or deny the allegations in paragraph 186.

187. Meta lacks information sufficient to admit or deny the allegations in paragraph 187.

188. Meta lacks information sufficient to admit or deny the allegations in paragraph 188.

189. Meta lacks information sufficient to admit or deny the allegations in paragraph 189.

190. Meta lacks information sufficient to admit or deny the allegations in paragraph 190.

191. The allegations in paragraph 191 contain conclusions of law, for which no responsive pleading is required. To the extent a response is required, Meta lacks information sufficient to admit or deny the allegations in paragraph 191. Meta otherwise denies the allegations in paragraph 191.

**J. The Federal Trade Commission Action Against GoodRx**

192. Meta admits that the allegations in paragraph 192 purport to cite to a complaint in an FTC action and refer to that document. To the extent a response is required, Meta lacks information sufficient to admit or deny the allegations in paragraph 192.

193. Meta admits that the allegations in paragraph 193 purport to cite to a complaint in an FTC action and refer to that document. To the extent a response is required, Meta lacks information sufficient to admit or deny the allegations in paragraph 193.

194. Meta admits that the allegations in paragraph 194 purport to cite to a complaint in an FTC action and refer to that document. To the extent a response is required, Meta lacks information sufficient to admit or deny the allegations in paragraph 194.

195. Meta admits that the allegations in paragraph 195 purport to cite to a complaint in a FTC action and refer to that document. To the extent a response is required, Meta lacks information sufficient to admit or deny the allegations in paragraph 195. Except as expressly stated, Meta otherwise denies the allegations in paragraph 195.

196. Meta admits that the allegations in paragraph 196 purport to cite to a stipulated order and refer to that document. To the extent a response is required, Meta lacks information sufficient to admit or deny the allegations in paragraph 196.

197. Meta admits that the allegations in paragraph 197 purport to cite to and refer to a document. To the extent a response is required, Meta lacks information sufficient to admit or deny the allegations in paragraph 197.

198. Meta admits that the allegations in paragraph 198 purport to cite to and quote from a document. To the extent a response is required, Meta lacks information sufficient to admit or deny the allegations in paragraph 198.

199. Meta admits that the allegations in paragraph 199 purport to quote from a document. To the extent a response is required, Meta lacks information sufficient to admit or deny the allegations in paragraph 199.

200. Meta admits that the allegations in paragraph 199 purport to quote from a document. To the extent a response is required, Meta lacks information sufficient to admit or deny the

allegations in paragraph 199.

201. The allegations in paragraph 200 contain conclusions of law, for which no responsive pleading is required. To the extent a response is required, Meta lacks information sufficient to admit or deny the allegations in paragraph 200. Except as expressly stated, Meta otherwise denies the allegations in paragraph 200.

## TOLLING, CONCEALMENT, AND ESTOPPEL

202. The allegations in paragraph 201 contain conclusions of law, for which no responsive pleading is required. To the extent a response is required, Meta lacks information sufficient to admit or deny the allegations in paragraph 201 as they relate to other Defendants. Except as expressly stated, Meta otherwise denies the allegations in paragraph 201.

203. Meta lacks information sufficient to admit or deny the allegations in paragraph 202 as they relate to other Defendants. Except as expressly stated, Meta denies each and every allegation in paragraph 202.

204. The allegations in paragraph 203 contain conclusions of law, for which no responsive pleading is required. To the extent a response is required, Meta lacks information sufficient to admit or deny the allegations in paragraph 203 as they relate to other Defendants. Except as expressly stated, Meta denies each and every allegation in paragraph 203.

205. The allegations in paragraph 204 contain conclusions of law, for which no responsive pleading is required. To the extent a response is required, Meta lacks information sufficient to admit or deny the allegations in paragraph 204 as they relate to other Defendants. Except as expressly stated, Meta denies each and every allegation in paragraph 204.

206. The allegations in paragraph 205 contain conclusions of law, for which no responsive pleading is required. To the extent a response is required, Meta lacks information sufficient to admit or deny the allegations in paragraph 205 as they relate to Plaintiffs and to the other Defendants. Except as expressly stated, Meta denies each and every allegation in paragraph 205.

207. The allegations in paragraph 206 contain conclusions of law, for which no responsive pleading is required. To the extent a response is required, Meta lacks information sufficient

to admit or deny the allegations in paragraph 206 as they relate to other Defendants. Except as expressly stated, Meta denies each and every allegation in paragraph 206.

208. The allegations in paragraph 207 contain conclusions of law, for which no responsive pleading is required. To the extent a response is required, Meta lacks information sufficient to admit or deny the allegations in paragraph 207 as they relate to other Defendants. Except as expressly stated, Meta otherwise denies the allegations in paragraph 207.

209. Meta lacks information sufficient to admit or deny the allegations in paragraph 208 as they relate to other Defendants. Except as expressly stated, Meta denies each and every allegation in paragraph 208.

210. The allegations in paragraph 209 contain conclusions of law, for which no responsive pleading is required. To the extent a response is required, Meta admits that Facebook and Instagram users must agree to the operative Terms of Service, Terms of Use, Data Policy (now known as Meta's Privacy Policy), and Cookies Policy to use the platforms and that, as part of agreeing to these terms, users permit Meta to receive and use certain data. Meta lacks information sufficient to admit or deny the allegations in paragraph 209 as they relate to other Defendants. Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 209.

211. The allegations in paragraph 210 contain conclusions of law, for which no responsive pleading is required. To the extent a response is required, Meta lacks information sufficient to admit or deny the allegations in paragraph 210 as they relate to other Defendants. Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 210.

212. The allegations in paragraph 211 contain conclusions of law, for which no responsive pleading is required. To the extent a response is required, Meta denies each and every allegation in paragraph 211.

**PUBLIC INJUNCTIVE RELIEF**

213. The allegations in paragraph 212 refer to the relief sought by plaintiffs and Class members in the Complaint, which speaks for itself. The allegations in paragraph 212 also contain conclusions of law, for which no responsive pleading is required. To the extent a response is required,

Meta denies each and every allegation in this paragraph. Meta further denies that plaintiffs or Class members have suffered harm of any kind and that they are entitled to any form of relief from Meta.

214. The allegations in paragraph 213 refer to the relief sought by plaintiffs and Class members in the Complaint, which speaks for itself. The allegations in paragraph 213 also contain conclusions of law, for which no responsive pleading is required. To the extent a response is required, Meta denies each and every allegation in this paragraph. Meta further denies that plaintiffs or Class members have suffered harm of any kind and that they are entitled to any form of relief from Meta.

215. The allegations in paragraph 214 refer to the relief sought by plaintiffs and Class members in the Complaint, which speaks for itself. The allegations in paragraph 214 also contain conclusions of law, for which no responsive pleading is required. To the extent a response is required, Meta denies each and every allegation in this paragraph. Meta further denies that plaintiffs or Class members have suffered harm of any kind and that they are entitled to any form of relief from Meta.

216. The allegations in paragraph 215 refer to the relief sought by plaintiffs and Class members in the Complaint, which speaks for itself. The allegations in paragraph 215 also contain conclusions of law, for which no responsive pleading is required. To the extent a response is required, Meta denies each and every allegation in this paragraph. Meta further denies that plaintiffs or Class members have suffered harm of any kind and that they are entitled to any form of relief from Meta.

217. Meta admits that the allegations in paragraph 216 purport to quote from a document and contain conclusions of law, for which no responsive pleading is required. To the extent a response is required, Meta denies each and every allegation in this paragraph. Meta further denies that plaintiffs or Class members have suffered harm of any kind and that they are entitled to any form of relief from Meta.

218. Meta admits that the allegations in paragraph 217 purport to quote from a document. To the extent a response is required, Meta lacks information sufficient to admit or deny the allegations in paragraph 217, except that Meta denies that plaintiffs or Class members have suffered harm of any kind and that they are entitled to any form of relief from Meta.

219. The allegations in paragraph 218 refer to the relief sought by plaintiffs and Class

members in the Complaint, which speaks for itself. The allegations in paragraph 218 further contain conclusions of law, for which no responsive pleading is required. To the extent a response is required, Meta denies each and every allegation in paragraph 218. Meta further denies that plaintiffs or Class members have suffered harm of any kind and that they are entitled to any form of relief from Meta.

**CLASS ACTION ALLEGATIONS**

219. Meta admits that plaintiffs purport to bring this action on behalf of the members of the purported classes referenced in paragraph 219. Meta denies that class certification is appropriate for this case.

220. Meta admits that plaintiffs seek to exclude certain individuals and entities from the proposed class definitions. Meta denies that class certification is appropriate for this case.

221. The allegations in paragraph 221 contain conclusions of law, for which no responsive pleading is required. To the extent a responsive pleading is required, Meta lacks information sufficient to admit or deny the allegations in paragraph 221. Meta denies that class certification is appropriate for this case.

222. The allegations in paragraph 222 contain conclusions of law, for which no responsive pleading is required. To the extent a response is required, Meta denies the allegations in paragraph 222. Meta further denies that class certification is appropriate for this case.

223. The allegations in paragraph 223 contain conclusions of law, for which no responsive pleading is required. To the extent a response is required, Meta lacks information sufficient to admit or deny the allegations in paragraph 223 as they relate to other Defendants. Except as expressly stated, Meta denies the allegations in paragraph 223. Meta further denies that class certification is appropriate for this case.

224. The allegations in paragraph 224 contain conclusions of law, for which no responsive pleading is required. To the extent a response is required, Meta lacks information sufficient to admit or deny the allegations in paragraph 224 as they relate to other Defendants. Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 224. Meta further denies that class

certification is appropriate for this case.

225. The allegations in paragraph 225 contain conclusions of law, for which no responsive pleading is required. To the extent a response is required, Meta denies the allegations in paragraph 225. Meta further denies that class certification is appropriate for this case.

226. Meta admits that plaintiffs purport in paragraph 226 to reserve their rights to revise the class allegations and definitions. Meta denies that class certification is appropriate for this case.

**CALIFORNIA LAW APPLIES TO THE ENTIRE CLASS**

227. The allegations in paragraph 227 contain conclusions of law, for which no responsive pleading is required. To the extent a response is required, Meta denies the allegations in paragraph 227.

228. The allegations in paragraph 228 contain conclusions of law, for which no responsive pleading is required. To the extent a response is required, Meta admits that it maintains its principal place of business and conducts business in California and that its current Terms of Service contain a forum selection clause selecting the Northern District of California and California state court in San Mateo County as the venues for disputes. Meta lacks information sufficient to admit or deny the allegations in paragraph 228 as they relate to other Defendants. Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 228.

229. The allegations in paragraph 229 contain conclusions of law, for which no responsive pleading is required. To the extent a response is required, Meta denies the allegations in paragraph 229.

**CLAIMS FOR RELIEF**

**FIRST CLAIM FOR RELIEF**
**Violation of Common Law Invasion of Privacy – Intrusion Upon Seclusion**
**(On Behalf of Plaintiffs and the Class)**
**(Against all Defendants)**

230. Meta hereby incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.

231. The allegations in paragraph 231 contain conclusions of law, for which no

responsive pleading is required. To the extent a response is required, Meta denies each and every allegation in paragraph 231.

232. The allegations in paragraph 232 contain conclusions of law, for which no responsive pleading is required. To the extent a response is required, Meta lacks information sufficient to admit or deny the allegations in paragraph 232 as they relate to other Defendants. Except as expressly stated, Meta denies each and every allegation in paragraph 232.

233. The allegations in paragraph 233 contain conclusions of law, for which no responsive pleading is required. To the extent a response is required, Meta denies each and every allegation in paragraph 233 as to Meta.

234. The allegations in paragraph 234 contain conclusions of law, for which no responsive pleading is required. To the extent a response is required, Meta denies each and every allegation in paragraph 234 as to Meta.

235. Meta lacks information sufficient to admit or deny the allegations in paragraph 235 as they relate to other Defendants. Except as expressly stated, Meta otherwise denies the allegations in paragraph 235.

236. Meta admits that the allegations in paragraph 236 purport to quote from a document. To the extent a response is required, Meta lacks information sufficient to admit or deny the allegations in paragraph 236 as they relate to other Defendants. Except as expressly stated, Meta otherwise denies the allegations in paragraph 236.

237. Meta admits that the allegations in paragraph 237 purport to quote from a document. To the extent a response is required, Meta lacks information sufficient to admit or deny the allegations in paragraph 237.

238. The allegations in paragraph 238 contain conclusions of law, for which no responsive pleading is required. To the extent a response is required, Meta denies each and every allegation in paragraph 238 as to Meta.

239. The allegations in paragraph 239 contain conclusions of law, for which no responsive pleading is required. To the extent a response is required, Meta denies each and every

allegation in paragraph 239 as to Meta.

240. The allegations in paragraph 240 contain conclusions of law, for which no responsive pleading is required. To the extent a response is required, Meta lacks information sufficient to admit or deny the remaining allegations in paragraph 240. Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 240.

241. The allegations in paragraph 241 contain conclusions of law, for which no responsive pleading is required. To the extent a response is required, Meta lacks information sufficient to admit or deny the allegations in paragraph 241 as they relate to other Defendants. Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 241.

242. The allegations in paragraph 242 contain conclusions of law, for which no responsive pleading is required. To the extent a response is required, Meta lacks information sufficient to admit or deny the allegations in paragraph 242 as they relate to other Defendants, and otherwise denies the remaining allegations in paragraph 242. Meta further denies that plaintiffs or Class members suffered harm of any kind and that they are entitled to any form of relief from Meta.

243. The allegations in paragraph 243 contain conclusions of law, for which no responsive pleading is required. To the extent a response is required, Meta lacks information sufficient to admit or deny the allegations in paragraph 243 as they relate to other Defendants, and otherwise denies the remaining allegations in paragraph 243. Meta further denies that plaintiffs or Class members have suffered harm or damages of any kind and that they are entitled to any form of relief from Meta.

244. The allegations in paragraph 244 refer to the relief sought by plaintiffs and Class members in the Complaint, which speaks for itself. The allegations in paragraph 244 also contain conclusions of law, for which no responsive pleading is required. To the extent a response is required, Meta denies each and every allegation in this paragraph. Meta further denies that plaintiffs or Class members have suffered harm of any kind and that they are entitled to any form of relief from Meta.

245. The allegations in paragraph 245 refer to the relief sought by plaintiffs in the Complaint, which speaks for itself. The allegations in paragraph 245 also contain conclusions of law, for which no responsive pleading is required. To the extent a response is required, Meta denies each

and every allegation in this paragraph. Meta further denies that plaintiffs or Class members have suffered harm of any kind and that they are entitled to any form of relief from Meta.

246. The allegations in paragraph 246 refer to the relief sought by plaintiffs in the Complaint, which speaks for itself. To the extent a response is required, Meta denies that plaintiffs or Class members have suffered harm of any kind and that they are entitled to any form of relief from Meta.

**SECOND CLAIM FOR RELIEF**
**Violation of Common Law Invasion of Privacy – Intrusion Upon Seclusion**
**(On Behalf of Plaintiffs and the Class)**
**(Against Advertising and Analytics Defendants)**

247. Meta hereby incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.

248. The allegations in paragraph 248 contain conclusions of law, for which no responsive pleading is required. To the extent a response is required, Meta denies the allegations in paragraph 248.

249. The allegations in paragraph 249 contain conclusions of law, for which no responsive pleading is required. To the extent a response is required, Meta lacks information sufficient to admit or deny the allegations in paragraph 249 as they relate to other Defendants. Except as expressly stated, Meta otherwise denies each and every allegation in 249.

250. The allegations in paragraph 250 contain conclusions of law, for which no responsive pleading is required. To the extent a response is required, Meta lacks information sufficient to admit or deny the allegations in paragraph 250 as they relate to other Defendants. Except as expressly stated, Meta otherwise denies each and every allegation in 250.

251. The allegations in paragraph 251 contain conclusions of law, for which no responsive pleading is required. To the extent a response is required, Meta lacks information sufficient to admit or deny the allegations in paragraph 251 as they relate to other Defendants. Except as expressly stated, Meta denies each and every allegation in paragraph 251.

252. The allegations in paragraph 252 contain conclusions of law, for which no

responsive pleading is required. To the extent a response is required, Meta lacks information sufficient to admit or deny the allegations in paragraph 252 as they relate to other Defendants. Except as expressly stated, Meta denies each and every allegation in paragraph 252.

253. The allegations in paragraph 253 contain conclusions of law, for which no responsive pleading is required. To the extent a response is required, Meta lacks information sufficient to admit or deny the allegations in paragraph 253 as they relate to other Defendants. Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 253.

254. The allegations in the first sentence of paragraph 254 contain conclusions of law, for which no responsive pleading is required. To the extent a response is required, Meta denies the allegations in the first sentence of paragraph 254. Meta lacks information sufficient to admit or deny the remaining allegations in paragraph 254. Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 254.

255. The allegations in paragraph 255 contain conclusions of law, for which no responsive pleading is required. To the extent a response is required, Meta lacks information sufficient to admit or deny the allegations in paragraph 255 as they relate to other Defendants. Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 255.

256. The allegations in paragraph 256 contain conclusions of law, for which no responsive pleading is required. To the extent a response is required, Meta lacks information sufficient to admit or deny the allegations in paragraph 256 as they relate to other Defendants. Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 256.

257. The allegations in paragraph 257 contain conclusions of law, for which no responsive pleading is required. To the extent a response is required, Meta lacks information sufficient to admit or deny the allegations in paragraph 257 as they relate to other Defendants, and otherwise denies the remaining allegations in paragraph 257. Meta further denies that plaintiffs or Class members have suffered harm of any kind and that they are entitled to any form of relief from Meta.

258. The allegations in paragraph 258 contain conclusions of law, for which no responsive pleading is required. To the extent a response is required, Meta lacks information sufficient

to admit or deny the allegations in paragraph 258 as they relate to other Defendants, and otherwise denies the remaining allegations in paragraph 258. Meta further denies that plaintiffs or Class members have suffered harm of any kind and that they are entitled to any form of relief from Meta.

259. The allegations in paragraph 259 refer to the relief sought by plaintiffs and Class members in the Complaint, which speaks for itself. The allegations in paragraph 259 also contain conclusions of law, for which no responsive pleading is required. To the extent a response is required, Meta denies each and every allegation in paragraph 259. Meta further denies that plaintiffs or Class members have suffered harm of any kind and that they are entitled to any form of relief from Meta.

260. The allegations in paragraph 260 refer to the relief sought by plaintiffs and Class members in the Complaint, which speaks for itself. The allegations in paragraph 260 also contain conclusions of law, for which no responsive pleading is required. To the extent a response is required, Meta denies each and every allegation in this paragraph. Meta further denies that plaintiffs or Class members have suffered harm of any kind and that they are entitled to any form of relief from Meta.

261. The allegations in paragraph 261 refer to the relief sought by plaintiffs in the Complaint, which speaks for itself. To the extent a response is required, Meta denies that plaintiffs or Class members have suffered harm of any kind and that they are entitled to any form of relief from Meta.

## THIRD CLAIM FOR RELIEF
**Unjust Enrichment**
**(On Behalf of Plaintiffs and the Class)**
**(Against All Defendants)**

262. Meta hereby incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.

263. The allegations in paragraph 263 contain conclusions of law, for which no responsive pleading is required. To the extent a response is required, Meta lacks information sufficient to admit or deny the allegations in paragraph 263 as they relate to other Defendants. Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 263.

264. The allegations in paragraph 264 contain conclusions of law, for which no

responsive pleading is required. To the extent a response is required, Meta lacks information sufficient to admit or deny the allegations in paragraph 264 as they relate to other Defendants. Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 264.

265. The allegations in paragraph 265 contain conclusions of law, for which no responsive pleading is required. To the extent a response is required, Meta lacks information sufficient to admit or deny the allegations in paragraph 265 as they relate to other Defendants. Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 265.

266. The allegations in paragraph 266 contain conclusions of law, for which no responsive pleading is required. To the extent a response is required, Meta denies the allegations in paragraph 266 as to Meta.

267. The allegations in paragraph 267 contain conclusions of law, for which no responsive pleading is required. To the extent a response is required, Meta lacks information sufficient to admit or deny the allegations in paragraph 267 as they relate to other Defendants. Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 267.

268. The allegations in paragraph 268 contain conclusions of law, for which no responsive pleading is required. To the extent a response is required, Meta lacks information sufficient to admit or deny the allegations in paragraph 268 as they relate to other Defendants. Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 268. Meta further denies that plaintiffs or Class members have suffered harm of any kind and that they are entitled to any form of relief from Meta.

269. The allegations in paragraph 269 contain conclusions of law, for which no responsive pleading is required. To the extent a response is required, Meta lacks information sufficient to admit or deny the allegations in paragraph 269 as they relate to other Defendants. Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 269. Meta further denies that plaintiffs or Class members have suffered harm of any kind and that they are entitled to any form of relief from Meta.

270. The allegations in paragraph 270 refer to the relief sought by plaintiffs and Class

members in the Complaint, which speaks for itself. The allegations in paragraph 270 also contain conclusions of law, for which no responsive pleading is required. To the extent a response is required, Meta denies each and every allegation in paragraph 270. Meta further denies that plaintiffs or Class members have suffered harm of any kind and that they are entitled to any form of relief from Meta.

**FOURTH CLAIM FOR RELIEF**
**Violation of California Confidentiality of Medical Information Act ("CMIA")**
**Civil Code Section 56.06**
**(On Behalf of Plaintiffs and the Class)**
**(Against GoodRx)**

271. Meta states that no response is required to the Fourth Claim for Relief because it is directed only at GoodRx. To the extent a response is required, Meta hereby incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.

272. Meta states that no response is required to the Fourth Claim for Relief because it is directed only at GoodRx. To the extent a response is required, the allegations in paragraph 272 contain conclusions of law, for which no responsive pleading is required. Meta lacks information sufficient to admit or deny the allegations in paragraph 272 as they relate to other Defendants.

273. Meta states that no response is required to the Fourth Claim for Relief because it is directed only at GoodRx. To the extent a response is required, the allegations in paragraph 273 contain conclusions of law, for which no responsive pleading is required. Meta lacks information sufficient to admit or deny the allegations in paragraph 273 as they relate to other Defendants.

274. Meta states that no response is required to the Fourth Claim for Relief because it is directed only at GoodRx. To the extent a response is required, Meta admits the allegations in paragraph 274 contain conclusions of law and purport to quote from the California Confidentiality of Medical Information Act (Cal. Civ. Code § 56.06) ("CMIA"), to which no responsive pleading is required. Meta admits that plaintiffs correctly quote Cal. Civ. Code § 56.06. Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 274.

275. Meta states that no response is required to the Fourth Claim for Relief because it is directed only at GoodRx. To the extent a response is required, the allegations in paragraph 275 contain conclusions of law, for which no responsive pleading is required. Meta lacks information sufficient to

admit or deny the allegations in paragraph 275 as they relate to other Defendants.

276. Meta states that no response is required to the Fourth Claim for Relief because it is directed only at GoodRx. To the extent a response is required, Meta lacks information sufficient to admit or deny the allegations in paragraph 276 as they relate to other Defendants. Meta admits that it may use certain of the data that Meta's partners, measurement vendors, marketing vendors, and other third parties choose to send to it from their websites or mobile applications using the Meta Pixel and the SDK in certain ways. Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 276.

277. Meta states that no response is required to the Fourth Claim for Relief because it is directed only at GoodRx. To the extent a response is required, the allegations in paragraph 277 contain conclusions of law, for which no responsive pleading is required. To the extent a response is required, Meta admits that Facebook and Instagram users must agree to the operative Terms of Service, Terms of Use, Data Policy (now known as Meta's Privacy Policy), and Cookies Policy to use the platforms and that, as part of agreeing to these terms, users permit Meta to receive and use certain data. Meta lacks information sufficient to admit or deny the remaining allegations in paragraph 277 as they relate to other Defendants. Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 277.

278. Meta states that no response is required to the Fourth Claim for Relief because it is directed only at GoodRx. To the extent a response is required, the allegations in paragraph 278 contain conclusions of law, for which no responsive pleading is required. Meta lacks information sufficient to admit or deny the allegations in paragraph 278 as they relate to other Defendants.

279. Meta states that no response is required to the Fourth Claim for Relief because it is directed only at GoodRx. To the extent a response is required, the allegations in paragraph 279 refer to the relief sought by plaintiffs and Class members in the Complaint, which speaks for itself. The allegations in paragraph 279 also contain conclusions of law, for which no responsive pleading is required. To the extent a response is required, Meta denies each and every allegation in this paragraph. Meta further denies that plaintiffs or Class members have suffered harm of any kind and that they are

entitled to any form of relief from Meta.

**FIFTH CLAIM FOR RELIEF**
**Violation of CMIA**
**Civil Code Section 56.101**
**(On Behalf of Plaintiffs and the Class)**
**(Against GoodRx)**

280. Meta states that no response is required to the Fifth Claim for Relief because it is directed only at GoodRx. To the extent a response is required, Meta hereby incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.

281. Meta states that no response is required to the Fifth Claim for Relief because it is directed only at GoodRx. To the extent a response is required, Meta admits the allegations in paragraph 281 contain conclusions of law and purport to quote from the California Confidentiality of Medical Information Act (Cal. Civ. Code § 56.101) ("CMIA"), to which no responsive pleading is required. To the extent a response is required, Meta admits that plaintiffs correctly quote Cal. Civ. Code § 56.101.

282. Meta states that no response is required to the Fifth Claim for Relief because it is directed only at GoodRx. To the extent a response is required, Meta admits the allegations in paragraph 282 contain conclusions of law and purport to quote from the California Confidentiality of Medical Information Act (Cal. Civ. Code § 56.101) ("CMIA"), to which no responsive pleading is required. To the extent a response is required, Meta admits that plaintiffs correctly quote Cal. Civ. Code § 56.101.

283. Meta states that no response is required to the Fifth Claim for Relief because it is directed only at GoodRx. To the extent a response is required, the allegations in paragraph 283 contain conclusions of law, for which no responsive pleading is required. Meta lacks information sufficient to admit or deny the allegations in paragraph 283 as they relate to other Defendants.

284. Meta states that no response is required to the Fifth Claim for Relief because it is directed only at GoodRx. To the extent a response is required, the allegations in paragraph 284 contain conclusions of law, for which no responsive pleading is required. Meta lacks information sufficient to admit or deny the allegations in paragraph 284 as they relate to other Defendants. Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 284.

285. Meta states that no response is required to the Fifth Claim for Relief because it is

directed only at GoodRx. To the extent a response is required, the allegations in paragraph 285 contain conclusions of law, for which no responsive pleading is required. Meta lacks information sufficient to admit or deny the allegations in paragraph 285 as they relate to other Defendants.

286. Meta states that no response is required to the Fifth Claim for Relief because it is directed only at GoodRx. To the extent a response is required, the allegations in paragraph 286 refer to the relief sought by plaintiffs and Class members in the Complaint, which speaks for itself. The allegations in paragraph 286 also contain conclusions of law, for which no responsive pleading is required. To the extent a response is required, Meta denies each and every allegation in this paragraph. Meta further denies that plaintiffs or Class members have suffered harm of any kind and that they are entitled to any form of relief from Meta.

**SIXTH CLAIM FOR RELIEF**
**Violation of CMIA**
**Civil Code Section 56.10**
**(On Behalf of Plaintiffs and the Class)**
**(Against GoodRx)**

287. Meta states that no response is required to the Sixth Claim for Relief because it is directed only at GoodRx. To the extent a response is required, Meta hereby incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.

288. Meta states that no response is required to the Sixth Claim for Relief because it is directed only at GoodRx. To the extent a response is required, the allegations in paragraph 288 contain conclusions of law, for which no responsive pleading is required and otherwise denies on that basis.

289. Meta states that no response is required to the Sixth Claim for Relief because it is directed only at GoodRx. To the extent a response is required, the allegations in paragraph 289 contain conclusions of law, for which no responsive pleading is required. Meta admits that Facebook and Instagram users must agree to the operative Terms of Service, Terms of Use, Data Policy (now known as Meta's Privacy Policy), and Cookies Policy to use the platforms and that, as part of agreeing to these terms, users permit Meta to receive and use certain data. Meta lacks information sufficient to admit or deny the allegations in paragraph 289 as they relate to other Defendants. Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 289.

290. Meta states that no response is required to the Sixth Claim for Relief because it is directed only at GoodRx. To the extent a response is required, the allegations in paragraph 290 contain conclusions of law, for which no responsive pleading is required. Meta lacks information sufficient to admit or deny the allegations in paragraph 290 as they relate to other Defendants. Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 290.

291. Meta states that no response is required to the Sixth Claim for Relief because it is directed only at GoodRx. To the extent a response is required, the allegations in paragraph 291 contain conclusions of law, for which no responsive pleading is required. Meta lacks information sufficient to admit or deny the allegations in paragraph 291 as they relate to other Defendants. Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 291.

292. Meta states that no response is required to the Sixth Claim for Relief because it is directed only at GoodRx. To the extent a response is required, the allegations in paragraph 292 refer to the relief sought by plaintiffs and Class members in the Complaint, which speaks for itself. The allegations in paragraph 292 also contain conclusions of law, for which no responsive pleading is required. To the extent a response is required, Meta denies each and every allegation in this paragraph. Meta further denies that plaintiffs or Class members have suffered harm of any kind and that they are entitled to any form of relief from Meta.

**SEVENTH CLAIM FOR RELIEF**
**Aiding and Abetting Violation of CMIA**
**Civil Code Section 56.06, 56.101, 56.10**
**(On Behalf of Plaintiffs and the Class)**
**(Against Advertising and Analytics Defendants)**

293. Meta states that no response is required to the Seventh Claim for Relief because it was dismissed with prejudice by this Court. *See* Dkt. 243 at 19-20. To the extent a response is required, Meta denies the allegations in this dismissed claim.

294. Meta states that no response is required to the Seventh Claim for Relief because it was dismissed with prejudice by this Court. *See* Dkt. 243 at 19-20. To the extent a response is required, the allegations in paragraph 294 contain conclusions of law, for which no responsive pleading is

required.

295. Meta states that no response is required to the Seventh Claim for Relief because it was dismissed with prejudice by this Court. *See* Dkt. 243 at 19-20. To the extent a response is required, Meta lacks information sufficient to admit or deny the allegations in paragraph 295 as they relate to other Defendants, and otherwise denies each and every allegation in paragraph 295.

296. Meta states that no response is required to the Seventh Claim for Relief because it was dismissed with prejudice by this Court. *See* Dkt. 243 at 19-20. To the extent a response is required, Meta lacks information sufficient to admit or deny the allegations in paragraph 296 as they relate to other Defendants, and otherwise denies each and every allegation in paragraph 296.

297. Meta states that no response is required to the Seventh Claim for Relief because it was dismissed with prejudice by this Court. *See* Dkt. 243 at 19-20. To the extent a response is required, Meta lacks information sufficient to admit or deny the allegations in paragraph 297 as they relate to other Defendants, and otherwise denies each and every allegation in paragraph 297.

298. Meta states that no response is required to the Seventh Claim for Relief because it was dismissed with prejudice by this Court. *See* Dkt. 243 at 19-20. To the extent a response is required, Meta lacks information sufficient to admit or deny the allegations in paragraph 298 as they relate to other Defendants, and otherwise denies each and every allegation in paragraph 298.

**EIGHTH CLAIM FOR RELIEF**
**Violation of CMIA**
**Civil Code Section 56.36**
**(On Behalf of Plaintiffs and the Class)**
**(Against Advertising and Analytics Defendants)**

299. Meta states that no response is required to the Eighth Claim for Relief because it was dismissed with prejudice by this Court. *See* Dkt. 243 at 19. To the extent a response is required, Meta denies the allegations in this dismissed claim.

300. Meta states that no response is required to the Eighth Claim for Relief because it was dismissed with prejudice by this Court. *See* Dkt. 243 at 19. To the extent a response is required, the allegations in paragraph 300 contain conclusions of law, for which no responsive pleading is required.

301. Meta states that no response is required to the Eighth Claim for Relief because it was dismissed with prejudice by this Court. *See* Dkt. 243 at 19. To the extent a response is required, the allegations in paragraph 301 contain conclusions of law, for which no responsive pleading is required.

302. Meta states that no response is required to the Eighth Claim for Relief because it was dismissed with prejudice by this Court. *See* Dkt. 243 at 19. To the extent a response is required, the allegations in paragraph 302 contain conclusions of law, for which no responsive pleading is required.

303. Meta states that no response is required to the Eighth Claim for Relief because it was dismissed with prejudice by this Court. *See* Dkt. 243 at 19. To the extent a response is required, Meta lacks information sufficient to admit or deny the allegations in paragraph 303 as they relate to other Defendants, and otherwise denies each and every allegation in paragraph 303.

304. Meta states that no response is required to the Eighth Claim for Relief because it was dismissed with prejudice by this Court. *See* Dkt. 243 at 19. To the extent a response is required, Meta lacks information sufficient to admit or deny the allegations in paragraph 304 as they relate to other Defendants, and otherwise denies each and every allegation in paragraph 304.

305. Meta states that no response is required to the Eighth Claim for Relief because it was dismissed with prejudice by this Court. *See* Dkt. 243 at 19. To the extent a response is required, Meta lacks information sufficient to admit or deny the allegations in paragraph 305 as they relate to other Defendants, and otherwise denies each and every allegation in paragraph 305.

306. Meta states that no response is required to the Eighth Claim for Relief because it was dismissed with prejudice by this Court. *See* Dkt. 243 at 19. To the extent a response is required, Meta lacks information sufficient to admit or deny the allegations in paragraph 306 as they relate to other Defendants, and otherwise denies each and every allegation in paragraph 306.

307. Meta states that no response is required to the Eighth Claim for Relief because it was dismissed with prejudice by this Court. *See* Dkt. 243 at 19. To the extent a response is required, Meta lacks information sufficient to admit or deny the allegations in paragraph 307 as they relate to

other Defendants, and otherwise denies each and every allegation in paragraph 307.

**<u>NINTH CLAIM FOR RELIEF</u>**
**Violation of the California Invasion of Privacy Act ("CIPA")**
**Cal. Penal Code § 631**
**(On Behalf of Plaintiffs and the Class and Subclass)**
**(Against All Defendants)**

308. Meta hereby incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.

309. Meta admits the allegations in paragraph 309 contain conclusions of law and purport to quote from the California Invasion of Privacy Act, Cal. Penal Code §§ 630 *et seq.* ("CIPA"), to which no responsive pleading is required. To the extent a response is required, Meta admits that plaintiffs correctly quote portions of Cal. Penal Code § 630. Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 309.

310. Meta admits the allegations in paragraph 310 contain conclusions of law and purport to quote from Cal. Penal Code § 631, to which no responsive pleading is required. To the extent a response is required, Meta admits that plaintiffs correctly quote portions of Cal. Penal Code § 631. Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 310.

311. The allegations in paragraph 311 contain conclusions of law, for which no responsive pleading is required. To the extent a response is required, Meta lacks information sufficient to admit or deny the allegations in paragraph 311 as they relate to other Defendants. Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 311.

312. The allegations in paragraph 312 contain conclusions of law, for which no responsive pleading is required. To the extent a response is required, Meta admits its principal place of business is in California and that its operative Terms of Service contain a forum selection clause selecting the Northern District of California and California state court in San Mateo County as the venues for disputes and adopt California substantive law to govern the Terms of Service and any claim, cause of action, or dispute arising out of them. Meta lacks information sufficient to admit or deny the allegations in paragraph 312 as they relate to other Defendants. Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 312.

313. Meta admits the allegations in paragraph 313 contain conclusions of law and purport to quote from Cal. Penal Code § 631, to which no responsive pleading is required. To the extent a response is required, Meta admits that plaintiffs correctly quote portions of Cal. Penal Code § 631. Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 313.

314. The allegations in paragraph 314 contain conclusions of law, for which no responsive pleading is required. To the extent a response is required, Meta lacks information sufficient to admit or deny the allegations in paragraph 314 as they relate to other Defendants. Meta admits that Facebook and Instagram users must agree to the operative Terms of Service, Terms of Use, Data Policy (now known as Meta's Privacy Policy), and Cookies Policy to use the platforms and that, as part of agreeing to these terms, users permit Meta to receive and use certain data. Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 314.

315. The allegations in paragraph 315 contain conclusions of law, for which no responsive pleading is required. To the extent a response is required, Meta lacks information sufficient to admit or deny the allegations in paragraph 315 as they relate to other Defendants. Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 315.

316. The allegations in paragraph 316 contain conclusions of law, for which no responsive pleading is required. To the extent a response is required, Meta lacks information sufficient to admit or deny the allegations in paragraph 316 as they relate to other Defendants. Meta admits that it may use certain of the data that Meta's partners, measurement vendors, marketing vendors, and other third parties choose to send to it from their websites or mobile applications using the Meta Pixel and the SDK in certain ways, including to personalize Meta technologies; to provide, test, and improve Meta technologies; to promote safety, security, and integrity on Meta's technologies; to tailor ads that are shown on Meta's technologies; for business intelligence and analytics; to research and innovate for social good; and to share with law enforcement and respond to legal requests. Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 316.

317. The allegations in paragraph 317 contain conclusions of law, for which no responsive pleading is required. To the extent a response is required, Meta denies each and every

allegation in paragraph 317.

318. The allegations in paragraph 318 contain conclusions of law, for which no responsive pleading is required. To the extent a response is required, Meta admits that Facebook and Instagram users must agree to the operative Terms of Service, Terms of Use, Data Policy (now known as Meta's Privacy Policy), and Cookies Policy to use the platforms and that, as part of agreeing to these terms, users permit Meta to receive and use certain data. Except as expressly stated, Meta denies each and every allegation in paragraph 318.

319. The allegations in paragraph 319 refer to the relief sought by plaintiffs and Class members in the Complaint, which speaks for itself. The allegations in paragraph 319 also contain conclusions of law, for which no responsive pleading is required. To the extent a response is required, Meta denies each and every allegation in paragraph 319. Meta further denies that plaintiffs or Class members have suffered harm of any kind and that they are entitled to any form of relief from Meta.

320. The allegations in paragraph 320 refer to the relief sought by plaintiffs and Class members in the Complaint, which speaks for itself. The allegations in paragraph 320 also contain conclusions of law, for which no responsive pleading is required. To the extent a response is required, Meta lacks information sufficient to admit or deny the allegations in paragraph 320 as they relate to other Defendants. Meta denies each and every allegation in paragraph 320. Meta further denies that plaintiffs or Class members have suffered harm of any kind and that they are entitled to any form of relief from Meta.

**TENTH CLAIM FOR RELIEF**
**Violation of CIPA**
**Cal. Penal Code § 632**
**(On Behalf of Plaintiffs and the Class and Subclass)**
**(Against Advertising and Analytics Defendants)**

321. Meta hereby incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.

322. Meta admits the allegations in paragraph 322 contain conclusions of law and purport to quote from Cal. Penal Code § 632, to which no responsive pleading is required. To the extent a response is required, Meta admits that plaintiffs correctly quote portions of Cal. Penal Code § 632.

Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 322.

323. Meta admits that the allegations in paragraph 323 contain conclusions of law and purport to quote from Cal. Penal Code § 632, to which no responsive pleading is required. To the extent a response is required, Meta admits that plaintiffs correctly quote a portion of Cal. Penal Code § 632. Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 323.

324. The allegations in paragraph 324 contain conclusions of law, for which no responsive pleading is required. To the extent a response is required, Meta denies each and every allegation in paragraph 324.

325. The allegations in paragraph 325 contain conclusions of law, for which no responsive pleading is required. To the extent a response is required, Meta denies the allegations in paragraph 325 as to Meta.

326. The allegations in paragraph 326 contain conclusions of law, for which no responsive pleading is required. To the extent a response is required, Meta lacks information sufficient to admit or deny the allegations in paragraph 326 as they relate to other Defendants. Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 326.

327. The allegations in paragraph 327 contain conclusions of law, for which no responsive pleading is required. To the extent a response is required, Meta lacks information sufficient to admit or deny the allegations in paragraph 327 as they relate to other Defendants. Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 327.

328. The allegations in paragraph 328 contain conclusions of law, for which no responsive pleading is required. To the extent a response is required, Meta admits that Facebook and Instagram users must agree to the operative Terms of Service, Terms of Use, Data Policy (now known as Meta's Privacy Policy), and Cookies Policy to use the platforms and that, as part of agreeing to these terms, users permit Meta to receive and use certain data. Except as expressly stated, Meta denies each and every allegation in paragraph 328.

329. The allegations in paragraph 329 contain conclusions of law, for which no responsive pleading is required. To the extent a response is required, Meta lacks information sufficient

to admit or deny the allegations in paragraph 329 as they relate to other Defendants. Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 329.

330. The allegations in paragraph 330 refer to the relief sought by plaintiffs and Class members in the Complaint, which speaks for itself. The allegations in paragraph 330 also contain conclusions of law, for which no responsive pleading is required. To the extent a response is required, Meta denies each and every allegation in paragraph 330. Meta further denies that plaintiffs or Class members have suffered harm of any kind and that they are entitled to any form of relief from Meta.

331. The allegations in paragraph 331 refer to the relief sought by plaintiffs and Class members in the Complaint, which speaks for itself. The allegations in paragraph 331 also contain conclusions of law, for which no responsive pleading is required. To the extent a response is required, Meta denies each and every allegation in paragraph 331. Meta further denies that plaintiffs or Class members have suffered harm of any kind and that they are entitled to any form of relief from Meta.

## ELEVENTH CLAIM FOR RELIEF
**Violation of the California Consumers Legal Remedies Act ("CLRA")**
**Cal. Civ. Code §§ 1750, *et seq***
**(On Behalf of Plaintiffs Jane Doe, Jane Doe II, and Wilson and the Class)**
**(Against GoodRx)**

332. Meta states that no response is required to the Eleventh Claim for Relief because it is directed only at GoodRx.

333. Meta states that no response is required to the Eleventh Claim for Relief because it is directed only at GoodRx. To the extent a response is required, Meta admits that plaintiffs purport to bring this action on behalf of the members of a purported class. Meta denies that class certification is appropriate for this case.

334. Meta states that no response is required to the Eleventh Claim for Relief because it is directed only at GoodRx. To the extent a response is required, the allegations in paragraph 334 contain conclusions of law and purport to quote from Cal. Civ. Code § 1770, for which no responsive pleading is required. Meta lacks information sufficient to admit or deny the allegations in paragraph 334.

335. Meta states that no response is required to the Eleventh Claim for Relief because it is directed only at GoodRx. To the extent a response is required, Meta lacks information sufficient to

admit or deny the allegations in paragraph 335.

336. Meta states that no response is required to the Eleventh Claim for Relief because it is directed only at GoodRx. To the extent a response is required, Meta lacks information sufficient to admit or deny the allegations in paragraph 336.

337. Meta states that no response is required to the Eleventh Claim for Relief because it is directed only at GoodRx. To the extent a response is required, Meta lacks information sufficient to admit or deny the allegations in paragraph 337.

338. Meta states that no response is required to the Eleventh Claim for Relief because it is directed only at GoodRx. To the extent a response is required, Meta lacks information sufficient to admit or deny the allegations in paragraph 338.

339. Meta states that no response is required to the Eleventh Claim for Relief because it is directed only at GoodRx. To the extent a response is required, Meta lacks information sufficient to admit or deny the allegations in paragraph 339.

340. Meta states that no response is required to the Eleventh Claim for Relief because it is directed only at GoodRx. To the extent a response is required, Meta lacks information sufficient to admit or deny the allegations in paragraph 340.

341. Meta states that no response is required to the Eleventh Claim for Relief because it is directed only at GoodRx. To the extent a response is required, Meta lacks information sufficient to admit or deny the allegations in paragraph 341.

342. Meta states that no response is required to the Eleventh Claim for Relief because it is directed only at GoodRx. To the extent a response is required, the allegations in paragraph 342 refer to the relief sought by plaintiffs and Class members in the Complaint, which speaks for itself. Meta lacks information sufficient to admit or deny the allegations in paragraph 342, except that Meta denies that plaintiffs or Class members have suffered harm of any kind and that they are entitled to any form of relief from Meta.

343. Meta states that no response is required to the Eleventh Claim for Relief because it is directed only at GoodRx. To the extent a response is required, Meta lacks information sufficient to

admit or deny the allegations in paragraph 343, except that Meta denies that plaintiffs or Class members have suffered harm of any kind and that they are entitled to any form of relief from Meta.

344. Meta states that no response is required to the Eleventh Claim for Relief because it is directed only at GoodRx. To the extent a response is required, Meta admits that an "Exhibit A" was filed with the Complaint but states further that it contains conclusions of law, for which no responsive pleading is required.

**TWELFTH CLAIM FOR RELIEF**
**Violations of Cal. Bus. & Prof. Code §§ 17200 *et. seq.***
**(On Behalf of Plaintiffs and the Class)**
**(Against All Defendants)**

345. Meta states that no response is required to the Twelfth Claim for Relief as it relates to the UCL's "fraud prong" because such a claim was dismissed with prejudice by the Court. *See* Dkt. 243 at 8 n.8. Otherwise, Meta hereby incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.

346. Meta states that no response is required to the Twelfth Claim for Relief as it relates to the UCL's "fraud prong" because such a claim was dismissed with prejudice by the Court. *See* Dkt. 243 at 8 n.8. Otherwise, the allegations in paragraph 346 contain conclusions of law, for which no responsive pleading is required. To the extent a response is required, Meta lacks information sufficient to admit or deny the allegations in paragraph 346 as they relate to other Defendants. Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 346.

347. Meta states that no response is required to the Twelfth Claim for Relief as it relates to the UCL's "fraud prong" because such a claim was dismissed with prejudice by the Court. *See* Dkt. 243 at 8 n.8. Otherwise, the allegations in paragraph 347 contain conclusions of law, for which no responsive pleading is required. To the extent a response is required, Meta lacks information sufficient to admit or deny the allegations in paragraph 347 regarding the public policy of the state of California or as they relate to other Defendants. Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 347.

348. Meta states that no response is required to the Twelfth Claim for Relief as it relates

to the UCL's "fraud prong" because such a claim was dismissed with prejudice by the Court. *See* Dkt. 243 at 8 n.8. Otherwise, the allegations in paragraph 348 contain conclusions of law, for which no responsive pleading is required. To the extent a response is required, Meta lacks information sufficient to admit or deny the allegations in paragraph 348 as they relate to other Defendants.

349. Meta states that no response is required to the Twelfth Claim for Relief as it relates to the UCL's "fraud prong" because such a claim was dismissed with prejudice by the Court. *See* Dkt. 243 at 8 n.8. Otherwise, the allegations in paragraph 349 contain conclusions of law, for which no responsive pleading is required. To the extent a response is required, Meta lacks information sufficient to admit or deny the allegations in paragraph 349 as they relate to other Defendants. Except as expressly stated, Meta otherwise denies each and every allegation in this paragraph.

350. Meta states that no response is required to the Twelfth Claim for Relief as it relates to the UCL's "fraud prong" because such a claim was dismissed with prejudice by the Court. *See* Dkt. 243 at 8 n.8. To the extent a response is required, the allegations in paragraph 350 contain conclusions of law, for which no responsive pleading is required. To the extent a response is required, Meta lacks information sufficient to admit or deny the allegations in paragraph 350 as they relate to other Defendants. Except as expressly stated, Meta otherwise denies each and every allegation in this paragraph.

351. Meta states that no response is required to the Twelfth Claim for Relief as it relates to the UCL's "fraud prong" because such a claim was dismissed with prejudice by the Court. *See* Dkt. 243 at 8 n.8. Otherwise, Meta admits that the allegations in paragraph 351 purport to quote from a document, which speaks for itself, and no responsive pleading is required. To the extent a response is required, Meta lacks information sufficient to admit or deny the allegations in paragraph 351.

352. Meta states that no response is required to the Twelfth Claim for Relief as it relates to the UCL's "fraud prong" because such a claim was dismissed with prejudice by the Court. *See* Dkt. 243 at 8 n.8. Otherwise, Meta lacks information sufficient to admit or deny the allegations in paragraph 352 as they relate to other Defendants. Except as expressly stated, Meta otherwise denies each and every allegation in this paragraph.

353. Meta states that no response is required to the Twelfth Claim for Relief as it relates to the UCL's "fraud prong" because such a claim was dismissed with prejudice by the Court. *See* Dkt. 243 at 8 n.8. Otherwise, the allegations in paragraph 353 contain conclusions of law, for which no responsive pleading is required. To the extent a response is required, Meta lacks information sufficient to admit or deny the allegations in paragraph 353 as they relate to other Defendants. Except as expressly stated, Meta otherwise denies each and every allegation in this paragraph.

354. Meta states that no response is required to the Twelfth Claim for Relief as it relates to the UCL's "fraud prong" because such a claim was dismissed with prejudice by the Court. *See* Dkt. 243 at 8 n.8. Otherwise, the allegations in paragraph 354 contain conclusions of law, for which no responsive pleading is required. To the extent a response is required, Meta lacks information sufficient to admit or deny the allegations in paragraph 354 as they relate to other Defendants. Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 354.

355. Meta states that no response is required to the Twelfth Claim for Relief as it relates to the UCL's "fraud prong" because such a claim was dismissed with prejudice by the Court. *See* Dkt. 243 at 8 n.8. Otherwise, the allegations in paragraph 355 contain conclusions of law, for which no responsive pleading is required. To the extent a response is required, Meta lacks information sufficient to admit or deny the allegations in paragraph 355 as they relate to other Defendants. Except as expressly stated, Meta otherwise denies each and every allegation in this paragraph.

356. Meta states that no response is required to the Twelfth Claim for Relief as it relates to the UCL's "fraud prong" because such a claim was dismissed with prejudice by the Court. *See* Dkt. 243 at 8 n.8. Otherwise, the allegations in paragraph 356 contain conclusions of law, for which no responsive pleading is required. To the extent a response is required, Meta lacks information sufficient to admit or deny the allegations in paragraph 356 as they relate to other Defendants. Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 356.

357. Meta states that no response is required to the Twelfth Claim for Relief as it relates to the UCL's "fraud prong" because such a claim was dismissed with prejudice by the Court. *See* Dkt. 243 at 8 n.8. Otherwise, the allegations in paragraph 357 contain conclusions of law, for which no

responsive pleading is required. To the extent a response is required, Meta lacks information sufficient to admit or deny the allegations in paragraph 357 as they relate to other Defendants. Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 357.

358. Meta states that no response is required to the Twelfth Claim for Relief as it relates to the UCL's "fraud prong" because such a claim was dismissed with prejudice by the Court. *See* Dkt. 243 at 8 n.8. Meta admits that the allegations in paragraph 358 purport to quote from a survey. Otherwise, the allegations in paragraph 358 contain conclusions of law, for which no responsive pleading is required. To the extent a response is required, Meta lacks information sufficient to admit or deny the allegations in paragraph 358 as they relate to other Defendants.

359. Meta states that no response is required to the Twelfth Claim for Relief as it relates to the UCL's "fraud prong" because such a claim was dismissed with prejudice by the Court. *See* Dkt. 243 at 8 n.8. Otherwise, the allegations in paragraph 359 contain conclusions of law, for which no responsive pleading is required. To the extent a response is required, Meta lacks information sufficient to admit or deny the allegations in paragraph 359 as they relate to other Defendants. Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 359. Meta further denies that plaintiffs or Class members have suffered harm of any kind and that they are entitled to any form of relief from Meta.

360. Meta states that no response is required to the Twelfth Claim for Relief as it relates to the UCL's "fraud prong" because such a claim was dismissed with prejudice by the Court. *See* Dkt. 243 at 8 n.8. Otherwise, the allegations in paragraph 360 refer to the relief sought by plaintiffs and Class members in the Complaint, which speaks for itself. The allegations in paragraph 360 also contain conclusions of law, for which no responsive pleading is required. To the extent a response is required, Meta denies each and every allegation in this paragraph. Meta further denies that plaintiffs or Class members have suffered harm of any kind and that they are entitled to any form of relief from Meta.

**THIRTEENTH CLAIM FOR RELIEF**
**Violation Of New York General Business Law § 349**
**(Pleaded in the Alternative, on Behalf of Plaintiff E.C. and the New York Class)**
**(Against All Defendants)**

361. Meta admits that plaintiff E.C. purports to plead this claim in the alternative individually and on behalf of the putative New York Class. Meta denies that class certification is appropriate for this case.

362. Meta hereby incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.

363. The allegations in paragraph 363 contain conclusions of law, for which no responsive pleading is required.

364. The allegations in paragraph 364 contain conclusions of law, for which no responsive pleading is required. To the extent a response is required, Meta lacks information sufficient to admit or deny the allegations in paragraph 364 regarding the public policy of the state of New York or as they relate to other Defendants. Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 364.

365. Meta states that no response is required to this paragraph because it was dismissed by the Court. *See* Dkt. 243 at 22 n.16. To the extent a response is required, the allegations in paragraph 365 contain conclusions of law, for which no responsive pleading is required; further, Meta lacks information sufficient to admit or deny the allegations in paragraph 365 as they relate to other Defendants.

366. The allegations in paragraph 366 contain conclusions of law, for which no responsive pleading is required. To the extent a response is required, Meta lacks information sufficient to admit or deny the allegations in paragraph 366 as they relate to other Defendants. Except as expressly stated, Meta otherwise denies each and every allegation in this paragraph.

367. The allegations in paragraph 367 refer to the relief sought by plaintiffs and Class members in the Complaint, which speaks for itself. The allegations in paragraph 367 also contain conclusions of law, for which no responsive pleading is required. To the extent a response is required, Meta denies each and every allegation in this paragraph. Meta further denies that plaintiffs or Class members have suffered harm of any kind and that they are entitled to any form of relief from Meta.

## FOURTEENTH CLAIM FOR RELIEF

### Violation Of The Illinois Consumer Fraud And Deceptive Business Practices Act

**815 Ill. Comp. Stat. Ann. § 505/1, *et seq.***
**(Pleaded in the Alternative, on Behalf of Plaintiff John Doe and the Illinois Class)**
**(Against All Defendants)**

368. Meta states that no response is required to the Fourteenth Claim for Relief because it was dismissed with prejudice by this Court. *See* Dkt. 243 at 8 n.8.

369. Meta states that no response is required to the Fourteenth Claim for Relief because it was dismissed with prejudice by this Court. *See* Dkt. 243 at 8 n.8.

370. Meta states that no response is required to the Fourteenth Claim for Relief because it was dismissed with prejudice by this Court. *See* Dkt. 243 at 8 n.8. To the extent a response is required, Meta lacks information sufficient to admit or deny the allegations in paragraph 370 as they relate to other Defendants, and otherwise denies each and every allegation in paragraph 370.

371. Meta states that no response is required to the Fourteenth Claim for Relief because it was dismissed with prejudice by this Court. *See* Dkt. 243 at 8 n.8. To the extent a response is required, Meta lacks information sufficient to admit or deny the allegations in paragraph 371 as they relate to other Defendants, except that Meta denies that plaintiffs or Class members have suffered harm of any kind and that they are entitled to any form of relief from Meta.

372. Meta states that no response is required to the Fourteenth Claim for Relief because it was dismissed with prejudice by this Court. *See* Dkt. 243 at 8 n.8. To the extent a response is required, Meta lacks information sufficient to admit or deny the allegations in paragraph 372 as they relate to other Defendants, and otherwise denies each and every allegation in paragraph 372.

373. Meta states that no response is required to the Fourteenth Claim for Relief because it was dismissed with prejudice by this Court. *See* Dkt. 243 at 8 n.8. The allegations in paragraph 373 refer to the relief sought by plaintiffs and Class members in the Complaint, which speaks for itself. To the extent a response is required, Meta denies each and every allegation in this paragraph. Meta further denies that plaintiffs or Class members have suffered harm of any kind and that they are entitled to any form of relief from Meta.

**FIFTEENTH CLAIM FOR RELIEF**
**Negligence *Per Se***
**(Pled in the Alternative, on Behalf of all Plaintiffs and Classes)**
**(Against GoodRx)**

374. Meta states that no response is required to the Fifteenth Claim for Relief because it is directed only at GoodRx. To the extent a response is required, Meta hereby incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.

375. Meta states that no response is required to the Fifteenth Claim for Relief because it is directed only at GoodRx. To the extent a response is required, the allegations in paragraph 375 contain conclusions of law, for which no responsive pleading is required. Meta lacks information sufficient to admit or deny the allegations in paragraph 375 as they relate to other Defendants.

376. Meta states that no response is required to the Fifteenth Claim for Relief because it is directed only at GoodRx. To the extent a response is required, Meta admits that the allegations in paragraph 376 contain conclusions of law and purport to quote the FTC Act.

377. Meta states that no response is required to the Fifteenth Claim for Relief because it is directed only at GoodRx. To the extent a response is required, Meta admits that the allegations in paragraph 377 contain conclusions of law and purport to quote 16 C.F.R. § 318, which speaks for itself, and no responsive pleading is required. To the extent a response is required, Meta admits that plaintiffs correctly quote 16 C.F.R. § 318. Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 377.

378. Meta states that no response is required to the Fifteenth Claim for Relief because it is directed only at GoodRx. To the extent a response is required, the allegations in paragraph 378 contain conclusions of law, for which no responsive pleading is required. Meta lacks information sufficient to admit or deny the allegations in paragraph 378 as they relate to other Defendants.

379. Meta states that no response is required to the Fifteenth Claim for Relief because it is directed only at GoodRx. To the extent a response is required, the allegations in paragraph 379 contain conclusions of law, for which no responsive pleading is required. Meta lacks information sufficient to admit or deny the allegations in paragraph 379 as they relate to other Defendants. Except as expressly stated, Meta denies each and every allegation in this paragraph.

380. Meta states that no response is required to the Fifteenth Claim for Relief because it is directed only at GoodRx. To the extent a response is required, the allegations in paragraph 380 contain

conclusions of law, for which no responsive pleading is required. Meta lacks information sufficient to admit or deny the allegations in paragraph 380 as they relate to other Defendants. Except as expressly stated, Meta denies each and every allegation in this paragraph.

381. Meta states that no response is required to the Fifteenth Claim for Relief because it is directed only at GoodRx. To the extent a response is required, the allegations in paragraph 381 contain conclusions of law, for which no responsive pleading is required. Meta lacks information sufficient to admit or deny the allegations in paragraph 381 as they relate to other Defendants. Except as expressly stated, Meta denies each and every allegation in this paragraph.

382. Meta states that no response is required to the Fifteenth Claim for Relief because it is directed only at GoodRx. To the extent a response is required, the allegations in paragraph 382 contain conclusions of law, for which no responsive pleading is required. Meta lacks information sufficient to admit or deny the allegations in paragraph 382 as they relate to other Defendants.

383. Meta states that no response is required to the Fifteenth Claim for Relief because it is directed only at GoodRx. To the extent a response is required, the allegations in paragraph 383 contain conclusions of law, for which no responsive pleading is required. Meta lacks information sufficient to admit or deny the allegations in paragraph 383 as they relate to other Defendants.

384. Meta states that no response is required to the Fifteenth Claim for Relief because it is directed only at GoodRx. To the extent a response is required, the allegations in paragraph 384 contain conclusions of law, for which no responsive pleading is required. Meta lacks information sufficient to admit or deny the allegations in paragraph 384 as they relate to other Defendants. Meta further denies that plaintiffs or Class members have suffered harm of any kind and that they are entitled to any form of relief from Meta.

385. Meta states that no response is required to the Fifteenth Claim for Relief because it is directed only at GoodRx. To the extent a response is required, the allegations in paragraph 385 contain conclusions of law, for which no responsive pleading is required. Meta lacks information sufficient to admit or deny the allegations in paragraph 385 as they relate to other Defendants. Except as expressly stated, Meta denies each and every allegation in this paragraph. Meta further denies that plaintiffs or

Class members have suffered harm of any kind and that they are entitled to any form of relief from Meta.

386. Meta states that no response is required to the Fifteenth Claim for Relief because it is directed only at GoodRx. To the extent a response is required, the allegations in paragraph 386 contain conclusions of law, for which no responsive pleading is required. Meta lacks information sufficient to admit or deny the allegations in paragraph 386 as they relate to other Defendants. Except as expressly stated, Meta denies each and every allegation in this paragraph. Meta further denies that plaintiffs or Class members have suffered harm of any kind and that they are entitled to any form of relief from Meta.

387. Meta states that no response is required to the Fifteenth Claim for Relief because it is directed only at GoodRx. To the extent a response is required, the allegations in paragraph 387 refer to the relief sought by plaintiffs and Class members in the Complaint, which speaks for itself. The allegations in paragraph 387 also contain conclusions of law, for which no responsive pleading is required. To the extent a response is required, Meta denies each and every allegation in this paragraph. Meta further denies that plaintiffs or Class members have suffered harm of any kind and that they are entitled to any form of relief.

**SIXTEENTH CLAIM FOR RELIEF**
**Common Law Negligence**
**(Pleaded in the Alternative, on Behalf of all Plaintiffs and the California, New York, Florida and Illinois Classes)**
**(Against GoodRx)**

388. Meta states that no response is required to the Sixteenth Claim for Relief because it is directed only at GoodRx. To the extent a response is required, Meta hereby incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.

389. Meta states that no response is required to the Sixteenth Claim for Relief because it is directed only at GoodRx. To the extent a response is required, the allegations in paragraph 389 contain conclusions of law, for which no responsive pleading is required. Meta lacks information sufficient to admit or deny the allegations in paragraph 389 as they relate to other Defendants.

390. Meta states that no response is required to the Sixteenth Claim for Relief because it is directed only at GoodRx. To the extent a response is required, Meta lacks information sufficient to admit or deny the allegations in paragraph 390 as they relate to other Defendants.

391. Meta states that no response is required to the Sixteenth Claim for Relief because it is directed only at GoodRx. To the extent a response is required, the allegations in paragraph 391 contain conclusions of law for which no responsive pleading is required. Meta lacks information sufficient to admit or deny the allegations in paragraph 391 as they relate to other Defendants.

392. Meta states that no response is required to the Sixteenth Claim for Relief because it is directed only at GoodRx. To the extent a response is required, the allegations in paragraph 392 contain conclusions of law, for which no responsive pleading is required. Meta lacks information sufficient to admit or deny the allegations in paragraph 392 as they relate to other Defendants.

393. Meta states that no response is required to the Sixteenth Claim for Relief because it is directed only at GoodRx. To the extent a response is required, the allegations in paragraph 393 contain conclusions of law, for which no responsive pleading is required. Meta lacks information sufficient to admit or deny the allegations in paragraph 393 as they relate to other Defendants. Except as expressly stated, Meta denies each and every allegation in paragraph 393.

394. Meta states that no response is required to the Sixteenth Claim for Relief because it is directed only at GoodRx. To the extent a response is required, the allegations in paragraph 394 contain conclusions of law, for which no responsive pleading is required. Meta lacks information sufficient to admit or deny the allegations in paragraph 394 as they relate to other Defendants. Except as expressly stated, Meta denies each and every allegation in paragraph 394.

395. Meta states that no response is required to the Sixteenth Claim for Relief because it is directed only at GoodRx. To the extent a response is required, the allegations in paragraph 395 contain conclusions of law, for which no responsive pleading is required. Meta lacks information sufficient to admit or deny the allegations in paragraph 395 as they relate to other Defendants. Except as expressly stated, Meta denies each and every allegation in paragraph 395. Meta further denies that plaintiffs or Class members have suffered harm of any kind and that they are entitled to any form of

relief.

396. Meta states that no response is required to the Sixteenth Claim for Relief because it is directed only at GoodRx. To the extent a response is required, the allegations in paragraph 396 refer to the relief sought by plaintiffs and Class members in the Complaint, which speaks for itself. The allegations in paragraph 396 contain conclusions of law, for which no responsive pleading is required. To the extent a response is required, Meta lacks information sufficient to admit or deny the allegations in paragraph 396 as they relate to other Defendants, except that Meta denies that plaintiffs or Class members have suffered harm of any kind and that they are entitled to any form of relief.

## AFFIRMATIVE DEFENSES

Meta has not completed its full investigation of the facts of this case, has not completed discovery in this matter, and has not completed its preparation for trial. The defenses asserted herein are based on Meta's knowledge, information, and belief at this time. By asserting the defenses herein, Meta has not knowingly and intentionally waived any applicable defenses and hereby expressly reserves the right to assert any additional defenses, cross-claims, and/or third-party claims as may be appropriate at a later time. Without assuming any burden of proof, persuasion, or production not otherwise legally assigned to it as to any element of plaintiffs' claims, Meta asserts the following separate and additional defenses:

## FIRST SEPARATE AND ADDITIONAL DEFENSE

**(Laches / Waiver / Release / Estoppel / Unclean Hands / Inequitable Conduct)**

The Complaint and the claims alleged therein are barred, in whole or in part, by the doctrines of laches, waiver, release, estoppel, unclean hands *in pari delicto*, and/or inequitable conduct. Plaintiffs allege that they have Facebook and/or Instagram accounts. When Facebook and Instagram users, including plaintiffs and Class members, signed up for accounts, they agreed to Meta's Terms of Service, Privacy Policy, and Cookies Policy. These policies, as well as other publicly available materials (including the policies of the subject website and mobile application and the February 2020 *Consumer Reports* article "GoodRx Saves Money on meds—It Also Shares Data with Google, Facebook, and Others"), disclosed Meta's alleged receipt of data through the Business Tools and its potential use of

data for advertising purposes. Further, since August 2019, plaintiffs and Class members have had access to the Off-Facebook Activity tool, which allows Facebook users to view a summary of the apps and websites that send Meta information about the user's activity. Plaintiffs' Complaint is barred, in whole or in part, to the extent plaintiffs and Class members had notice regarding the information Meta allegedly received about them from the subject website and mobile application, including (but not limited to) through the aforementioned disclosures, and they continued to use Meta's and/or the subject website's and mobile application's services, and/or failed to diligently pursue their claims.

**<u>SECOND SEPARATE AND ADDITIONAL DEFENSE</u>**

**(Failure to Mitigate)**

Plaintiffs' and Class members' claims for damages are barred, in whole or in part, to the extent discovery reveals they failed to mitigate their damages. For example, to the extent plaintiffs and Class members had notice regarding the information Meta allegedly received about them, including but not limited to through Meta's Terms of Service, Privacy Policy, Cookies Policy, and Off-Facebook Activity tool and/or the subject website's and mobile application's policies and disclosures, yet continued to use Meta's and/or the subject website's and mobile application's services, they are barred, in whole or in part, from recovering damages based on their continued use of Meta's and/or the subject website's and mobile application's services. Plaintiffs and Class members are also barred, in whole or in part, from recovering damages based on the alleged disclosure of information that plaintiffs have publicized through other channels, such as social media. Plaintiffs and Class members are also barred, in whole or in part, from recovering damages to the extent plaintiffs and Class members did not attempt to use settings that would limit the information Meta associated with their Facebook accounts or the data Meta used for advertising purposes.

**<u>THIRD SEPARATE AND ADDITIONAL DEFENSE</u>**

**(Statutes of Limitations)**

The Complaint and the claims alleged therein are barred, in whole or in part, by one or more of the statutes of limitations under applicable law. Plaintiffs allege they have Facebook accounts and when signing up for those accounts, they agreed to Meta's Terms of Service, Privacy Policy, and Cookies

Policy which, along with other publicly available materials (including the policies of the subject websites and mobile application and the February 2020 *Consumer Reports* article "GoodRx Saves Money on meds—It Also Shares Data with Google, Facebook, and Others"), disclosed Meta's alleged receipt of data through the Business Tools and its use of data for advertising purposes. Plaintiffs' Complaint is barred, in whole or in part, to the extent plaintiffs and Class members had notice regarding the information Meta allegedly received about them from the subject website and mobile application, including (but not limited to) through the aforementioned disclosures, and they failed to bring their claims within the applicable time period from when they had, or should have had, such notice.

**FOURTH SEPARATE AND ADDITIONAL DEFENSE**

**(Barred by Contract)**

The Complaint and the claims alleged therein are barred, in whole or in part, by contracts and/or agreements entered into with Meta and with the subject website and/or mobile application which govern the subject matter of plaintiffs' and Class members' claims. Plaintiffs allege that they had Facebook accounts. When Facebook users, including plaintiffs and Class members, signed up for a Facebook account, they agreed to Meta's Terms of Service, Privacy Policy, and Cookies Policy. These policies disclosed Meta's receipt of data through the Business Tools and its use of data for advertising purposes. Plaintiffs' Complaint is barred, in whole or in part, because plaintiffs and Class members agreed to Meta's receipt of the data the subject website and/or mobile application allegedly sent about them through their contracts with Meta, and because plaintiffs' contracts with Meta cover the same subject matter as their claims. Plaintiffs' and Class members' claims are also barred, in whole or in part, by the limitation-of-liability provision in Meta's Terms of Service. To the extent discovery reveals that plaintiffs entered into contracts with the subject website and/or mobile application, those contracts may also bar plaintiffs' claims, in whole or in part, for the same or similar reasons as Meta's contracts—i.e., because they disclose that the subject website and/or mobile application shares data with third parties such as Meta and/or because they limit plaintiffs' and Class members' ability to recover for the alleged disclosure of their information.

**FIFTH SEPARATE AND ADDITIONAL DEFENSE**

**(Mistake)**

The Complaint and the claims alleged therein are barred, in whole or in part, on the grounds that Meta reasonably relied on facts that may later prove to be false and/or made a bona fide error despite using reasonable procedures to avoid any such error. Meta's Business Tools Terms require third parties who use the Meta Business Tools to, among other things, "represent and warrant that you (and any data provider that you may use) have all of the necessary rights and permissions and a lawful basis (in compliance with all applicable laws, regulations, and industry guidelines) for the disclosure and use of Business Tool Data." Meta reasonably relied on third parties using the Meta Business Tools to abide by the requirements and representation in the Business Tools Terms.

**SIXTH SEPARATE AND ADDITIONAL DEFENSE**

**(Unjust Enrichment)**

The right to relief on behalf of plaintiffs and Class members is barred by the doctrine of unjust enrichment. Plaintiffs and Class members would be unjustly enriched if allowed to recover the relief claimed to be due, including because plaintiffs and Class members consented to the alleged conduct complained of, including by agreeing to Meta's Terms of Service, its Privacy Policy, and/or Cookies Policy. These policies, as well as other publicly available materials (including the policies of the subject website and mobile application and the February 2020 *Consumer Reports* article "GoodRx Saves Money on meds—It Also Shares Data with Google, Facebook, and Others"), disclose Meta's alleged receipt of data through the Business Tools and its use of data for advertising purposes. Further, since August 2019, plaintiffs and the Class members have had access to the Off-Facebook Activity tool, which allows Facebook users to view a summary of the apps and websites that send Meta information about the user's activity. The doctrine of unjust enrichment bars plaintiffs' and Class members' right to relief to the extent they continued to use Meta's and/or the subject website's and mobile application's services (and obtained the benefits of those services) despite having notice regarding the information Meta allegedly received about them from their interactions with third parties, including the subject website and mobile application. The doctrine of unjust enrichment also bars plaintiffs' and Class members' right to relief

to the extent plaintiffs and Class members did not attempt to use settings that would limit the information Meta associated with their Facebook accounts or the data Meta used for advertising purposes.

**SEVENTH SEPARATE AND ADDITIONAL DEFENSE**

**(No Privacy Interest)**

The Complaint and the claims alleged therein are barred, in whole or in part, because plaintiffs do not maintain a legally protected privacy interest over any data plaintiffs allege to have been impermissibly collected. When Facebook users, including plaintiffs and Class members, signed up for a Facebook account, they agreed to Meta's Terms of Service, Privacy Policy, and Cookies Policy. These policies, as well as other publicly available materials (including the policies of the subject website and mobile application and the February 2020 *Consumer Reports* article "GoodRx Saves Money on meds—It Also Shares Data with Google, Facebook, and Others"), disclosed Meta's alleged receipt of data through the Business Tools and its use of data for advertising purposes. Further, since August 2019, plaintiffs and Class members have had access to the Off-Facebook Activity tool, which allows Facebook users to view a summary of the apps and websites that send Meta information about the user's activity. Plaintiffs' Complaint is barred, in whole or in part, due to their inability to show a privacy interest in data they were on notice Meta allegedly received about them from the subject website and mobile application, including (but not limited to) through the aforementioned disclosures. Plaintiffs' Complaint is also barred, in whole or in part, due to their inability to show a privacy interest in their web-browsing data, which is not sensitive or confidential.

**EIGHTH SEPARATE AND ADDITIONAL DEFENSE**

**(Intervening or Superseding Cause)**

Plaintiffs' and the Class members' claims are barred, in whole or in part, because the damages alleged in the Complaint, if any, were caused by persons and entities other than Meta. Such intervening and superseding conduct of others bars and/or diminishes recovery, if any, against Meta. Any alleged harm to the plaintiffs and Class members was proximately caused by subsequent and intervening or superseding acts of plaintiffs or the Class members and/or of third parties, including without limitation, by the subject website's and/or mobile application's decision to use the Meta Business Tools and/or to

configure the Meta Business Tools to transmit certain information to Meta. Meta's Business Tools Terms require third parties who use the Meta Business Tools to, among other things, "represent and warrant that you (and any data provider that you may use) have all of the necessary rights and permissions and a lawful basis (in compliance with all applicable laws, regulations, and industry guidelines) for the disclosure and use of Business Tool Data." Meta reasonably relied on third parties using the Meta Business Tools to abide by the requirements and representations in the Business Tools Terms. Therefore, any alleged harm to the plaintiffs was caused by the subject website's and/or mobile application's failure to abide by Meta's Business Tools Terms rather than any action Meta is alleged to have taken.

Additionally, plaintiffs allege that they have Facebook accounts. When Facebook users, including plaintiffs and Class members, signed up for a Facebook account, they agreed to Meta's Terms of Service, Privacy Policy, and Cookies Policy. These policies, as well as other publicly available materials (including the policies of the subject website and mobile application and the February 2020 *Consumer Reports* article "GoodRx Saves Money on meds—It Also Shares Data with Google, Facebook, and Others"), disclosed Meta's alleged receipt of data through the Business Tools and its use of data for advertising purposes. Further, since August 2019, plaintiffs and Class members have had access to the Off-Facebook Activity tool, which allows Facebook users to view a summary of the apps and websites that send Meta information about the user's activity. To the extent plaintiffs and Class members failed to read these disclosures, any alleged harm to the plaintiffs was caused by their failure to read these disclosures rather than any action Meta is alleged to have taken. To the extent plaintiffs and Class members did not attempt to use settings that would limit the information Meta associated with their Facebook accounts or the data Meta used for advertising purposes, any alleged harm to the plaintiffs was also caused by their failure to use these settings rather than any action Meta is alleged to have taken.

**<u>NINTH SEPARATE AND ADDITIONAL DEFENSE</u>**

**(Party to Communications)**

The Complaint and the claims alleged therein are barred, in whole or in part, because Meta was

a party to any and all communications Meta allegedly received, and therefore no actionable interception occurred. The Meta Pixel is a free, publicly available piece of code that third-party developers can incorporate in their websites to measure visitor activity and choose to send that data to Meta. To the extent the subject website or mobile application or users shared data with Meta, Meta was a party to the relevant communications.

**TENTH SEPARATE AND ADDITIONAL DEFENSE**

**(Unconstitutional Request for Statutory and Punitive Damages)**

Statutory, punitive, or exemplary damages should not be awarded or should otherwise be limited. That is because (1) any recovery of statutory or exemplary damages would violate the substantive and procedural safeguards guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution, by Article 1, Section 7 of the California Constitution, by section 3294 of the California Civil Code, and by the common law; and (2) imposition of any statutory, punitive, or exemplary damages would constitute an excessive fine or penalty under the Eighth Amendment to the United States Constitution and Article 1, Section 17 of the California Constitution. *See, e.g.*, *Bankers Life & Cas. Co. v. Crenshaw*, 486 U.S. 71, 77 (1988).

**ELEVENTH SEPARATE AND ADDITIONAL DEFENSE**

**(Unconstitutional Aggregation of Statutory Damages)**

Any aggregation of statutory damages should be barred or should otherwise be limited. This is because imposition of massively aggregated statutory damages on the scale of what plaintiffs and Class members seek would constitute an excessive fine or penalty under the Eighth Amendment to the United States Constitution and Article 1, Section 17 of the California Constitution. *See, e.g.*, *Wakefield v. ViSalus, Inc.*, 51 F.4th 1109, 1123 (9th Cir. 2022).

**TWELFTH SEPARATE AND ADDITIONAL DEFENSE**

**(Consent/Ratification)**

The Complaint and the claims alleged therein are barred, in whole or in part, by the doctrines of consent and/or ratification because plaintiffs and Class members manifested agreement through words and/or conduct to the sharing and/or use of their personal information as alleged in the Complaint.

Plaintiffs allege that they have Facebook accounts. When Facebook users, including plaintiffs and Class members, signed up for a Facebook account, they agreed to Meta's Terms of Service, Privacy Policy, and Cookies Policy. These policies, as well as other publicly available materials (including the policies of the subject website and mobile application and the February 2020 *Consumer Reports* article "GoodRx Saves Money on meds—It Also Shares Data with Google, Facebook, and Others"), disclosed Meta's alleged receipt of data through the Business Tools and its use of data for advertising purposes. Further, since August 2019, plaintiffs and Class members have had access to the Off-Facebook Activity tool, which allows Facebook users to view a summary of the apps and websites that send Meta information about the user's activity. Plaintiffs' Complaint is barred, in whole or in part, because plaintiffs and Class members consented to Meta's receipt of the information Meta allegedly received about them from the subject website and mobile application, including (but not limited to) to the extent they viewed the aforementioned disclosures and they continued to use Meta's and/or the subject website's and mobile application's services.

**<u>THIRTEENTH SEPARATE AND ADDITIONAL DEFENSE</u>**

**(Wrong Party)**

The Complaint and the claims alleged therein are barred, in whole or in part, because plaintiffs have filed suit against the wrong party. Plaintiffs have filed suit against Meta rather than the subject website and mobile application that use Meta's services. Meta's Business Tools Terms require third parties who use the Meta Business Tools to, among other things, "represent and warrant that you (and any data provider that you may use) have all of the necessary rights and permissions and a lawful basis (in compliance with all applicable laws, regulations, and industry guidelines) for the disclosure and use of Business Tools Data." Meta reasonably relied on third parties using the Meta Business Tools to abide by the requirements and representations in the Business Tools Terms. Third parties who use the Meta Business Tools, including the subject website and mobile application, are responsible for how they choose to use the Meta Business Tools.

**FOURTEENTH SEPARATE AND ADDITIONAL DEFENSE**

**(Lack of Offensive Intrusion)**

The Complaint and the claims alleged therein are barred, in whole or in part, because plaintiffs have failed to allege that any purported intrusion into a legally protected privacy interest was sufficiently offensive to support a claim under either the California Constitution or California common law.

**GIBSON, DUNN & CRUTCHER LLP**

Dated: September 12, 2025

*/s/ Lauren R. Goldman*
Lauren R. Goldman

*Attorneys for Meta Platforms, Inc.*