UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE, et al.,<br><br>        Plaintiffs,<br><br>v.<br><br>GOODRX HOLDINGS, INC., et al.,<br><br>        Defendants. | Case No. 23-cv-00501-AMO<br><br>**ORDER DENYING PRELIMINARY APPROVAL OF CLASS SETTLEMENT**<br><br>Re: Dkt. No. 261 |

"This," to quote Judge Vince Chhabria, "is [yet] another pixel case." *Doe I v. Google LLC*, 741 F. Supp. 3d 828, 836 (N.D. Cal. 2024). Before the Court is Plaintiffs' motion for preliminary approval of class settlement. This is the second application for preliminary approval of a class settlement in this case. *See* Dkt. No. 220. The matter is fully briefed and suitable for decision without oral argument. Accordingly, the hearing set for January 22, 2026, is VACATED. *See* Civil L.R. 7-6, Fed. R. Civ. Pro. 78(b). Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause lacking, the Court **DENIES** Plaintiffs' motion, for the following reasons.

**I.    BACKGROUND**

The Court largely assumes familiarity with the factual and procedural history of this case for purposes of this order. At this stage, Plaintiffs Jane Doe, Jane Doe II, John Doe, E.C., Jose Marquez, and Hollis Wilson ("Plaintiffs") announce that they have reached a settlement on behalf of themselves and a putative class with Defendants GoodRx Holdings, Inc. ("GoodRx") and

Criteo Corp. ("Criteo").[1]  *See* Fisher Decl., Ex. 1 (Dkt. No. 261-4, the "Settlement Agreement"). The Settlement Agreement contemplates payment of $32 million to a settlement class of approximately 54.8 million people. *See generally id.* The proposed settlement is the second to be considered by the Court in this case – the Court denied an earlier motion for preliminary approval of class settlement with GoodRx. *See* Dkt. No. 220 (initial motion for preliminary approval of settlement); Dkt. No. 231 (minutes of hearing where Court denied motion on the record).

## II.     DISCUSSION

A class action settlement must be fair, adequate, and reasonable. Fed. R. Civ. P. 23(e)(2). Where, as here, parties reach an agreement before class certification, "courts must peruse the proposed compromise to ratify both the propriety of the certification and the fairness of the settlement." *Staton v. Boeing Co.*, 327 F.3d 938, 952 (9th Cir. 2003). In determining whether a settlement agreement is fair, adequate, and reasonable to all concerned, courts generally consider the following factors:

> (1) the strength of the plaintiff's case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceedings; (6) the experience and views of counsel; (7) the presence of a governmental participant; and (8) the reaction of the class members of the proposed settlement.

*In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 946 (9th Cir. 2011) (quoting *Churchill Vill., LLC v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004)). "[T]he decision to approve or reject a [class] settlement is committed to the sound discretion of the trial judge because [s]he is exposed to the litigants, and their strategies, positions and proof." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998) (internal quotation marks and citation omitted). This Court has made clear that, in making this assessment, it relies on the Northern District of California's Procedural Guidance for Class Action Settlements (the "Guidance"). *See* Civil Standing Order § K.

---

[1] Like the first, this second proposed settlement does not involve the other two Defendants involved in the case, Meta Platforms, Inc., and Google, LLC. Criteo, by contrast, has joined GoodRx in seeking to settle Plaintiffs' claims against it.

At the June 13, 2025 hearing on Plaintiffs' first motion for preliminary approval of settlement, the Court listed several deficiencies in Plaintiffs' proposed settlement and associated submissions. *See, e.g.*, Fisher Decl. ¶ 16 (identifying several of the defects identified by the Court). The Court identified problems including the settlement class definition, the breadth of the release to be conferred by class members, and the size of the settlement fund. While the parties have sweetened the pot in this most recent proposed settlement by adding another settling Defendant, they have largely failed to address the Court's previously-identified concerns.

The Guidance requires parties to provide a claim-by-claim assessment of the putative class's recovery along with "a justification of the discount applied to the claims." *See* Guidance § 1.3. Plaintiffs attempt to address this requirement by identifying the various risks they face should this case proceed through litigation, including (1) the risk that the size of the class could be reduced by over 51% if Defendants succeeded in compelling certain putative class members to individual arbitration, (2) the risk that the size of the class could be reduced by some 62% if Defendants prevailed on their statute of limitations defense, and (3) the risk that the size of the class's potential recovery would be reduced by over 90% if Defendants persuaded the Court that the California Confidentiality of Medical Information Act ("CMIA") and the California Invasion of Privacy Act ("CIPA") apply only to California residents rather than nationwide. *See* Dkt. No. 261 at 26-27, 31. While these legal issues provide some potential basis for discounting class recovery, the Guidance requires something different: a claim-by-claim enumeration of potential class recovery under the settlement had Plaintiffs fully prevailed on all of them, and, it bears repeating, "a justification of the discount applied to the claims." *See* Guidance § 1.3. Plaintiffs' submission in the instant motion lacks such a claim-by-claim analysis of the merits and instead identifies potential stumbling blocks in maintaining the size and breadth of a 54.8-million-person class. Plaintiffs' previous motion similarly lacked this claim-by-claim analysis, a deficiency the Court identified at the hearing on that motion. Plaintiffs' failure to provide a claim-by-claim analysis leaves the Court unable to assess the fairness and adequacy of the settlement. This alone is sufficient grounds to deny preliminary approval of the settlement.

1    Further, Plaintiffs continue to fail to identify any confirmatory discovery they have
2 conducted to evaluate the strength of their claims in this case.  They identify no confirmatory
3 discovery taken to date and at this stage of the case still lack foundational information regarding
4 Defendants' potential liability.  *See* Fisher Decl. (Dkt. No. 261-1) ¶ 29 ("We also would expect
5 discovery to confirm the use of the Pixels, SDKs, and other technologies."); ¶ 31 (describing
6 depositions and written discovery still to be completed).  This too serves as grounds to deny
7 preliminary approval of the settlement.

8    Finally, it is difficult to comprehend how the scope of the Settlement Agreement's release
9 provision is commensurate with the value of the proposed settlement award.  The Settlement
10 Agreement contemplates that all settlement class members will release "[A]ny and all manner of
11 claims . . . that arise out of, or are based upon or connected to, or relate in any way to the Data
12 Disclosure or Defendants' use of Pixels, SDKs, cookies, APIs, or any similar technologies, or that
13 were or could have been asserted in the Litigation." Settlement Agreement § B.40.  The
14 differences between the claims released and the claims in the operative complaint remain
15 insufficiently justified at this stage.  *Cf.* Consolidated Am. Compl. (Dkt. No. 102).  While courts in
16 the Ninth Circuit may approve releases of claims based on the same facts pleaded in the case, *see*
17 Dkt. No. 261 at 19 (quoting *In re Anthem, Inc. Data Breach Litig.*, 327 F.R.D. 299, 327 (N.D. Cal.
18 2018)), Plaintiffs fail to explain how this release equates to the factual allegations underlying the
19 16 causes of action brought here.  Plaintiffs' estimation that some 3-10% of class members will
20 file claims, and that, assuming a 6% claims rate, each person would recover $9.73, does not
21 support such a broad release for a putative settlement class of 54.8 million people.  This also
22 serves as a basis to deny preliminary approval of the proposed settlement.

### III.   CONCLUSION

24    In sum, Plaintiffs fail to provide the Court with a complete evaluation of the asserted
25 claims, they fail to describe confirmatory discovery to bolster the reasonableness of their
26 settlement, and they fail to establish that the broad release conferred by the settlement equates to
27 the class's proposed recovery.  The Court cannot find the proposed settlement proposed fair,

adequate, or reasonable for at least these reasons.  Therefore, the Court **DENIES** the motion for preliminary approval of class settlement.

**IT IS SO ORDERED.**

Dated: January 16, 2026

_____
**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**

5