UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JANE DOE, et al.,

          Plaintiffs,

    v.

GOODRX HOLDINGS, INC., et al.,

          Defendants.

Case No. 23-cv-00501-AMO   (ASK)

**ORDER RE: ADMINISTRATIVE MOTION**

Re: Dkt. No. 285

Plaintiff's Administrative Motion for Production of Data Architecture Documents from Defendants Meta Platforms, Inc. and Google LLC (Dkt. 285) is GRANTED in part and DENIED in part.

In its prior order (Dkt. 280), the Court did not intend to order discovery before the hearing on the parties' discovery dispute. On the other hand, the Court had assumed that, by this point, Plaintiffs would have requested and Defendants would have provided basic information about the Defendants' systems to permit an informed discussion regarding the discovery dispute. Apparently, that has not happened. The Court cannot solve that problem before the hearing, but at the same time, and without assigning blame, the Court is troubled by the current information disparity between the parties, which appears extreme for this stage of the case.

Additionally, Defendants Meta and Google are not identically situated. Meta has already offered to produce, among other things, and as a compromise, various "data flowcharts, diagrams, or similar data architecture documents sufficient to show" how the data at issue was processed and stored, as well as documents sufficient to identify "the primary databases, logs, or other electronic sources" where relevant data was processed or stored. Dkt. 273 at 4. Meta is ORDERED to locate and produce 5-10 such documents that counsel assesses would be informative of the issues in

dispute by Friday, March 27, 2026.

Google, by contrast, has offered to produce, as a compromise, "documentation sufficient to show whether and how Google *actually* used" the GoodRx data obtained by Google Analytics. Dkt. 269 at 4-5 (emphasis in original). Google is ORDERED to locate and produce 5-10 such documents that counsel assesses would be informative of the issues in dispute by Friday, March 27, 2026.

While the Court is certainly attuned to Plaintiffs' concern about cherry-picked documents, there is only so much that the Court can reasonably order in advance of a hearing. That said, the Court expects that Defendants' counsel will act in good faith in selecting documents that will inform the currently pending discovery disputes. The above-described documents that shall be produced by Friday, March 27, 2026, need not be submitted to the Court.

Additionally, the parties shall submit (and simultaneously share with opposing counsel) any documents or demonstratives described in Dkt. 280 (the Court's order requesting documents and/or demonstratives that the parties intend to use at the hearing) no later than Monday, March 30, 2026.

**IT IS SO ORDERED.**

Dated: March 23, 2026

_____
AJAY KRISHNAN
United States Magistrate Judge

United States District Court
Northern District of California