L. Timothy Fisher (SBN 191626)
Jenna L. Gavenman (SBN 348510)
**BURSOR & FISHER, P.A.**
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Tel: (925) 300-4455
Fax: (925) 407-2700
ltfisher@bursor.com
jgavenman@bursor.com

Christian Levis (admitted *pro hac vice*)
Amanda Fiorilla (admitted *pro hac vice*)
Rachel Kesten (admitted *pro hac vice*)
**LOWEY DANNENBERG, P.C.**
44 South Broadway, Suite 1100
White Plains, NY 10601
Tel: (914) 997-0500
Fax: (914) 997-0035
clevis@lowey.com
afiorilla@lowey.com
rkesten@lowey.com

*Counsel for Plaintiff Jane Doe and the Proposed Class*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

JANE DOE, JANE DOE II, JOHN DOE, E.C., JOSE MARQUEZ, and HOLLIS WILSON, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

GOODRX HOLDINGS, INC., CRITEO CORP., META PLATFORMS, INC., AND GOOGLE LLC.,

Defendants.

Case No.: 3:23-cv-00501-AMO

**PLAINTIFFS' OPPOSITION TO DEFENDANTS GOOGLE LLC AND META PLATFORMS, INC.'S JOINT ADMINISTRATIVE MOTION TO CLOSE THE COURTROOM AT THE APRIL 3, 2026 DISCOVERY HEARING**

Action Filed: February 2, 2023

Honorable Ajay S. Krishnan

Pursuant to Local Rule 7-11, Plaintiffs Jane Doe, Jane Doe II, John Doe, E.C., Jose Marquez, and Hollis Wilson ("Plaintiffs") respectfully submit this Opposition to Defendants Google LLC and Meta Platforms, Inc.'s Joint Administrative Motion to Close the Courtroom at the April 3, 2026 Discovery Hearing ("Motion") regarding the parties' Joint Statements of Discovery Disputes currently pending at ECF Nos. 269, 272, 273, and 274. *See* ECF No. 296.

## I. INTRODUCTION

This case concerns the surveillance of millions of individuals, and brazen misuse of their sensitive health and medical information by some of the largest technology companies in the world. Cognizant of their abuses, Defendants Google and Meta seek to conceal their conduct from public view by moving to close the courtroom based on an unsupported and speculative claim that public access to this hearing "*could* affect Defendants' competitive standing and *may* expose the Defendants to increased security risk." Motion at 2. These unsubstantiated concerns are insufficient to overcome the strong presumption in favor of open proceedings and public's right to access the truth. *See Mission U.S. Ethernet Innovations, LLC v. Acer, Inc.*, No. 10-3724, 2013 WL 4426507, at *2 (N.D. Cal. Aug. 14, 2013) (noting that mere generalized assertions that disclosure of certain materials "could result in a competitive disadvantage . . . and security concerns" without sufficient factual support does not meet the compelling reason standard). The Court should therefore deny Defendants' Motion and maintain public access to the courtroom.

## II. LEGAL STANDARD

Where a motion is "more than tangentially related to the underlying cause of action[,]" to overcome the "strong presumption" of public access, Defendant "has the burden to 'articulate compelling reasons supported by specific factual findings . . . that outweigh the general history of access and the public policies favoring disclosure.'" *Lucy Chi v. Univ. of S. California*, No. 218CV04258SVWGJS, 2019 WL 3315282, at *3 (C.D. Cal. May 21, 2019) (internal citations omitted). The decision to close a public courtroom involves "'conscientiously balance[ing]' the competing interests between the public and the party seeking to seal judicial records, with the court's ultimate decision premised upon a compelling reason with a supporting factual basis, 'without relying

on hypothesis or conjecture.'" *Id.*

## III. ARGUMENT

The balance of interests support maintaining public access to this courtroom. The pending disputes, central to this case, concern how Meta and Google tracked, individually identified, and misused individuals' prescription drug information for profit. This implicates hundreds of millions (if not billions) of individuals who use Meta's and Google's services, ranging from Meta's social networks,[1] to Google's Chrome browser,[2] Google Maps,[3] and even Google's search.[4] The public's interest in and right to access these proceedings is supported by the sheer number of people impacted. *See j2 Glob. Commc'ns, Inc. v. Zilker Ventures, LLC*, No. CV 08-07470, 2009 WL 10290698, at *2 (C.D. Cal. Apr. 22, 2009) ("Consumer information . . . at least when it affects a large number of persons, also generally is viewed as information concerning a matter of public interest.").

The discovery hearing here also specifically addresses Google's and Meta's continued obfuscation (and public misrepresentation) about their tracking and use of individuals' data, a playbook they have deployed multiple times in this district. *See In re Google Play Store Antitrust Litig.*, 664 F. Supp. 3d 981, 983–89, 994 (N.D. Cal. 2023) (holding Google "intended to subvert the discovery process" by training its employees to hide communications by using chat tool, then failing to preserve the chat messages); *In re Facebook, Inc. Consumer Priv. User Profile Litig.*, 655 F. Supp. 3d 899, 903 (N.D. Cal. 2023) ("This case is an example of a wealthy client (Facebook) and its high-powered law firm (Gibson Dunn) using delay, misdirection, and frivolous arguments to make

[1] *Most popular social networks worldwide as of October 2025, by number of monthly active users*, Statista, https://www.statista.com/statistics/272014/global-social-networks-ranked-by-number-of-users/#:~:text=Most%20popular%20social%20networks%20worldwide,number%20of%20monthly%20active%20users (last accessed Apr. 1, 2026).

[2] *Browser Market Share Worldwide*, Stat Counter, https://gs.statcounter.com/browser-market-share#:~:text=This%20graph%20shows%20the%20market%20share%20of,Safari%20has%2017.9%25%20and%20Edge%20has%205.79%25 (last accessed Apr. 1, 2026).

[3] Robert A. Lee, *Google Maps Statistics 2026: Hidden Growth Secrets*, SQ Magazine (Feb. 9, 2026) https://sqmagazine.co.uk/google-maps-statistics/.

[4] Robert A. Lee, *Google Usage Statistics 2026: How the World Uses Google*, SQ Magazine (Jan. 19, 2026) https://sqmagazine.co.uk/google-usage-statistics/#:~:text=Daily%20Search%20Queries%20on%20Google.%20Google%20handles,handles%20over%201%20billion%20health%2Drelated%20searches%20daily.%E2%80%8B.

litigation unfairly difficult and expensive for their opponents."). Indeed, Google's disclosures have lacked transparency to such a degree that courts have allowed plaintiffs' experts direct access to their systems to locate relevant data. *See In re Adobe Data Tracking Litig.*, 5:25-cv-03032 (N.D. Cal.), ECF No. 100 (describing plaintiffs' use of expert Dr. Shafiq to trace data through Google's systems to find relevant data that Google was not preserving in *Calhoun v. Google LLC*, 4:20-cv-5146-YGR-SVK (N.D. Cal.)). Defendants should not be permitted to continue to hide their practices from the public under the guise of losing an unspecified and unproven "competitive" advantage. *See Mission Wellness Pharmacy LLC v. Caremark LLC*, 641 F. Supp. 3d 673, 678 (D. Ariz. 2022) (rejecting similar argument based on potential risk of competitive harm without presenting any "compelling evidence" that the disclosures would in fact "harm their competitive standing").

Defendants' claim that access to this hearing would cause "harm" is readily disposed of by the documents and presentations themselves. Most of Google's argument focuses on the complaint, motion to dismiss order, and other public documents. Moreover, none of the documents provided to the Court contain source code, forward-looking financial projections, or new product designs typically granted enhanced protection. Rather, they are high-level flow charts reflecting names of systems tracking and identifying individuals without consent; none of the underlying data or processes are disclosed. Not surprisingly (and tellingly), neither Google nor Meta attempt to explain how these documents could create a security risk or harm their competitive standing. *See* ECF No. 296-1 ¶¶ 9-10; *U.S. Ethernet Innovations, LLC v. Acer, Inc.*, No. 10-3724, 2013 WL 4426507, at *2 (N.D. Cal. Aug. 14, 2013) (denying motion to seal information related to "internal code names of Intel's source code" because "broad and generic statements" with "no specific facts or explanation of. . . what the[] security concerns are, how it would be hurt competitively and why it expects this would result from public disclosure" was insufficient to meet compelling evidence standard). Bare conjecture is not enough to close the court.

Even if Defendants had articulated some concrete harm to competitive standing (and they have not), the balance still weighs in favor of public access to these proceedings.[5] The public has a right to know how Google uses the data of the more than 4 billion who use its services. The same is true for the more than 3.5 billion Meta customers. Information regarding consumer safety has consistently been held to be an important matter of public interest in enabling consumers to make informed choices. *See Epic Games, Inc. v. Apple Inc.*, No. 4:20-CV-05640, 2021 WL 5205487, at *2 (N.D. Cal. Nov. 9, 2021) ("Consumer information, transparency, and consumer choice is in the interest of the public."). It weighs strongly in favor of public access here for the same reasons.

Further weighing in favor of holding a public hearing is that access will promote fairness and efficiency both here and in similar actions by ensuring these same issues—which are being litigated in dozens of cases in this district—are not decided in a vacuum where Google's and Meta's lawyers (who have been sanctioned for hiding data before) can take positions contrary to discovery produced in other cases to gain an unfair litigation advantage. Indeed, *In re Meta Pixel Healthcare Litigation*, where Meta is also represented by Gibson Dunn, Judge Orrick ordered public access to documents Meta sought to file under seal based on the same generic claims of competitive harm raised here. No. 22-cv-03580-WHO (N.D. Cal.), ECF No. 1241 at 2 (holding that "how the Meta pixel and related systems operate or operated is highly relevant to hundreds of other pending cases" and there was "no justification, much less a compelling one, to continue to seal the names of systems, categories of data tracked and processed, and general details about how those systems operate, including the number of tools or filters used."). The same reasoning supports an open courtroom for this hearing.

[5] Meta has not presented any direct statements at all, having not submitted a declaration in support of the Motion.

Finally, neither Google nor Meta have argued that an open proceeding is sought for an improper purpose or that it will cause embarrassment. In light of each of the above factors, the fact that Google and Meta are public companies is not, by itself, sufficient to warrant a closed proceeding. *NML Cap. Ltd. v. Republic of Argentina*, No. 2:14-CV-492, 2015 WL 727924, at *8 (D. Nev. Feb. 19, 2015). Nor is any feigned privacy interest in the alleged trade secrets. *Id.* (even where a business could lose its "only client and cease to exist" the court found this factor insufficient where business practices place the litigants at the center of a matter of such public importance).

## IV. CONCLUSION

For the reasons set forth above, Defendants' Motion should be denied.

Dated: April 1, 2026

*/s/ Christian Levis*
Christian Levis (*pro hac vice*)
Amanda Fiorilla (*pro hac vice*)
Rachel Kesten (*pro hac vice*)
**LOWEY DANNENBERG, P.C.**
44 South Broadway, Suite 1100
White Plains, NY 10601
Telephone: (914) 997-0500
Facsimile: (914) 997-0035
clevis@lowey.com
afiorilla@lowey.com
rkesten@lowey.com

*Interim Co-Lead Counsel*

L. Timothy Fisher (SBN 191626)
Jenna L. Gavenman (SBN 348510)
**BURSOR & FISHER, P.A.**
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
ltfisher@bursor.com
jgavenman@bursor.com

*Interim Co-Lead Counsel*

Robert C. Schubert (CA SBN 62684)
Willem F. Jonckheer (CA SBN 178748)
Amber L. Schubert (CA SBN 278696)
**SCHUBERT JONCKHEER**
**& KOLBE LLP**
2001 Union Street, Suite 200

San Francisco, CA 94123
Tel: (415) 788-4220
Fax: (415) 788-0161
rschubert@sjk.law
wjonckheer@sjk.law
aschubert@sjk.law

Mark L. Javitch (CA SBN 323729)
mark@javitchlawoffice.com
**JAVITCH LAW OFFICE**
3 East 3rd Ave., Suite 200
San Mateo, CA 94401
Telephone: (650) 781-8000
Facsimile: (650) 648-0705

Thomas A. Zimmerman, Jr. (*pro hac vice*)
tom@attorneyzim.com
**ZIMMERMAN LAW OFFICES, P.C.**
77 W. Washington Street, Suite 1220
Chicago, Illinois 60602
Telephone: (312) 440-0020
Facsimile: (312) 440-4180

Israel David (*pro hac vice*)
israel.david@davidllc.com
**ISRAEL DAVID LLC**
17 State Street, Suite 4010
New York, New York 10004
Telephone: (212) 739-0622
Facsimile: (212) 739-0628

Rebecca M. Hoberg
rhoberg@moyalawfirm.com
**MOYA LAW FIRM**
1300 Clay Street, Suite 600
Oakland, California 94612
Telephone: (510) 926-6521

Jonathan Shub #237708
Benjamin F. Johns (*pro hac vice* forthcoming)
Samantha E. Holbrook (*pro hac vice* forthcoming)
**SHUB & JOHNS LLC**
200 Barr Harbor Drive, Suite 400
Conshohocken, PA 19428
Phone: (610) 585-1195
jshub@shublawyers.com
bjohns@shublawyers.com
sholbrook@shublawyers.com