UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE, et al., | Case No. 23-cv-00501-AMO  (ASK) |
| Plaintiffs, | |
| v. | **DENYING ADMINISTRATIVE MOTION TO CLOSE THE COURTROOM** |
| GOODRX HOLDINGS, INC., et al., | |
| Defendants. | Re: Dkt. Nos. 296, 298 |

The court denies Defendants Google LLC and Meta Platforms, Inc.'s ("Defendants") Administrative Motion to Close the Courtroom (Dkt. 296). As a threshold matter, the briefing for the discovery disputes at issue is almost entirely public. Moreover, it is commonplace for cases involving protected information to be argued in open court. The parties here have sophisticated counsel who are well aware of their obligations under the protective order and who are able to refer to protected information without disclosing it. Indeed, that is precisely why the Court permitted the parties to lodge demonstratives with the Court without filing them publicly.

That said, having reviewed the parties' submitted demonstratives, and consistent with Judge Orrick's order in *In re Meta Pixel Healthcare Litigation*, ECF No. 1241 at 2, No. 3:22-cv-03580 (N.D. Cal. Dec. 1, 2025), the Court is not convinced at this stage that sealing is warranted for the name of a data repository, along with a general description of its purpose, an identification of what services it is associated with (e.g., YouTube, AdWords, etc.), and/or a general description of how that repository shares data with other repositories. This is particularly the case when sensitive technical details are not being revealed, and such details are not material to deciding the existing discovery disputes. At this point, the Court is not going so far as to unseal the documents submitted as demonstratives that defendants have designated as confidential under the protective

United States District Court
Northern District of California

order—as the revelation of the entirety of those architecture documents may well result in the disclosure of trade secrets or otherwise result in competitive harm.

The Court believes that within the above contours, a productive public hearing can take place. If it becomes necessary to seal a portion of the Zoom hearing to deal with particular issues, the Court will entertain such a request at the hearing. But closing the hearing in its entirety is not warranted.

**IT IS SO ORDERED.**

Dated: April 2, 2026

AJAY KRISHNAN
United States Magistrate Judge

United States District Court
Northern District of California

2