COOLEY LLP
BENEDICT Y. HUR (224018)
(bhur@cooley.com)
SIMONA AGNOLUCCI (246943)
(sagnolucci@cooley.com)
EDUARDO E. SANTACANA (281668)
(esantacana@cooley.com)
JOSHUA ANDERSON (312836)
(joshua.anderson@cooley.com)
TIFFANY LIN (321472)
(tiffany.lin@cooley.com)
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111-4004
Telephone: (415) 693-2000
Facsimile: (415) 693-2222

Attorneys for Defendant
GOOGLE LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

JANE DOE, JANE DOE II, JOHN DOE, E.C., JOSE MARQUEZ, and HOLLIS WILSON, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

GOODRX HOLDINGS, INC., CRITEO CORP., META PLATFORMS, INC., and GOOGLE LLC,

Defendants.

Case No. 4:23-cv-00501-AMO

**DEFENDANT GOOGLE LLC'S OPPOSITION TO PLAINTIFFS' ADMINISTRATIVE MOTION TO MODIFY SCHEDULING ORDER**

CONSOLIDATED CLASS ACTION

Judge: Hon. Araceli Martínez-Olguín

Complaint Filed: February 2, 2023

## I. INTRODUCTION

Plaintiffs' Administrative Motion to Modify the Scheduling Order and Extend Existing Deadlines ("Motion") can be denied on the sole basis that the parties already filed a stipulation agreeing to a new case schedule, which the Court indicated it would enter. Rather than honoring that agreement, Plaintiffs chose to file an unnecessary and wasteful motion. The fact of the matter is simple: the parties could not reach a new consensus on the schedule following the May 28, 2026 Case Management Conference. Therefore, the previously stipulated schedule [Dkt. No. 346]—which was achieved after months of extensive negotiations—should be entered.

## II. ARGUMENT

*First*, Plaintiffs' motion should be denied as procedurally improper. To start, an administrative motion is not an appropriate vehicle to change the case schedule. *See* Civ. L.R. 7-11 (stating that administrative motions are for "miscellaneous administrative matters, not otherwise governed by a . . . Federal Rule"); Fed. R. Civ. P. 16(b)(4) (governing motions to amend case schedules). Further, the Court's Order following the Case Management Conference only instructed the parties to file "either a statement that they intend to rely on the schedule in the stipulation at Docket No. 346 or an amended proposed schedule." (Dkt. No. 350.) The Court did not authorize Plaintiffs to file their own unilateral proposed schedule merely because they were unable to reach another new agreement with Defendants. At the Case Management Conference, all parties acknowledged on the record that they were ready to move forward with the stipulated schedule. (Tr. 9:1-17 (Plaintiffs: "[W]e're prepared to go with it . . . . I think it works, and everybody ultimately agreed to it"); Tr. 10:5-6 (Google: "We're happy with the stipulated schedule."); Tr. 10:7-9 (Meta: "[W]e're happy with the schedule. We're also happy to have further discussions. We would like to have something that everyone can agree on.").) Having heard from all parties, the Court granted additional time to solely reconsider the sequencing of the class certification motion relative to Meta's close of fact discovery, but ultimately instructed the parties to "either file a notice that you're standing on this or file an amended stip." (Tr. 12:22-23.) The Court gave no indication that it would entertain a motion absent unanimous agreement to amend the prior stipulation—and, in fact, made clear that "[t]he negotiated thing is the thing that's most important[.]" (Tr. 14:11-12.)

Despite this guidance, and despite stating on the record that they were prepared to go forward with the stipulation at Docket No. 346, Plaintiffs filed the instant motion. Because Plaintiffs failed to follow the Court's Order, the motion should be denied.

*Second,* even if the Court were to consider Plaintiffs' improper motion, their newly and unilaterally proposed schedule is unwarranted. Moving the class certification motion deadline to January 22, 2027, from the current deadline of July 10, 2026, effectively pushes the case schedule out by six months—an unreasonably long extension that Plaintiffs have failed to justify and Google has consistently opposed. (Declaration of Benedict Y. Hur ("Hur Decl.") ¶¶ 3, 5.) As set forth in Google's portion of the Joint Case Management Statement [Dkt. No. 338], it was Google who pushed to produce documents while Plaintiffs dilatorily let months pass. Indeed, it was not until the discovery cut-off loomed that Plaintiffs began pursuing discovery in earnest. Plaintiffs now seek an unreasonably long schedule extension while offering no account of their lack of diligence in pursuing discovery.

Although Google believes only a shorter (or no) extension was warranted, it has agreed to a four-month extension of fact discovery in the spirit of compromise after months of discussions. (Hur Decl. ¶ 9.) Google should not be further prejudiced by being forced to prolong its defense even longer while Plaintiffs conduct unreasonably protracted discovery and gain months of additional time to consider and prepare a class certification motion. Plaintiffs' Motion offered no basis to find that (or how) good cause exists to extend the class certification briefing schedule as to Google. Therefore, Plaintiffs' unilateral and improper attempt to do so should be denied.

## III. CONCLUSION

For the foregoing reasons, Google respectfully requests that the Court deny Plaintiffs' Motion in its entirety and order that the parties proceed under the previously stipulated schedule at Dkt. No. 346. The parties negotiated that schedule for months, and all parties confirmed on the record that they are prepared to proceed with it. Plaintiffs should not be permitted to renege on that agreement and disregard this Court's Order with a procedurally improper motion.

Dated: June 8, 2026

COOLEY LLP

By: */s/ Benedict Y. Hur*
Benedict Y. Hur

Attorneys for Defendant
GOOGLE LLC